

**FILED**

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF OKLAHOMA

OCT 2 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| IONEL SAMUEL DUMITRASCU | ) | CASE NO.: |
| Petitioner / Plaintiff, | | **15 CV - 561 JED - FHM** |
| | ) | NOTICE OF REMOVAL OF |
| vs. | ) | ACTION; UNDER |
| | ) | 28 U.S.C. § 1441(a) |
| CRISTINA MIRELA DUMITRASCU | ) | FOR DIVERSITY OF CITIZENSHIP, |
| Respondent / Defendant | ) | FEDERAL QUESTION AND |
| | ) | LACK OF SUBJECT MATTER JURISDICTION |
| | ) | Previous Case: |
| | ) | Delaware County FD-2012-00263 |
| | ) | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant hereby removes to this Court the state court action described below.

1. On *10/25/2012* a Petition for Dissolution was filed in the Delaware County District Court titled Dumitrascu, Ionel Samuel vs. Dumitrascu, Christine, as case number FD-2012-00263 .

2. Proof of service by publication was posted 01/14/2013.

3. An Amended Petition was filed 03/13/2013 and service was by Alias Service of Summons by Publication, with proof posted 04/09/2013.

4. Staff at the Department of Human Services informed me of its existence in early April

NOTICE OF REMOVAL

Page 1 of 6

__Mail    __No Cert Svc    __No Orig Sign
__C/J    __C/MJ    __C/Ret'd    __No Env
__No Cpy's    __No Env/Cpy's    __O/J    __O/MJ

2013. DHS had filed a Child Support Family Proceeding at my request on 02/13/2013, and had served it on Ionel Dumitrascu on 03/04/2013 as Delaware County Case No: FD-2013-00041 – titled Dumitrascu, Cristina Mirela vs Dumitrascu, Samuel Ionel.

5. Legal Aid of OK made an appearance for me and responded to the Petition for Dissolution on 05/28/2013.

6. On 09/20/2013, in a trial in which I was not allowed to testify, the Court issued a divorce decree that granted full legal custody of two infants to the father, together with the entire family estate in Oklahoma. I was left with clothes we brought from Oklahoma. While the order said nothing about the children getting child support from the father, I was to pay $253.60 a month as the sole caretaker of the children.

7. On 10/25/2013 I filed a Petition in Error titled "In RE The Marriage of Ionel Samuel Dumitrascu" in the Court Of Civil Appeal under case No: DF-112283.

8. On 08/27/2015 Division IV of the Court Of Civil Appeals issued an opinion "vacating all litigated issues" and remanding to the District Court of Delaware County for a new trial of "all litigated issue" to include child custody.

9. The opinion and order of the Court Of Civil Appeals was received by mail at the Fairfax CA office of the attorney that is assisting me probono on 08/31/2015.

10. I filed a Petition For Rehearing that was mailed out 09/15/2015 and recorded 09/21/2015.

11. **Original Jurisdiction:** This action is a civil action of which this Court has original jurisdiction under 28 U.S.C.§1332, and is one which may be removed to this Court by

NOTICE OF REMOVAL                                    Page 2 of 6

defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action

between citizens of different states and the matter in controversy which I believe in good

faith to exceed the sum of $75,000, exclusive of interest and costs, because it involves

the entire family estate estimated at over $75,000 and accrued and unpaid child support

payments in excess of $25,000. When the initial petition was filed my sons and I were

citizens of the United States with domicile in Ecuador, which continues uninterrupted to

this date, with no intention to return to the United States in the foreseeable future. This

makes us citizens of a foreign country for the purpose of diversity jurisdiction. The father

Ionel Samuel Dumitrascu filed for dissolution claiming citizenship and domicile in

Oklahoma. The district court is not asked to grant a divorce or alimony in the case, but

to address claims traditionally adjudicated in federal court.

12. **Federal Question Jurisdiction.** This is a civil action of which the district court has

original jurisdiction because founded on a claim or right arising under the Constitution,

treaties or laws of the United States and thus removable without regard to the citizenship

or residence of the parties." 28 U.S.C. §1441(b). In the original petition for dissolution

the father seeks jurisdiction in the UCCJEA and the FPKPA (28 U.S.C.§1738A). The

appellate court in its opinion and order finds evidence that Oklahoma is the "home State"

of the children under the UCCJEA, and further remands to the state district court to

begin anew judicial remedies under the Hague Convention for a return of the children as

provided in ICARA §11603, in disregard to the legal requirement that the state district

court must have jurisdiction of such action, and must be authorized to exercise its

jurisdiction in the place where the child is located at the time the petition is filed – that is

the state of Ecuador, where the children have been located since August 2012. The appellate court implies that the one year statutory limit for mandatory return under the Convention is tolled, and is no bar to begin the process anew two years later. In the petition for rehearing I pointed out that the United States Supreme Court has clearly established that the one year provision in the Convention cannot be tolled.

13. **Lack of Subject Matter Jurisdiction Of The Marriage:** The summer of 2012 Ionel Dumitrascu decided he wanted the family to leave the United States and chose Vilcabamba Ecuador as our new domicile. Upon that settled intent we sold his truck, our personal possessions and charged his pastor to auction our home, after an initial auction did not find a buyer. We left the state of Oklahoma in August 2012. Around September 21, 2012 Ionel decided to return to Oklahoma, dealing me a beating when I proved resistant to the idea. On September 22nd, 2012 Ionel's pastor called offer to buy the house. A few days later Ionel was gone, as I was informed by email letter I received October 24, 2012. He had returned to Oklahoma and bought back his truck, and offered to forgive all if I came back with the children. The next day, after barely a month spent back in Oklahoma the divorce petition was filed in Delaware County. From the time I first became aware of the petition I have insisted on proper review to determine if actual residency existed as required by O.S. §43-102. The request has been ignored by the Delaware County district court and by the appellate court. Additionally I was never properly served, all service was by publication, even after I had made an appearance in Delaware County with my child custody case. The absence of subject matter jurisdiction, the failure to provide proper notice of the action, and the deprivation of my

NOTICE OF REMOVAL                                        Page 4 of 6

due process right to a fair hearing , vitiate any extension of federal jurisdiction to the state courts. Federal jurisdiction continues to exists even where it may be lacking in the state. (See City of Chicago v. International College Of Surgeons (522 U.S. 156, 163 *(997)).

14. **Fraud in the state process:** A divorce judgment based on questionable subject matter jurisdiction, questionable concurrent jurisdiction of federal questions and secured by fraudulent representations and procedures, was imposed on me for the last two years. It deprived me of parental and property rights. The father assumed he was relieved of past due and ongoing child support obligation. The fraudulent dismissal of the child custody petition, based on a divorce case that had not been properly filed and was never properly served, has left the children with no child support from their father from the time he abandoned them in September 2012.

"The inherent power of a federal court to investigate whether a judgment was obtained by fraud is beyond question. Hazel-Atlas Co. v. Hartford Empire Co., 322 U. S. 238. The power to unearth such a fraud is the power to unearth it effectively. Accordingly, a federal court may bring before it by appropriate means all those who may be affected by the outcome of its investigation."

Given the questionable process and procedures in case FD-2012-00263, I submit it would be error to remand any part of my case for handling under that case. I wrote Judge Barry V. Denney to disqualify himself before the trial, and wrote to his chief judge. I have repeatedly requested under O.S. §12-140, for assignment to a county other than Delaware or Ottawa counties. I ask the district court to be mindful of that situation before any remand to state court.

15. **The Declaratory Judgment Act:** Under the Act, federal courts have the power in cases

NOTICE OF REMOVAL                                                     Page 5 of 6

of actual controversy to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. I ask the district court to declare the appropriate stance of law and venue given the present domicile and circumstances of the parties, with regard to child custody and visitation, and jurisdiction for dissolution, child support and division of property, assuming a valid petition for dissolution is filed and served in Oklahoma.

16. **The Power To Enjoin:** The federal court has power to enjoin any later filing in state court, made for the purpose of subverting federal removal jurisdiction.

17. **Assignment of attorneys**: My children and I live on a budget of around $400 a month, of donated money. I cannot afford an attorney to attend to the process in federal court. Past attempts by a number of people to provide me an attorney willing to actually represent my interests in Delaware County failed, and I had to settle on an attorney preferred by the trial judge. Hopefully that same reluctance does not exist in Tulsa.


**Cristina Mirela Dumitrascu, Defendant Pro Se**
Signed: 09-24-2015

Please mail in care of
Fiorentino Law Office
769 Center Blvd #69
Fairfax CA 94930
Telephone for Fairfax (415) 472-2519
email: Cristina Dumitrascu<cristina13mama@yahoo.com>

NOTICE OF REMOVAL                                    Page 6 of 6

Cristina Mirela Dumitrascu
c/o Fiorentino Law Office
769 Center Blvd #69
Fairfax, CA 94930
Date: 08/29/15

Clerk of the U.S District Court
Northern District of Oklahoma

RE:        **Notice of Removal**
           **Previous case: Delaware County FD-2012-00263**
           **In RE Marriage of Ionel Samuel Dumitrascu**

I am a mother trying to get some justice and some relief for
myself and my two children left in a foreign country three years
ago. In all that time the Oklahoma State Courts have denied us
the full share of justice indicated by the facts and the law. I
don't see any indication that this will change in a rehearing or
in a petition for writ to the Oklahoma Supreme Court. I have a
few days left to remove my case to federal court. Direct mail to
me in Ecuador will be too slow and insecure. Please assist by
mailing the recorded documents and any further communications in
care of the probono attorney in Fairfax CA who is assisting me. I
am enclosing those documents in the case that are immediately
available to me. Upon further request I shall provide any other
required documents within the next 14 days. Thank you for your
help.

**Cristina Mirela Dumitrascu, in Pro Se**
Email: cristina13mama@yahoo.com
Fiorentino Law Office Email: antoniodistefano9@gmail.com

ENC:  **Pauper Affidavit**
      **Notice of Removal**
      **Appellate Court Decision**

Return to normal view · Wider · Narrower

# OSCN
## THE OKLAHOMA STATE COURTS NETWORK
www.oscn.net

**Home     Courts     Court Dockets     Legal Research     Calendar     Help**

The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

---

### IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA
**Tulsa**

| | |
|---|---|
| In Re The Marriage Of:<br><br>Ionel Samuel Dumitrascu,<br>Petitioner/Appellee,<br><br>vs.<br><br>Christina Mirela Dumitrascu,<br>Respondent/Appellant. | **No. DF - 112283**<br>**(District Court Final Order or Judgment)**<br><br>Filed: 10/25/2013<br><br>Appealed from: DELAWARE County District Court |

## Parties

Dumitrascu, Christina Mirela , Appellant
Dumitrascu, Ionel Samuel , Appellee

## Attorneys

| **Attorney** | **Represented Parties** |
|---|---|
| Ramsey, Bobby Christopher(Bar # 12954)<br>PO BOX 487<br>JAY, OK 74346 | |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Lower Court Counts and Other Information

| Count | Case Number | Statute | Crime | Special | Sentence | Judge | Reporter |
|---|---|---|---|---|---|---|---|
| - | FD-2012-263 | - | | | | Denney, Barry V. | |

## Docket

| Date | Code | Entry Date | | Serial # |
|---|---|---|---|---|
| 09-20-2013 | DOOA | 25 Oct 2013 11:55:33:210 | | 2189423 |
| | | DATE OF ORDER APPEALED | | |

---

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 10-23-2013 | MAIL | 25 Oct 2013 11:55:38:100 | 2189424 |
| | | PETITION MAILED DATE | |
| 10-25-2013 | CASE | 25 Oct 2013 10:39:49:167 | 2189394 |
| | | DISTRICT COURT FINAL ORDER OR JUDGMENT INITIAL FILING | |
| 10-25-2013 | PAUP | 25 Oct 2013 10:39:49:167 | 2189395 |
| | | PAUPER AFFIDAVIT FOR DUMITRASCU, CRISTINA MIRELA | |
| 10-25-2013 | PAY | 25 Oct 2013 10:39:49:747 | 2189396 |
| | | RECEIPT # 58433 ON 10/25/2013. PAYOR: DUMITRASCU, CRISTINA MIRELA TOTAL AMOUNT PAID: $ 0.00. LINE ITEMS: $0.00 ON DISTRICT COURT FINAL ORDER OR JUDGMENT INITIAL FILING. | |
| 10-25-2013 | PETF | 25 Oct 2013 12:06:16:680 | 2189425 |
| | | PETITION IN ERROR FILED BY CHRISTINA DUMITRASCU-RESP/APLNT PRO SE | |
| 10-25-2013 | TEXT | 25 Oct 2013 11:57:23:680 | 2189426 |
| | | ENTRY OF APPEARANCE BY CRISTINA DUMITRASCU | |
| 10-25-2013 | DSRC | 25 Oct 2013 11:57:36.230 | 2189427 |
| | | DESIGNATION OF RECORD | |
| 10-25-2013 | TEXT | 25 Oct 2013 16:37:21:150 | 2189560 |
| | | TRANSMITTAL LETTER ACCOMPANYING PET IN ERROR | |
| 10-28-2013 | DSRC | 30 Oct 2013 14:26:43.467 | 2189617 |
| | | SUPPLEMENTAL DESIGNATION OF RECORD TO INCLUDE A DOCKET WITH ITEMS DESIGNATED | |
| 10-31-2013 | TEXT | 31 Oct 2013 13:01:04:083 | 2190295 |
| | | JE: CRT NOTES LTR FR/APLNT W/COPY OF MARKED CRT DOCK ATTACHED. COPY OF MARKED CRT DOCK WH/IS SUPP DSRC, MUST ALSO B/FILED IN DIST CRT. APLNT T/SHOW CAUSE, NLT 11-20-13, WH/APPEAL SH/NOT B/DISM AS UNTIMELY ETC. IN RESP, APLNT SH/EXPLAIN DATE DECREE WAS MAILED T/APLNT, & DATE APLNT 1ST REC'D NOTICE OF FILING DECREE. C/ATTYS | |
| 11-20-2013 | DSRC | 20 Nov 2013 14:01:15.553 | 2193342 |
| | | "DESIGNATION OF RECORD" | |

OCIS Case Summary for DF - 112283- Dumitrascu...          http://www.oscn.net/applications/oscn/GetCaseIn...

| Date | Code | Entry Date | Serial # |
|------|------|-----------|----------|
| 11-21-2013 | TEXT | 21 Nov 2013 10:11:17:337 | 2193484 |

LETTER DATED 11-13-13 TO CLK OF SUP CRT FROM A. DI STEFANO, PRO BONO ATTY FOR APLNT C. DUMITRASCU W/ATTACHMENTS

| 12-13-2013 | TEXT | 13 Dec 2013 10:05:32:473 | 2196554 |

JE: APLNT'S RESP TO TH/CRT'S SHOW CAUSE ORDER APPEARS TO SATISFY TH/CRT'S INQUIRY INTO TIMELINESS OF TH/APPEAL. CRT NOTES TH/APLNT H/NOT FILED A DSRC IN DELAWARE COUNTY DIST CRT. APLNT TO FILE A DSRC IN DIST CRT IN ORDER TO ENSURE TIMELY COMPLETION OF RECORD. ETC. N/ATTYS DC CLERK

| 01-02-2014 | TEXT | 02 Jan 2014 13:45:57:163 | 2198865 |

JE: ETC, APLEE H/NOT FILED RESP TO PET IN ERROR AS REQ ETC. UNLESS RESP IS FILED B/1-22-14, APLEES' AEAB SH/B/LIMITED T/ADDRESSING ARGUMENTS RAISED B/APLNTS. N/ATTYS

| 01-15-2014 | RESP | 15 Jan 2014 10:43:59:080 | 2200957 |

APLNT'S RESPONSE TO APLEE'S PETITION IN ERROR

| 01-30-2014 | TEXT | 30 Jan 2014 10:54:13:137 | 2203376 |

LETTER DATED 1-26-14 FROM ATTORNEY DI STEFANO ON BEHALF OF APLNT C. DUMITRASCU W/ATTACHMENTS

| 01-31-2014 | TEXT | 31 Jan 2014 12:33:42:293 | 2203556 |

JE: CRT NOTES LTR FR/APNT'S REPRESENTATIVE. DSRC H/NOT BEEN FILED IN DIST CRT, & NTCP DUE 3-19-14. F/DSRC T/B/FILED, APLNT MUST SEND $200 FILING FEE OR OBTAIN ORD FR/DIST CRT PERMITTING APLNT T/PROCEED AS PAUP W/O PAYING FEE. T/OBTAIN PAUP STATUS, APLNT MUST OBTAIN FORM FR/DELAWARE CTY DIST CRT CLK. APLNT ADVISED T/CONTACT DELAWARE CTY DIST CRT CLK T/DISCUSS REQUIREMENTS F/FILING DSRC. N/ATTYS DCC DC JUDGE

| 03-14-2014 | TEXT | 14 Mar 2014 12:58:10:273 | 2210161 |

LETTER DATED 3-8-14 TO SUP CRT CLK FROM ATTORNEY HELPING APLNT A. DI STEFANO W/ATTACHMENTS

| 03-14-2014 | DSRC | 14 Mar 2014 12:58:39:473 | 2210162 |

DESIGNATION OF RECORD

| 03-17-2014 | NTCP | 17 Mar 2014 12:46:09:280 | 2210390 |

NOTICE OF COMPLETION W/INDEX

| 03-27-2014 | TEXT | 27 Mar 2014 10:41:19:487 | 2212153 |

LETTER DATED 3-24-14 TO CLK OF SUP CRT FROM ATTY, DI STEFANO

| Date | Code | Entry Date | Serial # |
|------|------|-----------|----------|
| 04-28-2014 | TEXT | 28 Apr 2014 12:29:28:423<br>APLEE'S MOTION TO DISMISS ACTION AND MOTION TO ENJOIN UNAUTHORIZED PRACTICE OF LAW | 2216905 |
| 04-28-2014 | MAIL | 02 May 2014 10:42:54:633<br>AMENDED PETITION MAILED DATE | 2217913 |
| 04-30-2014 | TEXT | 30 Apr 2014 11:24:38:140<br>JE: APLNT TO RESP, NLT 5-20-14, TO APLEE'S MOT TO DSMS APPEAL AND TO ENJOIN UNAUTHORIZED PRACTICE OF LAW. N/ATTYS | 2217429 |
| 05-02-2014 | APIE | 02 May 2014 10:43:00:513<br>AMENDED PETITION IN ERROR | 2217915 |
| 05-02-2014 | MRTN | 02 May 2014 10:45:07:703<br>APLNT'S MOTION TO RETAIN APPEAL IN SUPREME COURT | 2217926 |
| 05-02-2014 | TEXT | 02 May 2014 10:46:40:383<br>APLNT'S EX-PARTE MOTION FOR TEMPORARY RELIEF | 2217930 |
| 05-02-2014 | TEXT | 02 May 2014 10:47:45:013<br>APLNT'S MOTION FOR TEMPORARY ORDERS | 2217933 |
| 05-05-2014 | TEXT | 05 May 2014 13:40:33:560<br>JE: APLEE TO RESP, NLT 5-20-14, TO APLNT'S EX PARTE MOT FOR TEMP RELIEF AND MOT FOR TEMP ORDERS. N/ATTYS | 2218186 |
| 05-15-2014 | TEXT | 15 May 2014 10:26:43:977<br>RESPONSE IN OPPOSITION TO BOTH MOTION TO DISMISS AND MOTION TO ENJOIN UNAUTHORIZED PRACTICE OF LAW | 2219857 |
| 05-16-2014 | TEXT | 16 May 2014 10:51:36:940<br>LETTER DATED 5-13-14 FROM A. STEFANO W/ATTACHMENTS | 2220094 |
| 05-19-2014 | TEXT | 19 May 2014 10:44:33:107<br>APLEE RESPONSE TO MOTION FOR TEMPORARY ORDERS | 2220236 |
| 05-19-2014 | TEXT | 19 May 2014 10:45:47:267<br>APLEE'S RESPONSE TO MOTION TO RETAIN APPEAL IN SUPREME COURT | 2220239 |
| 06-02-2014 | TEXT | 02 Jun 2014 10:59:48:540<br>LETTER DATED 5-28-14 TO CLERK OF SUPREME COURT FROM ANTONIO F. DI STEFANO W/ATTACHMENTS | 2222075 |

| Date | Code | Entry Date | Serial # |
|------|------|-----------|----------|
| 06-19-2014 | MRDE | 19 Jun 2014 09:09:00:860 | 2224825 |

JE: APLNT'S MOT TO RETAIN DENIED. C/ATTYS

| 06-23-2014 | TEXT | 23 Jun 2014 11:50:12:930 | 2225376 |

JE: APLEE'S MOT TO DSMS TH/APPEAL DENIED. ALL CRITICAL FILINGS IN TH/CASE H/BEEN SIGNED BY APLNT PRO SE, AND NON-LICENSED ATTY H/NOT ENTERED AN APPEARANCE IN TH/APPEAL. APLNT'S MOT SEEKING TEMP ORDERS REGARDING SUPPORT ARE DENIED. SUCH MOTS SH/BE ADDRESSED TO TRIAL JUDGE. ETC. TH/APPEAL SH/PROCEED. ALL JUSTICES CONCUR. C/ATTYS DC JUDGE

| 06-24-2014 | TEXT | 24 Jun 2014 13:19:44:653 | 2225739 |

APLNT'S APPLICATION TO FILE A BRIEF IN CHIEF EXCEEDING 30 PAGES

| 06-24-2014 | TEXT | 24 Jun 2014 13:21:44:143 | 2225740 |

"APLNT'S DESIGNATION OF RECORD" W/ATTACHMENT

| 06-24-2014 | TEXT | 24 Jun 2014 13:22:29:233 | 2225741 |

APLNT'S REQUEST TO CORRECT DOCKET ENTRY

| 06-26-2014 | TEXT | 26 Jun 2014 10:52:48:940 | 2226080 |

JE: CRT NOTES 3 LTRS FR/ATTY NOT LICENSED T/PRACTICE LAW IN OK. APLNT MUST SIGN ALL MOTS ETC, & COPIES MUST B/SERVED ON OPPOSING COUNSEL. ETC. NTCP FILED 3-17-14. APLNT'S ATBC ORIG DUE 5-16-14, BUT BRIEFING TIME SUSPENDED WHILE CRT CONSIDERED APLEE'S MOT T/DISM. UNLESS ATBC FILED B/8-5-14, APPEAL WILL B/DISM. ATBC LIMITED T/30 PGS. ETC. APLNT MAY NOT, ON APPEAL, INTRODUCE EVID NOT PRESENTED T/TRL CRT, FILED IN CASE, & MADE PART OF REC. ETC. N/ATTYS

| 07-14-2014 | TEXT | 14 Jul 2014 12:50:07:540 | 2228443 |

APLNT'S MOTION TO CORRECT THE RECORD

| 07-15-2014 | TEXT | 15 Jul 2014 10:12:23:403 | 2228671 |

JE: CT NOTES APLNT'S MOT TO CORRECT REC. APLEE'S RESP ETC, HAS BEEN RECOGNIZED BY TH/CT TO BE RESP TO PET, DESPITE INCORRECT TITLE ETC. N/ATTYS

| 07-17-2014 | TEXT | 17 Jul 2014 14:52:57:907 | 2229114 |

LETTER DATED 7-14-14 W/ATTACHMENTS TO OK SUP CRT FROM PRO SE APLNT C. DUMITRASCU

| 07-17-2014 | TEXT | 17 Jul 2014 10:53:13:417 | 2229115 |

MOTION TO DISMISS FILED AND STYLED IN THE DISTRICT COURT OF DELAWARE COUNTY 2-27-14 W/ATTACHMENTS

| Date | Code | Entry Date | Serial # |
|------|------|-----------|----------|
| 07-18-2014 | TEXT | 18 Jul 2014 10:28:10:627 | 2229271 |

JE: CT NOTES LETTER FR/APLNT, CLAIMING SHE IS UNABLE TO COMPLETE REC FOR DELAWARE CO CASE #FD-13-41. APPEAL IS FROM DECREE IN DELAWARE CO CASE #FD-12-263. NTCP WAS FILED IN TH/APPEAL 3-17-14. THERE IS NO APPEAL PENDING FROM FD-13-41. THUS, NO DIST CT REC FROM TH/CASE SH/BE INCLUDED AS PART OF TH/APPEAL. N/ATTYS DC CLERK

| 07-21-2014 | TEXT | 21 Jul 2014 10:45:08:880 | 2229498 |

LETTER DATED 7-18-14 W/ATTACHMENT TO SUPREME COURT FROM APLNT PRO SE DUMITRASCU

| 08-01-2014 | ATBC | 01 Aug 2014 10:38:45:360 | 2231393 |

APPELLANT'S BRIEF IN CHIEF

| 08-01-2014 | TEXT | 05 Aug 2014 10:36:37:353 | 2231397 |

APPENDIX TO APLNT BRIEF IN CHIEF*******STRICKEN PER ORDER OF 8-5-14***********

| 08-05-2014 | TEXT | 05 Aug 2014 10:37:38:283 | 2231949 |

JE: APPENDIX TO ATBC ETC STRICKEN. ETC. N/ATTYS

| 08-11-2014 | TEXT | 11 Aug 2014 10:50:52:430 | 2232895 |

PETITION FOR WRIT OF MANDATE [SIC] AND/OR PROHIBITION AND OTHER APPROPRIATE RELIEF AND REQUEST FOR IMMEDIATE STAY

| 08-11-2014 | TEXT | 11 Aug 2014 10:51:12:800 | 2232896 |

CERTIFICATE OF MAILING TO DELAWARE COUNTY COURT CLERK AND TO PARTIES

| 08-11-2014 | TEXT | 11 Aug 2014 10:52:34:630 | 2232899 |

APLNT'S MOTION TO RECUSE

| 08-11-2014 | TEXT | 11 Aug 2014 10:53:05:850 | 2232901 |

CERTIFICATE OF MAILING TO DELAWARE COUNTY COURT CLERK AND TO PARTIES

| 08-27-2014 | TEXT | 27 Aug 2014 10:27:58:927 | 2235133 |

APLNT'S MOTION FOR APPEAL RELATED ATTORNEY'S FEE

| 08-27-2014 | TEXT | 27 Aug 2014 10:29:08:527 | 2235134 |

CERTIFICATE OF MAILING TO DELAWARE COUNTY COURT CLERK AND TO PARTIES

| 09-04-2014 | TEXT | 04 Sep 2014 09:16:18:780 | 2236028 |

JE: CONSIDERATION OF APLNT'S MOT F/APPEAL-RELATED ATTY'S FEE DEFERRED T/DECISIONAL STAGE OF APPEAL. N/ATTYS

| Date | Code | Entry Date | Serial # |
|------|------|-----------|----------|
| 09-08-2014 | TEXT | 08 Sep 2014 14:08:25:597 | 2236661 |
| | | JE: APLNT'S "PET F/WRIT OF MAND ETC" DENIED. CONCUR: REIF, VCJ, KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, COMBS, GURICH, JJ. NOT PART: COLBERT, CJ. C/ATTYS | |
| 09-09-2014 | AEAB | 09 Sep 2014 10:32:54:713 | 2236828 |
| | | ANSWER BRIEF OF APLEE | |
| 09-18-2014 | TEXT | 18 Sep 2014 10:09:20:720 | 2238328 |
| | | MOTION TO FILE CORRECTED ANSWER BRIEF OF APLEE | |
| 09-18-2014 | TEXT | 18 Sep 2014 10:10:30:540 | 2238329 |
| | | CORRECTED ANSWER BRIEF OF APLEE | |
| 09-19-2014 | TEXT | 19 Sep 2014 13:16:58:977 | 2238559 |
| | | JE: APLEE'S MOT T/FILE CORR BRIEF GRANTED, & CORR BRIEF ACCEPTED AS FILED 9-18-14. N/ATTYS | |
| 10-10-2014 | ATRB | 10 Oct 2014 10:34:55:497 | 2241637 |
| | | APPELLANT'S REPLY BRIEF | |
| 10-10-2014 | R... | 10 Oct 2014 14:32:04:87? | 2241715 |
| | | RECORD ORDERED | |
| 10-17-2014 | ORGR | 12 Mar 2015 13:17:54:540 | 2242961 |
| | | ORIGINAL RECORD - 70 PAGES | |
| 10-17-2014 | TRAN | 17 Oct 2014 15:15:26:737 | 2242962 |
| | | TRANSCRIPT 9/20/13 - 13 PAGES | |
| 10-28-2014 | TEXT | 28 Oct 2014 09:18:49:390 | 2244323 |
| | | JE: FOLLOWING DESIGNATED ITEM WAS NOT INCLUDED IN RECORD ON APPEAL ETC. (SEE ORDER TH/DATE). DELAWARE COUNTY DIST CRT CLERK IS ORDERED TO FILE A SUPPLEMENTAL RECORD ON APPEAL WH/INCLUDES ABOVE-DESCRIBED, DESIGNATED ITEM NLT 11-21-14. C/ATTYS DC CLERK | |
| 03-02-2015 | TEXT | 03 Mar 2015 10:47:14:203 | 2261958 |
| | | LETTER DATED 2-19-15 FROM APLNT RE: STATUS OF CURRENT APPEAL | |
| 03-03-2015 | TEXT | 03 Mar 2015 10:49:18:533 | 2261959 |
| | | RESPONSE LETTER DATED 3-3-15 FROM SUP CRT CLK, M. RICHIE, TO APLNT'S LETTER ABOVE | |

OCIS Case Summary for DF - 112283- Dumitrascu...          http://www.oscn.net/applications/oscn/GetCaseIn...

| Date | Code | Entry Date | Serial # |
|------|------|-----------|----------|
| 03-12-2015 | ORGR | 12 Mar 2015 13:17:42:580 | 2263406 |

SUPPLEMENTAL RECORD

---

| 03-13-2015 | TEXT | 13 Mar 2015 14:21:03:250 | 2263615 |

LETTER DATED 3-10-15 FROM APLNT TO SUP CRT CLK, M. RICHIE (WITH ATTACHMENTS) RE: CLK'S LETTER MAILED AND FILED 3-3-15

---

| 03-23-2015 | CCAT | 23 Mar 2015 13:53:00:333 | 2264898 |

ASSIGNED TO COURT OF CIVIL APPEALS, TULSA; N/ATTYS

---

| 08-10-2015 | TEXT | 10 Aug 2015 10:51:16:837 | 2286024 |

APPELLEE'S MOTION TO STRIKE APPELLANT'S REQUEST FOR NOTICE OF LIS PENDENS COA/TULSA

*Document Available (#1030289266)*

---

| 08-24-2015 | TEXT | 24 Aug 2015 10:36:42:813 | 2287860 |

APLNT'S FILING W/ATTACHMENTS (IN RE: RESPONDING TO APLEE'S MOTION TO STRIKE FILED 8-10-15) COA/TULSA

*Document Available (#1030744420)*

---

| 08-27-2015 | COPN | 27 Aug 2015 15:21:19:020 | 2288574 |

JE: OPINION--------------AFFIRMED IN PART AND VACATED IN PART; APLNT'S REQUEST FOR COSTS GRANTED (NO AWARDABLE FEES)--------------THORNBRUGH, J. CONCUR; RAPP, PJ., BARNES, J--------------SUMMARY--------------C/ATTYS DC JUDGE

*Document Unavailable (#1030745774)*

---

| 08-27-2015 | 1304 | 27 Aug 2015 15:15:48:900 | 2288575 |

AFFIRMED IN PART; VACATED IN PART (OPINION)

---

| 09-15-2015 | MAIL | 21 Sep 2015 10:39:09:163 | 2291476 |

PET FOR REHE MAILED DATE

---

| 09-21-2015 | CREH | 21 Sep 2015 10:40:06:983 | 2291479 |

APLNT'S PETITION FOR REHEARING COA/TULSA

*Document Available (#1030744797)*

---

Report Generated by The Oklahoma Court Information System at

End of Transmission.

Case 4:15-cv-00561-JED-FHM   Document 1 Filed in USDC ND/OK on 10/02/15   Page 16 of 330

In RE The marriage of Ionel Samuel Dumitrascu

COURT OF CIVIL APPEALS
STATE OF OKLAHOMA
Case: 112,285

PETITION FOR REHEARING

SEP 21 2015

MICHAEL S. RICHIE
CLERK

Acting conformably to provisions

**IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA** A  and Rule 14,

the Clerk notes that this matter

**DIVISION IV**

appears to have been mailed

IN RE THE MARRIAGE OF:                                    ) (date) ___9-15-15___

IONEL SAMUEL DUMITRASCU,                          )

    Petitioner. Appellee                                  ) Case No: 112,283

vs.                                                                       )

CRISTINA MIRELA DUMITRASCU                     )

    Respondent/Appellant PRO SE                  )

## PETITION FOR REHEARING

    I, Cristina Mirela Dumitrascu, appellant Pro Se, hereby petition for rehearing. By

October 2015 two years will pass since I filed the petition in error. Material facts have changed

and legal issues have been mooted. The appeals court states it vacated all contested aspects of

the trial, yet it leaves in place a petition filed without established subject matter jurisdiction and

served only by publication upon false representation that I could not be found. Additionally it

holds Oklahoma to be the home state, and orders custody and visitation process in Oklahoma in

opposition to the UCCJEA, ICARA and the Hague Convention.

In RE The marriage of Ionel Samuel Dumitrascu                    Case: 112,283

### PETITION FOR REHEARING

---

### "ACTUAL RESIDENT" ISSUE

From the outset I have questioned subject matter jurisdiction of the marriage under O.S.§43-102.

I submit the matter on remand should commence anew with determination of subject matter

jurisdiction, or by filing of a proper petition by the father. The dissolution and issues of child

support will be a factor in the children's life for the next 15 years. Unless the "actual resident"

issue is resolved by a "Bixby" review of the facts, the matter will be subject to attack during

those years by any of the parties for lack of subject matter jurisdiction. (See Bixby v. Bixby, 361

P.2d 1075). I also point to requirements of the UCCJEA:

> *O.S.§ 43-551-107. Priority*
> *PRIORITY*
> *If a question of existence or exercise of jurisdiction under this act is raised in a*
> *child custody proceeding, the question, upon request of a party, must be given*
> *priority on the court's calendar and handled expeditiously.*

Our marriage was not in Oklahoma as the appellate opinion assumed, but in Romania.

Neither Romania nor Ecuador are likely to accept the legality of a dissolution granted by

assuming jurisdiction without due process, when such jurisdiction has been consistently

contested by one of the parties. The dissolution is worthless until it is determined after due

process that state jurisdiction existed when the petition for divorce was filed. Neither the district

court process, nor an answer by a Legal Aid attorney, nor an appellate order without due process,

can grant subject matter jurisdiction where none exists at inception. This suggests the father

Page 2 of 9

In RE The marriage of Ionel Samuel Dumitrascu                    Case: 112,283

### PETITION FOR REHEARING

should refile and properly serve his petition. The complaint as it stands pleads causes that are not within the jurisdiction of an Oklahoma court.

 In the petition for dissolution the father explained our presence abroad by stating I had abducted the kids to hide them there.  In his response to the appeal he changed the statement to say " *Prior to filing of the divorce both Petitioner and Respondent and the minor child of the parties traveler to Equador. While in Equador the Petitioner and Repondent had a marital disagreement resulting in the Petitioner returning to the United States*" Nowhere in the record does he describe "the Ecuador journey as a temporary trip". That would mean we sold our belongings, his truck and left our home up on auction, and traveled with $15,000 in our pockets for a temporary trip of one month. It is possible one deposition alone would be required: that of pastor Jerry Mayes. If one can trust at least ministers of the gospel to not commit perjury in Delaware county, then pastor Mayes could testify we left him charged with the auction sale of our home, and could testify as to our intentions for the trip.

### HABITUAL RESIDENCE

 The United States has not been the habitual residence of the two children since August 2012. They have spent the greater part of their life in the state of Ecuador which is now their home state. They are now more conversant in Spanish than in English. The older boy David

In RE The marriage of Ionel Samuel Dumitrascu                    Case: 112,283

## PETITION FOR REHEARING

started the first year of school in our village. This month they will be joined by an Ecuadorian

sibling when I am delivered of child. I intend to keep Ecuador as my permanent residence for the

foreseeable future, and have no intention of returning to Oklahoma. The children have no

significant contacts with Oklahoma other than a father who has not contacted them or sent any

child support since September 2012. Under the Convention any process for custody or visitation

is the first prerogative of an Ecuadorian court. Oklahoma would have no jurisdiction to enforce

any custody orders in the location where the children live. Any mandate to review such issues in

Oklahoma is contrary to the UCCJEA, ICARA and The Hague Convention.

The UCCJEA is an enforcement statute that does not provide any jurisdiction and applies

internationally. Under the UCCJEA Ecuador as a foreign state must be treated as any other state

of the Union. Holding Oklahoma to be the home state because of the absence of a "US state" is

contrary to the UCCJEA , ICARA, and The Hague Convention.

O.S.§ 43-551-105. International application of act

> *INTERNATIONAL APPLICATION OF ACT*
> *A. A court of this state shall treat a foreign country as if it were a state of the*
> *United States for purposes of applying Articles 1 and 2 of this act.*
>
> *B. Except as otherwise provided in subsection C of this section, a child custody*
> *determination made in a foreign country under factual circumstances in*
> *substantial conformity with the jurisdictional standards of this act must be*
> *recognized and enforced under Article 3 of this act.*

In RE The marriage of Ionel Samuel Dumitrascu                                    Case: 112,283

PETITION FOR REHEARING

---

*C. A court of this state need not apply this act if the child custody law of a foreign country violates fundamental principles of human rights.*

The father has never initiated judicial proceedings for custody or visitation as required in ICARA Sec. 11603 below. That petition always belonged in Ecuador where the children are located. The one year period of mandatory return of the children, upon proper proof, expired September 2013 – one year after the father returned without them to Oklahoma. That period of one year cannot be tolled as the Supreme Court of the United States has made clear in Lozano v. Lozano, (572 U.S. (2014)). Should he now file a petition for custody and visitation in Ecuador any decision will be based on the equitable discretion of the Ecuadorian court.

**Sec. 11603. Judicial remedies**

*(b) Petitions*

*Any person seeking to initiate judicial proceedings under the Convention for the return of a child or for arrangements for organizing or securing the effective exercise of rights of access to a child may do so by commencing a civil action by filing a petition for the relief sought in **any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed**.*

What is left to an Oklahoma district court upon filing of a valid petition are the issues of dissolution, child support and the division of property.

Page 5 of 9

In RE The marriage of Ionel Samuel Dumitrascu                    Case: 112,283

## PETITION FOR REHEARING

**VENUE ON REMAND**

     In my reply brief, I asked on the authority of O.S.§12-140 for a change of trial court to another county. The appellate opinion provides added support to my allegations of lack of fairness and impartiality. In previous appellate material I have noted my written request for disqualification sent to Judge Barry Denney and to Judge Robert Hanes ahead of the trial. At this time I have pending a petition for writ in the Court Of Criminal Appeals of the State of Oklahoma: case No: MA-114116, where I allege that Judge Barry Denney induced the Ottawa and Delaware Counties District Attorney to refuse to prosecute the father for violations of the following statutes:

§21-851. Desertion of children under age of ten a felony.
§21-852. Omission to provide for a child – Penalties.
§21-853. Desertion of wife or child under 15 a felony.
§21-854. Proof of marriage - Wife as competent witness - Duty of County Attorney to prosecute.

     The appellate court may want to provide reasoned ground to explain why any reasonable US citizen under my circumstances should now expect a fair hearing in Judge Barry Denney's Court. I have more than sufficient reason to insist on assignment to another county; Tulsa County being the first natural choice.

**ATTORNEY APPOINTMENTS.**

     In its "Safe Harbor Orders" the appellate court required legal representation for the

In RE The marriage of Ionel Samuel Dumitrascu                    Case: 112,283

## PETITION FOR REHEARING

children together with a legal guardian to protect their interests. Since the complaint left in place

has prayers for removal of constitutionally protected parenthood rights, and since I am indigent,

I should also be provided an attorney. So far my case in Delaware County has been assigned to

three attorneys who were assistant district attorneys, and associated with Judge Denney during

his time at the DA office: Bobby Ramsey representing the father, Susan Hopper for DHS, and

present DA Kenny Wright. My legal aid attorney James Evenson was also assigned by Judge

Denney. I do not think any reasonable person should have to hang on the hope that Judge

Denney has been suddenly reformed by a remand order. Hence my request for transfer to

another county outside District 13.

**PROCESS ON REMAND**

     My situation starting October 2015 will need me to attend to a newborn . I have a five

year old in school and another in pre-school. I shall not be able to travel outside of Ecuador until

the procedure for permanent residency is complete and matters are such that I can leave the

children safely behind. I submit that I could use the UCCJEA procedures outlined in O.S.§43-

551-111. Taking testimony in another state

> *§ 551-111. Taking testimony in another state*
> *TAKING TESTIMONY IN ANOTHER STATE*
> *A. In addition to other procedures available to a party, a party to a child custody*
> *proceeding may offer testimony of witnesses who are located in another state,*

Page 7 of 9

In RE The marriage of Ionel Samuel Dumitrascu          Case: 112,283

PETITION FOR REHEARING

*including testimony of the parties and the child, by deposition or other means allowable in this state for testimony taken in another state. The court on its own motion may order that the testimony of a person be taken in another state and may prescribe the manner in which and the terms upon which the testimony is to be taken.*
*B. A court of this state may permit an individual residing in another state to be deposed or to testify by telephone, audiovisual, or other electronic means before a designated court or at another location in that state. A court of this state shall cooperate with courts of other states in designating an appropriate location for the deposition or testimony.*
*C.      Documentary evidence transmitted from another state to a court of this state bytechnological means that do not produce an original writing may not be excluded from evidence on an objection based on the means of transmission.*

Again I submit that the actual residency issue must be resolved first – or

alternatively the father can choose to refile his petition now and properly serve it

on me by mail. That done the only issues that will be properly in the district

court's jurisdiction will be the dissolution of the marriage, the division of the

family estate and child support.

**LIS PENDENS**

The Court was misdirected by appellee's motion to oppose lis pendens.

There is no pending motion in the appellate court nor the district court. What was

sent to the district court was a request for notice of lis pendens, required by the

fact that as a pro se party I cannot send one directly to the County Clerk without

Page 8 of 9

In RE The marriage of Ionel Samuel Dumitrascu                    Case: 112,283

## PETITION FOR REHEARING

approval by a judge.

It has been three years into this process, and I still wait to see any evidence at all that my life and legal rights and those of my children really matter at all in Oklahoma. All I have experienced is a biased system of justice still fully intent in making sure an associate judge in Delaware County gets his way, even if it be at our expense.

Respectfully submitted:

Cristina Mirela Dumitrascu.
email: Cristina Dumitrascu<cristina13mama@yahoo.com>.
Signed: September 15th, 2015.
Please mail in care of:
Fiorentino Law Office
769 Center Blvd #69
Fairfax CA 94930
Telephone for Fairfax (415) 472-2519

Page 9 of 9



# Caroline M. Weaver
## Delaware County Court Clerk

P.O. Box 407 • Jay, OK 74346 • Ph: (918) 253-4420 • Fx: (918) 253-5739

March 25, 2015

Re: Delaware County Case FD-12-263
    Appeal Case No. DF-112283

I refer to your letter to The Honorable Judge Robert G. Haney concerning your request of Document: Respondent's Motion to Allow Testimony and Participation by Telephone filed 7-30-13 that had been omitted from the Record on Appeal. I personally completed the Amended Notice of Completion of Record on Appeal and Amended Certification of Record on Appeal the same day that I was made aware of the problem from Daniel Moore of the Court of Civil Appeals and mailed it the same day as requested by Mr. Moore.

I do sincerely apologize for the omission, it was simply an oversight on my part. I trust the appeal is going forward. If I can be of further assistance please let me know.

Martha Cone
Deputy Court Clerk



**SUPREME COURT OF OKLAHOMA**
CLERK OF THE APPELLATE COURTS
OKLAHOMA JUDICIAL CENTER
2100 N. LINCOLN BLVD., SUITE 4
OKLAHOMA CITY, OK 73105-4907

MICHAEL S. RICHIE

March 3, 2015

Cristina Dumitrascu
c/o Fiorentino Law Office
769 Center Blvd. #69
Fairfax, CA 94930

Re: Appeal No. 112,283

Dear Ms. Dumitrascu:

Please be advised that your last correspondence was responded to by forwarding to the address given in California a copy of the Docket Sheet in your case. I cannot speak to whether that was forwarded to you since I do not have a current address for you other than the Fiorentino Law Center. As to the completion of the Record on Appeal issue, I would refer you to Oklahoma Supreme Court Rule 1.33(c) which reads in pertinent part:

> The appellant has the burden of monitoring the preparation of the appellate record and seeking relief from the trial court for its timely completion.

You, Ms. Dumitrascu, are the appellant. By its order of October 28, 2014, the Supreme Court assisted you by noting a deficiency in the Record on Appeal, as designated. Per the above rule it is yours, and not the Court's, responsibility to follow up on securing the missing document.

My office will again be in contact with the Delaware County District Court Clerk's office to ask the status of its response to the Court's earlier order. Nonetheless, the responsibility to get the Record on Appeal completed still falls by rule on your shoulders.

Sincerely,

Michael S. Richie, Clerk

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA FILED
SUPREME COURT
STATE OF OKLAHOMA

OCT 2 8 2014

MICHAEL S. RICHIE
CLERK

In re the Marriage of:                    )
                                          )
Ionel Samuel Dumitrascu,                  )
                                          )
        Petitioner/Appellee,              )
                                          )
v.                                        )   No.  112,283
                                          )
Christina Mirela Dumitrascu,              )
                                          )
        Respondent/Appellant.             )

### ORDER

The following designated item was not included in the Record on Appeal filed

in the above styled and numbered case as required by Okla.Sup.Ct.R.1.33(a):

Respondent's Motion to Allow Testimony and Participation by Telephone, filed

7/30/13.

The Delaware County District Court Clerk is ordered to file a Supplemental

Record on Appeal which includes the above-described, designated item no later

than November 21, 2014.

DONE BY ORDER OF THE SUPREME COURT this 28th day of October, 2014.

_____
acting   CHIEF JUSTICE

In RE: Marriage of Dumitrascu                    Supreme Court Case No:  DF- 112283

## IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

CRISTINA MIRELA DUMITRASCU                    )

       Plaintiff/Appellant                         ) Supreme Court case:
                                 )  DF - 112283

vs                                                ) Delaware County District Court  #

IONEL SAMUEL DUMITRASCU                        )   FD-2012-00263

       Defendant/Appellee                         ) District Court Judge Barry Denny

### MOTION TO RECUSE

     I , Cristina Mirela Dumitrascu, appellant pro se, respectfully move the Honorable Tom Colbert,

Chief Justice of The Oklahoma Supreme Court disqualify and remove himself whether in power,

authority or influence,  from any aspect of my appeal and any process, complaint and application that

may ensue from it, based on the authority of Article II §6 of the Oklahoma Constitution, Title 20 §1403

of the Oklahoma Statutes, any applicable Canons of the Code of Judicial Conduct, and any other law or

rule that determines the proper and ethical conduct of judges and the proper causes and manner of their

recusal in the State of Oklahoma

     This motion is based on the following grounds and action of the Chief Justice:

[1] On 05/02/2014 I filed a motion to retain appeal in the Supreme Court explaining that the errors in

my case were not simply errors of law but of a systemic disfunction  and lack of competence in many

aspects of the administration of justice in the Jay, OK Courthouse; all matters for which the Chief

Justice and the Oklahoma Supreme Court bear responsibility to review and to repair. The Chief Justice

denied  the motion indicating by his assignment to the Court Of Appeals that he would only allow a

MOTION TO DISQUALIFY                                        Page 1 of 6

In RE: Marriage of Dumitrascu                    Supreme Court Case No: DF- 112283

narrow review of specific acts of the trial court, and would ignore the underlying problems in the

system that account for the many procedural and legal errors in my case and the disfunction in the Jay

Courthouse. Those systemic problems had already come to the attention of the Court during his term as

Chief Justice in case DF-111058, In Re Marriage of Mekala Angelo which was finally reviewed on

appeal on 07-09-2013.

[2] On 12/16/2013 an order of the court for designation of record was entered in Delaware

County case: FD 2013-00041, filed by DHS to collect child support payments from Ionel Dumitrascu

who is the petitioner in the underlying case FD-2012-00263. Seven months later, when in full reliance

upon and obedience to a court order, I had completed designation of record and provided a pauper

affidavit so record could be completed, the Chief Justice entered an order in case FD-2013-00041 on

07/21/2014 controverting the 12/16/2013 order from the Court, and forbidding any record from that file

from being produced. This order was entered in spite of the fact that the Court received on 07/21/2014

my letter pointing out that I was following an earlier order of the Court, and that in any case

precedential law in Oklahoma would favor judicial notice of that file. The order was entered 15 days

before a deadline to complete the brief in chief, to which date the Chief Justice made clear he would

hold me bound or the case would be dismissed. If total inadmissibility of any matter from FD-2013-

00041 were to be held legal it would do irreparable damage to major issues and arguments in my

appeal and make it impossible to explain the final result for the children's claims.

Chief Justice Colbert served as attorney for the Oklahoma Department of Human Services

(DHS) from 1988 to 1989 and again in 1999. Allegations of error and willful misconduct by the DHS

and its attorneys are major issues in my appeal. The Chief Justice's action is open to doubt and

MOTION TO DISQUALIFY                                        Page 2 of 6

In RE: Marriage of Dumitrascu                    Supreme Court Case No: DF- 112283

suspicion and suggests a failure to appreciate possible conflict of interest. It also leaves the perception

that the Chief Justice accommodated the concerns of the trial judge, relieving him from a prior order,

without concern to the damage that would be done to our case.

[3] In his decision to keep out FD-2013-00041 the Chief Justice made legal assumptions for

which I find no authority or precedent in Oklahoma law. I am not aware of the power of a Chief Justice

to set precedent in a law, or to determine its legislative intent, without proper judicial process and

opinion of the Court. Nor am I aware of the power of a Chief Justice to decide that previous

precedential law will not be honored. My concern in this motion cannot be with the legal questions but

with the doubt and suspicion that the mental process of the Chief Justice created by his order of

07/18/2014. The Chief Justice's declaration that there is no appeal pending in FD-13-41, and that no

district court record from that file must be included in my appeal, impinges directly on the authority of

O.S.§43-601-306, upon which the motion to dismiss FD-2013-00041 is based. The Chief Justice's order

implies that a transfer of pleading and documents to FD-2012-00263 did not occur,  even though

handling of the children's claims was dismissed on the evidence of a document from FD-2012-00263. It

is also contrary to O.S. §43-601-310 that obliged the DHS's State Information Agency to provide all

documentation in DHS's possession to the tribunal that assumed handling. The Chief Justice's order

appears contrary to the legislative intent in the UISFA and other law concerning deprived children,  that

there be a seamless and uninterrupted protection of the rights of deprived children in the function of the

two tribunals, with the district court a preferred venue and depository. The trial judge has always been

aware of the contents of FD-2013-00041 and has been actively obstructing the assigned special judge

from completing record. The choices made by the Chief Justice are open to doubt and suspicion , and

suggest that far from being impartial  he is acting to shield the trial judge or DHS and its lawyer who

MOTION TO DISQUALIFY                                    Page 3 of 6

In RE: Marriage of Dumitrascu                    Supreme Court Case No:  DF- 112283

participated through the trial.

[4] On 08/01/2014 the Appellant Brief In Chief and Appendix were filed. The Chief Justice

ordered that the Appendix be stricken the same day, without allowing the assigned division of the Court

of Appeals to determine if any valid issues contained in the brief could justify taking judicial notice of

material in the appendix that was illegally suppressed. Some of the material in the Appendix was

suppressed by DHS,  and this adds to the suspicion that the active management by the Chief Justice in

my case is not impartial and neutral as the law requires.

[5] Come November 2014 the Chief Justice and the trial judge face re-election or review.

In my petition and in my brief I have raised troubling questions about disfunction in the

business of the courthouse in Jay OK, and in agencies that deal with that courthouse. These are

all issues that are part of his accountability. That fact by itself should have suggested to the

Chief Justice not to assume active management of the case.

## I.   THE APPLICABLE LAW

I know the Chief Justice is well aware of the rules and cases on disqualification in Oklahoma, but

mention some nonetheless:

> " A judge should disqualify himself or herself in a proceeding in which a judge's
> impartiality might reasonably be questioned ..." *Oklahoma Code of Judicial Conduct
> Cannon 3(E)(I)*. In Oklahoma "every litigant is entitled to nothing less than the cold
> neutrality of an impartial judge" State ex rel. Lacey v. Sullivan, 248 P.2d 239 (Okla.
> Crim. App.1952), citing OKLAHOMA CONSTITUTION ARTICLE II §6; and Ingram
> v. Worten, 1928 OK CR 135, 266 P 488 ( The State of Oklahoma and society in general
> have an interest in preserving the integrity and impartiality of courts)

The Chief Justice is in his  right to argue that there exists no legitimate reason for disqualification. For

that purpose the courts have provided counsel:

MOTION TO DISQUALIFY                                   Page 4 of 6

In RE: Marriage of Dumitrascu                    Supreme Court Case No:  DF- 112283

"It is to be regretted that a judge should try a case  in which there is the least ground upon which to base a claim for his disqualification, and, if an error is ever made as to disqualification, it should be made in favor of disqualification rather than against it. An independent, unbiased, disinterested, fearless judiciary is one of the bulwarks of an American liberty, and nothing should be suffered to exist that would cast a doubt or shadow of suspicion upon its fairness and integrity." State ex rel. Bennet v. Childers, 1940 OK CR 389, 105 P.2d 762

"courts must be presided over by unbiased, impartial and disinterested judges, and all doubt and suspicion to the contrary must be jealously guarded against" (Schulte v. Bolen, 216 P. 928 (Okla, 1923))

"A judge should avoid impropriety and the appearance of impropriety in all of of the judge's activities.....'

"a judge should not allow family, social, political or other relationship to influence the judge's judicial conduct or judgment" ( Canon 2 of the Code of Judicial Conduct)

I also remind the Chief Justice that I am a Pro Se appellant at a great disadvantage in location and resources  striving to vindicate constitutional rights under the law of Oklahoma and the United States Constitution for myself and for my children.

The  Chief Justice is aware of the many cases in which the Supreme Court of the United States has reminded and instructed the State courts on the special care and attention that is due to pro se appellants seeking protection of their constitutional rights. I need only mention the following:

Picking v Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v Cox, 456 2nd 233

"The court below should have applied the rule in Ghadiali v. Delaware State Medical Society, D.C. Del., 790, and Allen v. Corsaro, D.C.Del., 170, that where a plaintiff pleads pro se in a suit for the protection of civil rights the court should endeavor to construe the plaintiff's pleadings without regard to technicalities."

The basic question the Chief Justice must ask is what reasonable doubt and suspicion could be raised in the mind of an average Oklahoma citizen in good faith and good conscience,  when presented with the the above facts and the rules for judicial conduct?

Would it be unreasonable to suspect that the active management by the Chief Justice is not to

MOTION TO DISQUALIFY                                        Page 5 of 6

In RE: Marriage of Dumitrascu                    Supreme Court Case No:  DF- 112283

assure the full and proper review of the substantive rights of the appellant and her children , but rather to do damage control and to avoid issues and questions that may reflect badly on the judiciary and on his term of office?

The Chief Justice must ponder the response to the motion in the privacy of his conscience. The decision to recuse or not is his.  The laws and the accumulated wisdom of the Courts mentioned above provide that if he suspects that the grounds presented can reasonably lead to suspicion and doubt, then the obligation to the law, to the oath of his office, to his conscience and honor and to the people of Oklahoma is to recuse. Whatever decision is made, my case will move on to the next step, and after I have exhausted the available remedies will be no more. But the record of this case will stand in history as a marker to where stood a Chief Justice of the Oklahoma Supreme Court, in relation to the  ".. bulwarks of an American liberty".

Respectfully submitted:

Cristina Mirela Dumitrascu, Appellant

NOT FOR OFFICIAL PUBLICATION

IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA

DIVISION IV

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | **FILED**<br>COURT OF CIVIL APPEALS<br>STATE OF OKLAHOMA |
| IONEL SAMUEL DUMITRASCU, | ) | |
| | ) | AUG 2 7 2015 |
| Petitioner/Appellee, | ) | |
| | ) | MICHAEL S. RICHIE<br>CLERK |
| vs. | ) | Case No. 112,283 |
| | ) | |
| CHRISTINA[1] MIRELA DUMITRASCU,) | | |
| | ) | |
| Respondent/Appellant. | ) | |

APPEAL FROM THE DISTRICT COURT OF
DELAWARE COUNTY, OKLAHOMA

HONORABLE BARRY DENNY, TRIAL JUDGE

## AFFIRMED IN PART AND VACATED IN PART

Bobby C. Ramsey
DAVIS & THOMPSON
Jay, Oklahoma                                    For Petitioner/Appellee

Cristina Mirela Dumitrascu
C/o Antonio Di Stefano Esq.
FIORENTINO LAW OFFICE
Fairfax, California                              *Pro se*

---

[1] Respondent's name is spelled in the court captions as Christina or Christine. Her name is apparently properly spelled as *Cristina*.

OPINION BY P. THOMAS THORNBRUGH, JUDGE:

Cristina Mirela Dumitrascu (Mother) appeals a divorce decree, child support order and child custody decision giving sole custody to Ionel Samuel Dumitrascu (Father). On review, we affirm the dissolution of the marriage, but vacate the remaining provisions of the decree, and remand the matter for further hearing.

## BACKGROUND

The evidentiary record in this is case very limited, consisting only of pleadings, a few motions, and a transcript of a short hearing at which one party was unrepresented and not allowed to speak (see Section II below). Reconstructing, as best we can, the procedure that led to this unusual state of affairs, we find the following:

The parties are both of Romanian origin. They were married in Oklahoma in 2005, and have two minor children. In August 2012, the parties traveled to Ecuador. The purpose of this travel is disputed. Mother argues that the family relocated to Ecuador. Father describes the Ecuador journey as a temporary trip. Something broke down in the relationship while the parties were in Ecuador. In September 2012, Father returned from Ecuador, while Mother and minor children remained there. On October 25, 2012, Father filed a divorce petition in Delaware County. Father also requested a temporary order granting him immediate custody of the minor children with no visitation, which the court granted. There was some

2

difficulty locating Mother for the purposes of service, and the court evidently approved service by publication. On May 28, 2013, Mother, represented by Legal Aid Services of Oklahoma, answered Father's petition.

The record then shows a series of court minutes indicating that Mother was unable to afford tickets to return to the US for hearing. The court ordered that Father was to provide "flight tickets" for Mother and children to appear in the US. Father allegedly provided one-way tickets. Mother called the judge stating that she would not come to the US with the children for hearing unless Father provided round–trip tickets, as she would have no means to return to Ecuador, was afraid of Father's isolating and controlling nature, and would be stranded in Oklahoma.[2] The court evidently refused to order round- trip tickets, and informed Mother by phone that she would be arrested and charged with kidnapping if she didn't appear.[3]

On July 30, 2013, Mother, still represented by Oklahoma Legal Aid, filed a motion for the court to allow her to testify by telephone, stating that "due to a history of domestic violence, controlling behavior, manipulation and isolation inflicted by Father," she was afraid to return to the US and be stranded in Father's power. The court held a hearing in which Mother appeared by phone. We find no

---

[2] Mother's appellate brief states that Father did not allow her to get a US driver's license in the ten years they lived in Oklahoma.

[3] See Record, 24, court minute.

3

record of this hearing. The court denied Mother's motion by order on August 21, 2013. The order made no finding regarding Mother's allegations of abuse and fear, and stated that Father was only required to furnish one-way tickets. On September 5, 2013, Mother's Legal Aid attorney withdrew at her request. Mother states in her brief that she wished to obtain "more competent counsel." The court allowed withdrawal on September 17.

Three days after this withdrawal, on September 20, 2013 the court held what can be described as a *pro-forma* trial on the divorce. Father stated his desired divorce settlement, and the court granted it without any further inquiry. Mother was unrepresented. The judge allowed Mother to *listen* to the proceedings via a speakerphone in the court, but she was *not allowed to speak during the trial*.[4] The court gave sole custody of the minor children to Father, along with ownership of the family home, and granted Mother supervised visitation only. The court assessed the US minimum wage to Mother, and ordered her to pay child support to Father. Mother now appeals *pro-se* from this decision.

## STANDARD OF REVIEW

In a divorce action the trial court is vested with discretion in awarding custody and visitation. *Daniel v. Daniel*, 2001 OK 117, 42 P.3d 863. The best

---

[4] In his corrected answer brief, Father states that "The appellant appeared by telephone *pro se*" during this hearing. Father's counsel evidently applies a somewhat novel definition of an "appearance" at trial.

4

interest of the child must be a paramount consideration of the trial court when determining custody and visitation. On issues regarding the best interest of the child, the standard of review is whether the decision of the trial court is against the clear weight of the evidence or an abuse of discretion. *Wood v. Redwine*, 2001 OK CIV APP 115, 33 P.3d 53. A divorce action is one of equitable cognizance in which the trial court has discretionary power when dividing the marital estate. *Teel v. Teel*, 1988 OK 151, 766 P.2d 994. An appeal reviewing child support is one of equitable cognizance. This Court will review the whole record, weigh the evidence and affirm the judgment only where the judgment rendered is just and equitable. If the judgment is not just and equitable, this Court will render or cause to be rendered a proper judgment. *Thrash v. Thrash*, 1991 OK 32, ¶ 12, 809 P.2d 665. A claim of denial of due process is reviewed *de novo*. *In re A.M. & R.W.*, 2000 OK 82, ¶ 6, 13 P.3d 484.

## ANALYSIS

Mother' *pro-se* appellate brief runs for some 36 pages, and is of limited aid in framing the legal issues.[5] It further addresses a child support controversy

---

[5] Like most of the case, the appellate brief is peculiar. It appears to have been written by Mother, with the assistance of one "Antonio F. DiStefano" a pro bono attorney possibly licensed in California although allegedly resident in Ecuador. Father then filed a motion in the Supreme Court to strike Mother's appeal for "unauthorized practice of law." The Supreme Court denied this motion.

involving the DHS of which we have no appellate record. However, some salient points of law do arise from the brief.

I. Jurisdiction of the Delaware County Court Over the Children

Mother raises the argument that the court had no jurisdiction over the children because the children were not present and Oklahoma was no longer the "home state" of the children pursuant to the UCCJEA, because the couple had moved to Ecuador with the intent of permanently remaining there. Title 43 O.S.2011 § 551-201 provides that:

> 1. This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state, but a parent or person acting as a parent continues to live in this state. (Emphasis added).

As Oklahoma was indisputably the home state of the children until August 2012, and the proceeding was commenced within six months, the question appears to be whether Father "continued to live in this state." However, even assuming that the family's move to Ecuador was intended as permanent, and Father ceased to reside in Oklahoma, § 551-201(4) is clear that if no other state court has jurisdiction, jurisdiction remains in the prior "home state" - in this case Oklahoma. *See Wood v. Redwine*, 2001 OK CIV APP 115, ¶ 13, 33 P.3d 53. However, the question of whether the UCCJEA granted jurisdiction on *all* matters before the court is less simple.

6

## II. The Hague Convention

The root of the court's actions in this case was the implicit determination that Mother had improperly removed the children from Oklahoma, and the court retained jurisdiction over them because they had resided in Oklahoma within the last six months, and there was no other US "home state." The court ordered the children returned on that basis, using state law as authority, and eventually came to a determination that Mother had "kidnapped" the children because she refused to return with them.[6]

Had the children been in another US state, this decision may have been appropriate, as another state would be required to give full faith and credit to the Oklahoma court's restraining order requiring that the children should be taken from Mother and returned to Father. However, the children were in Ecuador, and the court has no immediate power to enforce such an order there. Given that the root of all the court's actions in this case was a determination that Mother had abducted the children, we must inquire whether the decision that the children were "wrongfully removed" or "abducted" is governed by the UCCJEA or by the Hague

---

[6] The district court's minute of July 21, 2013, documents the court's warning to Mother that if she failed to return the children, "a warrant would be issued for her arrest and she would be charged with kidnapping." Record at 24.

Convention as implemented in the International Child Abduction Remedies Act. (ICARA).[7]

The UCCJEA is an interstate compact, while ICARA is a treaty implementation. As such, it takes precedence over any State rules to the contrary. See Robert Spector, *Oklahoma Family Law – the Handbook*, Chapter 2 p. 76. (2014, Imprimatur Press, Dallas, Texas). The Hague Convention was meant to cover the situation where a child has been kept by another person in another country away from the petitioner claiming rights under the Convention. *Pielage v. McConnell*, 516 F.3d 1282, 1289 (11th Cir. 2008). Pursuant to ICARA, before finding an illegal removal or retention of a child that would justify a return order, a court must first determine that a child had been improperly removed or kept from its "habitual residence." The district court was therefore first required to determine if a removal occurred in a Hague Convention proceeding pursuant to ICARA and the associated case law, and this was properly its first order of business.[8]

---

[7] The Hague Convention is a multinational treaty, which was created in 1980 "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access." *In re A.S.C.H.*, 380 S.W.3d 346, 351 (Tex. App. 2012), citing Hague Conference on Private International Law: Final Act, Preamble, 19 Int'l Legal Materials 1501 (1980). The implementing statute of this treaty in in the US is the International Child Abduction Remedies Act (ICARA). This legislation was originally codified as 42 U.S.C. §§ 11601–610, but is now found in 22 U.S.C. §§9001-9011.

[8] Both state and federal courts have jurisdiction to conduct proceedings pursuant to ICARA. 22 U.S.C. § 9003(a).

8

Mother claims in her brief that the couple has sold their possessions in Oklahoma, put the family house on the market, and re-located to Ecuador with a "common settled purpose" to remain there.[9] ICARA case law indicates that if there was an agreement to re-locate between the parents, and the circumstances surrounding it enable the court to infer a shared intent to abandon the previous habitual residence, it may find that the new country of residence is the habitual home. *Mozes v. Mozes*, 239 F.3d 1067, 1081 (9th Cir. 2001). Pursuant to ICARA, the petitioner (in this case Father) bears the burden of proof by a preponderance of the evidence to show that a child was improperly removed or retained. 22 U.S.C. § 9003(e)(1). The factual record regarding the couple's travel to Ecuador with their children, and their intent, is currently both minimal and disputed. This question is highly fact intensive, and not answered by the current record.

We note that, in extraordinary circumstances, a court may issue a TRO requiring the return of children from another country *before* conducting a full ICARA proceeding. However, this is an "an extraordinary remedy, which should be granted only in limited circumstances." *Application of McCullough on Behalf of McCullough*, 4 F. Supp. 2d 411, 415 (W.D. Pa. 1998). To obtain such relief, Father would have to show (1) a reasonable probability of eventual success in the

---

[9] *See* Mother's brief-in-chief at pp. 7-8.

9

ICARA litigation; (2) that he or the children would be irreparably injured without such an order ; and (3) must "demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following trial." *Id.* The current record does not show these factors. We find that the court was initially required to apply an ICARA analysis to determine if the children had been illegally removed or retained by Mother, and erred in failing to do so.

      III. How Should the Court Have Proceeded as a Matter of Law?

We recognize that this matter is unusual, and we find no Oklahoma case law directly addressing a situation as complex as this one. The record shows a series of rulings by the court which imposed upon Mother the choice of returning the children to Oklahoma, or losing some ability to contest her case. These effectively acted as sanctions, culminating in the decision that Mother should "appear" at the custody trial without counsel, without briefing, and without any opportunity to speak on her own behalf or cross-examine witnesses.

Oklahoma case law has examined a court's denial of an opportunity to testify, either by telephone or in person. Discussing exclusion from a damage hearing, *Payne v. Dewitt*, 1999 OK 93, ¶ 12, 995 P.2d 1088, disproved of "stripping the party in default of basic forensic devices to test the truth of the plaintiff's evidence." *Hemphill v. Harbuck*, 2014 OK 24, ¶ 7, 326 P.3d 521, notes that even prison inmates have a right of access via telephone testimony to the

10

courts of Oklahoma in civil matters. In *Harmon v. Harmon*, 1997 OK 91, ¶ 13, 943 P.2d 599, the Supreme Court held that the trial court should have made some type of arrangement for an imprisoned Father's participation in his divorce and child custody hearing, and that the failure to do so represented a deprivation of due process.

The court evidently determined that Mother's failure to return to the US with the children due to her financial inability and fears justified giving her *lesser* due-process right to an alternate means of testimony than an imprisoned felon wishing to change his name to "Apokalypse God Allah." *Hemphill*, ¶ 1. We disagree. The procedure employed by the court represented a deprivation of due process. As such we vacate all contested aspects of the trial. The law provides for a more equitable procedure in such matters that does not risk a deprivation of due process.

## IV. "Safe Harbor" Orders

Mother appears to be largely without resources or local representation, claims to be in real fear of Father if she returns to Oklahoma, fears isolation and being stranded here if she appears, and could return only under circumstances in which the children would immediately be taken from her at the airport (with no visitation) pursuant to the court's TRO. The problem presented is how to provide a hearing at which the crucial issue of child custody and the best interests of the

11

children can be properly litigated by the parties, and the issues fully examined by the court, while addressing Mother's threshold fears.

Professor Robert Spector of The University of Oklahoma suggests in the *Oklahoma Family Law Handbook* that a "safe harbor hearing" procedure may be utilized in such situations. Noting with approval the actions of the court in *Orchard v. Orchard*, 43 Mass. App. Ct. 775, 686 N.E.2d 1066 (1997), Professor Spector suggests that providing for mutual restraining orders for the safety of the parties, travel costs and appropriate legal aid, and a suspension of the court's TRO and recognition of Mother's "temporary custody" are all appropriate measures to ensure the presence of Mother to properly litigate the custody, property and child support issues before the court.[10] A guardian ad litem for the minor children and some pre-briefing of issues may also be necessary in order to decide all pertinent issues at one hearing. We find this approach persuasive, and will utilize it here.

## V. Other Matters

During the pendency of this appeal, Mother filed a "notice of *lis pendens*" against the family home with the court. This filing is ineffective in Oklahoma. In Oklahoma, a *lis pendens*, identifying the case and the court in which it is pending and giving the legal description of the land affected by the action, must be filed of

---

[10] We note that the court imputed US minimum wage to Mother without any record of the inquiry required by 43 O.S.2011 § 118B and while she was residing in a foreign nation not noted for high wages.

12

record in the **office of the county clerk** of the county wherein the land is situated, not with the district court. As such, the filing in the district court is a nullity.

On August 27, 2014, Mother filed a request for appellate fees and costs in the Supreme Court. Mother cites the case of *Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010), for the principal that a *pro-bono* attorney is entitled to fees in a Hague Convention case. However, unlike the situation in *Cuellar*, Mother's *pro-bono* attorney is not licensed to practice in the State of Oklahoma. The Supreme Court was quite clear in this case that Mother was appearing *pro se*, and could not be represented by her *pro bono* attorney in this state. We find no legal basis to award fees to an attorney who is not licensed to practice in this state. We further find no authority for an award of fees to a *pro se* party in Oklahoma, as that party has not actually incurred fees. We find no such prohibition against the award of statutorily defined appellate costs incurred, however. We therefore grant Mother's request for costs as defined by the Oklahoma Statutes, and remand this matter for a determination of these costs concurrent with the other proceedings ordered by this decision.

## CONCLUSION

Decisions involving the custody of children go the core of the rights guaranteed by the Constitution. They are difficult to change once made. We find that certain aspects of the court's decree represent both a violation of constitutional

13

due process, and an abuse of discretion. We affirm the dissolution of the marriage, which appears to be unopposed. We vacate the court's decisions regarding child support, child custody, and the distribution of marital property.

On remand, the court must perform the inquiry required by Hague Convention as implemented in the International Child Abduction Remedies Act in order to determine if Mother wrongfully retained the children, or if Father abandoned them in Ecuador. We recognize that the situation is difficult, but suggest that the court use some combination of the measures outlined in this opinion to give Mother an opportunity to be heard in this case. The court must further conduct the inquiries required by 43 O.S.2011 § 118B[11] before assessing any income to Mother as being "voluntarily underemployed" for child support purposes, and make proper inquiry into the existence of marital property and the

---

[11] 2. The following factors may be considered by the court when making a determination of willful and voluntary underemployment or unemployment:

a. whether a parent has been determined by the court to be willfully or voluntarily underemployed or unemployed, including whether unemployment or underemployment for the purpose of pursuing additional training or education is reasonable in light of the obligation of the parent to support his or her children and, to this end, whether the training or education will ultimately benefit the child in the case immediately under consideration by increasing the parent's level of support for that child in the future,

b. when there is no reliable evidence of income,

c. the past and present employment of the parent,

d. the education, training, and ability to work of the parent,

e. the lifestyle of the parent, including ownership of valuable assets and resources, whether in the name of the parent or the current spouse of the parent, that appears inappropriate or unreasonable for the income claimed by the parent. . . .

14

equity of any distribution before ordering same. We also direct the court to

appoint appropriate legal counsel for the minor children in all future proceedings.

AFFIRMED IN PART AND VACATED IN PART.

RAPP, P.J., and BARNES, J., concur.

August 27, 2013

# IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

| | | |
|---|---|---|
| CRISTINA MIRELA DUMITRASCU | ) | |
| Plaintiff/Appellant | ) | |
| v. | ) | Appeal No: DF-112283 |
| IONEL SAMUEL DUMITRASCU | ) | |
| Defendant/Appellee | ) | |

## APPELLANT'S REPLY BRIEF

Appeal from The District Court of Delaware County, State of Oklahoma

Case No: FD-2012-00263

The Honorable Barry Denney, Associate District Judge

Family and Domestic Proceedings – Divorce

Cristina Mirela Dumitrascu, PRO SE APPELLANT

c/o  Antonio Di Stefano, Esq.

769 Center Blvd #69

Fairfax, CA 94930

(415)-472-2519

Bobby C. Ramsey, OBA #12954

DAVIS & THOMSPON

P. O. Box 487

Jay, Oklahoma 74346

(918) 253-8110

ATTORNEY FOR APPELLEE

In Re The Marriage of Ionel Samuel Dumitrascu                    DF-112283

## Table of Contents

[1] I SUBMIT THAT THE FACTS SHOW A CLEAR AND MANIFEST INTENT TO
ABANDON RESIDENCE IN OKLAHOMA AND SET UP A NEW RESIDENCE IN
ECUADOR..............................................................................................................................2

[2] I SUBMIT THAT THE PETITION BEING FOUND TO BE VOID DOES NOT MOOT
THE ISSUES BRIEFED ON APPEAL; AND WHERE IT DOES,  IT FALLS WITHIN THE
EXCEPTIONS TO THE MOOTNESS DOCTRINE..................................................................6

[3] I ASK THE COURT WHETHER THE PROCESS COULD BE MADE TO RESUME
WITH THE ADJUNCT JURISDICTION PRESENT IN THE DHS PETITION FOR CHILD
SUPPORT; THAT WAS PROPERLY FILED, AND IN WHICH APPELLEE RECEIVED
NOTICE AND SUMMONS?.....................................................................................................9

[4] BASED ON MY EXPERIENCE WITH THE DELAWARE COUNTY DISTRICT
COURT,  AND MY COMPLAINTS FOR LACK OF FAIRNESS AND IMPARTIALITY IN
THAT COURT, I HEREBY APPLY ON THE AUTHORITY OF O.S.§12-140 FOR A
CHANGE OF TRIAL COURT TO ANOTHER COUNTY......................................................11

In Re The Marriage of Ionel Samuel Dumitrascu                DF-112283

I am Cristina Mirela Dumitrascu, appellant pro se, responding to appellee's Answer Brief.

Appellee proves unwilling to address the questions of fundamental subject matter

jurisdiction: jurisdiction of the res of the marriage that must be granted by the Constitution

or statutes of Oklahoma. Ignoring the elephant in the room appellee revisit historical data in

the case to justify subject matter jurisdiction.

> "Subject matter jurisdiction is essential. It is the power and authority of a
> court to hear and determine causes of the kind in question. .... Since subject
> matter jurisdiction concerns the competency of the court to determine the
> particular matter, it cannot be waived by the parties or conferred upon the
> court by their consent and it may be challenged at any time in the course of the
> proceedings." Shaffer v. Jeffery, 1996 OK 47, 915 P.2d 910 .

It is that fundamental subject matter jurisdiction that was denied appellee under

O.S.§43-102; unless he can provide proof that on 10/25/2012, when the petition for

dissolution was filed: ".... the petitioner or the respondent in an action for divorce or

annulment of a marriage must have been an actual resident, in good faith, of the state, for six

(6) months immediately preceding the filing of the petition".

In appellee's response to appellant's petition in error he admitted that: "Prior to the

filing of the divorce both Petitioner and Respondent and the minor children of the parties

traveled to Equador"  Possibly appellee's argument is that his intention in going o Ecuador

was not to change his residence or domicile; as he intended to return to his home in

Oklahoma.

APPELLANT'S REPLY BRIEF                                    Page 2 of 13

In Re The Marriage of Ionel Samuel Dumitrascu                    DF-112283

# [1] I SUBMIT THAT THE FACTS SHOW A CLEAR AND MANIFEST INTENT TO ABANDON RESIDENCE IN OKLAHOMA AND SET UP A NEW RESIDENCE IN ECUADOR.

Bixby is still the germinal and controlling case in Oklahoma on the issue of "actual residency".  Quoting the Court of Appeals of New Mexico

> "Oklahoma has interpreted the "actual resident" requirement in Section 1272 as being substantially equivalent to a requirement of domicile and has stated that the controlling factor is the party's intention. See Bixby v. Bixby, 361 P.2d 1075, 1077-78 (Okla.1961); see also Park v. Park, 610 P.2d 826, 827 (Okla.Ct.App.1980) (controlling factor in determining domicile is intention)." ( See 934 P.2d 1066 (1996))

Appellee decided on his own that he wanted the family to leave the United States permanently. He chose the state of Ecuador and the village of Vilcabamba based on conversations with members of the Seventh Day Adventist Church who came back from doing missionary work. He sold the truck he used in his trucking business. We did not get the offer we wanted on a first attempt to sell our house at auction.  As we headed to the airport appellee asked the pastor at his church to try another auction. Appellee  instructed me to buy one way tickets for all of us. We arrived in Ecuador with not a word about ever returning,

APPELLANT'S REPLY BRIEF                                         Page 3 of 13

In Re The Marriage of Ionel Samuel Dumitrascu                    DF-112283

having at our disposal about $15,000 in cash from what we sold. Following his return

appellee has not yet returned to live in our house; it being either sold or rented to someone

else. The children and I never returned to Oklahoma, remaining true to the understanding that

we were to start a new life in a new place.  If the weight of those facts supports a conclusion

that there was change of residence for all of us, then Appellee's return to Oklahoma sometime

after September 24, 2012 began a new count of the required six months of residence. In

October 2012 the district court was not competent to accept a petition for dissolution from

appellee. The petition was void of subject matter jurisdiction and all process and  action of

the Court a nullity. Appellee cannot hope to find jurisdiction in the UCCJEA,  which is an

enforcement statute, that has no force  unless the Court is competent to adjudicate the

marriage.  The Court erroneously relied on it to assert  jurisdiction, but the resulting  child

custody is worthless for comity because "court" under the UCCJEA is defined as "entity

authorized under the law of a state to establish, enforce, or modify a child custody

determination"; and under  28 USC § 1738A(c)— a child custody determination made by a

court of a state is consistent with FPKPA and thus acceptable in comity only if "such court

has jurisdiction under the law of such State and FPKPA tests are met" .

          Appellee suggests I did not provide any contrary evidence  to what he has adduced for

jurisdiction. But that burden is fully his. I can only point to the facts that disprove his

In Re The Marriage of Ionel Samuel Dumitrascu                    DF-112283

argument. Oklahoma law on that point is what it is in other states.

> The party initiating a (California) custody proceeding bears the burden of
> establishing this state's UCCJEA jurisdiction. [In re Baby Boy M. (2006) 141
> CA4th 588, 599, 46 CR3d 196, 203]

On 09/24/2012 I was accompanied by a U.S. mother living in Vilcabamba on a

trip to a hospital in the provincial capital of Loja , for a medical report and a

domestic violence registry of an event that occurred 09/21/2012 as required by

Ecuadorian law. Appellee wished to be present and arrived in a police car. I provided

the official medical report and registry of domestic violence to the Legal Aid attorney

and to the DHS attorney handling the child support petition. I have email

confirmation that they were received. If the DHS petition is re-opened that document

should be part of the file. I have also witnesses that place appellee at the hospital in

Ecuador on 09/24/2012.

Appellee makes frequent reference to plane tickets he provided together with a

total of $1,000 that was to take care of room and board for us for a period stretching

two months to a trial date. Appellee ignores the fact that these were one-way tickets

that were never changed in spite of my protestations that I did not have $2,000 for

tickets to return to my residence in Ecuador. I have it in writing from the Legal Aid

attorney that at some point appellee refused to provide us the tickets, feeling we

APPELLANT'S REPLY BRIEF                                          Page 5 of 13

In Re The Marriage of Ionel Samuel Dumitrascu                    DF-112283

should take care of our own travel. The tickets were sent to me by Pastor Jerry Mayes

and wife,  accompanied by email urging me to return with the children, with a

promise they would see us set up in an apartment in town,  and not back in the

isolation of Eucha; and would make sure I was finally allowed to get a driver's license

and a car, so as to have some mobility for my children's needs. Pastor Mayes knew

well my complaints with the marriage, having counseled us for sometime before our

departure. Mr. Mayes and his wife also felt it their pastoral duty to write that they did

not feel it was appellee's  moral or legal duty to support his children, while I insisted

on not returning. Having been fully supported in his legal claims by the trial court,

appellee could  thus count on moral and religious sanction from his church as well.

 Nothing in their motivation related to an appearance  at a status conference or at trial.

        No one has ever explained the testimonial value of two infants who cannot put

together a full sentence in any language; nor the fairness of dragging them over 11

hours of bus ride to an airport, and two days of air and car travel, to be stuck for

months in a half-way house or battered woman shelter.

        Appellee's Answer Brief implies that a resolution of the subject matter jurisdiction  is

the central question, that once resolved will moot the rest of the appeal.

APPELLANT'S REPLY BRIEF                                   Page 6 of 13

In Re The Marriage of Ionel Samuel Dumitrascu                    DF-112283

## [2] I SUBMIT THAT THE PETITION BEING FOUND TO BE VOID DOES NOT MOOT THE ISSUES BRIEFED ON APPEAL; AND WHERE IT DOES IT FALLS WITHIN THE EXCEPTIONS TO THE MOOTNESS DOCTRINE

> "It is this Court's general rule that, where, pending appeal, all questions involved in a case have been settled so that an appellate decision will merely determine a question of law without effectuating any relief to either of the parties, we will not pass upon such questions and the appeal will be dismissed as moot. Coalton Coal Co. v. Herron, 100 Okla. 291, 229 P. 245 (1924). "

The questions involved in my case will not be solved by simply declaring the petition for dissolution to be void.  The case was taken to conclusion in a decree with real and effective violations of civil rights, loss of private property and loss of marital and child support now going on two years;   all damages legal and monetary that require remedy. DHS's Child Support petition  (DF-2013-0041) remains improperly dismissed with any transfer of process and documents rejected by the trial court, leaving the children without that assistance going on one year. The issue of a "first custody order" jurisdiction  remains unresolved.

> "The failure to alert the New York court to its lack of jurisdiction did not waive the issue, as custody jurisdiction under § 75-d was not waiveable."
> Gomez v. Gomez, 86 A.D.2d 594, 595, 446 N.Y.S.2d 127 (N.Y.App.Div.),

APPELLANT'S REPLY BRIEF                                  Page 7 of 13

In Re The Marriage of Ionel Samuel Dumitrascu                    DF-112283

aff'd, 56 N.Y.2d 746, 452 N.Y.S.2d 13, 437 N.E.2d 272 (1982).

Too many things went wrong in my case and they are all likely to recur until

remedies are applied to the function of the Courthouse and the legal environment in Delaware

County. Each of the issues, faced by any one individual, can prove in duration too short or

too minor to arrive at appellate review. I have been faced with a Courthouse and a legal

community that obstructed me at every turn and seemed united in interfering with my civil

rights and that of my children. In the normal course of my case I could be expected to return

there and be subjected to the same actions of which I have complained. These factors place

my case as an exception to the Mootness Doctrine. (See . Weinstein v. Bradford, 423 U. S.

147, 96 S. Ct. 347, 46 L. Ed. 2d 350 (1975))

My encounter with Judge Barry Denney compelled me to place a complaint with the

Council On Judicial Complaints. While I am led to believe that he was legally wrong about

many of the judicial decisions, I remain more negatively impressed with the total absence of

judgment and discretion on his part; the lack of impartiality and the lack of even a trace of

understanding and empathy with our situation. His behavior lead me to the suspicion that he

may no longer be physically and mentally competent to sit in judgment of others. One lawyer

who had appeared in his court has found it necessary to say so publicly on the Web. I suspect

many have feared saying so. Should my complaint lead to action that affects his stay with the

APPELLANT'S REPLY BRIEF                                    Page 8 of 13

In Re The Marriage of Ionel Samuel Dumitrascu                    DF-112283

court, then my case could assume some public interest.

> "Exceptions to the mootness doctrine exist for reasons of public interest or
> likelihood of recurrence. Payne v. Jones, 193 Okla. 609, 146 P.2d 113, 116
> (1944); Jackson v. Oklahoma Memorial Hosp., 1995 OK 112, 909 P.2d 765,
> 768 n. 10; Northeast Oklahoma Elec. Coop., Inc. v. State of Oklahoma ex rel.,
> Corporation Comm'n, 1991 OK 28, 808 P.2d 680, 683 n. 10."

> "Assuming arguendo that the issues raised are now moot, two well-recognized
> exceptions to the mootness doctrine nonetheless shield the case from
> dismissal: public interest and likelihood-of-recurrence".
> ****
> "I would not dismiss this appeal, but would rather afford OSU full appellate
> review of all properly preserved and timely pressed issues." SEE: Okl., 846
> P.2d 370 (1993).

If the extrinsic evidence determines that the petition was voidable for lack of the residency

requirement,  the effect will be to take us back to square one on the issues of divorce, marital

and child support and custody and visitation of the children.

# [3] I ASK THE COURT WHETHER THE PROCESS COULD BE MADE TO RESUME WITH THE ADJUNCT JURISDICTION PRESENT IN THE DHS PETITION FOR CHILD SUPPORT;  THAT WAS PROPERLY  FILED, AND IN WHICH APPELLEE RECEIVED NOTICE AND SUMMONS?

I have argued in my brief in chief that the dismissal was improper because no actual

APPELLANT'S REPLY BRIEF                                    Page 9 of 13

In Re The Marriage of Ionel Samuel Dumitrascu                    DF-112283

transfer was made to  prior tribunal; the trial court on the divorce petition chose to reject the

case and the case could not have transferred to a petition that was a nullity. We were unable

to brief the matter under Oklahoma law, but propose the matter by analogy to existing law

and practice in California as found in the footnote.[1]

A California-like  process would require DHS to resume the petition for the child

support order. Once done I could amend the petition to include all other issues of dissolution,

with the exception of custody that is still subject to the UCCJEA . The appellee as well could

---

1    California Practice Guide: Family Law
     Judge William P. Hogoboom (Ret.), Justice Donald B. King (Ret.), Contributing Authors: Judge Kenneth A.
     Black (Ret.), Judge Thomas Trent Lewis, Michael Asimow, Bruce E. Cooperman

     Chapter 6. Support

     (4) [6:105] Limitation on issues: The issues subject to litigation in an agency child support enforcement
     action are limited strictly to parentage (if applicable) and child support (including medical support); until a
     support order is entered (see ¶ 6:108.1), other issues and proceedings may not be joined or coordinated.
     [Fam.C. § 17404(a); see County of Los Angeles v. Sheldon P. (2002) 102 CA4th 1337, 1343, 126 CR2d
     350, 354]
     ****
     (b) [6:108] Not custody or visitation: On the other hand, custody and visitation claims have no bearing on
     child support issues and thus cannot be raised or adjudicated in a county-initiated support enforcement
     proceeding. [County of San Joaquin v. Woods (1989) 210 CA3d 56, 60, 258 CR 110, 112]

     1) [6:108.1] Compare—after entry of support order in agency action: Custody and visitation are opened up
     for litigation, along with issues relating to support and restraining orders, once a child support order is
     entered in the agency's support enforcement action. The party who requested or is receiving the agency's
     services becomes a party to the § 17404 action for that purpose, and the agency has no role in this aspect of
     the litigation (see ¶ 6:111.6). All issues concerning custody and visitation "shall be heard and resolved in the
     manner provided by [the Family] code" (see Ch. 7). [Fam.C. § 17404(e)(1) & (4) (brackets added)]
     Jurisdiction limitation: Custody and visitation cannot be adjudicated pursuant to § 17404(e) (above) if
     custody/visitation orders have previously been made by a court of competent jurisdiction; or if the court
     entertaining the agency action either lacks custody jurisdiction or is not the proper venue for the matter.
     [Fam.C. § 17404(e)(4); see ¶ 7:80 ff. re UCCJEA/FPKPA custody jurisdiction]

---

In Re The Marriage of Ionel Samuel Dumitrascu                    DF-112283

be able to cross-petition for divorce and the support and visitation issues in his answer to the child support petition.

At this juncture there should be no doubt that the two children are well settled in their new habitual home, and that the state of Ecuador has priority to look at the custody issue. It should also be apparent to a more attentive district court, that in the course of the last two years appellee has not shown he committed himself or shown any responsibility for rearing his children. He has not thought it his legal, moral or parent's responsibility to send marital or child support since he left us in September 2012. Among other things the trial court failed to understand that appellee's primary objective, in all he has done since returning to Oklahoma, was to force me to return to him; the children are just the extra baggage he accepted in the marriage, so he could have me with him. He showed the same absence of commitment and parent's responsibility with the son of his first marriage, who was taken back to Romania in his infancy and reared by his mother to adulthood.

The issue of custody, if not resolved by Ecuador, must wait until I have sufficient money to establish residence in the United States. For now I trust there is enough evidence for a district court to acknowledge that at this point in their life, the children's best interest is in the full physical and legal custody of their mother.

> "The Constitution protects only parent-child relationships of biological parents who have actually committed themselves to their children and have exercised

APPELLANT'S REPLY BRIEF                               Page 11 of 13

In Re The Marriage of Ionel Samuel Dumitrascu                DF-112283

responsibility for rearing their children. .... Parents who commit themselves
to their children and take responsibility for rearing their children share the
state's interest in assuming proper care for their children. . . . However, the
paramount interest to be considered is the child's best interest. (Matter of
Adoption of Baby Boy D., 1985 OK 93, 45-46, 742 P.2d 1059, 1067)

## [4] BASED ON MY EXPERIENCE WITH THE DELAWARE COUNTY DISTRICT COURT, AND MY COMPLAINTS FOR LACK OF FAIRNESS AND IMPARTIALITY IN THAT COURT, I HEREBY APPLY ON THE AUTHORITY OF O.S.§12-140 FOR A CHANGE OF TRIAL COURT TO ANOTHER COUNTY.

§12-140. Change of venue.
In all cases in which it is made to appear to the court that a fair and impartial
trial cannot be had in the county where the suit is pending, the court may, on
application of either party, change the place of trial to some county where such
objections do not exist.

APPELLANT'S REPLY BRIEF                                  Page 12 of 13

In Re The Marriage of Ionel Samuel Dumitrascu                    DF-112283

I hereby declare that all statements of fact I made in this brief are true and correct to

the best of my recollection. I am fully conscious that I do so as if under oath, and

subject to  penalty of perjury under the laws of the State of Oklahoma.

Respectfully submitted:

Cristina Mirela Dumitrascu

Signed in Ecuador 10/07/2014

Please mail in care of

Fiorentino Law Office

769 Center Blvd #69

Fairfax CA 94930

Telephone for Fairfax (415) 472-2519

email: Cristina Dumitrascu<cristina13mama@yahoo.com>

APPELLANT'S REPLY BRIEF                              Page 13 of 13

No. DF-112283

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

IONEL SAMUEL DUMISTRASCU,

Petitioner/Appellee,

vs.

CRISTINA MIRELA DUMITRASCU,

Respondent/Appellant.

## CORRECTED ANSWER BRIEF OF APPELLEE

Appeal From The District Court, Delaware County, Oklahoma
The Honorable Barry Denney, Presiding

Bobby C. Ramsey OBA #12954
DAVIS & THOMPSON
P. O. Box 487
Jay, Oklahoma 74346-0487
Telephone: (918) 253-4298
Fax: (918) 253-8110
Attorney for Petitioner/Appellee

September 17, 2014

## INDEX

**INTRODUCTORY STATEMENT & SUMMARY OF THE RECORD** . . . . . . . . . . . . . . 01

**PROPOSITION I:**
**APPELLANT WAS AFFORDED DUE PROCESS** . . . . . . . . . . . . . . . . . . . . . . . . . 02

*Flandermey v. Bonner,* 162 P3.d 195 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 03

**PROPOSITION II:**
**THE DISTRICT COURT HAD JURISDICTION UNDER UCCJEA** . . . . . . . . . . 03

O.S. Title 43 §551-201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 03

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 04

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

Ionel Samuel Dumistrascu,
Petitioner/Appellee,

vs.

Cristina Mirela Dumitrascu,
Respondent/Appellant.

No. DF-112283

---

**CORRECTED ANSWER BRIEF OF APPELLEE**

---

### *INTRODUCTORY STATEMENT & SUMMARY OF THE RECORD*

A petition for divorce and an application for temporary order was filed on October 25, 2012. An amended petition was filed on March 13, 2013. On May 7, 2013, James Evenson for Legal Services of Oklahoma entered an appearance on behalf of Christine Dumitrascu the Appellant herein. *See* Entry of Appearance page 20. Appellant filed her answer on May 28, 2013. *See* Answer pages *21-22.* A temporary order hearing was set for June 25, 2013. The June 25, 2013, hearing was continued to July 30, 2013, and the trial court ordered Ionel Samual Dumitrascu to purchase airline tickets for the Appellant and minor children to fly from Equador to Oklahoma and ordered the Appellant to appear with the minor children on August 1, 2013. *See* Court Minute page 27. The Appellant contacted the Court on July 23, 2013, and advised that she would not be appearing with the children for the August 1, 2013, temporary order hearing. *See* Court Minute page 24. Appellant filed a motion to allow testimony and participation by telephone which was heard on August 1, 2013, with the application for temporary order. *See* Order pages 29-30.

In the August 1, 2013, Order the trial court made the following findings and orders:

Appellant may not appear by telephone; The Petitioner has furnished both on-way tickets for

the Respondent and the minor children and furnished the Respondent with $500.00 in cash consistent with this Court's previous Order relating to the hearing which was conducted on this date for a Temporary Order.  Petitioner has further agreed to furnish an additional $500.00 to the Respondent and revise the current plane tickets provided to the Respondent so that she may travel from Ecuador to the United States on the 9th day of August, 2013.

The Respondent is ordered to appear with the minor children for a Status Conference and Scheduling Order on the 13th day of August, 2013, at 9:00 o'clock a.m.  *See* Order pages 29-30.

The parties agreed to review the status of this case on September 10, 2013, at 9:00 a.m. Appellant had agreed to call the Court on September 20, 2013, but failed to so.  Appellant had requested her attorney to withdraw prior to the September 10, 2013, status conference.  *See* Motion to Withdraw pages 31-32 and Court Minute page 35.  At the September 10, 2013, status conference, Appellant's attorney was allowed to withdraw.  The order of withdrawal contained notice to Appellant that a merits hearing was scheduled for September 20, 2013, at 9:00 a.m.  *See* Order Allowing Withdrawal - James Evenson pages 33-34.

A merit hearing was held on September 20, 2013, at 9:00 a.m.  The Appellee appeared in person with counsel.  The Appellant appeared by telephone pro-se.  Sworn testimony of Appellee was taken and the divorce was granted.  *See* Court Minutes page 35.

### *PROPOSITION I:    APPELLANT WAS AFFORDED DUE PROCESS*

Appellant complains of the absence of due process.  This Court should take judicial notice of the following facts:

1.    Appellant obtained legal representation through Legal Services of Oklahoma at no

2

cost to her.  *See* Entry of Appearance page 20 and Answer pages 21-22;

2.      Appellant discharged her attorney.  *See* Motion to Withdraw - James Evenson pages 31-32;

3.      Appellant refused to return to Oklahoma even after being provided with airline tickets and traveling money.  *See* Court Minute page 26.

4.      Appellant was advised by the trial court that she would not be allowed to testify by telephone one (1) month prior to the trial on the merits.  *See* Order pages 29-30.      Before a party's due process rights are violated it must be shown that the action of error was arbitrary, oppressive, and shocking to the conscience of the Court. U.S.C.A. Const. Amend. 14, Const. Art. 2 §7, *Flandermey v. Bonner* would agree with the **husband's** statement as to the division, 152 P3.d 195 (2006).

The trial court protected Appellant's due process rights.  The court provided Appellant with a method (airline tickets and traveling money) of being present for a final hearing which she had two (2) weeks notice of.  The Appellant voluntarily gave up her right to participate in th trial by refusing to appear at the trial.

### PROPOSITION II:    THE DISTRICT COURT HAD JURISDICTION UNDER THE UCCJEA

Appellant further complains that the trial court lacks jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).  In the present case the trial court took judicial notice of its file and received testimony from the Appellee of the residential requirements. No evidence was received by the trial court to contradict the Appellee's testimony.

O.S. Title 43 §551-201 Initial child custody jurisdiction states:

3

"A.     Except as otherwise provided in Section 16 of this act, a court of this state has jurisdiction to make an initial child custody determination only if:

1.     This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state, but a parent or person acting as a parent continues to live in this state.

Clearly, the District Court in and for Delaware County, State of Oklahoma, has jurisdiction under the UCCJEA.

## CONCLUSION

The trial courts decision was based upon competent evidence and should be affirmed.

Respectfully submitted,

Bobby C. Ramsey OBA #12954
**DAVIS & THOMPSON**
P. O. Box 487
Jay, Oklahoma 74346-0487
Telephone: (918) 253-4298
Fax: (918) 253-8110
Attorney for Petitioner/Appellee

## CERTIFICATE OF DELIVERY

On September 17, 2014, I mailed, postage prepaid, by First Class U.S. Mail, a true copy of the foregoing instrument to Christiana Mirela Dumitrascu at c/o Antonio Di Stefano, Esq., 769 Center Boulevard, #69, Fairfax, CA 94930, Respondent/Appellant pro se.

Bobby C. Ramsey

4

ORIGINAL

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

FILED
SUPREME COURT
STATE OF OKLAHOMA

SEP 21 2015

MICHAEL S. RICHIE
CLERK

|  |  |  |
|---|---|---|
| CRISTINA MIRELA DUMITRASCU, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 114,116 |
| OTTAWA COUNTY DISTRICT ATTORNEY and DELAWARE COUNTY DISTRICT ATTORNEY, | ) | |
| Respondents, | ) | |
| and | ) | |
| IONEL SAMUEL DUMITRASCU, | ) | |
| Real Party in Interest. | ) | |

## ORDER

Because this original proceeding concerns the filing of criminal charges,

it is transferred to the docket of the Oklahoma Court of Criminal Appeals. Oklahoma

Constitution, Art. 7, § 4.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE

THIS 21st DAY OF SEPTEMBER, 2015.

CHIEF JUSTICE

ALL JUSTICES CONCUR

# OKLAHOMA COURT OF CRIMINAL APPEALS
## Petition for writ of mandate and/or prohibition or other appropriate relief

My name is Mirela Cristina Dumitrascu a citizen of the United States, now residing in a village in Ecuador, South America, where Ionel Samuel Dumitrascu, father of my children David now 5 years old and Jonathan now 3 and one half years, brought us out of Oklahoma in August 2012. I ask the Court to be mindful of my status as a pro se litigant, disadvantaged both by location and absence of resources to hire local counsel, and ask that due attention is paid to the substantive claims in the petition I present in the interest of my children.

The petition is made necessary because of refusal by the DA for Ottawa and Delaware Counties, to prosecute the father for failure to provide child support since September 2012, for the care and maintenance of two very young children of the marriage.

## CHRONOLOGY OF PERTINENT EVENTS

I was named respondent as Cristina Mirela Dumitrascu in a petition for dissolution No: FD-2012-00263, dated 10/25/2012 in Delaware County, filed weeks after the father returned alone to Oklahoma, and concluded in a trial of 09/30/2013. I have attached a copy of the transcript of the trial and of the decree for any relevance the Court may find in clarifying the child support issue.

I appealed the divorce decree on 10/25/2013 as case No. DF112283, In Re the marriage of Ionel Samuel Dumitrascu. If there is any interest in reviewing my briefs they can be easily found by a Google search of Cristina Mirela Dumitrascu, or in a similar search on casetext.com. That

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

June 28, 2015

appeal was assigned to the Court of Civil Appeals on 03/23/2015.

In September 2012, only weeks after moving the family to Ecuador, the father unhappy that he could find no employment, that there was a language barrier, and too many Catholics in the town, wanted the family to immediately return to Delaware County, Oklahoma. Sensing resistance on my part to such an early return, he dealt me a beating to get me to agree. My report to the police the same day led to an official medical examination and registry of domestic violence required by law, that the father also attended. The day of the beating an amount of $11,000 in cash, our total resources from selling our personal property and his truck, went missing from my purse. In a police investigation the next morning  the father denied taking the money, and handed me $213 he had in his pocket. It was the last money for child support received from the father to this date. A few day later after daring me to see how long I would survive with two infants and no money, the father disappeared from the village.

## BASIS FOR RELIEF

The Legislature places an absolute duty on a district attorney to institute criminal proceedings where the evidence is found to be sufficient. Refusal or neglect could lead to removal from office:

> *It shall be the mandatory duty of each district attorney of this state to diligently prosecute all persons violating any of the provisions of this chapter (Chapter 31, Title 21 O.S.1951)"*
> *See: O.S. §21-854*

This is a legislative mandate separate and distinct from any other civil process dealing with the willful failure of a parent to provide child support for the care and maintenance of the children.

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

## FAILURE OF OTHER REMEDIES

My immediate need is to get much overdue child support for my children. I have no way to gauge when to expect an opinion from the Court of Civil Appeals, and how long it will take a district court on remand to issue appropriate orders for child support. Early in October 2012, realizing I had no money to support the children with the father missing, I applied to the OKDHS for child support assistance. This resulted in DHS filing a petition for paternity and support in Delaware County on 02/13/2013, that was served on the father.  Two weeks later in a settlement involving the cooperation of the trial judge, the father's attorney, and an attorney for DHS  the case was dismissed as settled, without any knowledge or notice to me as the mother who initiated the petition. Nor were the pleading or the existing process ever transferred to the divorce petition. Thus my first petition to seek child support for deprived children at high risk was simply shut down leaving the children without the support asked in the petition, and any other support to this date.

The father filed for divorce weeks after returning alone to Oklahoma. He gave no notice to me and I was never personally served. I discovered the existence of the petition by a call to the DHS office in Jay, when it was already in default. The divorce proceeded with the assistance of an attorney at Legal Aid of OK recommended to me as one acceptable to the judge, who took the position that there was jurisdiction over the marriage and custody issues, and insisted he could not introduce any evidence from Ecuador , to include investigations, documents and witnesses statements, because inadmissible as hearsay under local rules; unless of course each witness were willing to appear in court in Jay. Notarized documents of a medical examination following

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

domestic violence, and legally required registry of the incident in Ecuador that I sent to that office were also suppressed and never mentioned in any further involvement of that office. My own declaration under oath of the relevant facts was also suppressed as hearsay. I understood the only way for me to introduce evidence was by personally appearing in court in Jay. The trial court twice ordered me to appear in court with two infants from 3000 miles away, , with the use of one-way tickets and $500 in expenses, but did not care to change the tickets in spite of being told I had no money for a return to my residence in Ecuador. The trial started with no attorney appearing for me or for the children. I was allowed to listen on the phone but was silenced by contempt of court ruling, because of my failure to appear with my kids at hearings weeks earlier. As he had threatened to do during my telephone attendance at a hearing in August 2013, the trial court gave full legal and physical custody to the father. I was to pay a share in child support once the kids were in the total custody of the father. However the court did not consider how that transfer of custody was to happen, nor mentioned anything about child support while the kids remained with me. The father took the decree as further justification for not sending any child support. From an email his pastors sent to me I learned that they told him he had no moral obligation to support his kids while I insisted on remaining in Ecuador. The outcome for the children is no support from the father beginning September 2012 to this day. With the one-way airline tickets the father's pastors sent me two payments of $500 that were to take care of food and lodging for myself and the children, for an indefinite period of time. I did not use the tickets but kept the money for the children.

On 12/13/2013 during the appeal process the Oklahoma Supreme Court ordered designation of the paternity and support petition No: FD-2013-00041 filed by DHS in the interest

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

of my children. After seven months of open obstruction to that production by Judge Barry V.

Denney, the Oklahoma Supreme Court controverted its prior order and rejected any inclusion of

the children claims in the appeal record. Thus I do not expect the Court of Appeals to address the

children's right to child support from their father, and I must wait for the decree to be voided and

the matter retried on remand. My appeal filed 9/20/2013 was not assigned to the Court of Civil

Appeals until 03/13/2015.

In recent weeks I tried again to get assistance from OKDHS for child support, and again I

was rebuffed on the argument that the divorce decree ordered them to collect child support from

me; even while I am the only caretaker for the children. The Children's Code has made clear the

right of deprived children to seek parental support or assistance from the State without suffering

obstruction from judicial proceedings. But that has been of no concern to the DHS attorneys in

Jay, OK. On the issue of essential child support the Court stated in *Willhite v. Willhite*

*(Okla. 1976)546 P.2d 612*

> *The true party in interest is the minor child and a child should not be deprived of its natural and legal right to support by its father because of an abortive attempt to provide \*617 such support. A child is an innocent pawn; he is not a party to the divorce proceedings and cannot be denied his rights to support by any proceedings in Garnishment. See State v. McMains, 95 Okl.Cr. 176, 241 P.2d 976 (1952), which holds regardless of the provision contained in a divorce decree, a parent may be prosecuted for failure to support. It would be against the public policy of this state to deprive a child of his support because of an error that harmed no one.*

In April 2015 after two and one half years without child support, with charitable sources

and occasional money from my retired mother in Romania drying up, some assistance with

support for my children became absolutely critical. I had trouble coming up with rent money, and

found myself without a roof over our heads, I had to accept the offer of use of one room from a

Case 4:15-cv-00561-JED-FHM   Document 1 Filed in USDC ND/OK on 10/02/15   Page 75 of 330

friend. With my children seriously deprived and neglected by the father, and my fears that I could

be unable to provide for them I tried for intervention by the State of Oklahoma based on the

legislative intent and purpose of O.S. §10A-1-102 : The Children's Code. I wrote an appeal to the

governor, the attorney general and to the DA in Delaware County: the three officers charged in

the Code with powers of investigation and intervention *"where family circumstances threaten the*

*safety of a child"*. I received no response from the governor, and the attorney general decided

they could not help. My appeal to the Delaware County District Attorney also included a

complaint for prosecution citing Oklahoma statutes:

> §21-851. Desertion of children under age of ten a felony.
> §21-852. Omission to provide for a child – Penalties.
> §21-853. Desertion of wife or child under 15 a felony.
> §21-854. Proof of marriage - Wife as competent witness - Duty of County
> Attorney to prosecute.

Over a series of three exchanges the DA made it clear that he will not be ready to

prosecute the father any time soon,  and requires the children provide him an affidavit

establishing probable cause for prosecuting the father..

## ARGUMENTS

On first getting my request and prior to the first refusal to prosecute, the DA

consulted Judge Barry V. Denney, associate judge at the Jay Courthouse, who presided on

the civil divorce, and who under O.S.§12- Rule 1.37 still retains jurisdiction over the

case. He explained he has known Judge Denney over 20 years and throughout his career

in the Delaware County DA office. After that consultation with Judge Denney the DA

explained his refusal as follows:

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

*Dear Ms. Dumitrascu*:

> *I am in receipt of your letter dated April 3, 2015 and received in my office April 10, 2015. I do not believe I am the appropriate authority to investigate your case. If I understand your fact scenario correctly, the alleged abandonment occurred in Ecuador. The Ecuadorian government or perhaps the State Department of the United States would be the appropriate authorities to investigate. I am also unable to address your complaints concerning your civil litigation. You seem to be availing yourself of the appeals process. That is the appropriate channel to attempt redress of your grievances.*

My request to his office was to investigate the child support petition I felt was improperly dismissed in Delaware County, and to prosecute under the mentioned penal codes. This made clear to me that Judge Barry Denney was not open to a criminal prosecution of a father to whom he had ceded full custody of the chidren; and that the conversation had induced the DA into taking the position that the civil appeal was the only appropriate redress for my grievances. I attach to this petition a copy of the response letter to the first refusal, addressing the law in my situation, that I asked my pro bono attorney to prepare.

I submit that Judge Barry Denney was in error in his consultation with the DA. He was also in violation of the clear procedural and constitutional separation between the civil and criminal process in Oklahoma clearly explicated in **Dobbins v. State, 268 P.2d 307 (Okla. Civ. App. 1954)** and related cases. To quote Dobbins:

> *"The obligation for care and support of his children by Dobbins is one imposed by statute enacted by the legislature which a decree in a civil action for divorce cannot obviate. One is by reason of legislative enactment which is the law of the land, and the other arises out of a judicial decree fixing a civil obligation. They are entirely separate and distinct."*

Further I submit that in dissuading the DA from prosecuting, Judge Barry Denney led to violation of the legislative mandate in §21-854. **** Duty of County Attorney to prosecute , in a case where sufficient evidence can he found. The DA under his oath of office had the obligation to

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

June 28, 2015                                                      Page 8 of 24

consult the law and the evidence, and once sufficient evidence was found to begin prosecution;

and not be swayed by the opinions and wishes of the judge in the civil process.

The letter from my pro bono attorney did not immediately convince the DA that

matters in the civil process had no material import to the criminal process. The second

refusal consisted in the suggestion that an application under the The Hague Convention,

for a return of the kids to the father, could make it impossible or impractical for his office

to prosecute the father. His email was directed to the pro bono attorney:

> *Mr. Di Stefano:*
> *Could you please provide me any documentation you may have concerning*
> *whether the father has or has not attempted to initiate an action under the Hague*
> *Convention or in any way is pursuing action with the State Department? I have*
> *also requested the father's local counsel to provide the same.*
> *Thank you,*

The DA's email message was preceded a few hours earlier by a call from a law

office in Tulsa, OK inquiring on my whereabouts for the purpose of assisting the United

States Central Authority in the State Department in transmitting a request to the

Ecuadorian government for a return of the kids as mandated by The Hague Convention.

Again it became necessary to point out to the DA that such a process is codified in the

Marriage and Family Statute, and contained in the UCCJEA ( Title 43, Sections 551-101

et seq.) which incorporates procedures from the Hague Convention; and as such the

process is part of the civil process for custody when parents are in different states or one

is abroad. Finally, possibly convinced that the civil and criminal process are separate and

distinct, the DA found the third and final reason for his continued refusal to prosecute:

> *The allegations your client is making against her former husband have not been*

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

> *investigated by law enforcement. It would not be proper for me to institute a*
> *prosecution at this time. Following a thorough investigation by the appropriate*
> *authorities and the submission of all reports and a probable cause affidavit, I*
> *would consider whether or not to file charges. I recommend you contact law*
> *enforcement and initiate a proper investigation.*

I understand the central thrust of his message to be that two children, the true

parties in interest, deprived of the father's support now three months shy of three years,

must provide his office probable cause in the form of an affidavit based on police

investigations. The message leaves open the possibility that the DA expects investigations

from both Delaware law enforcement and the Ecuadorian police. Such a probable cause

affidavit if accepted, still leaves the DA discretion to consider whether or not to file

charges. The legislative mandate in question "places an absolute duty on a district

attorney to institute criminal proceedings" and speaks not of any discretion on his part.

> *Under O.S. §21-854.*
> *Proof of marriage - Wife as competent witness*
> *- Duty of County Attorney to prosecute*
> *the Legislature places an absolute duty on a district attorney to institute criminal*
> *proceedings where the evidence is found to be sufficient. Refusal or neglect could*
> *lead to removal from office: It shall be the mandatory duty of each district*
> *attorney of this state to diligently prosecute all persons violating any of the*
> *provisions of this chapter (Chapter 31, Title 21 O.S.1951), and in all cases where*
> *the evidence is deemed sufficient to justify a prosecution for such violation, any*
> *district attorney who shall willfully fail, neglect or refuse to institute criminal*
> *proceedings to enforce such provisions, shall be subject to removal from office.*

The only condition that could justify willful refusal is where "sufficient evidence" is not

found. The appeal courts have construed the meaning of "sufficient evidence" in many

cases dealing with a parent failure to provide child support.

> *"In order to give the county attorney authority to file an information charging a*
> *felony predicated on a preliminary examination, it is necessary that the*
> *magistrate before whom such preliminary is held find that a public offense had*

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

*been committed and that there is sufficient cause to believe the defendant guilty thereof. *****
  SEE: Okl., 243 P. 1002 (1926)

The Court, in Ex parte Miller, 29 Okla. Cr. 301, 233 P. 775, said:

> "In a preliminary examination it is not necessary that the evidence upon which the accused is bound over for trial be sufficient to support a conviction. Under the statute (section 2497, Comp. Stat. 1921) it is enough if it is shown that an offense was committed and that there is sufficient cause to believe the defendant guilty thereof.

The Court In Wade v. State, 18 Okla. Cr. 592, 197 P. 180, said:

> *"The complaint before the magistrate need not state the offense charged in technical language, nor in such specific terms as is required in an information, and is sufficient where the jurisdictional facts appear, including a statement in ordinary language of the acts or omissions constituting the offense charged."*

> *"In order to warrant the magistrate in holding defendant for the action of the district court, it is only required that it appear that a public offense has been committed, and that there was sufficient cause to believe defendant guilty of an offense. Section 2495, Comp. St. 1921.*

> *It is enough if it shows an offense was committed and that there is sufficient cause to believe the defendant guilty thereof. Ex parte Roberts, 31 Okla. Cr. 314, 238 P. 867; Ex parte Miller et al., 29 Okla. Cr. 301, 233 P. 775; McCurdy v. State, 39 Okla. Cr. 310, 264 P. 925; State v. Harris, 44 Okla. Cr. 116, 279 P. 925.*

Oklahoma law does not require the children to establish probable cause. That function is left to

the magistrate.:

> *Seventh: The purpose of the preliminary hearing is to establish probable cause that a crime was committed and probable cause that the defendant committed the crime.*
> *22 OS §258. Amended by Laws 1994, c. 292, § 3, eff. September 1, 1994*

And police reports are not shown to be essential, and a district attorney does not need to

Oklahoma Court of Criminal Appeals

Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

make them available for the purpose of a preliminary examination.

> *Sixth: ... The district attorney shall determine whether or not to make*
> *law enforcement reports available prior to the preliminary hearing.*
> *22 OS §258. Amended by Laws 2002, SB 1536, c. 460, § 16, eff. November 1,*
> *2002.*

The Criminal Court of Appeals gives a comprehensive outline of the preliminary

hearing in <u>Harper v. District Court of Oklahoma County (484 P.2d 891)</u>, but that case also

shows the danger of a hearing where the district attorney is not intent on prevailing, and

chooses not to present sufficient evidence.

> *7. Total and absolute independence of judges is imperative in deciding cases,*
> *or in any phase of the decisional function.*
> *8. While the examining magistrate is governed by appropriate and lawful*
> *rules of the district court, as well as general rules of law, he must not be restricted*
> *in the decision making process by local directives from the judges of the district*
> *court.*
> *9. Once the examining magistrate commences to exercise his authority in the*
> *conduct of a preliminary examination, he shall have continuing authority over it*
> *until its final disposition. preliminary examination, the Presiding Judge may not*
> *dismiss the information for refiling and reassignment to another magistrate.*
> *10. After the examining magistrate commences to exercise his proper*
> *authority in the conduct of a preliminary examination, the Presiding Judge may*
> *not dismiss the information for refiling and reassignment to another magistrate.*
> *11. Any motion pertaining to a matter being considered at preliminary*
> *examination must be filed with the examining magistrate conducting the*
> *preliminary examination.*
> *12. When evidence is ruled to be insufficient to hold the defendant for trial,*
> *neither the examining magistrate nor any other magistrate should entertain*
> *another filing for the same offense against the defendant, unless the state makes*
> *an offer of additional newly discovered evidence or proves other good cause to*
> *justify another preliminary examination.*
> *13. The preliminary examination must be completed at one session unless the*
> *magistrate for good cause adjourns it. 22 O.S.1961, § 254.*
> *14. The granting of a continuance to the state at a preliminary examination*
> *is within the discretion of the examining magistrate.*
> *15. The prosecutor may not take a case dismissed at preliminary*
> *examination, with the same evidence, refile it, and submit it to a more favorable*

Case 4:15-cv-00561-JED-FHM Document 1 Filed in USDC ND/OK on 10/02/15 Page 81 of 330

*magistrate.*

I have experienced enough from judges and attorneys in Delaware County to believe that they shall always find ways to kill my complaint. I have been subjected to a divorce decree that was predetermined before I even knew of the divorce petition. Both the original and the amended petition were served by publication before I learned from a secretary at DHS that they existed. During all that time the father was in constant contact with me and my family by email or by phone. My petition through DHS in the interest of my children lies dismissed and settled with no notice to me, leaving the children without the child support requested. I experienced the trial judge continue to obstruct my efforts for an appeal; and now the same judge has dissuaded the DA from prosecuting the father. I have plenty reasons to fear that a DA office so intent on avoiding prosecution will do what is needed to convince a magistrate that there is insufficient evidence for criminal prosecution.

The Court in Wilkerson v. State (Okla. Crim. App. 1961 364 P.2d 709  states:

*With this general rule we are in accord. However, this court has wisely recognized that records of civil proceedings may be admitted if material to specific issues arising in a criminal prosecution although the findings of the court in a civil action are by no means controlling in a criminal action. Dobbins v. State, Okl.Cr., 268 P.2d 307. In State v. McMains, 95 Okl.Cr. 176, 241 P.2d 976,*

The DA has admitted reviewing the divorce case with the included appellate briefs, and should have garnered enough statements, some under oath,  that support a conclusion that a crime did happen and that there is every reason to believe that Ionel Dumitrascu as the father of the children committed it. Every briefs contains some

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

statement referencing the absence of paternal child support. Nowhere in the father's

responses or motions does he deny that fact or provide any justification for the absence of

child support. Further the DA should have noted that in the process preceding trial any

investigation from police or witnesses in Ecuador was rejected on the ground that such

evidence is inadmissible as hearsay in Delaware County, and that at trial I was forbidden

to present any evidence for the missing child support. The DA must have noted that the

divorce decree puts the care and maintenance totally in the father's hands, granting him all

real and personal property in Oklahoma. That implies the trial court intended him to see

to that responsibility. Yet there was no change in the father's stance that no support of any

kind would come from him until we were all back in Delaware County. All of which is to

say that there is much information the DA could have gathered that can support a finding

that a crime did occur and that the father is the only party that could have committed it.

After including false accusations in the petition for divorce, that I kidnapped the

kids to hide them from him in Ecuador,, the father changed the story in his reply to the

petition in errors. In his Exhibit "A"the father declared:

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

## EXHIBIT "A": STATEMENT OF THE CASE

This action was filed on the 25th day of October, 2012. Both the Petitioner and Respondent are United States citizens. Prior to the filing of the divorce both the Petitioner and Respondent and the minor child of the parties traveled to Equador. While in Equador the Petitioner and Respondent had a marital disagreement resulting in the Petitioner returning to the United States. Petitioner and Respondent continued to correspond via e-mail and through family members. The Petitioner obtained a temporary restraining order on the 25th day of October, 2012, granting him custody of the minor children of the parties. The Respondent refused to return to the United States. The Petitioner was unable to obtain personal service upon the Respondent and on December 8, 2012, service by publication was approved by the Court. On May 7, 2013, an Entry of Appearance was submitted by James Evenson, OBA #16956, on behalf of the Respondent. The

During the trial the only testimony offered was by the father, and consisted in a series of leading questions, followed by perjury or flippant answers. On the general issue of any money he paid for the support of the children, the father answered as follows:

Oklahoma Court of Criminal Appeals

Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

June 28, 2015                                                                    Page 15 of 24

---

23    Q    (By Mr. Ramsey) John, when you and your wife

24    separated did she have in her possession a sum of money?

25    A    Yes.  She had -- we was -- how on my knowledge was

OFFICIAL TRANSCRIPT  -  STATE OF OKLAHOMA

---

9

1    15,000.  She says it is ten.  But the money disappeared

2    and what's left was my pocket -- in my pocket, actually.

3    280 which left $20 to me and 260 to her.  But the actual

4    money was 15,000.

5    Q    And at this point in time that, 15,000 that she had

6    in her possession, it is personal property but it needs

7    to reflect that she can have that 15,000?

8    A    Yeah, whatever.

9    Q    To take care of your children?

10    A    Yes.

11         THE COURT:  Very well.

The point of the question was to show the father had left behind sufficient money for

child support. Yet the father admits that I reported the money missing from my purse the

day after the domestic violence. He was in fact questioned by the police and he denied

knowing anything about the 3 money. Yet a few days later he purchased an airline ticket

back to Oklahoma, and soon after he got there purchased back his truck. I received a letter

from the father dated 10/24/2012 in which he announced he had returned to Oklahoma,

and purchased back his truck. Additionally he offered to forgive all if only I returned to

him with the children. Yet the next day 10/25/2012 he filed his petition for divorce. In the

course of his testimony he also denied having committed any domestic violence, even

though he was brought over to attend the registry in a police car.

     Under §10A-1-6-103. Inspection of records without court order and §10A-1-4-501.

District attorney to act as petitioner. , the DA could have found authority to review the dismissed

DHS petition for child support filed and dismissed by one of his old associates in the Delaware

County DA office: attorney Susa Hopper. I am sure that the file is available for his review in any

case. The DA would have found a case for overdue child support for a discreet period duly filed

and served upon the father:

Oklahoma Court of Criminal Appeals

Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

obligation.

## The Department of Human Services is asking the Court to enter an order that:

3.  SAMUEL DUMITRASCU is the Obligor and should be ordered to pay child support in the amount of $ 723.72 per month or other amount as indicated by the Oklahoma Child Support Guidelines provided in 43 O.S. §118-119.

03ES001E CSP32   Revised 01/28/2013 U66826/JAY      Pkg 2013021212242730-0

FGN·   00742931001

4.  SAMUEL DUMITRASCU owes $ 2,300.40 or other amount as indicated by the Oklahoma guidelines as child support for the time period from 02-01-13 through 05-31-13 , plus any additional amounts of child support to the date of the Court's order; and that he/she repay this amount by lump sum payment, or make monthly payments in the amount of $ 63.90 or in an amount sufficient to repay the judgment within thirty-six (36) months.

*This court has repeatedly held that a partial failure to support a person's children constitutes a transgression of the law. Dobbins v. State, supra; Edwards v. State, supra; O'Donley v. State, 91 Okl.Cr. 352, 219 P.2d 259; Cowley v. State, supra; Dyer v. State, 58 Okl.Cr. 317, 52 P.2d 1080; Goodart v. State, 65 Okl.Cr. 472, 88 P.2d 911.*

*For a decree might attempt to relieve the father of all obligation to support the child, but such a provision would not relieve such parent from criminal prosecution if he did not carry out his natural, moral and legal duty to support his minor offspring. See Edwards v. State, supra; State v. McMains, Okl.Cr., 241 P.2d 976; State v. Dobbins, supra; Owens v. State, 6 Okl.Cr. 110, 116 P. 345, 36 L.R.A.N.S., 633.*

*"Guilty intent may be presumed from neglect of duty, and the crime continues so long as the negligence does not cease."*

*And in considering the meaning of the word "wilful" as applied to Section 853 of Title 21 O.S. 1951,the child abandonment statute, in State v. McMains, supra, [241 P.2d 977] we said:"As applied to this statute, the word `willful' is the synonym of `intentional', or `designed', pursuant to intention or design without*

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

*just (lawful) cause.*

*"The question of whether or not the defendant had abandoned his child and did willfully neglect or refuse to maintain or provide for such child was a question to be decided by the jury.*

See:  Bohannon v. State, 271 P.2d 739 (Okla.Civ.App. 1954)

*The obligation for care and support of his children by Dobbins is one imposed by statute enacted by the legislature which a decree in a civil action for divorce cannot obviate. One is by reason of legislative enactment which is the law of the land, and the other arises out of a judicial decree fixing a civil obligation. They are entirely separate and distinct. While the findings of the court in the civil action, if material at all, may be persuasive, but by no means can be controlling in a criminal action. We can conceive of a case wheres such findings might be material where intent was an issue. However, to say that the divorce decree herein would absolve the defendant from criminal guilt which had already accrued for failure to discharge a legal obligation fixed by law would permit the court in a civil action to invade the legislative field by judicial decree and void statutory obligations fixed by the legislature. Such a situation would clearly be unconstitutional as against the division of powers. Civil courts cannot render inoperative criminal provisions of the statute by a judicial decree entered in a civil action. Hence the fact of a divorce decree and the provisions thereof, in a criminal action for omitting to provide for one's children, would ordinarily be immaterial in such a criminal case. The decree in the divorce case did not release the defendant in an action for failure to support his children from any pre-existing, natural, moral or legal duty to support the children of the marriage. Edwards v. State, supra; Cowley v. State, supra.*

*Moreover the duty to provide for one's children is a continuing one, Edwards v. State, supra; O'Donley State, supra; Goodart v. State, 65 Okl.Cr. 472, 88 P.2d 911*

See: Dobbins v. State 268 P.2d 307 (1954)

*The purpose of the Act, of course, was to compel the husband, if able to do so, to support his wife and children. Cosby v.State, 85 Okla. Cr. 159, 186 P.2d 844. And this age-old problem has become more acute since the welfare agencies have had Federal funds to provide for deserted families. Too often the husbands, lacking in pride or love, rather than physical strength, have sought by following the easy but degrading and contemptible path of desertion to thereby compel the tax-paying public to support their families. There have even been cases where there was*

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

*collusion between the husband and wife to bring this about. This makes imperative the alertness of state and county officials in the enforcement of, and emphasizes the need for, penal laws adopted to discourage such practices. In fact, Section 21 O.S. 854 of the Title makes it the mandatory duty of each county attorney of the state to diligently prosecute all persons violating any of the provisions of the Chapter (Chap. 31, Tit. 21, O.S. 1951), and making any county attorney failing or refusing to enforce the Act subject to removal from office. A derelict husband and father may be proceeded against by various civil actions to compel him to perform his duties to his family. But where he is a person without estate or honor, he may flee the jurisdiction of the court. And while in a divorce proceeding his failure to carry out the order of the court requiring him to support his child or children would place him in contempt of court, in this jurisdiction such act constitutes only a misdemeanor (see Tit. 21 O.S. 565 (1951), and Tit. 21 O.S. 10 ), and for such reason a requisition for his return from another state might not be honored, if it should develop that such state had not adopted the Uniform Criminal Extradition Act, adopted by this State in 1949. Tit. 22 O.S. 1141.1 - 22 O.S. 1141.30 (1951). See, also, Tit. 12 O.S. 1601 - 12 O.S. 1610 (1951). Therefore, the civil remedies have been found inadequate and insufficient in many cases, and hence the criminal act here involved, which is independent of and in addition to any civil remedies, and providing a greater penalty.*

See: ** SEE: Okl., 241 P.2d 976 (1952) State v McMains

But all the law and the argument appear academic since I can only interpret the real reason for the DA's refusal to prosecute to be an inextricable conflict between his duty under the law as DA, and his long standing personal and professional friendship with Associate Judge Barry V. Denney. That I understand to extend for over 20 years as neighbor and friend, and as professionals in the district attorney's office and as prosecutor and judge at the Jay Courthouse. His refusal to prosecute following a consultation with the judge indicates that he is unwilling to contradict the judge's opinion that my children should wait out the civil appeal; and is unwilling to embarrass the judge with a criminal prosecution that could prove the father to be a felon. Understandably he may also be concerned with the necessary cooperation and good will that the DA office must keep

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

with the only elected judge in Delaware County. For my children this can only mean that

the DA's Office of Ottawa and Delaware Counties is in deep conflict of interest, and

cannot be expected to properly carry out its duties under the penal codes mentioned.

In the reply brief in appeal case No. DF11228 I have applied for a change of venue away

from Delaware County under *§12-140. Change of venue* , for any process on remand . Since the

same person occupies the DA office in Delaware and Ottawa Counties,  I request an alternative

venue be chosen. I do not expect a fair and impartial hearing from District Judge Robert Hanes in

Ottawa County, who refused to receive my appeal for a change in trial judge by email or by fax ,

and insisted on regular postal mail, days before the divorce trial was to begin; and then did not

bother with any response. The only judge in District 13 in whose fairness and integrity I have no

reason to doubt is Special District Judge William E. Culver.

I even suggested to the DA that jurisdiction could be found in other counties in Oklahoma

given that the father spends all week days on the road with his trucks, across Oklahoma and into

the neighbor states:

   *Ionel S Dumitrascu USDOT 1242673*

*Transportation Service in  37333 So 520 Rd, Eucha, Oklahoma, 74342*

## Overview

*Ionel S Dumitrascu is an active carrier operating under United States Department
of Transportation (USDOT) Number 1242673.Carrier is licensed to carry hazmat
rated materials from the general freight, cargo categories. At the time of its last
MCS-150 form filing, Ionel S Dumitrascu covered 104,919 miles. General info*

**Doing business as**
*I D Express*
**Status**
*Acitve*

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

June 28, 2015                                                                    Page 21 of 24

**USDOT Number**
*1242673*
**Nationality**
*United States & Territories*

*Cargo info*

**Cargo Class**
*General Freight.*
**Hazardous material**
*doesn't support*

**Carrier info**

**Entity Type**
*Carrier.*
**Services Offered**
*Tractors. Trailers.*
**Classification**
*Authorized-For-Hire.*
**MCS-150 Mileage**
*104,919 miles*
**MCS-150 Mileage Year**
*2013*
**MCS-150 Date**
*2013-12-03*

**Drivers info**

**Drivers with a Commercial License**
*2*
**Total Drivers**
*2*

**Fleet info**

**Fleet size category**
*B*
**Trucks**
*2*
**Power units**
*2*

Oklahoma Court of Criminal Appeals

Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

### Safety Info

**USDOT Revoked Flag**
*Not revoked*
**Company Representative**
*Ionel S Dumitrascu*
**Added to MCMIS**
*2004-04-30*
**User ID who added**
*MCMIS_PUBLIC*
**Add code**
*2*
**Date of Last Update**
*2013-12-03*
**Update code**
*2*

### Census Info

**Officer In Charge (OIC) Code**
*40*

### Interstate Commerce Commission numbers

**Prefix/number**
*MC/488613*

### Contacts

**Phone**
*(615) 500-4037*
**Cell phone**
*(615) 500-4037*
**Fax**
*(619) 258-2840*
**Address**
*37333 So 520 Rd, Eucha, Oklahoma, 74342*
**Mailing Address**
*P O Box 404, Disney, Oklahoma, 74340*
**Email**
*reets46@cox.net*

Oklahoma Court of Criminal Appeals
Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

June 28, 2015                                                                           Page 23 of 24

**PRAYER**

I ask the Court to do what is just in the interest of my children, so that by what criminal prosecution is indicated by the law and facts in my case, the father is persuaded to desist from his present intent of starving us into returning to where it serves his desire and convenience; and is persuaded to come clean with the child support his children are entitled to, and badly need at this time.

I respectfully ask that based on all the circumstances in my case, the Court issue a writ of mandate so that the process of criminal prosecution is begun by a district attorney's office, and in a venue the Court finds appropriate to allow a fair and impartial application of Oklahoma law.

I believe it is a wise caution to ask the Court to issue a writ of prohibition so that the trial judge and the DA's office that have already so openly obstructed criminal prosecution, are not allowed to assume any jurisdiction, role or influence in the criminal process

I ask the Court to grant any other appropriate relief indicated by the law and facts in the case.

I hereby declare that all statements of fact I made in this petition are true and correct to the best of my recollection. I am fully conscious that I do so as if under oath, and subject to penalty of perjury under the laws of the State of Oklahoma.

Oklahoma Court of Criminal Appeals

Petition for writ of mandate and/or prohibition or other appropriate relief

by: Cristina Mirela Dumitrascu Pro Se, In the interest of the children

Respectfully submitted:

Cristina Mirela Dumitrascu.

email: Cristina Dumitrascu<cristina13mama@yahoo.com>.

Signed in Ecuador  July1, 2015.

Please mail in care of:

Fiorentino Law Office

769 Center Blvd #69

Fairfax CA 94930

Telephone for Fairfax (415) 472-2519

FILED
SUPREME COURT
STATE OF OKLAHOMA

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA   JUL 15 2014

Tuesday, July 15, 2014

MICHAEL S. RICHIE
CLERK

THE CLERK IS DIRECTED TO ENTER THE FOLLOWING ORDERS OF THE COURT:

113,023 –   CHRIS POINDEXTER (Plaintiff) and PRIDEX CONSTRUCTION, L.L.C. v. JACK STUTEVILLE, ET AL.

This appeal from an order granting a motion for new trial shall proceed as an appeal from an interlocutory order appealable by right.  12 O.S. § 993(A)(8), and Rule 1.60(a) of the Oklahoma Supreme Court Rules. The parties are directed to note the shortened deadlines set forth in Rules 1.64 and 1.65 for completion of the record and briefing.

112,971 –   HORACE WHITTEN v. DONALD I. SLIGER

The Court notes appellant's third Emergency Motion for an Order for Extension of Time, which is still premature because appellant's motion is still pending in the district court and has not yet been ruled upon. See Rule 1.15 of the Oklahoma Supreme Court Rules and this Court's order filed June 26, 2014.

112,283 –   IN RE THE MARRIAGE OF: IONEL SAMUEL DUMITRASCU v. CHRISTINA MIRELA DUMITRASCU

The Court notes appellant's motion to correct the record.   The appellee's response to the petition in error filed January 15, 2014, has been recognized by this Court to be a response to the petition in error, despite the incorrect title placed upon the motion by the appellee.

CHIEF JUSTICE

FILED
SUPREME COURT
STATE OF OKLAHOMA

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA    JUL 1 8 2014

Friday, July 18, 2014    MICHAEL S. RICHIE
CLERK OF
THE APPELLATE COURTS

THE CLERK IS DIRECTED TO ENTER THE FOLLOWING ORDERS OF THE COURT:

112,546 -    IN RE THE MARRIAGE OF: TABITHA JO ANN GREEN v. JUSTIN WAYNE GREEN

Appellant's motion for an extension of time within which to file the Notice of Completion of Record is granted. Unless the Notice of Completion is filed by August 19, 2014, this appeal will be dismissed. Rule 1.6(b) of the Oklahoma Supreme Court Rules.

112,878 -    MICHAEL GODDARD v. STATE OF OKLAHOMA, ex rel., DEPARTMENT OF PUBLIC SAFETY

Appellant's motion for an extension of time within which to file the reply brief is granted. The brief shall be filed not later than July 28, 2014. No further extensions of time are contemplated. Rule 1.6(b) of the Oklahoma Supreme Court Rules.

112,283 -    IN RE THE MARRIAGE OF: IONEL SAMUEL DUMITRASCU v. CRISTINA MIRELA DUMITRASCU

The Court notes the letter from appellant, claiming that she is unable to complete the record for Delaware County District Court Case No. FD-2013-00041. This appeal is from the decree in Delaware County District Court Case No. FD-2012-263. The notice of completion of record was filed in this appeal on March 17, 2014. There is no appeal pending from any order in Delaware County District Court Case No. FD-2013-00041. Thus, no district court record from that case should be included as a part of this appeal.

CHIEF JUSTICE

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

IN RE THE MARRIAGE OF:                )
                                       )
IONEL SAMUEL DUMITRASCU,               )
                                       )
            Appellee,                  )
                                       )
v.                                     )        No.  112,283
                                       )
CRISTINA MIRELA DUMITRASCU,            )
                                       )
            Appellant.                 )

FILED
SUPREME COURT
STATE OF OKLAHOMA
JUN 2 3 2014

MICHAEL S. RICHIE
CLERK

## ORDER

Appellee's motion to dismiss this appeal is denied.  All of the critical filings in this case have been signed by the appellant *pro se*, and the non-licensed attorney has not entered an appearance in this appeal.

Appellant's motion seeking temporary orders regarding support are denied.  Such motions should be addressed to the trial judge.  Rule 1.37(a)(5) of the Oklahoma Supreme Court Rules.

This appeal shall proceed.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23rd DAY OF JUNE, 2014.

_____
CHIEF JUSTICE

ALL JUSTICES CONCUR.

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

FILED
SUPREME COURT
STATE OF OKLAHOMA
JUN 1 9 2014
MICHAEL S. RICHIE
CLERK

| | |
|---|---|
| Cristina Mirela Dumitrascu, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )   No. 112,283 |
| | ) |
| Ionel Samuel Dumitrascu, | ) |
| | ) |
| Appellee. | ) |
| | ) |

ORDER

Appellant's Motion to Retain is denied.


DONE BY ORDER OF THE SUPREME COURT this 19th day of June, 2014.



_____
CHIEF JUSTICE



# FIORENTINO LAW OFFICE

**769 Center Blvd #69
Fairfax, CA 94930-1764
Tel: 415-472-2519
Fax: 800-906-9250**

05/13/14

**Clerk of the Supreme Court,**
**Oklahoma Judicial Center**
**2100 N. Lincoln Boulevard, Suite 4**
**Oklahoma City, OK, 73105**

RE:         Petition In Error: **DF - 112283**
            Appellant: Cristina Mirela Dumitrascu
            Appellee : Ionel Samuel Dumitrascu
            Delaware District Court Case No: FD-2012-00263
            Delaware District Court Case No: FD-2013-00041

Ms. Dumitrascu still faces stiff resistance from the Jay
Courthouse over the release of case: FD-2013-00041 which the
Oklahoma Supreme Court requested. Aware of the time it takes
for mail to arrive from Ecuador, we are making a final effort
to convince the Court Clerk in Jay OK to complete the record,
in spite of a certified letter from Judge Barry Denny that
implies no help is forthcoming from the Court Clerk without
his approval. Our telephone and email inquiries to the Court
Clerk are now directed to Judge Denny. Failing this last
attempt the assumption is that this pro se appellant is
disabled from completing the record by some kind of
institutional resistance, and that the responsibility to
provide the entire record falls upon the court clerk under the
OK Supreme Court Rules:

RULE 1.104 – RECORD

(f) Record in Pro Se Review.
Where the party seeking review is acting pro se, and no designation of record is filed by the
pro separty, the clerk shall prepare the entire court file as the record. Duties as to ordering
and paying costs of transcripts are not affected by the fact that the party seeking review is
acting pro se.

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

| | |
|---|---|
| CRISTINA MIRELA DUMITRASCU | ) |
| Plaintiff/Appellant | ) Supreme Court case:<br>)   DF - 112283 |
| vs | ) Delaware County District Court<br>) Cases: |
| IONEL SAMUEL DUMITRASCU | )    FD-2012-00263<br>)    FD-2013-00041 |
| Defendant/Appellee | ) District Court Judge Barry Denny |

## MOTION FOR APPEAL RELATED ATTORNEY'S FEE
(O.S. §12-696.4)

I , Cristina Mirela Dumitrascu appellant pro se,  motion for appeal related attorney's fee based on the

following statutory and decisional authority:

 My children and I are presently residents of Ecuador. I have been indigent since September 2012 when the children's father abandoned us here. In the vindication of the civil rights taken away from us in the dissolution decree  I settled on the pro bono assistance of a California attorney practicing in Ecuador. Our agreement is that he would not charge us attorney fees, but would be entitled to any attorney fees I an awarded by any court in the case. I am committed to pay back all costs and office expenses he has advanced when I make any recovery.  Although I made the attempt no such legal assistance was forthcoming from Oklahoma.  I ask the Court take judicial notice of the U.S. Supreme Court's support of my right to seek legal assistance where I could best find it.

> Davis v. Wechler, 263 U.S. 22, 24;
> "Whatever springes the state may set for those who are endeavoring to assert rights that the state confers, the assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice."
>
> Virginia undoubtedly has broad powers to regulate the practice of law within its borders,  but we have had occasion in the past to recognize that in regulating the practice of law a State cannot ignore the rights of individuals secured by the Constitution. For, as we said in NAACP v. Button, supra, at 371 U. S. 429, "a State cannot foreclose the exercise of constitutional rights by mere labels."

Page 1 of 3

In re marriage of Ionel Samuel Dumitrascu                    Appeal # DF - 112283

**Appeal related attorney fee**

Article 26 of The Hague Convention and § 11607(b)(3) of the International Child
Abduction Remedies Act provide for the ability to recover legal and other costs. Prevailing

petitioners in return cases may recover under both; prevailing petitioners in access cases may

recover under the Convention.


Pro bono attorneys may recover attorney fees.

See Cuellar v. Joyce, 603 F.3d 1142 (9th Cir. 2010).


**Under Oklahoma law:**

O.S.§12-RULE 1.14 - TAXATION OF COSTS AND MOTIONS FOR APPEAL
RELATED ATTORNEY FEES

A motion for an appeal related attorney's fee must be made by a separately filed and
labeled motion in the appellate court prior to issuance of mandate, or in the applicant's
brief on appeal in a separate portion that is specifically identified. The motion must state
the statutory and decisional authority allowing the fee. See 12 O.S.§ 696.4(C). If the
motion for an attorney's fee is included in the brief and the court does not address the
motion in its opinion the party shall re-urge the request by separate
motion prior to mandate.

O.S. §12-696.4.  Costs and attorney fees.
'*****"

C.  Except as provided in Subsection D of this section, an application for attorney fees
for services performed on appeal shall be made to the appellate court by separate motion
filed any time before issuance of mandate.  The application shall cite authority for
awarding attorney fees but shall not include evidentiary material concerning their
amount.  The appellate court shall decide whether to award attorney fees for services on
appeal, and if fees are awarded, it shall remand the case to the trial court for a
determination of their amount.  The trial court's order determining the amount of fees is
an appealable order.

D.  If the right of a party to recover attorney fees depends upon a determination that the
party has prevailed in an action, and if the prevailing party in the action cannot be
determined from the decision of the appellate court, an application for attorney fees for
services performed on appeal shall be made to the trial court in the manner and within
the time provided in subsection B of this section.

§43-112.  Care and custody of children.

Page 2 of 3

In re marriage of Ionel Samuel Dumitrascu                     Appeal # DF - 112283

(D)(2)  For any action brought pursuant to the provisions of this section which
the court determines to be contrary to the best interests of the child, the
prevailing party shall be entitled to recover court costs, attorney fees and any
other reasonable costs and expenses incurred with the action.

## The equities in my case support an award of an attorney fee.

" Because the clear, explicit, mandatory and unmistakable terms of 43 O.S. Supp.2003 §
112(D)(2) authorize the award of attorney fees to the prevailing party, on consideration
of an issue of first impression, we hold that a prevailing parent, demonstrating good
cause for withholding court-ordered visitation, is entitled to appeal-related attorney fees.
Furthermore, under the facts presented where the child consistently repeated the
allegations of abuse, professionals expressed opinions that the abuse occurred and the
mother had to make a choice between denying visitation and putting her parental rights
in jeopardy, the equities support an award to the mother. Therefore, we leave the Court
of Civil Appeals opinion undisturbed."

"*****"

43 O.S. Supp.2003 § 112(D)(2)[2] provides in clear, explicit, mandatory and
unmistakable terms that when an action is brought under the statute which is contrary to
the best interests of the child, the prevailing party shall[3] be entitled to recover court
costs, attorney fees and any other costs and expenses incurred in the action. The father
brought the action, the mother presented evidence of good cause for denying the
visitation and presented sufficient evidence to rebut the argument that a change of
custody was in the child's best interest. She is a prevailing party entitled to recover
under the statute, and appeal-related attorney fees are recoverable if statutory authority
exists for their award in the trial court.[4] Section 112(D)(2) provides specific statutory
authority for such an award. The mother is entitled to recover attorney fees on appeal.
Finally, even if statutory authority for the award of attorney fees did not exist, the
equities support an award to the mother who was forced either to discontinue visitation
pending an investigation of the sexual abuse allegations or face the possible loss of her
child to Kansas child welfare authorities. Therefore, we leave the Court of Civil Appeals
opinion undisturbed. (107 P.3d 570 (2005), 2005 OK 4)

Respectfully submitted:

Cristina Mirela Dumitrascu, Pro Se Appellant

Page 3 of 3

# IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

IONEL SAMUEL DUMITRASCU,                )
                                        )
            Petitioner/Appellant,       )
                                        )
vs.                                     )    Case No.  112,283
                                        )
CHRISTINA MIRELA DUMITRASCU,            )
                                        )
            Respondent/Appellee.        )

## *APPELLANT'S RESPONSE TO APPELLEE'S PETITION IN ERROR*

Is appellant willing to participate in an attempted settlement of the appeal
by predecisional conference under Rule 1.250?            ___ Yes   _X_ No

Appellant's Statement of the Case is attached as Exhibit "A".

In accelerated appeals from orders granting motion for summary judgment or motion to dismiss
**only** appellee shall also file concurrently with response any supplement to record on accelerated
appeal. See Rule 1.36.

DATE:   January 13, 2014

            Verified by: _____
                         Bobby C. Ramsey OBA# 12954
                         **DAVIS & THOMPSON**
                         P. O. Box 487
                         Jay, Oklahoma 74346-0487
                         Telephone (918) 253-4298
                         Fax (918)253-8110
                         Attorney for Petitioner/Appellant

## CERTIFICATE OF MAILING TO ALL PARTIES AND COURT CLERK

I hereby certify that a true and correct copy of the Response to Petition in Error was mailed on this 13th day of January, 2014 to Christina Mirela Dumitrascu c/oAntonio Di Stefana, Limited Scope Pro Bono Assistance, 679 Center Boulevard #69, Fairfax, California 94930 by depositing in the U.S. Mails, postage prepaid.

I further certify that a copy of the Response to Petition in Error was mailed to, or filed in, the Office of Caroline Weaver, Clerk of the District Court, Delaware County, Oklahoma, on the date above stated.

Bobby C. Ramsey

## EXHIBIT "A": STATEMENT OF THE CASE

This action was filed on the 25th day of October, 2012. Both the Petitioner and Respondent are United States citizens. Prior to the filing of the divorce both the Petitioner and Respondent and the minor child of the parties traveled to Equador. While in Equador the Petitioner and Respondent had a marital disagreement resulting in the Petitioner returning to the United States. Petitioner and Respondent continued to correspond via e-mail and through family members. The Petitioner obtained a temporary restraining order on the 25th day of October, 2012, granting him custody of the minor children of the parties. The Respondent refused to return to the United States. The Petitioner was unable to obtain personal service upon the Respondent and on December 8, 2012, service by publication was approved by the Court. On May 7, 2013, an Entry of Appearance was submitted by James Evenson, OBA #16956, on behalf of the Respondent. The Respondent then filed on May 28, 2013, an Answer to the Petition for Divorce and wherein she admits to the jurisdiction of this Court. On June 25, 2013, a hearing on the temporary order was conducted wherein the Petitioner agreed to purchase airline tickets for the Respondent and the minor children so that they could appear before the Court on August 30, 2013. Both Respondent's attorney and the Respondent appearing by telephone were present for this hearing. The Petitioner did in fact purchase the airline tickets and in addition to the airline tickets sent money to the Petitioner sufficient for food and taxi services for the Respondent to return with the minor children. Respondent ultimately failed and refused to return to the United States and appear before this Court. Further, Respondent was given multiple opportunities to appear before the Court and ultimately this matter was set for a merits hearing and the Respondent failed to personally appear before this Court and a decree of divorce was entered on the 20th day of September, 2013. In conclusion, the Respondent was given numerous chances to appear before the Court, as well as airline tickets and cash money, and the Respondent failed and refused to submit to the jurisdiction of this Court.

# IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

CRISTINA MIRELA DUMITRASCU )

            Plaintiff/Appellant )

v. )      Appeal No: DF-112283

IONEL SAMUEL DUMITRASCU )

            Defendant/Appellee )

## APPELLANT'S BRIEF IN CHIEF

Appeal from The District Court of Delaware County, State of Oklahoma

Case No: FD-2012-00263

The Honorable Barry Denney, Associate District Judge

Family and Domestic Proceedings – Divorce

Cristina Mirela Dumitrascu, PRO SE APPELLANT

c/o  Antonio Di Stefano, Esq.

769 Center Blvd #69

Fairfax, CA 94930

(415)-472-2519

Bobby C. Ramsey, OBA #12954

DAVIS & THOMSPON

P. O. Box 487

Jay, Oklahoma 74346

(918) 253-8110

ATTORNEY FOR APPELLEE

## Table of Contents

I ask the Court to take judicial notice of Delaware County Case FD-2013-00041 ...............5

PART I : PROCEDURAL HISTORY ........................................................................................6

08/27/2012: Appellant and appellee together with the children of the marriage left the jurisdiction of the State of Oklahoma...........................................................................7

09/27/2012: This date is my last recollection of Ionel Dumitrascu's presence in Ecuador.....................................................................................................................7

10/15/2012 I wrote and contacted DHS in Delaware County asking for assistance with child support when I could no longer locate my husband in Ecuador..............................8

10/25/2012: Petition for dissolution was filed in Delaware County..................................8

10/25/2012 Notice was sent to DHS on case FD-2012-0263...........................................8

12/21/2012 to lapse 2/12/2013: Service made by publication on case FD-2012-00263. .8

02/13/2013: DHS-OCSS filed Child Support case: FD-2013-00041 ...............................8

02/25/2013: Mr. Dumitrascu was served petition and summons on FD-2013-00041 by certified mail............................................................................................................8

02/27/2013: FD-2013-00041 was dismissed by Special Judge Littlefield.......................8

03/13/2013:  Mr. Ramsey filed an unverified amended petition for dissolution..............8

03/14/2013: Alias Service of Summons by Publication of the amended petition was made by the Court Clerk with an  answer due by 05/02/2013. .....................................8

05/07/2013: Entry of appearance by attorney Evenson for appellant...............................9

07/30/2013: First Order that mother and children travel on one way ticket to attend status conference ( two months before trial) .....................................................................9

08/9/2103: Second order for Mother and children to appear to status conference on one way tickets.................................................................................................................9

09/05/2013: Evenson filed a motion to withdraw from representing me..........................9

09/17/2013: Order allowing Mr. Evenson's withdrawal...................................................9

09/20/2013: Divorce trial ............................................................................................9

PART II: THE LACK OF A PROPER RECORD.........................................................................9

[1] What is an appellant's legal recourse when the integrity of the record is corrupted:......9

(a) by the interference of a district judge who controls what comes in , what is recorded and what is to be sent out; ..................................................................................9

(b) by the Delaware County Courts 's local rule that any evidence is inadmissible hearsay unless proffered in person in open court;...........................................................9

(d) by the lack of consistency between what is recorded and what is left out;.................9

(e) by the judge's choice to record or not?....................................................................9

[2] Did the court clerk abdicate her statutory authority and duty to maintain and protect the record based on the facts and record in my case?..............................................................9

[3] Was it a mistake, negligence or violation of law to file an Alias Service By Publication for attorney Ramsey, when the record should show that 30 day earlier the deputy clerk served summons in case FD-2013-00041 on behalf of the person the publication is directed to,?..........................................................................................................10

[4] Did the Court Clerk violate the law in allowing entry into the docket of allegations or charges under O.S. §21-741  and  O.S. §21-843.5?.........................................................10

PART III: THERE WAS NO JURISDICTION OF THE RES OF THE MARRIAGE ...........11

[1] I submit that the petition for dissolution filed 10/25/2012 and the Amended Petition filed 03/132013 fell during a period when the district court was not competent to accept petitions for dissolution from appellee under O.S.§43-102, making them a nullity for lack of jurisdiction on commencement and invalidating all dependent process...................................11

[2] I submit that the trial judge's reliance on the UCCJEA "Temporary Emergency Jurisdiction" was in error, and there is no jurisdiction for any temporary orders..............11

[3]I submit that the false accusation to the court of child abuse against me requires a response under the two laws cited below:...........................................................................11

PART IV: THE ABSENCE OF DUE PROCESS ...................................................................13

(a) I was not provided an unbiased tribunal.[A fundamental requirement of due process is a fair and impartial trial. (2007 OK 58, 163 P.3d 548.)]......................................................13

(b) I received no notice of the proposed action and the grounds asserted for it.................13

(c) I was denied the right to present evidence before trial and during trial because cited for contempt of court , in violation of Oklahoma law and the requirement of due process in the United States Constitution.....................................................................................14

(d) My children and I were denied appointment of counsel.................................................14

[e] I submit the trial judge was in error by not notifying the DHS when informed on 08/01/1013 in Mr. Evenson's  motion and my own testimony in open court of domestic violence and abandonment ?.......................................................................................14

(f) There were many instances of denial of due process at the trial....................................15

PART V: ECUADOR IS THE HOME STATE AND HABITUAL HOME OF THE CHILDREN ............................................................................................................................15

[1] The habitual residence of the children is Ecuador .......................................................16

[2] Any question about the habitual home of the children was definitely resolved under the Hague Convention by 09/24/2013..............................................................................17

[3] By the date of the trial 09/30/2013 the trial court assumption of subject matter jurisdiction and jurisdiction over child custody was in violation of Oklahoma , federal and international law..........................................................................................................18

PART VI: THE ERRONEUS DISMISSAL/SETTLEMENT OF THE CHILD SUPPORT CASE.........................................................................................................................................19

[1]. I submit that Delaware County DHS's Case FD-2013-00041 filed 02/13/2013 was the first valid filing in an appropriate tribunal concerning paternity and child support for the Dumitrascu children . On the premise that FD-2012-00263 was void for lack of subject matter jurisdiction; and in any other case given that its amended version is illegal in its publication: - Susa Kerr Hopper's representation and Special Judge Alicia Littlefield's concurrence that FD-2012-00263 was a pre-existing case was contrary to fact and to law. ...................................................................................................................................19

[2] Shall it be the law in Oklahoma that OCSS can end all legal representation and responsibility in a petition for child support by simple request for dismissal::...................19

(a) with no consultation or notice to the their client;....................................................19

(b) For a transfer to a prior tribunal of which the client has received no notice or summons;..........................................................................................................................19

(c ) Without having to meet the requirements of proper and effective transfer of pleading and documents?..................................................................................................19

[3]Is it error for Special Judge Alicia Littlefield to fail to appoint an attorney and a guardian to represent the children for the proceeding in front of her and the related proceeding under FD-2012-00263?...........................................................................20

[4] Is it error by Special Judge Alicia Littlefield to settle and dismiss case FD-2013-00041 when:........................................................................................................................20

(a) there was no evidence of  consultation with or notice to the client;........................20

(b) the pleading and document were not forwarded to case FD-2012-00263 as required by O.S.§43-601-306;...............................................................................................20

(c) the petitioner/guardian in the case was not notified where and when the pleading and documents were sent?. ...................................................................................20

[5] Is it error by Special Judge Alicia Littlefield not to evaluate the validity of a temporary restraining order dated 10/25/2012 - when a look at FD-2012-00263's docket would indicate to her that as of 02/27/2013 service was only by publication, based on a claimed inability by Ionel Samuel Dumitrascu and his lawyer to locate the person whose appearance in FD-2013-0041 she was about to dismiss? ...................................21

PART VII: CONFLICTED ASSISTANCE BY DHS COUNSEL ...........................................21

[1] Did attorney Hopper violate Rule 1.4  in case FD-2013-00041 when she never consulted me; told me nothing about the dismissal before or after the fact, leaving for a secretary to casually notify me in response to one of my calls?........................................22

[2] Was Ms. Hopper in violation of her legal and ethical duties under 1 Title 5 O.S. 2011 Ch. 1, App. 3-A, Rule 1.7 Conflict of interest: Duties to Current Clients ?.........................22

[3] Was Ms. Hopper in violation of her legal and ethical duties under 1 Title 5 O.S. 2011 Ch. 1, App. 3-A, Rule 1.9. Conflict of interest: Duties to former clients ,..........................22

[2] Is it willful misconduct to say nothing when in the pre-trial and trial process it became evident to her that :.................................................................................................24

(a) none of the information and documents  in the DHS files that could materially change the case were forwarded to the trial judge, as required by O.S. §43-601-304 and O.S. §43-601-310; ...............................................................................24

(b) that the deprived children she was charged with in FD-2013-00041 and their guardian were unrepresented and had no voice in a trial that was to further deprive them of  constitutionally protected rights;........................................................24

(c) and when she became aware that during trial testimony was elicited under oath contrary to information she knew was contained in the DHS file?.................................24

[3] Is it not the case that the ultimate effect of attorney Susa Kerr Hopper 's actions or omissions constitute assistance in the confirmation and execution of a decree that was contrary to the interests of the mother and the children on whose behalf she appeared in case FD-2013-00041?...................................................................................................24

[4] Did Susa Kerr Hooper an experienced prosecutor, family and appellate lawyer, assist and sanction violation of the Oklahoma Constitution and of our civil rights under Oklahoma law and the United States Constitution,  when she did not meet her legal and ethical duties,  and when she signed the divorce decree with knowledge of serious illegalities in the case, in the trial and on the face of the decree?........................................25

PART VIII: INEFFICIENT ASSISTANCE BY LEGAL AID COUNSEL James Evenson....25

[1] I submit that I was justified in dropping Mr. Evenson's representation because of deficient performance and because there was reasonable probability that but for his many errors and omissions the result of the proceedings as it was  upon his removal would have been different. I was also made aware that his negligence and deficiencies would be imputed to me, making it imperative that I seek a more competent attorney.  However the court rushed  to judgment without waiting..........................................................................25

[2]Is it error for the trial court to pass up a hearing based on O.S. §551-207 Inconvenient forum .........................................................................................................................26

[3] I declare that some time after Mr. Evenson's Motion To Withdraw as my attorney was filed on 09/05/2013, during a phone call I made, the trial court solicited an agreement from me to allow Mr. Evenson to continue to represent me through the trial , in return for which the required personal appearance would be dropped and I could participate by telephone conference............................................................................................................27

PART IX: APPELLEE ATTORNEY BOBBY C. RAMSEY GOT THE DEFAULT
JUDGMENT HE ALWAYS WANTED..................................................................................28

[1] I submit that the trial evolved in the form of a default judgment, where respondent was
assumed to have failed to properly appear to testify and that no attorney had appeared for
respondent. The language of the petition and the Alias Service of Summons were simply
written up as a final decree.................................................................................................28

[2] I submit that the amended petition filed 03/13/2013 still fell shy of the six month
residency requirement for jurisdiction of the marriage.......................................................29

[3] Even assuming that there was subject matter jurisdiction for the amended petition, the
service by publication failed because of defective "reasonable diligence" to locate and
serve me..............................................................................................................................29

[3]Is it willful misconduct for attorney Ramsey to file the amended petition and serve by
publication to secure a default judgment, when he knew DHS made an appearance for me
in FD-2013-00014 which would help him locate me?........................................................29

[4] Is it moral turpitude for Mr. Ramsey to put Ionel Dumitrascu on the stand at trial
knowing that he would lead him through false testimony and perjury under oath?............30
..............................................................................................................................................30

PART X: THE JUDICIAL CONDUCT OF THE TRIAL JUDGE..........................................30

(a) I submit that the trial judge violated Oklahoma Cannon 3(B).......................................30

(b) the trial judge was in violation of O.S. §12-1441 (Libel defined) and O.S.§12-1442
(Slander defined).................................................................................................................31

(c) the trial judge violated laws that obliged him to appoint an attorney for the children.. 31

(d) the trial judge violated provisions of law that obliged him to notify DHS if evidence
indicated that a child is or may be deprived.........................................................................31

(e) the trial judge abused his discretion when he declined to disqualify when I stated I had
no confidence in his court ...................................................................................................32

(f) the trial judge denied me the constitutional right under Oklahoma law to trial by jury
before imposing punishment for contempt of court..............................................................33

(g) the trial judge violated my civil right under the United States Constitution to confront
my accuser in court .............................................................................................................33

[h] I submit that the trial judge presided at a sham trial where no opposing testimony was
to be heard; where the decree was ready to be signed by the parties present including the
DHS attorney by lunch time, so that by 12:43PM the decree could be delivered and filed
as deed in the County Clerk's office, giving Ionel Dumitrascu sole ownership of the real
property and all family assets in Oklahoma. The urgency of that purpose completely
negated any concern for the civil rights of the respondent and the procedural and
substantive rights of two innocent children..........................................................................33

[j]Is it moral turpitude to have me hanging on the phone at trial and not to ask:................34

   (1) if we had all been bona fide residents of the state for more than six consecutive
   months – to which I would have responded in the negative?........................................34

   (2) If I had kept the $15,000 mentioned in trial testimony- to which I would have
   replied the amount was $11,000 and I reported it stolen from my purse the day after the
   domestic violence occurred. Mr. Dumitrascu told police he did not take the money; I
   have never had use of it. .............................................................................................34

   (3) to comment on giving the family home to Ionel to which I would have explained
   that we jointly fully owned the home free of any mortgage payments; so Ionel was
   getting value in excess of $60,000?.............................................................................34

   (4) if I had ever been subject to domestic violence to which I would have responded

with a resounding "yes! And I have the evidence for it"?..............................................34

[k] Is it moral turpitude for a trial judge to use his official capacity to prevent a woman abandoned in a foreign country to request forms from the Court Clerk in her attempt to vindicate the violation of her civil rights and that of her children?....................................34

[l] Is it moral turpitude for a judge to use his official capacity to order staff in the courthouse to re-direct any telephone inquiry to him; to intercept mail, even that addressed to another judge in another case - for the sole purpose of obstructing my efforts to complete the requirement of my appeal? .......................................................................34

RELIEF REQUESTED.......................................................................................................34

"The court below should have applied the rule of Ghadiali v.
Delaware State Medical Society, D.C.Del., , 790, and Allen v.
Corsano, D.C.Del., , 170, that where a plaintiff pleads pro se in a
suit for the protection of civil rights the court should endeavor to
construe the plaintiff's pleading without regard for
technicalities."(Picking v. Pennsylvania R. Co., 151 Fed 2nd 240 (3rd
Cir. 1945))

I am Mirela Cristina Dumitrascu, my legal name as found in my U.S passport , but sued as

Cristina Mirela Dumitrascu, an appellant Pro Se made indigent by a husband who abandoned

me in Ecuador in 2012 with two babies with $230 and the clothes we brought from

Oklahoma, and a trial judge that under color of state authority fully supported his actions and

went further to deprive us of all family property and all support past, present and future.  May

I remind the Court that my children and I are still today abandoned and stuck in Ecuador

living on the charity of others, unable to return to the United States by lack of money, by

inability to travel with children without the father's permission, and because of the fear of

arrest and seizure of my children as ordered in the divorce decree.

**I ask the Court to take judicial notice of Delaware County Case FD-2013-00041**
It represents my first appearance in Delaware District Court on 2/13/2013; and may turn out

to be the only valid filing and the only proper tribunal so far for the children support claims.

The Court ordered designation of record on this case on 12/16/2013.  The docket entry of

07/18/2014 in the appeal appears to contravene that order of the Court after I spent time,

money and energy so the record could be completed. Case FD-2013-00041 was dismissed on

the argument that FD-2012-00263 is a legally effective prior tribunal for the children claims.

I shall submit that is not the case, that the dismissal was in error and that in any case the legal

requirements for proper transfer to a prior tribunal were not met; nor were the children's

claims ever considered. I cannot with a deadline of 08/05/2014 change the arguments in my

brief in chief.  The new order of the Oklahoma Supreme Court found in the docket entry of

07/18/2014 to the effect that case FD-2013-00041 will not be part of the appellate review

could be interpreted to mean that the Oklahoma Supreme Court has controverted its own

order upon the refusal of the trial court to complete the record. There can be no complete

review and proper remedy for the violations of our constitutional claims without the record

on FD-2013-00041. With this sudden turn I am again concerned about justice for my children

and I.

> See judicial notice in No. 106,432. House of Realty, Inc. v. City of Midwest
>
> City, 2004 OK 97, n. 1, 109 P.3d 314  (this Court may take judicial notice of
>
> its own records in litigation interconnected with the proceeding before the
>
> Court).

> Title 5 O.S. 2011 Ch. 1, App. 3-A, Rule 1.9, Cmt. 3 provides:
>
> "[3] Matters are "substantially related" for purposes of this Rule if they
> involve the same transaction or legal dispute or if there otherwise is a
> substantial risk that confidential factual information as would normally have
> been obtained in the prior representation would materially advance the client's
> position in the subsequent matter. (MIAMI BUSINESS SERVICES, LLC v.
> DAVIS -2013 OK 20)

## PART I : PROCEDURAL HISTORY

 The scenario I see in my case looks like a conspiracy in Jay OK under cloak of state

authority and license, in a charade of legal process, where laws were ignored or broken, to

achieve the forced repatriation of a wife and her children to Jay Oklahoma, by transfer of the

children custody and the entire family estate to my husband. The divorce decree which

mirrors the petition and original emergency order was to accomplish all that and failed only

in forcing me back to a life that for me had been little better than slavery.


08/27/2012: Appellant and appellee together with the children of the marriage left the
        jurisdiction of the State of Oklahoma.

We took a flight out to Ecuador South America on one way tickets and a common settled

purpose to abandon our residence and citizenship in the State and to make our permanent

home in the state of Ecuador.  We sold the truck for Ionel Dumitrascu's business, and made a

first attempt to sell our home at auction. Pastor Jerry Mayes of the Seventh  Day Adventist

Church drove the entire family to the airport in Tulsa and took over responsibility for a

second auction for our home. He eventually offered to buy it.

09/27/2012: This date is my last recollection of Ionel Dumitrascu's presence in Ecuador.

On that date he accepted a car ride with church members to Cuenca Ecuador. He  unilaterally

decided to return to Oklahoma without notice to us. He faced a 7 to 10 hour bus ride to the

nearest international airport; a flight to Miami FL and connection to Tulsa OK. Based on that

date he could not re-establish residency in Oklahoma any earlier than March 27, 2013.

10/15/2012 I wrote and contacted DHS in Delaware County asking for assistance with child
        support when I could no longer locate my husband in Ecuador.

10/25/2012: Petition for dissolution was filed in Delaware County

10/25/2012 Notice was sent to DHS on case FD-2012-0263

12/21/2012 to lapse 2/12/2013: Service made by publication on case FD-2012-00263

02/13/2013: DHS-OCSS filed Child Support case: FD-2013-00041

02/25/2013: Mr. Dumitrascu was served petition and summons on FD-2013-00041 by
        certified mail

02/27/2013: FD-2013-00041 was dismissed by Special Judge Littlefield.

03/13/2013:  Mr. Ramsey filed an unverified amended petition for dissolution.
 On March 13, 2013, 14 days after FD-2013-00041 was dismissed, Ionel 's lawyer rather than

rely on a default on the original petition decided to amend to correct the misnomer based on

my name on the DHS petition – the original petition named me as Christine Dumitrascu.

03/14/2013: Alias Service of Summons by Publication of the amended petition was  made by
the Court Clerk with an  answer due by 05/02/2013.

Even though he knew of my appearance through DHS in their child custody filing Mr.

Ramsey related back to the original filing of 10/25/2012 and without new authorization ,

requested Alias Service Of Summons By Publication Notice from the Deputy Court Clerk.

05/07/2013: Entry of appearance by attorney Evenson for appellant

07/30/2013: First Order that mother and children travel on one way ticket to attend status
conference ( two months before trial)

08/9/2103: Second order for Mother and children to appear to status conference on one way
tickets.

09/05/2013: Evenson filed a motion to withdraw from representing me.

09/17/2013: Order allowing Mr. Evenson's withdrawal

09/20/2013: Divorce trial

## PART II: THE LACK OF A PROPER RECORD

**[1] What is an appellant's legal recourse when the integrity of the record is corrupted:**

**(a) by the interference of a district judge who controls what comes in , what is recorded
and what is to be sent out;**

**(b) by the Delaware County Courts 's local rule that any evidence is inadmissible
hearsay unless proffered in person in open court;**

**(d) by the lack of consistency between what is recorded and what is left out;**

**(e) by the judge's choice to record or not?**

**[2] Did the court clerk abdicate her statutory authority and duty to maintain and
protect the record based on the facts and record in my case?**

The district court clerk is both a county officer and an officer or "arm"

of the court. Petusky v. Cannon, 1987 OK 74, 742 P.2d 1117. Court clerks exercise powers and perform duties imposed by statutes and common law. The district court clerk is "judicial personnel" and is an arm of the court whose duties are ministerial, except for those discretionary duties provided by statute. Id. In the performance of clerk's ministerial functions, the court clerk is subject to the control of the Supreme Court and the supervisory control that it has passed down to the Administrative District Judge in the clerk's administrative district.

I attach a copy of the district judge's letter filed 4/29/2014 in case FD-2012-00263

which put an end to any response by the Court Clerk office to any of our requests (See

Exhibit "A"). I attach a copy of the trial judge's letter filed 6/30/2014 in case FD-

2012-00263 that indicates the trial judge intercepted my letter and pauper affidavit

addressed to the special judge who presided on case FD-2013-0041, and further

suggests he was not about to allow completion of record for case FD-2013-00041.

( See Exhibit "B"). The pauper affidavit delivered  to the courthouse 06/10/2014, was

not recorded in FD-2013-00041 until 07/23/2014 , two days after an order from the

Oklahoma Supreme Court directing that no completion of record was required


**[3] Was it a mistake, negligence or violation of law to file an <u>Alias Service By Publication</u> for attorney Ramsey, when the record should show that 30 day earlier the deputy clerk served summons in case FD-2013-00041 on behalf of the person the publication is directed to,?**

§12-29.  Clerks to file and preserve papers - Refusal to file sham legal process.
 B.  The court clerk may refuse to file any document presented for filing if the clerk believes that the document constitutes sham legal process, as defined by Section 1533 of Title 21 of the Oklahoma Statutes.

**[4] Did the Court Clerk violate the law in allowing entry into the docket of allegations or charges under O.S. §21-741  and  O.S. §21-843.5?**

§12-39.  Court clerk – Prohibition of posting documents containing certain charges on court-controlled web site.
A.  Beginning July 1, 2005, no court clerk shall post on a court-controlled web site any document that contains a charge in Sections 886 and 888 of Title 21 of the Oklahoma Statutes, if the offense involved the detestable and abominable crime against nature with mankind, or a charge in Section 843.5 of Title 21 of the Oklahoma Statutes, or Section 644, 741, 843.1, 885, 1021, 1021.2, 1021.3,

1040.13a, 1081, 1085, 1087, 1088, Sections 1111 through 1116 or Section 1123 of Title 21 of the Oklahoma Statutes.

The court docket entry of 07/23/2013 shows the trial judge already believed I had

kidnapped the children to Ecuador. The effect of that unfounded charge on the docket

is still evident in the lack of respect and concern from anyone connected with that

courthouse and has caused me great psychological and emotional distress.


## PART III: THERE WAS NO JURISDICTION OF THE RES OF THE MARRIAGE

**[1] I submit that the petition for dissolution filed 10/25/2012 and the Amended Petition filed 03/132013 fell during a period when the district court was not competent to accept petitions for dissolution from appellee under O.S.§43-102, making them a nullity for lack of jurisdiction on commencement and invalidating all dependent process.**

**[2] I submit that the trial judge's reliance on the UCCJEA "Temporary Emergency Jurisdiction" was in error, and there is no jurisdiction for any temporary orders.**

§ 551-204 Temporary emergency jurisdiction
A. A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

The children were not present in the state Oklahoma. The children were abandoned by

appellee in Ecuador, and their mother remains the only caretaker. The true emergency

that existed was the absence of any paternal support for the children for which

purpose the DHS had filed case FD-2013-00041.


**[3]I submit that the false accusation to the court of child abuse against me requires a response under the two laws cited below:**

**O.S.§43-107.3. - False accusations of child abuse or neglect,**

During any proceeding concerning child custody, should it be determined by

the court that a party has intentionally made a false or frivolous accusation to the court of child abuse or neglect against the other party, the court shall proceed with any or all of the following:

1. Find the accusing party in contempt for perjury and refer for prosecution;

2. Consider the false allegations in determining custody; and

3. Award the obligation to pay all court costs and legal expenses encumbered by both parties arising from the allegations to the accusing party.

### O.S. §10A-1-103

2. If a court determines that an accusation of child abuse or neglect made during a child custody proceeding is false and the person making the accusation knew it to be false at the time the accusation was made, the court may impose a fine, not to exceed Five Thousand Dollars ($5,000.00) and reasonable attorney fees incurred in recovering the sanctions, against the person making the accusation. The remedy provided by this paragraph is in addition to paragraph 1 of this subsection or to any other remedy provided by law.

While the **Application For Temporary Restraining Order** is void it was processed by the

Court as valid and the accusation intended and executed with visible effect to my reputation

and treatment for which we still suffer today. In the part titled "Application For Temporary

Restraining Order" part 2 petitioner declares:

'Respondent has recently removed the minor children from this jurisdiction and taken them to Equador and will not talk to the Petitioner or allow him to speak with his children"

a knowing and willful accusation of felony kidnap of the children , and a falsehood about

hiding myself and the children from appellee. Appellee to this date has never asked to speak

to the two baby boys.

On 01/15/2014 appellee filed a response to the Petition in Error erroneously titled

"**Appellant response to Appellee Petition In Erro**r". In exhibit A of that answer appellee

admits that:

"Prior to the filing of the divorce both the Petitioner and Respondent and the minor children of the parties traveled to Equador. While in Equador the Petitioner and Respondent had a marital disagreement resulting in the

Page 12

Petitioner returning to the United States. Petitioner and Respondent continued to correspond via e-mail and through family members." .

While the **Attorney's Affidavit In Support Of Obtaining Service By Publication** is void

the sworn affidavit intended and executed a perjury on the court  for which we still suffer

today by stating:

> "2. The whereabouts of Christine Dumitrascu, in this case, are unknown and unascertainable."

This is a knowing and willful falsehood by appellee's own admissions in his answer to

the Petition In Error where he admits he has always been in email contact with me

and telephone contact with my mother in Romania and my sister Mihela Oltanau in

Canada.


## PART IV: THE ABSENCE OF DUE PROCESS

### (a) I was not provided an unbiased tribunal.[A fundamental requirement of due process is a fair and impartial trial. (2007 OK 58, 163 P.3d 548.)]

The trial judge accepted the accusation that I kidnapped the kids to to Ecuador and never

showed any inclination to change it. His attitude to me throughout was one of sternness and

threats. The docket entry of 07/23/2013 with the threat of a kidnapping charge shows that

belief established in the courthouse. At no time did he show any interest and concern for the

children. His role at the trial differed little from advocating for the other side.


### (b) I received no notice of the proposed action and the grounds asserted for it.

I came to know of FD-2012-00263 when I called to inquire with a secretary at OCSS. I never

received proper notice and was never served summons.  Publication to a newspaper in Miami

OK , a state I have left is not evidence of any desire to actually inform me.

Constitutional Requirement re Summons: A summons must provide notice and opportunity to be heard in compliance with the 14th Amendment due process clause. Basically, this requires a reasonable effort to notify the absentee of the proceedings pending against him and of his right to appear and defend the action. "The means employed must be such as one desirous of actually informing the (defendant) might reasonably adopt to accomplish it." [Mullane v. Central Hanover Bank & Trust Co. (1950) 339 US 306, 314, 70 S.Ct. 652, 657 (parentheses added)]

**(c) I was denied the right to present evidence before trial and during trial because cited for contempt of court , in violation of Oklahoma law and the requirement of due process in the United States Constitution.**

In Bishop v. Bishop, Okl., 321 P.2d 416, 420, we said:
"The defendant calls our attention to Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215, wherein the Supreme Court of the United States held that to deny one the right to defend when cited for contempt of court for failure to pay alimony or support money in a divorce action constitutes a denial of the due process provision in the United States Constitution."

And we held:
"Excluding a defendant from participating in any feature of a divorce case for failure to pay suit money, alimony or child support as ordered, is a denial of due process clause of the United States Constitution, *

**(d) My children and I were denied appointment of counsel.**

My children and I were denied the opportunity and the entitlement to be represented by

counsel. The trial judge ignored the laws cited below, but also the fact that he began the trial

by citing me for contempt of court requiring a trial by jury under the Oklahoma Constitution

and the presence of an attorney..

O.S §10-24. Appointment of counsel
- Responsibilities of Oklahoma Indigent Defense System - Compensation.
A. 1. When it appears to the court that a minor or the parent or legal guardian of the minor desires counsel but is indigent and cannot for that reason employ counsel, the court shall appoint counsel.

§10A-1-4-102.  Evidence of child abuse or neglect in matrimonial or child custody actions - Investigation by Department of Human Services - Orders for protective custody - Appointment of attorney for child.
If, in any proceeding concerning child custody or visitation, the evidence indicates that a child has been subject to abuse or neglect, the court shall appoint an attorney to

Page 14

represent the child for that proceeding and any related proceedings and may appoint a
guardian ad litem for the child as permitted by law.

**[e] I submit the trial judge was in error by not notifying the DHS when informed on
08/01/1013 in Mr. Evenson's motion and my own testimony in open court of domestic
violence and abandonment ?**

§10A-1-4-102.  Evidence of child abuse or neglect in matrimonial or child
custody actions - Investigation by Department of Human Services - Orders for
protective custody - Appointment of attorney for child.
A.  1.  If the evidence in a court proceeding concerning child custody or
visitation indicates that a child may be a victim of abuse or neglect, the court
shall refer the allegations to the Department of Human Services for an
assessment or investigation.

The trial judge's letter of 06/25/2014 addressed to the pro bono attorney states his belief that

he is obliged to appoint an attorney only for a contempt charge. He however did not do so

when he cited me for contempt at the start of the trial.

**(f) There were many instances of denial of due process at the trial**

In Bishop v. Bishop, Okl., 321 P.2d 416, 420, we said:
"The defendant calls our attention to Hovey v. Elliott, 167 U.S. 409, 17 S.Ct.
841, 42 L.Ed. 215, wherein the Supreme Court of the United States held that
to deny one the right to defend when cited for contempt of court for failure to
pay alimony or support money in a divorce action constitutes a denial of the
due process provision in the United States Constitution."
And we held: "Excluding a defendant from participating in any feature of a
divorce case for failure to pay suit money, alimony or child support as
ordered, is a denial of due process clause of the United States Constitution,
****

This Court said twenty (20) years ago in regard to the requirements of due
process: "With the exception of certain matters of which a court may take
judicial notice, the decision of a trial court is limited to the record made before
it in open court. "Due process requires an orderly proceeding adapted to the
case in which the parties have an opportunity to be heard, and to defend,
enforce and protect their rights.(1999 OK 68)
* * **

"The right of a litigant to in-court presentation of evidence is essential to due
process. Where important decisions turn on questions of fact, due process
requires an opportunity, in almost every situation, to confront and cross-
examine adverse witnesses." (Footnotes omitted)  Malone v. Malone, 1979
OK 21, 591 P.2d 296, 297-298; See also Harmon v. Harmon, 1997 OK 91, 943
P.2d 599, 604(where judicial ruling turns on questions of fact and evidence is

Page 15

used to prove certain facts, the evidence must normally be disclosed to a party litigant so that he/she has an opportunity to test the evidence and show it is untrue).

# PART V: ECUADOR IS THE HOME STATE AND HABITUAL HOME OF THE CHILDREN

I have seen no evidence of any recorded due process that explains how the trial court

determined that Oklahoma is the home state of the children.

### [1] The habitual residence of the children is Ecuador

The term "habitual residence" was not defined in the Hague Convention inviting different

interpretation in various circuits. The district court identified Oklahoma as the habitual

residence upon false representations in the father's petition that the entire family had an

uninterrupted residence in Oklahoma the six months preceding October 2012. The parent

seeking the child's return has the threshold burden of proving by a preponderance of the

evidence that (i) the child was removed or retained from the place of his or her "habitual

residence" and (ii) petitioner was "exercising" lawful custody rights over the child at the time

of the removal/retention, or would have been doing so but for the removal/retention, under

the law of the child's habitual residence ([Hague Convention, Art. 19; 42 USC § 11603(e)(1);

The 9th Circuit in the  Holder case ( 305 F. 3d 854) speaks quite well to the facts in my case:

> On one side are cases where the court finds that the family as a unit has manifested a settled purpose to change habitual residence, despite the fact that one parent may have had qualms about the move. Most commonly, this occurs when both parents and the child translocate together under circumstances suggesting that they intend to make their home in the new country. When courts find that a family has jointly taken all the steps associated with abandoning habitual residence in one country to take it up in another, they are generally unwilling to let one parent's alleged reservations about the move stand in the way of finding a shared and settled purpose.

The "shared and settled purpose" to trans-locate has been criticized in some circuits as being

too subjective. However this case offers objective facts: we sold the truck, the first auction

having failed to sell the house we left a second attempt to Pastor Jerry Mayes who eventually

offered to buy it from us. Pastor Jerry Mayes drove us all to the airport and bade us goodbye.

I purchased one way tickets for everyone. Oklahoma as the home state ended when we took

that flight out with our two infant children, and could not be reestablished simply by return of

the father without the children.

The Tenth Circuit took a more fact-specific approach in Kanth v. Kanth, 232 F.3d (Table),

2000 WL 1644099 (10th Cir. Nov. 2, 2000).72 holding that:

> "a child's habitual residence is defined by examining the specific facts and
> circumstances" and "the conduct, intentions and agreements of the parents
> during the time preceding the abduction are important factors to be
> considered."

> "Although it is the child's habitual residence that the court must determine, in
> the case of a young child the conduct, intentions, and agreements of the
> parents during the time preceding the abduction are important factors to be
> considered."

> "There must be a degree of settled purpose. The purpose may be one or there
> may be several. It may be specific or general. All that the law requires is that
> there is a settled purpose. "

For the reasons above any retention of the children in Ecuador was not wrongful
retainer under the UCCJEA.

A home state determination trumps any alternative theory except emergency; and
there could be no emergency in Oklahoma when the children were not present.

Any Extended Home State Rule application will also fail because it requires a

continuous six months residence in Oklahoma by a left behind parent, immediately

before the petition for custody is filed. Ionel Dumitrascu had admitted living abroad

barely a month before he filed. And it cannot be applied if there is a home state

already established elsewhere.

**[2] Any question about the habitual home of the children was definitely resolved under the Hague Convention by 09/24/2013.**

That date was the one year anniversary of the date in 2012 when Ionel Dumitrascu, upon my refusal to return to Oklahoma with the children, dealt me a severe beating to try to change my mind. The Hague Convention allowed him one year from that date to present a request to Ecuador to return the children to Oklahoma, if Oklahoma was determined to be their home state, and if what occurred was a illegal retainer of the kids in Ecuador.

The US Supreme Court case of Lozano v. Alvarez (2014) US,, 134 S.Ct. 1224, 1232 resolved a split in the courts on whether the one year was subject to equitable tolling. The Court decision set the one year limit to one year and not subject to any equitable tolling. The Court pointed out that the one year was agreed upon by the signatory countries as an absolute marker by which time the children were to be deemed already "well settled " in the country that was asked to return them; removing any obligation for a return . By 09/24/2013 Ionel Dumitrascu had made no application to Ecuador for return of the children. As Justice Alito explained in a concurring opinion in Lozano : after the one year obligatory return period the home state courts still retain equitable discretion to return a child based on discretionary "best interest of the child" review. The filing and review would take place in Ecuador. The court could take into consideration the age of the children, their settled status, the history of the father's contact and support of the children. The facts available do not support a return of the children to the father in Oklahoma in the foreseeable future.

**[3] By the date of the trial 09/30/2013 the trial court assumption of subject matter jurisdiction and jurisdiction over child custody was in violation of Oklahoma , federal and international law.**

By that date the children were "well settled" in Ecuador and that was their habitual home.

I ask the Court to take judicial notice of the U.S. Central Authority for the Hague Convention evaluation of the case under The Hague Convention placed in the appendix.

## PART VI: THE ERRONEUS DISMISSAL/SETTLEMENT OF THE CHILD SUPPORT CASE

Due to obstruction by the trial judge to completion of record on case FD-2013-00041, my references are based on copy of the DHS file secured from Gary Dart director at OCSS. What was presented besides the motion for dismissal was a copy of the Temporary Restraining Order filed 10/25/2012 in case FD-2012-00263. The copy however is not the same one countersigned by the Court Clerk on 10/25/2012 and released to us 10/07/2013. What is presented is not countersigned by the Court Clerk on the first page and the judge's signature for the same date differs in location and form. I cannot tell who provided the order to attorney Susa Kerr Hopper.

[1]. I submit that Delaware County DHS's Case FD-2013-00041 filed 02/13/2013 was the first valid filing in an appropriate tribunal concerning paternity and child support for the Dumitrascu children . On the premise that FD-2012-00263 was void for lack of subject matter jurisdiction; and in any other case given that its amended version is illegal in its publication:  - Susa Kerr Hopper's representation and Special Judge Alicia Littlefield's concurrence that FD-2012-00263 was a pre-existing case was contrary to fact and to law.

[2] Shall it be the law in Oklahoma that OCSS can end all legal representation and responsibility in a petition for child support by simple request for dismissal::

   (a) with no consultation or notice to the their client;

   (b) For a transfer to a prior tribunal of which the client has received no notice or summons;

   (c ) Without having to meet the requirements of proper and effective transfer of pleading and documents?

[3]Is it error for Special Judge Alicia Littlefield to fail to appoint an attorney and a guardian to represent the children for the proceeding in front of her and the related proceeding under FD-2012-00263?

   Okla. Stat. Ann. tit. 10, § 7002-1.2i (Evidence of Child Abuse or Neglect in Matrimonial or Child Custody Actions—Investigations By Department of Human Services—Orders for Protective Custody—Appointment of Attorney for Child)

   A. 1. If the evidence in a juvenile action, or an action for a divorce, for alimony without a divorce, for an annulment, for custody of a child, for the appointment of a guardian of the person of a child, for habeas corpus, or in subsequent proceedings in such actions, indicates that a child is or may be deprived, the referring court shall notify the appropriate county office of the Department of Human Services that the child may be a victim of abuse or neglect. . . .

   C. If, in any proceeding listed in subsection A of this section, the evidence

indicates that a child has been subject to abuse or neglect, the court shall appoint an attorney to represent the child for that proceeding and any related proceedings and, as provided by Section 7003-3.7 of this title, the court shall appoint a guardian ad litem for the child.

The appointment of an attorney and guardian could have assured that the children's

own claims were not ignored as they were by the trial court.

**[4] Is it error by Special Judge Alicia Littlefield to settle and dismiss case FD-2013-00041 when:**

    **(a) there was no evidence of consultation with or notice to the client;**

    **(b) the pleading and document were not forwarded to case FD-2012-00263 as required by O.S.§43-601-306;**

    **(c) the petitioner/guardian in the case was not notified where and when the pleading and documents were sent?.**

    §43-601-306. Inappropriate tribunal.
    If a petition or comparable pleading is received by an inappropriate tribunal of this state, the tribunal shall forward the pleading and accompanying documents to an appropriate tribunal in this state or another state and notify the petitioner where and when the pleading was sent

O.S.§43-601-306 was ignored both by Special Judge Alicia Littlefield and DHS

attorney Susa Kerr Hopper, with the consequence that the children's claims were

never considered in the divorce trial, and they remain since September 2012 deprived

of any child support payments from their father.

**[5] Is it error by Special Judge Alicia Littlefield not to evaluate the validity of a temporary restraining order dated 10/25/2012 - when a look at FD-2012-00263's docket would indicate to her that as of 02/27/2013 service was only by publication, based on a claimed inability by Ionel Samuel Dumitrascu and his lawyer to locate the person whose appearance in FD-2013-00041 she was about to dismiss?**

## PART VII: CONFLICTED ASSISTANCE BY DHS COUNSEL

Susa Kerr Hopper AKA Susan Kerr Hopper showed up as a second State Attorney for

OCSS:This 64 year old family and appellate lawyer (See In the Matter of R.S., an alleged

deprived child ( 2002 OK CIV APP 90, 56 P.3d 381)), once a prosecutor with the Jay OK

district attorney, acted as state attorney for DHS in FD-2013-00041 and FD-201200263. She

served summons on Ionel Dumitrascu and within 2 weeks saw it dismissed. She also signed

for DHS-OCSS in the divorce decree. This very experienced attorney must have asked

herself what her part was in going from a DHS attorney charged with collecting child support

from a father already five months in arrears , to signing her name on a decree that saw no

paternal payments of any child support past or future, while collection was to begin

immediately from the custodial parent and only caretaker. Ms. Hopper as an attorney

representing our interest had information that Ionel Dumitrascu had been non-compliant in

his support obligation. On 03/25/2013 I emailed to her office the medical report and registry

of domestic violence form the state of Ecuador. In her obligation to transfer pleading and

documents to case FD-2012-00263 under O.S.§43-601-306 was a second chance that the

critical documentation would make it to divorce case. While Ms. Hopper was present to the

end of the trial there is no evidence she took any action meant to see that justice was done,

and that rights would not be violated.

**[1] Did attorney Hopper violate Rule 1.4 in case FD-2013-00041 when she never
consulted me; told me nothing about the dismissal before or after the fact, leaving
for a secretary to casually notify me in response to one of my calls?**

    (1)    ORPC Rule 1.4. Communication
"(a) A lawyer shall:
"(1) promptly inform the client of any decision or circumstance with respect to
which the client's informed consent, as defined in Rule 1.0(e), is required by
these Rules;
"(2) reasonably consult with the client about the means by which the client's

objectives are to be accomplished;
"(3) keep the client reasonably informed about the status of the matter;

**[2] Was Ms. Hopper in violation of her legal and ethical duties under 1 Title 5 O.S. 2011 Ch. 1, App. 3-A, Rule 1.7 Conflict of interest: Duties to Current Clients ?**

"(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
"(1) the representation of one client will be directly adverse to another client; or
"(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
"(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
"(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
"(2) the representation is not prohibited by law;
"(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
"(4) each affected client gives informed consent, confirmed in writing."

**[3] Was Ms. Hopper in violation of her legal and ethical duties under 1 Title 5 O.S. 2011 Ch. 1, App. 3-A, Rule 1.9. Conflict of interest: Duties to former clients ,**

2 Title 5 O.S. 2011 Ch. 1, App. 3-A, Rule 1.9 provides:
"Rule 1.9. Conflict of interest: Duties to former clients
"(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
"(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
"(1) whose interests are materially adverse to that person; and
"(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
"(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
"(1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has been generally known; or

"(2) reveal information relating to the representation except as these Rules would permit or require with respect to a client." 10A

Ms. Hopper as State attorney had full knowledge of the facts that led the DHS to determine the children to be deprived. As of 03/25/2013 the medical certificate and registration of domestic violence in the state of Ecuador had been received at DHS. As a state attorney for DHS experienced in deprivation law, she must know deprivation and domestic violence are critical elements to be considered by the Judge in case FD-2012-00263.

Because my documents could not be found in her file I have put evidence of emailing in the appendix.

**[2] Is it willful misconduct to say nothing when in the pre-trial and trial process it became evident to her that :**

**(a) none of the information and documents in the DHS files that could materially change the case were forwarded to the trial judge, as required by O.S. §43-601-304 and O.S. §43-601-310;**

**(b) that the deprived children she was charged with in FD-2013-00041 and their guardian were unrepresented and had no voice in a trial that was to further deprive them of constitutionally protected rights;**

**(c) and when she became aware that during trial testimony was elicited under oath contrary to information she knew was contained in the DHS file?**

(1) O.S. §601-304  Duties of initiating tribunal.
A.  Upon the filing of a petition authorized by the Uniform Interstate Family Support Act, an initiating tribunal of this state shall forward the petition and its accompanying documents:
1.       To the responding tribunal or appropriate support enforcement agency in the responding state;

(2) O.S. §43-601-310.  Duties of state information agency.
A.  The Child Support Enforcement Division of the Department of Human Services is the state information agency under this act.

B.  The state information agency shall:

(3)Forward to the appropriate tribunal in the county in this state in which the

obligee who is an individual or the obligor resides, or in which the obligor's property is believed to be located, all documents concerning a proceeding under this act received from an initiating tribunal or the state information agency of the initiating state;

O.S. §10A -1-4-503 Conduct of Hearings
__ __ A. All cases initiated by the filing of a petition alleging that a child is deprived shall be heard separately from the trial of other cases against adults. The adjudicative hearings and hearings for termination of parental rights shall be conducted according to the rules of evidence. All other hearings and proceedings conducted pursuant to the Oklahoma Children Code shall be informal and the rules of evidence shall not apply.

**[3] Is it not the case that the ultimate effect of attorney Susa Kerr Hopper 's actions or omissions constitute assistance in the confirmation and execution of a decree that was contrary to the interests of the mother and the children on whose behalf she appeared in case FD-2013-00041?**

§21-556. Prosecutor advising the defense.
Every attorney who, having prosecuted or in any manner aided or promoted any action or proceeding in any court, as district attorney or other public prosecutor, afterward, directly or indirectly, advises in relation to, or takes any part in the defense thereof, as attorney or otherwise, or takes or receives any valuable consideration from or on behalf of any defendant therein, upon any understanding or agreement whatever, express or implied, having relation to the defense thereof, is guilty of a misdemeanor; and in addition to the punishment prescribed therefor he shall forfeit his license to practice.
R.L.1910, § 2268.

**[4] Did Susa Kerr Hooper an experienced prosecutor, family and appellate lawyer, assist and sanction violation of the Oklahoma Constitution and of our civil rights under Oklahoma law and the United States Constitution, when she did not meet her legal and ethical duties, and when she signed the divorce decree with knowledge of serious illegalities in the case, in the trial and on the face of the decree?**

## PART VIII: INEFFICIENT ASSISTANCE BY LEGAL AID COUNSEL JAMES EVENSON

I provided him complete information including names and phone of witnesses in Vilcabamba

EC which he felt he could not use unless they appeared in person. He was un responsive to

instructions and did not grasp the critical legal issues in the case.

**[1] I submit that I was justified in dropping Mr. Evenson's representation because of deficient performance and because there was reasonable probability that but for his many errors and omissions the result of the proceedings as it was upon his removal would have been different. I was also made aware that his negligence and deficiencies would be imputed to me, making it imperative that I seek a more competent attorney. However the court rushed to judgment without waiting.**

> In Matter of D.D.F., 1990 OK 89, 801 P.2d 703 , the Supreme Court reiterated its holding that one who may be deprived of parental rights has a right to counsel, and further held such right is the right to effective representation of counsel. There the Court noted "[t]he right to counsel would be of no consequence if such counsel were not required to represent the parent in a manner consistent with an objective standard of reasonableness."

Mr. Evenson admitted he never handled an international family case before. He ignored the issue of the six months residence requirement; the issue of notice and adequate service in a case where protected constitutional rights were at stake; he suppressed my declaration of 08/08/2013 preventing my facts from being introduced, and did not insist on a review of jurisdiction under O.S. §43-551-107 as instructed in the mentioned declaration. He simply adopted the conclusions the judge and Mr. Ramsey reached in the emergency order. Both he and his managing attorney Glenna Dorris took positions on declarations, discovery and testimony contrary to O.S. §12-426 (Statement under penalty of perjury) and 28 USC §1746 ( Unsworn declarations under penalty of perjury), the UCCJEA and Oklahoma Supreme Court Rules. He either intentionally suppressed or failed to appreciate the importance of the official registry of domestic violence.

Since he failed to introduce my declaration I have included it in the appendix.

**[2]Is it error for the trial court to pass up a hearing based on <u>O.S. §551-207</u> <u>Inconvenient forum</u>**

The <u>Motion To Allow Testimony and Participation By Telephone</u> filed 07/30/2013 was inaptly titled by Mr. Evenson. Various alternatives to testimony and participation are already allowed under the UCCJEA and the Oklahoma Supreme Court Rules, including use of the telephone conference. The contents of the motion point to a more appropriate title as <u>Motion</u>

To Determine An Inconvenient Forum. In the absence of other record it must be assumed that the trial judge was fully aware of O.S. 551-207 and that the allegations in the motion should have raised the issue of an inconvenient forum, as would my testimony the same day on the phone. That required the court to allow the parties to submit information so that it could consider all relevant factors, thus allowing the production of the registry of a domestic violence incident in Ecuador and my own declaration, all critical elements that would have changed the posture and handling of the case.

> Child custody cases: Special rules and factors codified in the UCCJEA (Fam. C. s 3427) govern forum non conveniens stays in child custody cases. In fact, courts must consider and weigh all s 3427do factors relevant to a case when determining if California is an inconvenient forum for the custody litigation.
> ****
> A California court erred in failing to provide parties with the opportunity to submit evidence relevant to its UCCJEA inconvenient forum determination, making it impossible for the court to "weigh and consider" all relevant Fam.C. s 3427 factors [Brewer v. Carter (2013) 218 CA4th 1312, 1319, 160 CR3d 853, 859]

The trial court order signed the same day as the hearing 08/01/2013, chose to ignore the issue of an inconvenient forum, thus preventing the introduction of evidence critical to proper and just handling of the case. By the order he court shifted the burden of proof on the citizens and residents of all signatory countries to The Hague Convention to show that there are financial and other legally acceptable reasons why they won't come to the United States to testify; rather that it being the obligation of the trial court to gather the information necessary for its own discretionary judgment on the issue. In the same order the trial judge from emergency jurisdiction now assumed permanent subject matter jurisdiction.

Subsequently I wrote to the trial judge and to the supervising district judge in Ottawa

County bringing up the issue of jurisdiction and the inconvenient forum and received

no response to either letter.Since the judges chose not to record the letters, I hav

included them in the appendix.

**[3] I declare that some time after Mr. Evenson's <u>Motion To Withdraw</u> as my attorney
was filed on 09/05/2013, during a phone call I made,  the trial court solicited an
agreement from me to allow Mr. Evenson to continue to represent me through the
trial , in return for which the required personal appearance would be dropped
and I could participate by telephone conference.**

On the trial date I was allowed to participate by telephone, but it turned out I could only

listen and could not offer any testimony. Much later I learned that the trial court had approved

Mr. Evenson's motion to withdraw two days before the trial, and thus contrary to my

expectation there was no one in the courtroom representing me or my children.

Since the trial court chose not to record the telephone conversation or the agreement I have

include my affidavit on the agreement in the appendix.

Laci  Klinger the present manager of The Legal Aid of OK office in Jay told me there was a

complete turnover of personnel at that office. She would not tell me why Mr. Evenson was let

go and I was unable to find him to secure an affidavit on the documents on domestic violence

received by his secretary on 05/10/2013. I have included copies of emails with their contents

that Laci Klinger provided in the appendix.

## PART IX: APPELLEE ATTORNEY BOBBY C. RAMSEY GOT THE DEFAULT JUDGMENT HE ALWAYS WANTED

The attorney for petitioner in the underlying action was focused on getting a default decree

without arousing my involvement.  He proceeded with that intent even after petitioner Ionel

was served by attorney Susa Kerr Hopper under FD-2013-00041. Apparently confident that

the case was settled and dismissed he amended the petition to correct a misnomer detected

from the child custody papers, and managed to have the Court Clerk do an Alias Service by

Publication, illegally relating back to authorization in an original petition that is void for lack

of jurisdiction.

**[1] I submit that the trial evolved in the form of a default judgment, where respondent was assumed to have failed to properly appear to testify and that no attorney had appeared for respondent. The language of the petition and the Alias Service of Summons were simply written up as a final decree.**

[6:181] Lack of proper service: A motion for relief from default may be granted where defendant (even if he or she had actual notice) demonstrates defects in the service of process. [Carimi v. Royal Caribbean Cruise Line, Inc. (5th Cir. 1992) 959 Fd 1344, 1345; see SEC v. Internet Solutions for Business Inc. (9th Cir. 2007) 509 F3d 1161, 1165–1166]

Defects in service of process render a judgment void and subject to direct attack by a motion for relief from default. [Mason v. Genisco Technology Corp. (9th Cir. 1992) 960 Fd 849, 851; Central Laborers' Pension, Welfare & Annuity Funds v. Griffee (7th Cir. 1999) 198 F3d 642, 644; O.J. Distributing, Inc. v. Hornell Brewing Co., Inc. (6th Cir. 2003) 340 F3d 345, 355] .

**[2] I submit that the amended petition filed 03/13/2013 still fell shy of the six month residency requirement for jurisdiction of the marriage.**

It is petitioner's burden to show that he had completed the six months residency requirement

after leaving the state and making a return. The domestic violence registry of the state of

Ecuador will show the incident date as 09/24/2012.

**[3] Even assuming that there was subject matter jurisdiction for the amended petition, the service by publication failed because of defective "reasonable diligence" to locate and serve me**

Mr. Ramsey knew by then I had made an appearance in Delaware County under FD-2013-

00041 and had state attorneys for DHS representing me that were quite able to contact me.

Nor did the trial court conduct the necessary inquiry on "reasonably diligent inquiry" before

entry of default.

Absent a s 415.50 affidavit demonstrating on personal knowledge that petitioner exercised the requisite reasonable diligence to locate respondent, a judgment based on published service is void and subject to direct or collateral

attack. Olvera v. Olvera, supra, 232 CA3d at 41, 283 CR at 277-278

O.S.§12-2004. Process.

****

e. Before entry of a default judgment or order against a party who has been served solely by publication under this paragraph, the court shall conduct an inquiry to determine whether the plaintiff, or someone acting in behalf of the plaintiff, made a distinct and meaningful search of all reasonably available sources to ascertain the whereabouts of any named parties who have been served solely by publication under this paragraph.

**[3]Is it willful misconduct for attorney Ramsey to file the amended petition and serve by**

**publication to secure a default judgment, when he knew DHS made an**

**appearance for me in FD-2013-00014 which would help him locate me?**

Since the petitions intended to deprive me of fundamental civil rights as a citizen and as a

parent, Mr. Ramsey should know that any judgment obtained without proper notice and

service of summons would not survive appellate review. Mr. Ramsey had no trouble getting

the assistance of the trial court to reach his decree.

**[4] Is it moral turpitude for Mr. Ramsey to put Ionel Dumitrascu on the stand at trial**
**knowing that he would lead him through false testimony and perjury under oath?**


## PART X: THE JUDICIAL CONDUCT OF THE TRIAL JUDGE

If it is true that the Jay court was not competent to accept the  dissolution petition at

its commencement, then the trial judge presided over my case for nearly one year

onto judgment, upon a false assumption of state authority over the marriage and any

related issues.

This court is duty-bound to inquire sua sponte into its own jurisdiction over any pending matter. Stites v. DUIT Const. Co., Inc., 1995 OK 69, 903 P.2d 293, 297 n. 10; State ex rel. Oklahoma Bar Ass'n v. Smolen, 1992 OK 116, 837 P.2d 894, 903 (Opala, C.J., concurring); Cate v. Archon Oil Co., Inc., 1985 OK 15, 695 P.2d 1352, 1356; Spain v. Kernell, 1983 OK 105, 672 P.2d 1162, 1164-1165; Pointer v. Hill, 1975 OK 73, 536 P.2d 358, 361.

**(a) I submit that the trial judge violated Oklahoma Cannon 3(B)**

Canon 3 (B) offers guidance to judges in the exercise of their adjudicative responsibilities. The requirements of Canon 3(B) have been summarized as follows:

> A judge is required to administer justice through faithful and competent application of the law free of outside influences and by permitting all those interested in a proceeding full right to be heard. A judge violates these provisions if the judge administers justice capriciously or interferes with the rights of others before the court. ( Shaman, Lubet and Alfini, *Judicial Conduct and Ethics,* § 2.01 at p. 34 (3d ed.).)

The trial judge 's legal and personal view of my case was formed in the hearings that led to the emergency orders and the authorization to serve by publication, and other hearings for which I had no notice; and it stayed unchanged through the trial to the decree of divorce. Given the absence of any other record it must be assumed that the initial hearings provided all the elements the trial judge would ever require to arrive at legal conclusions on personal and subject matter jurisdiction and to form his personal opinion on my character and conduct to which he remained faithful to judgment.

**(b) the trial judge was in violation of O.S. §12-1441 (Libel defined) and O.S.§12-1442 (Slander defined)**

for allowing publication on the docket of references to charges of criminal abduction of my children without foundation or indictment, together with threats of arrest without legal authority. The trial judge further violated O.S. §12-1442 (Slander defined) at the hearing of 08/01/2013 by warning me in open court that unless I showed up in court with the children by 08/13/2013, I would be looking at dire consequences, like being arrested for international kidnapping. The court reporter was present and the remarks should be available for transcription even though the printed version of the minutes was amended to drop the reference to the court reporter. If the petition was void for lack of competence and the court not in the proper discharge of an official duty, such defamatory publications were not

privileged under O.S. §12-1443. The negative effect of the accusation to my reputation in my

dealings with the Jay courthouse and the Jay community was real and painful. I have no way

to gauge the negative effect on others anywhere who had reason to check my docket. Having

no reason then to disbelieve the judge, I experienced great emotional distress and a great fear

that any time soon Interpol would be coming to take my children.

**(c) the trial judge violated laws that obliged him to appoint an attorney for the children.**

> In Oklahoma, every child who is alleged to be deprived (abused, neglected, or
> Abandonment) before the court must be appointed an attorney. Okla. Stat.
> Ann. §10 7003.3.7(A)(2)(a)

**(d) the trial judge violated provisions of law that obliged him to notify DHS if evidence
indicated that a child is or may be deprived.**

> A. 1. If the evidence in a juvenile action, or an action for a divorce, for
> alimony without a divorce, for an annulment, for custody of a child, for the
> appointment of a guardian of the person of a child, for habeas corpus, or in
> subsequent proceedings in such actions, indicates that a child is or may be
> deprived, the referring court shall notify the appropriate county office of the
> Department of Human Services that the child may be a victim of abuse or
> neglect. . . . C. If, in any proceeding listed in subsection A of this section, the
> evidence indicates that a child has been subject to abuse or neglect, the court
> shall appoint an attorney to represent the child for that proceeding and any
> related proceedings and, as provided by Section 7003-3.7 of this title, the
> court shall appoint a guardian ad litem for the child. ( O.S. §10-7002-1.2i)

The record is silent on whether the trial judge was ever made aware of the existence

and DHS/OCSS involvement in FD-2013-00041. Yet my testimony to him at the

hearing of 08/01/2013  and the Motion to Allow Testimony and Participation by

Telephone, mentioned domestic violence and abandonment sufficient to trigger an

obligation to report to DHS under cited law. Throughout the  case the trial judge has

shown a painful blindness toward my children and their rights. He took them more or

less as chips in a bargain to be promised in custody based on his discretion.

### (e) the trial judge abused his discretion when he declined to disqualify when I stated I had no confidence in his court

In a letter mailed to the trial judge about 09/05/2013 I stated my fears that my rights would

not be protected in his court, and that I would be asking for another judge. The judge did not

enter the letter on the docket. I have included a copy in the appendix. The judge could have at

least held up the trial date until the issue was resolved or we had heard from Judge Robert

Hanes on my request for a new judge. But the law required more of the judge:

In Miller Dollarhide, PC v. Tal, 2007 OK 58 the Supreme Court of Oklahoma stated:

> A fundamental requirement of due process is a fair and impartial trial. A neutral and detached judiciary is imperative to ensure procedural fairness to individual litigants and to preserve public confidence in the integrity of the judicial process. Every litigant is entitled to nothing less than the cold neutrality of an impartial judge. A challenge to an assigned judge for want of impartiality presents an issue of constitutional dimension which must be resolved and the rule memorialized of record after a meaningful evidentiary hearing. The quest for recusal may not be ignored, nor is a judge free to proceed with the case until the challenge stands overruled of record following a judicial inquiry into the issue.

> Where there are circumstances of such a nature as to cause doubts as to a judge's partiality, it is the judge's duty to disqualify notwithstanding the judge's personal belief that the judge is unprejudiced, unbiased, and impartial. [13] When such circumstances exist, the error, if any, should be made in favor of the disqualification rather than against it.[14] Justice must satisfy the appearance of justice, even though this stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties.[15]

### (f) the trial judge denied me the constitutional right under Oklahoma law to trial by jury before imposing punishment for contempt of court.

> Oklahoma Constitution § 25. Contempt - Definition - Jury trial - Hearing. The legislature shall pass laws defining contempt and regulating the proceedings and punishment in matters of contempt: Provided, that any person accused of violating or disobeying, when not in the presence or hearing of the court, or judge sitting as such, any order of injunction, or restraint, made or entered by any court or judge of the State shall, before penalty or punishment is imposed, be entitled to a trial by jury as to the guilt or innocence of the accused. In no case shall a penalty or punishment be imposed for contempt, until an opportunity to be heard is given.

**(g) the trial judge violated my civil right under the United States Constitution to confront my accuser in court**

**[h] I submit that the trial judge presided at a sham trial where no opposing testimony was to be heard; where the decree was ready to be signed by the parties present including the DHS attorney by lunch time,  so that by 12:43PM the decree could be delivered and filed as deed in the County Clerk's office, giving Ionel Dumitrascu sole ownership of the real property and all family assets in Oklahoma. The urgency of that purpose completely negated any concern for the civil rights of the respondent and the procedural and substantive rights of two innocent children.**

I have included prints form the Delaware County Clerk in the appendix to confirm the decree

recorded 09/20/2013 at 12:43PM. It is possible that clerical mistakes at the County Clerk's

office have left the property as jointly owned.

**[i] Is it moral turpitude to terrorize me for months over orders to show up in Jay with my children on one-way tickets – only to offer to drop that obligation before trial if I kept Mr. Evenson on as my attorney ?**

**[j]Is it moral turpitude to have me hanging on the phone at trial and not to ask:**

**(1) if we had all been bona fide residents of the state for more than six consecutive months – to which I would have responded in the negative?**

**(2) If I had kept the $15,000 mentioned in trial testimony- to which I would have replied the amount was  $11,000 and I reported it stolen from my purse the day after the domestic violence occurred. Mr. Dumitrascu told police he did not take the money; I have never had use of it.**

**(3) to comment on giving the family home to Ionel to which I would have explained that we jointly fully owned the home free of any mortgage payments; so Ionel was getting value in excess of $60,000?**

**(4) if I had ever been subject to domestic violence to which I would have responded with a resounding "yes! And I have the evidence for it"?**

Page  34

[k] Is it moral turpitude for a trial judge to use his official capacity to prevent a woman abandoned in a foreign country to request forms from the Court Clerk in her attempt to vindicate the violation of her civil rights and that of her children?

[l] Is it moral turpitude for a judge to use his official capacity to order staff in the courthouse to re-direct any telephone inquiry to him; to intercept mail, even that addressed to another judge in another case - for the sole purpose of obstructing my efforts to complete the requirement of my appeal?

## RELIEF REQUESTED

For full relief in addition to reversing the decree of divorce, I pray the Court to instruct a trial court that::

I wish the divorce confirmed

That case FD-2013-00041 be reopened to ensure my children recover child support, at least from the date of its filing..

That the reference to kidnapping be excised from the docket in case FD-2012-00263

I remind the Court that I have already voiced no confidence in the ability of the judges at the Jay Courthouse to do justice to my children and I.

I ask the Court to grant me relief for any other reason indicated by the law and facts of my case that justifies relief.

[FRCP 60(b)(6), [United States v. Alpine Land & Reservoir Co. (9th Cir. 1993) 984 F2d 1047, 1049; Community Dental Services v. Tani (9th Cir. 2002) 282 F3d 1164, 1167]

Respectfully submitted

Cristina Mirela Dumitrascu, Appellant

Signed in Ecuador  07/28/2014

Please mail in care of

Fiorentino Law Office

769 Center Blvd #69

Fairfax CA 94930

Telephone for Fairfax (415) 472-2519

email: Cristina Dumitrascu<cristina13mama@yahoo.com>

**EXHIBIT A** - district judge's letter filed 4/29/2014 in case FD-2012-00263 which put an end to any response by the Court Clerk office to any of our requests.



### BARRY V. DENNEY
### ASSOCIATE DISTRICT JUDGE

Delaware County Courthouse
P.O. Box 489
Jay, Oklahoma 74346

*Greg Eustice, Court Reporter*        Phone (918) 253-4329  Fax (918) 253-3330        *Rachel Wogoman, Secretary-Bailiff*

April 29, 2014

Fiorentino Law Office
769 Blvd. #69
Fairfax, CA 94930-1764

Re:  FD-12-263 Dumitrascu

Dear Mr. Di Stefano,

Please be advised that this Court does not provide legal forms.

Respectfully,

Barry V. Denney,
Associate District Judge for
Delaware County

BVD/rw

**EXHIBIT B -** trial judge's letter filed 6/30/2014 in case FD- 2012-00263 that indicates the trial judge intercepted my letter and pauper affidavit addressed to the special judge who presided on case FD-2013-0041.



**BARRY V. DENNEY**
**ASSOCIATE DISTRICT JUDGE**

**FILED**

JUN 3 0 2014

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

Delaware County Courthouse
P.O. Box 489
Jay, Oklahoma 74346
Phone (918) 253-4329  Fax (918) 253-3330

*Greg Eustice, Court Reporter*
June 25, 2014

*Rachel Wogoman, Secretary-Bailiff*

Attorney Antonio F. Di Stefano
769 Center Blvd. #69
Fairfax, CA 94930-1764

Re:  Dumitrascu  FD-12-263

Dear Mr. Di Stefano,

You are not clear what cost you are asking to be waived or allowed to be paid out.  Other than the appeal filed by Ms. Dumitrascu, it does not appear that Ms. Dumitrascu has filed anything that would be set before this Court.

To be clear, this Court does not appoint attorneys in domestic cases unless a party is cited for contempt and unable to afford an attorney.  Even then, that attorney is only representing the party regarding the contempt matter.  Further, copies of transcripts of any previous proceedings must be obtained from my court reporter and he will have to be paid at the statutory rate before he prepares those.

Ms. Dumitrascu was previously represented by Legal Aid Services of Oklahoma.  If she believes that she cannot afford an attorney, she may want to consider contacting them at (918)253-4980, as that is the only means of obtaining a low or no cost attorney that I am aware of in a domestic case.

Sincerely,

Barry V. Denney
Associate District Judge

BVD/rw

# IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

CRISTINA MIRELA DUMITRASCU )

            Plaintiff/Appellant )

v. )     Appeal No: DF-112283

IONEL SAMUEL DUMITRASCU )

            Defendant/Appellee )

## APPENDIX TO
## Appellant Brief In Chief

Appeal from The District Court of Delaware County, State of Oklahoma
Case No: FD-2012-00263
The Honorable Barry Denney, Associate District Judge
Family and Domestic Proceedings – Divorce

Cristina Mirela Dumitrascu, PRO SE APPELLANT
c/o  Antonio Di Stefano, Esq.
769 Center Blvd #69
Fairfax, CA 94930
(415)-472-2519

Bobby C. Ramsey, OBA #12954
DAVIS & THOMSPON
P. O. Box 487
Jay, Oklahoma 74346
(918) 253-8110
ATTORNEY FOR APPELLEE

IN RE MARRIAGE OF DUMITRASCU                    APPEAL No: DF-112283

## INDEX TO APPENDIX MATERIAL

## [1] Decree of Divorce and Dissolution of Marriage

### with Child Support Computation

## [2] The Hague Convention evaluation

### by the U.S. Central Authority - US Dept. of State

## [3] Document and photo I sent to DHS-OCSS on 03/25/2013

for use by Attorney Susa Kerr Hopper in Delaware County case FD-2013-00041.

These were not found in the file that I requested from DHS. I do not know if they are

contained in the court file.  They are not mentioned in the docket for FD-2012-00263,

suggesting they were not transferred over.  I cannot as yet explain why an attorney with the

experience of Susa Kerr Hopper assigned to assist us would suppress them given the

importance of the registry of a domestic violence incident to a family law case.

## [4] Official stamped and notarized documents from the State of Ecuador

These consist of an official report of medical examination and registry of a domestic violence

incident dated 09/24/2012 in Vilcabamba Ecuador. Upon my request Ms. Laci Klinger

present administrator at Legal Aid Of Oklahoma office in Jay, OK, emailed me back

documents that I emailed to Legal Aid 05/10/2013 for production in my case. These

IN RE MARRIAGE OF IONEL DUMITRASCU                    APPENDIX  INDEX
                    PAGE 1 OF 4

documents critical in a divorce and custody action were suppressed and never acted upon by Legal Aid Of Oklahoma and the attorney assigned to my case: James Evenson Jr. I do not yet know what power, authority or motivation could induce two agencies and the attorneys they assigned to assist us to suppress or ignore such documents, with the resultant damage to our case and to our livelihood.

## [5]Letter I mailed to Associate District Judge Barry Denney shortly after I dismissed my Legal Aid attorney

By the beginning of September 2013 I became convinced that my Legal Aid attorney was not looking at the real issues in the case and was not working for my interest. I was also convinced that Judge Barry Denney had already made up his mind to give custody of the children to the father no matter what else happened, and for that I needed to try for new judge. After much pleading I was provided a fax number for Judge Denney but was not able to use it in the village where we live; I therefore mailed the letter to his attention at the Jay courthouse. That letter was never noted in the docket and I never got a response from the judge.

## [6] Letter I mailed to District Judge Robert Hanes at the Ottawa courthouse.

The staff at the Ottawa courthouse refused to provide me any faster means to get my letter to the judge except by regular mail from Ecuador, no matter that I explained my case was

IN RE MARRIAGE OF IONEL DUMITRASCU                    APPENDIX INDEX
PAGE 2 OF 4

heading to trial the same month. This letter was never noted in the docket nor did I ever hear
or receive anything from Judge Hanes.

## [7]My Affidavit on an agreement on representation at trial

After I dismissed my Legal Aid attorney I telephoned the courthouse to get a fax number for
Judge Barry Denney to deliver a letter. During that call I reached an agreement with Judge
Denney that in return for allowing attorney James Evenson to represent me at trial, he would
drop his order that I must appear in person, and would let me participate over the telephone.
Even though I was allowed to listen in to the trial, I learned some time later that attorney
Evenson was not present in the courtroom, his request to withdraw approved two days before
the trial.

## [8] Delaware County record on real property in Eucha jointly
## owned by Ionel Dumitrascu and myself.

The record shows that minutes after the divorce trial was over the decree was filed as deed on
the property for the purpose of removing me from any ownership in the property

## [9] Letter from Judge Barry Denney dated 06/25/2014 and
## entered on docket FD-2012-00263 on 06/30/2014 together with its

IN RE MARRIAGE OF IONEL DUMITRASCU                    **APPENDIX  INDEX**
                          PAGE 3 OF 4

**attachments.**

This letter was in response to a pauper affidavit that I addressed to Special Judge Alicia Littlefield following a request phoned in by her staff.  The pauper affidavit was delivered to the courthouse on 06/10/2014. I must assume that Judge Denney intercepted the affidavit since there is no entry for it in the docket for FD-2013-00041. In fact this affidavit is not logged until 07/23/2014, two days after an order from the Oklahoma Supreme Court controverting the earlier order of 12/16/2013 that I must file a designation of record in that case. This is an example of the corruption of record at the Jay courthouse that makes any reliance on it specious. Judge Denney seems to want to ignore the existence of file FD-2013-00041. He focuses instead on attorney appointments even though I made no such request and specifically marked off that clause in the pauper form. In a situation where a mother and two babies will soon have passed two years abandoned in a foreign country, with no money or way to safely return, the judge seems more concerned with providing income for his court reporter - having forgotten that his court reporter returned my deposit money of $80, demanding that I must prepay $490 first; which calculates to around 140 pages of transcription.

IN RE MARRIAGE OF IONEL DUMITRASCU                    **APPENDIX  INDEX**
                        PAGE 4 OF 4

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY
STATE OF OKLAHOMA**

IN RE THE MARRIAGE OF )
)
IONEL SAMUEL DUMITRASCU, )
          Petitioner, )
     and )   Case No. FD-2012-263
)
CHRISTINA MIRELA DUMITRASCU, )
          Respondent. )

**FILED**

SEP 2 0 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

### *DECREE OF DIVORCE AND DISSOLUTION OF MARRIAGE*

    **NOW** on this 20th day of September, 2013, this matter regularly came on for hearing. The Petitioner appeared in person and with counsel Bobby C. Ramsey. The Respondent appears not although duly notified of such hearing. The Court heard the argument of counsel and being fully advised in the premises, the Court found, ordered, adjudged and decreed as follows:

    1.   The Petitioner has provided to the Respondent and the minor children airline tickets and a sufficient amount of money for travel from Ecuador to the United States to appear before this Court on two (2) separate occasions and as ordered by this Court to return to the United States. That the Respondent has wholly failed and refused to return to the jurisdiction of this Court with the minor children.

    2.   Petitioner and Respondent were lawfully married on June 24, 2005, in Lugoj, Romania, and have ever since been husband and wife. The parties are the parents of the following minor children, to wit: David Noah Dumitrascu, born June 8, 2010, in Delaware County, Oklahoma; and Jonathan Timothy Dumitrascu, born December 9, 2011, in Delaware County, Oklahoma. The parties have no other minor children and Respondent is not pregnant.

    2.   Both parties were bona fide residents of this state for more than six consecutive months prior to the filing of this action. The Court has subject matter jurisdiction concerning this action and venue is proper in this county.

    3.   Under all applicable state and federal law, including Uniform Child Custody Jurisdiction and Enforcement Act, 43 O.S. §551-101 et seq., and Oklahoma's Uniform Interstate Family Support Act, §43 O.S. §601-100 et seq., and the federal Parental Kidnapping Prevention Act, 28 U.S.C. §1738A, and Oklahoma's Uniform Interstate Family Support Act, 43 O.S. §601-100 et seq., this Court has and should exercise jurisdiction to enter initial child custody, visitation and support decrees under said state and federal law and enter orders concerning the same as are more specifically hereinafter set forth. More particularly:

    A.   At the commencement of this action, Oklahoma was the "home state" of each said minor child as that term is defined by said statutes and it has since remained and is now their home state.

B.   It is in the best interest of the minor children that this state assume jurisdiction because the children and their parents, the parties hereto, have significant connections with this state, and there is available in this state substantial evidence concerning the children's present and future care, protection, training and personal relationships and the children are physically present in this state.

C.   Other than the parties hereto, no other person has or claims to have custody or visitation rights concerning the minor children. Other than this action, no prior actions have been filed in this or in any other state concerning the custody, visitation or support of the minor children and no party hereto has participated in any such litigation as a party, witness or in any other capacity. The children are not of Native American ancestry and neither Oklahoma's Indian Child Welfare Act, 10 O.S. §40 et seq., nor the federal nor the federal Indian Child Welfare Act, 25 U.S.C. §1901 et seq., apply to this proceeding. The Court has jurisdiction over all necessary parties concerning the issues of child custody, support and visitation.

D.   The Court should exercise its jurisdiction to enter initial child custody, visitation and support decrees concerning the minor children.

4.   The parties' marriage should be dissolved and a divorce should be awarded to Petitioner for the following cause: abandonment for one year by Respondent.

5.   Custody of the said minor children should be awarded to the Petitioner and Respondent should be awarded supervised visitation with them which is more particularly described as follows: supervised visitation with the minor children in the United States with a Court approved supervisor. Further, that the Sheriff of Delaware County, Oklahoma, and any and all other peace officers or other governmental officials in and/or of this state  and any of its political subdivisions are commanded to immediately proceed to obtain the physical possession of said minor children from Cristina Mirela Dumitrascu, and/or from any other person having possession of the minor children, and to utilize all necessary force, including physical force and including forcible entry upon and into such premises as the minor children may be located, and to immediately deliver said children to the physical possession of the Petitioner, Ionel Samuel Dumitrascu.

6.   Each party should be entitled to telephone the children at all reasonable times and the children should be entitled to telephone their parents at any time. Each party should be entitled to participate in all birthday, school or extracurricular activities of the children and each party should keep the other informed of all such events on a regular basis. Each party should be equally entitled to access and have all medical, hospital, school and all other records of the children and neither party should inhibit or interfere with such access and, in the event that any doctor, hospital, teacher or other person does not freely grant such access, each party should take such action as is necessary to cause such access to occur. Each party should keep the other informed of all changes in his/her residence and work addresses and telephone numbers. Each party should affirm the other to the children and neither party should demean the other to the children or within their presence or hearing. Neither party should permit a person with whom he/she may be romantically involved, but to whom he/she is not married, to spend the night in his/her dwelling or other sleeping location while the children are present.

2

7.   The parties' Child Support Computation form has been completed, has been approved by the Court, is on file herein, and all of the information, findings and orders contained in said Child Support Computation form are hereby adopted and incorporated herein by reference.  As is more specifically set forth therein, for purposes of Oklahoma's Child Support Guidelines, 43 O.S. §§118 and 119, Petitioner's monthly gross income should be set at $3,000.00, which is 70.5% of combined parental income, and Respondent's monthly gross income should be set at $1,257.67, which is 29.5% of combined parental income.  Work related day care expense for the minor children does not presently exist.  Health insurance for the minor children does not presently exist.

8.   Respondent should pay Petitioner child support in accordance with Oklahoma's Child Support Guidelines, which is to say, Respondent should pay Petitioner base child support of $253.60 per month on the first day of each month beginning October 1, 2013,and continue on the same day each month thereafter, until the child(ren) reach(es) the age of eighteen years.  Provided, that if the last minor child residing with the custodian reaches the age of eighteen years and is still attending high school, child support shall continue until the age of twenty years, so long as the child is regularly enrolled in and attending high school, including other means of high school education or an alternative high school education program, or until the further order of the Court.

9.   Although no work related child care expense presently exists, in the event that such expense be incurred by a party in the future, each parent should pay his/her proportionate share thereof, which is to say, Petitioner's share is 70.5% and Respondent's share is 29.5% of such expense.  In the event that such expense be incurred by either party, that party should give to the other party documentation from the child care provider which shows the total monthly amount of such expense and, on the first day of each month, the other party should pay to the party incurring such expense his or her said share of such monthly expense until such time as further documentation is provided that the actual amount of such expense has changed, at which time the party not incurring such expense should pay to the other his or her said parental percentage thereof.

10.   Each party who incurs work related child care expense should have a duty to provide documentation from the child care providers of the actual monthly amount of any such expense, including any changes in the actual monthly amount of such expense.  Each party who incurs such expense should be accountable to the other party for any overpayments made by the party not incurring such expense.  The intent hereof is that each party pay his/her proportionate share of the actual child care expense, if any, and that neither party pay a disproportionate share thereof.

11.   All non-prescribed health care expense, such as over the counter medication and first-aid care in the home, should be paid by the parent providing the same.  All other reasonable and necessary medical, dental, orthodontic, optometrical, psychological or any other physical or mental health expenses of the children should be handled and paid in the following manner: All said health care expense should be submitted to all insurers as may exist.  After being notified of the action taken by such insurers, each party should pay the following portions of such expense which was not paid by insurance, including all co-payments and/or deductibles which may be applicable, to wit: Petitioner should pay 70.5% and Respondent should pay 29.5% thereof.  If one parent has overpaid his or her share of such expense, the other parent should reimburse that parent not later than thirty (30) days after presentation of documentation concerning the same.

3

12. In the event that a party does not satisfy his/her foregoing duties associated with the health care expenses of the children, that party may be liable to the other for any loss which may be occasioned by such failure, to be determined by the Court on motion of a party based upon all equitable and legal considerations.

13. The state and federal income tax dependent exemptions for the minor children should be awarded to Petitioner.

14. An immediate Order/Notice of income assignment for the payment of child support should be ordered at this time.

15. The parental relocation provisions of 43 O.S. §112.3 are applicable herein and compliance with the same should be ordered as is hereinafter set forth.

16. As his equitable division of the parties' marital assets, Petitioner should be awarded all the parties' right, title and/or interest in the following real and personal property, to wit: all personal property currently in his possession and the following described real property, to-wit:

The NE¼ of the SE¼ of the NE¼ of Section 16, Township 23 North, Range 22 East, Delaware County, Oklahoma, subject to an easement across the North 33 feet thereof.

17. As his equitable division of the parties' marital debts, Petitioner should be ordered to pay, and to indemnify and hold Respondent harmless from all claim, loss, demand and liability from, the following marital, debts, to wit: all indebtedness on the above-described real property and debts in the name of the Petitioner.

18. As her equitable division of the parties' marital estate, Respondent should be awarded all the parties' right, title and/or interest in the following property, to wit: all personal property currently in her possession.

19. As her equitable division of the parties' martial debts, Respondent should be ordered to pay, and to indemnify and hold Petitioner harmless from all claim, loss, demand and liability from, the following marital debts, to-wit: all debts in the name of the Respondent.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that:**

1. The parties are divorced and their marital relation is terminated and dissolved, which decree is final on this date. The parties are admonished to be in compliance with the law of this state prohibiting remarriage of the parties (except to each other) until six months pass from this date.

2. The Petitioner has provided to the Respondent and the minor children airline tickets and a sufficient amount of money for travel from Ecuador on two (2) separate occasions and as ordered by this Court to return to the United States. That the Respondent has wholly failed and refused to return to the jurisdiction of this Court with the minor children.

4

3. Custody of the said minor children is awarded to the Petitioner and Respondent is awarded supervised visitation with them which is more particularly described as follows: supervised visitation with the minor children in the United States with a Court approved supervisor. Further, that the Sheriff of Delaware County, Oklahoma, and any and all other peace officers or other **governmental officials in and/or of this state  and any of its political subdivisions are commanded to immediately proceed to obtain the physical possession of said minor children from Cristina Mirela Dumitrascu, and/or from any other person having possession of the minor children, and to utilize all necessary force, including physical force and including forcible entry upon and into such premises as the minor children may be located, and to immediately deliver said children to the physical possession of the Petitioner, Ionel Samuel Dumitrascu.**

4. Each party shall be entitled to telephone the children at all reasonable times and the children shall be entitled to telephone their parents at any time.  Each party shall be entitled to participate in all birthday, school or extracurricular activities of the children and each party shall keep the other informed of all such events on a regular basis.  Each party shall be equally entitled to access and have all medical, hospital, school and all other records of the children and neither party shall inhibit or interfere with such access and, in the event that any doctor, hospital, teacher or other person does not freely grant such access, each party shall take such action as is necessary to cause such access to occur.  Each party shall keep the other informed of all changes in his/her residence and work addresses and telephone numbers.  Each party shall affirm the other to the children and neither party shall demean the other to the children or within their presence or hearing.  Neither party shall permit a person with whom he/she may be romantically involved, but to whom he/she is not married, to spend the night in his/her dwelling or other sleeping location while the children are present.

5. Respondent is ordered to pay Petitioner base child support of $253.60 per month on the first day of each month beginning October 1, 2013, and continue on the same day each month thereafter, until the child(ren) reach(es) the age of eighteen years.  Provided, that if the last minor child residing with the custodian reaches the age of eighteen years and is still attending high school, child support shall continue until the age of twenty years, so long as the child is regularly enrolled in and attending high school, including other means of high school education or an alternative high school education program, or until the further order of the Court.

6. Although no work related child care expense presently exists, in the event that such expense be incurred by a party in the future, each parent is ordered to pay his/her proportionate share thereof, which is to say, Petitioner's share is 70.5% and Respondent's share is 29.5% of such expense.  In the event that such expense be incurred by either party, that party is ordered to give to the other party documentation from the child care provider which shows the total monthly amount of such expense and, on the first day of each month, the other party is ordered to pay to the party incurring such expense his or her said share of such monthly expense until such time as further documentation is provided that the actual amount of such expense has changed, at which time the party not incurring such expense is ordered to pay to the other his or her said parental percentage thereof.

5

7.   Each party who incurs work related child care expense is ordered to provide documentation from the child care providers of the actual monthly amount of any such expense, including any changes in the actual monthly amount of such expense. Each party who incurs such expense is accountable to the other party for any overpayments made by the party not incurring such expense. The intent hereof is that each party pay his/her proportionate share of the actual child care expense, if any, and that neither party pay a disproportionate share thereof.

8.   All non-prescribed health care expense, such as over the counter medication and first-aid care in the home, shall be paid by the parent providing the same. All other reasonable and necessary medical, dental, orthodontic, optometrical, psychological or any other physical or mental health expenses of the children is ordered to be handled and paid in the following manner: All said health care expense shall be submitted to all insurers as may exist. After being notified of the action taken by such insurers, each party shall pay the following portions of such expense which was not paid by insurance, including all co-payments and/or deductibles which may be applicable, to wit: Petitioner shall pay 70.5% and Respondent shall pay 29.5% thereof. If one parent has overpaid his or her share of such expense, the other parent shall reimburse that parent not later than thirty (30) days after presentation of documentation concerning the same.

9.   In the event that a party does not satisfy his/her foregoing duties associated with the health care expenses of the children, that party may be liable to the other for any loss which may be occasioned by such failure, to be determined by the Court on motion of a party based upon all equitable and legal considerations.

10.  The state and federal income tax dependent exemptions for the minor children are awarded to the Petitioner.

11.  In accordance with 43 O.S. §115, 12 O.S. §1171.J.2, and all other applicable statutory law, and immediate income assignment/wage withholding concerning payment of monthly child support is ordered. The same is more fully covered by the separate Order/Notice of Income Assignment issued contemporaneously herewith, to which reference is made for further particulars.

12.  If either party ("the relocating party") intends to move his or her primary residence or intends to move the primary residence of any minor child of the parties over seventy-five (75) miles for a period of sixty (60) days or more when such move is not a temporary absence from the child's principal residence:

    A.   The relocating party shall furnish the following information to the other party in accordance with the terms set out herein:

        (1)   the intended new address, including the specific address, if known;
        (2)   the new mailing address, if not the same;
        (3)   the home telephone number, if known;
        (4)   the date of the intended move or proposed relocation;
        (5)   a brief statement of the specific reasons for the proposed relocation of the child, if applicable; and

6

(6)   a proposal for a revised schedule of visitation with the child, if any.

B.   The relocating party shall give notice of the proposed relocation of any child or the proposed change of the party's residence address to the other party on or before the sixtieth (60th) day before the proposed change. If the relocating party did not know and could not have reasonably known of the change in sufficient time to provide a sixty-day notice, then such party shall give notice of the change on or before the tenth (10th) day after the date that he or she knows of the change.

C.   The obligation of a party to give the notices and to provide the information set out herein shall continue so long as that party is entitled to custody of, or visitation with, any child covered by this order.

D.   The failure of a party to give the notices and to provide the information set out herein may result in further litigation to enforce the order, including contempt of court.

E.   The failure of a party to notify of a relocation of any child may be taken into account in a modification of custody of, visitation with, possession of, or access to, the child. The Court may assess reasonable attorney fees and costs against a party who fails to give the required notice provided for herein.

F.   If a party who receives notice of the intent of the other party to relocate the residence of any child does not file, within thirty (30) days of receipt of such notice, a proceeding seeking a temporary or permanent order to prevent the relocation, the relocation is authorized and may occur without further notice.

13.   Petitioner is awarded all the parties' right, title and interest in and to the following real and personal property, to wit: all personal property currently in his possession and the following described real property, to-wit:

The NE¼ of the SE¼ of the NE¼ of Section 16, Township 23 North, Range 22 East, Delaware County, Oklahoma, subject to an easement across the North 33 feet thereof.

14.   Petitioner is ordered to pay, and to indemnify and hold Respondent harmless from all claim, loss, demand and liability from, the following marital debts, to wit:  all indebtedness on the above-described real property and debts in the name of the Petitioner.

15.   Respondent is awarded all the parties' right, title and interest in and to the following personal property, to wit:  all personal property currently in her possession.

16.   Respondent is ordered to pay, and to indemnify and hold Petitioner harmless from all claim, loss, demand and liability from, the following marital debts, to-wit: all debts in the name of the Respondent.

7

17.  As to each and all of the foregoing awards and orders pertaining to real and/or personal property, each party is ordered, on this date, to execute and deliver to the other all such good, sufficient and acknowledged documents of title, transfer and delivery as are necessary to accomplish and effectuate conveyance, transfer of title and delivery of each and all of the foregoing awards and orders of real and/or personal property to each respective party.  In the event that either party fails to do so, and on this date, this Decree of Divorce and Dissolution of Marriage shall fully operate as such execution, conveyance, transfer of title and delivery as to each and all of the foregoing orders and awards.

18.  Each party shall pay his/her own attorney fees, litigation expenses and costs.

Signed on September 20, 2013.

JUDGE OF THE DISTRICT COURT

**Approved For Entry:**

Bobby C. Ramsey   OBA #12954
**DAVIS & THOMPSON**
P. O. Box 487
Jay, Oklahoma 74346-0487
Telephone (918) 253-4298
Fax (918) 253-8110
Attorney for Petitioner

8

IN THE DISTRICT COURT OF DELAWARE COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| IONEL SAMUEL DUMITRASCU, | ) | **Dist. Ct. Case No.** FD-2012-263 |
| | ) | |
| Petitioner | ) | **OAH Case No.** |
| | ) | |
| vs. | ) | **FGN:** 000742931001 |
| | ) | |
| CRISTINA MIRELA DUMITRASCU, | ) | |
| | ) | |
| Respondent | ) | |

**CHILD SUPPORT COMPUTATION**

| | Calculation for number of children in this case | 2 | | | |
|---|---|---|---|---|---|
| | Obligor (person who pays) is (Enter "Father" or "Mother") | Mother | | | |
| **A** | **Base monthly obligation** | | **Father** | **Mother** | **Combined** |
| 1 | **Gross monthly income** All sources, except income specifically excluded by 43 O.S. Section 118B(B) | | $3,000.00 | $1,256.67 | $4,256.67 |
| | a. Amount of self-employment income included in Line 1 | | $0.00 | $0.00 | |
| | b. Deduction for self-employment tax Multiply Line 1a by 7.65% | | $0.00 | $0.00 | |
| 2 | **Total gross monthly income** Line 1 minus Line 1b | | $3,000.00 | $1,256.67 | |
| | a. Amount of SSA Title II benefits paid for the benefit of the children. Do NOT include SSI benefits. (Enter in the column for the disabled or retired parent.) | | $0.00 | $0.00 | |
| | b. Court ordered support alimony actually paid in a prior case | | $0.00 | $0.00 | |
| | c. Court ordered monthly adjustment for marital debt | | $0.00 | $0.00 | |
| | d. Court ordered monthly child support actually paid for out-of-home children | | $0.00 | $0.00 | |

OKDHS 07/01/2009          **03EN025E**          1 of 6

| | In-home Children Deduction Worksheet | | | | |
|---|---|---|---|---|---|
| | e. Number of qualified in-home children excluding children on this case | | 0 | 0 | |
| | f. Amount for qualified in-home children. Apply Line 2 for each parent to Child Support Guideline Schedule amount using the number of children in Line 2e, and multiply guideline amount by 75% | | $0.00 | $0.00 | |
| 3 | **Adjusted gross monthly income (AGI)** Amount in Line 2 plus 2a, minus Lines 2b, 2c, 2d, and 2f | | $3,000.00 | $1,256.67 | $4,256.67 |
| 4 | **Percentage share of income** AGI for each parent divided by the combined AGI | | 70.5% | 29.5% | 100% |
| 5 | **Base monthly obligation** Apply combined AGI to Child Support Guideline Schedule and put total in combined base monthly obligation.  Multiply the combined total by the percentage share of income for each parent. | | $605.40 | $253.60 | $859.00 |
| **B** | **Parenting time adjustment, if used** | | **Father** | **Mother** | **Combined** |
| 6 | **Number of overnights with each parent** If less than 121 for either parent, skip to C. | | 365 | 0 | 365 |
| | a. Percentage of overnights with each parent Number of overnights for each parent divided by 365 | | 100.0% | 0.0% | 100% |
| | b. Adjusted combined child support obligation Adjustment factor is based on the parent with the fewest overnights.  The result in the combined column is the combined monthly obligation in Line 5 multiplied by the adjustment factor. | | <=== **Adjustment Factor** less than 121 = no factor 121-131 = 2 132-143 = 1.75 144-183 = 1.5 | | |
| | c. Share of adjusted combined child support obligation Combined Line 6b multiplied by the percentage share of income in Line 4 | | | | |
| | d. Respective adjusted base child support obligation Amount for each parent in Line 6c multiplied by the percentage of the other parent in Line 6a | | | | |
| 7 | **Adjusted base monthly obligation** Line 6d larger amount minus Line 6d smaller amount and the result is for the parent with the positive amount. If the parent has more than 205 in Line 6, use $0 for that parent.  If either parent has less than 121 in Line 6, use the Line 5 amount for both parents. | | $0.00 | $253.60 | |
| **C** | **Obligor** (person who pays) is (Enter "Father" or "Mother") | Mother | | | |

| D | Work and education-related child care expenses | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 8 | **Monthly child care expenses for children in this case** Do not include any co-payments being paid by a parent receiving OKDHS child care subsidy. | $0.00 | $0.00 | $0.00 |
| 9 | **Child care expense percentage share of the total** Total child care expenses multiplied by percentage share of income for each parent Multiply Line 8 by Line 4 | $0.00 | $0.00 | |
| 10 | **OKDHS Child Care Subsidy Worksheet** a. Total children in each parent's household receiving child care subsidy | | | |
| | b. Number of children from Line 10a included in this order | | | |
| | c. Parent's actual gross monthly income less self-employment tax from Line 2 | | | |
| | d. Base monthly obligation of the obligor Enter Line 7 for obligor into obligee's column, $0 for the obligor indicated in Section C | $0.00 | $0.00 | |
| | e. Amount treated as OKDHS household income Line 10c plus Line 10d | | | |
| | f. Amount treated as each parent's family share co-payment from OKDHS Appendix C-4, page 2 Use Lines 10e & 10a | | | |
| | g. OKDHS child care co-payment amount Multiply Line 10f by Line 10b, and divide by Line 10a | $0.00 | $0.00 | |
| 11 | **Child care subsidy co-pay adjustment to child support obligation** Child care expense percentage share total Multiply total of Line 10g for both parents by Line 4 | $0.00 | $0.00 | |
| 12 | **Total child care adjustment to base monthly obligation** Line 9 plus Line 11, minus Line 8 and Line 10g (amount may be negative) | $0.00 | $0.00 | |

| E | Health insurance premium | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 13 | **Monthly health insurance premium costs** This premium represents the actual premium cost for any child(ren) in this case only.  Insurance Premium Worksheet is available if needed. **Use Cash Medical Support if any child is not covered by insurance.** | $0.00 | $0.00 | $0.00 |
| 14 | **Monthly health insurance share for each parent** Percentage share of income in Line 4 multiplied by total current insurance cost for all persons in Line 13 | $0.00 | $0.00 | |
| 15 | **Total premium cost adjustment to base monthly obligation** Line 14 minus Line 13  (amount may be negative) | $0.00 | $0.00 | |

| F | Other contributions, if agreed or ordered | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 16 | **Ongoing medical costs** Cash medical support for fixed periodic payments for ongoing medical costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted medical costs share Multiply total of Line 16 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing medical costs adjustment to base monthly obligation Line 16a minus Line 16  (amount may be negative) | $0.00 | $0.00 | |
| 17 | **Visitation transportation costs** | $0.00 | $0.00 | $0.00 |
| | a. Adjusted visitation costs share Multiply total of Line 17 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing visitation costs adjustment to base monthly obligation Line 17a minus Line 17  (amount may be negative) | $0.00 | $0.00 | |
| G | **Child Support obligation subtotal** | Father | Mother | |
| 18 | **Base monthly child support obligation less adjustments for child care and other contributions** Add obligor Line 7 to Lines 12, 15 and 17b if positive amounts. Subtract Lines 12, 15 or 17b if negative amounts. | $0.00 | $253.60 | |
| 19 | **SSA Title II benefits paid for the benefit of the child** Line 2a for obligor | | $0.00 | |
| 20 | **Total monthly child support obligation less any SSA Title II benefits paid for the benefit of the child** Line 18 minus Line 19  (amount may be negative) | $0.00 | $253.60 | |
| H | **Cash Medical Support** | Father | Mother | Combined |
| 21 | Enter number of children from Line 13 not covered by health insurance.  If none, skip to Line 26. | | | |
| 22 | Enter the Soonercare or other health care government assistance **applicant** for the child(ren) in this case.  Enter "Father", "Mother", or "other". | | | |

| | | | Father | Mother |
|---|---|---|---|---|
| 23 | **Cash medical amount for obligor**<br>If Line 21 is zero or the obligor is the person on Line 22, enter $0 in Line 25.  If Line 21 is greater than zero and the obligor is not the person on Line 22, refer to the Cash Medical Income Guidelines Table.  If the combined income is less than or equal to the amount on the table, enter $0.  If greater, multiply $115 by the number of children in Line 21.  Multiply the combined total by percentage shares from Line 4. | $0.00 | $0.00 | $0.00 |
| 24 | **5% of Gross Monthly Income for Obligor**<br>Line 2 multiplied by 0.05<br>This represents the maximum amount of total medical allowed. | | $62.83 | |
| 25 | **Cash medical support in lieu of insurance**<br>If Line 23 plus Line 15 is greater than Line 24, use Line 24 minus Line 15.  If Line 23 plus Line 15 is less than or equal to Line 24, enter Line 23.  Enter $0 if negative | $0.00 | $0.00 | |

| | **Current Monthly Support Obligation** | Father | Mother |
|---|---|---|---|
| 26 | **a. Child support portion**<br>If Line 16b is positive, Line 20 for obligor<br>If Line 16b is negative, reduce Line 20 by Line 16b<br>Enter $0 if negative | | $253.60 |
| | **b. Cash medical portion**<br>If Line 20 minus 16b is positive, Line 25 for obligor<br>If Line 20 minus 16b is negative, reduce Line 25 by Line 20 minus 16b.  Enter $0 if negative | | $0.00 |
| | **c. Ongoing medical costs portion**<br>If Line 20 is positive, Line 16b for obligor<br>If Line 20 is negative, reduce 16b by Line 20<br>Enter $0 if negative | | $0.00 |
| 27 | **Total obligation to be paid by the obligor**<br>Line 26a plus Line 26b plus 26c | | $253.60 |

_____ shall begin payments on _____ and continue on the same date of each month until further order of the court.

X    Guidelines were followed.

_____    Deviation from child support guidelines by Court-Specific findings of Court supporting each deviation:

_____

_____

_____

Dated: _September 20, 2013_    _____

    JUDGE

**APPROVED AS TO FORM:**

_____

Father printed name

_____

Father signature

_____

Attorney for father printed name

_____  12954

Attorney for father signature and OBA Number

_____

Mother printed name

_____

Mother signature

_____

Attorney for mother printed name

_____

Attorney for mother signature & OBA Number

_____

Other Custodian printed name

_____

Other Custodian signature

_____

Attorney for Other Custodian printed name

_____

Attorney for Other Custodian signature and
OBA Number

_____

State's Attorney, OCSS printed name

_____

State's Attorney, OCSS signature and OBA Number  17298

In RE: MARRIAGE OF DUMITRASCU                    Case:  DF - 112283

US Central Authority
X-Mozilla-Status2: 00000000
X-Mozilla-Keys:
Return-path: <HoffPM@state.gov>
Envelope-to: afd@usaitalylaw.com
Delivery-date: Mon, 23 Sep 2013 13:05:34 -0600
Received: from usaital1 by box602.bluehost.com with local-bsmtp (Exim 4.80)
(envelope-from <HoffPM@state.gov>)
id 1VOBRk-0002DY-Ob
for afd@usaitalylaw.com; Mon, 23 Sep 2013 13:05:33 -0600
X-Spam-Checker-Version: SpamAssassin 3.3.1 (2010-03-16) on box602
Dear Mr. Di Stefano:

Thanks for explaining the circumstances. If I understand it now, the mother (your client) has
the children in Ecuador. The father petitioned for custody in Oklahoma. If the father were to
pursue return of the children from Ecuador via the Hague Convention, his Hague Convention
return action would be in Ecuador, not the U.S. He might begin the process by filing a Hague
application with the U.S. Central Authority,  which would then send the application to our
counterpart in Ecuador.
The fact that a court in the U.S. issued a custody order after the alleged wrongful
removal/retention would not be dispositive of actionable 'custody rights,' but the foreign
court could consider the reasons the U.S. court made its order. (see Art. 17). Nevertheless,
custody contestants such as your client may wish to appeal or set aside an adverse custody
ruling, be it on jurisdictional, due process, or substantive grounds, so that the court hearing
the foreign court hearing the Hague application doesn't give undue weight to the order when
it considers a petition for return under the Hague Convention.

My guess is that the Oklahoma district court to which you refer is a state court, since state
courts (not federal courts) exercise child custody jurisdiction and enter substantive custody
determinations. The court that made the order, or the appellate court, would consider the
actions you have in mind to reverse the outcome. Federal and state courts have concurrent
jurisdiction to hear Hague return cases, but based on the scenario as I understand it, there is
no Hague case in the U.S.

Information about Ecuador's parental child abduction law is available at
http://travel.state.gov/abduction/country/country_6027.html
<http://travel.state.gov/abduction/country/country_6027.html> . The
country officer that monitors outgoing cases to Ecuador is Susanna
Gransee (granseesm@state.gov <mailto:granseesm@state.gov> ). If the
father files a Hague application with the State Department seeking
return of the children to him in the U.S., she would liaise with the
Central Authority in Ecuador about that case. Our office is impartial.

Brief in Chief – Exhibit "B"                              Page 1 of 2

In RE: MARRIAGE OF DUMITRASCU                    Case:  DF - 112283

Sincerely,

Patricia M. Hoff

Legal Assistance Coordinator

United States Department of State

Bureau of Consular Affairs

U.S. Central Authority for the Hague Convention on the Civil Aspects of
International Child Abduction

202-485-6124 [**NEW PHONE NUMBER]

hoffpm@state.gov <mailto:hoffpm@state.gov> ;
hagueconventionattorneynetwork@state.gov
<mailto:hagueconventionattorneynetwork@state.gov>=20

Symtech contractor

DISCLAIMER: The contents of this e-mail are confidential to the addressee(s) and are
intended solely for his/her/their exclusive use.If you are not an addressee, you may have
received this e-mail in error.
If so, please reply immediately to the sender and delete this message.Any disclosure,
copying, distribution or action taken in reliance on it is prohibited and may be unlawful. Any
opinions expressed in this e-mail are those of the author and do not necessarily reflect the
position of
the United States Government.

In accordance with E.O. 12958, this email is: SENSITIVE BUT UNCLASSIFIED

Brief in Chief – Exhibit "B"                                    Page 2 of  2

| | |
|---|---|
| **From:** | Cristina Dumitrascu <cristina13mama@yahoo.com> |
| **Sent time:** | 03/25/2013 07:59:23 AM |
| **To:** | Kimberly.Carter@okdhs.org; afiore1961@yahoo.com |
| **Subject:** | Hello |
| **Attachments:** | DSC04335.JPG    DSC04287.JPG |

hello Kimberly

This is a copy of the medical certificate and a photo of me and our babies.

DSC04335.JPG



DSC04287.JPG



**From:**      Laci R. Klinger <laci.klinger@laok.org>
**Sent time:**  07/07/2014 03:01:12 PM
**To:**        afd@lexsophia.com
**Subject:**   FW: Documentos
**Attachments:**  20130510113303480.pdf   20130510113320807.pdf   20130510113337709.pdf

---

**From:** Wynena Daugherty
**Sent:** Monday, July 07, 2014 2:40 PM
**To:** Laci R. Klinger
**Subject:** FW: Documentos

---

**From:** Cristina Dumitrascu [mailto:cristina13mama@yahoo.com]
**Sent:** Friday, May 10, 2013 11:55 AM
**To:** Wynena Daugherty; afiore1961@yahoo.com
**Subject:** Fw: Documentos

----- Forwarded Message -----
**From:** Nelly Tacuri <manucogina3028@hotmail.com>
**To:** "cristina13mama@yahoo.com" <cristina13mama@yahoo.com>
**Sent:** Friday, May 10, 2013 10:36 AM
**Subject:** Documentos

0017750

## EMERGENCIA (1)

| MSP | HOSPITAL PROV. GEN. "ISIDRO AYORA" LOJA | | | |
|---|---|---|---|---|
| **INSTITUCIÓN DEL SISTEMA** | **UNIDAD OPERATIVA** | **COD. UO** | **COD. LOCALIZACIÓN** | **NUMERO DE HISTORIA CLÍNICA** |
| | | PARROQUIA SUCRE | CANTÓN LOJA | PROVINCIA LOJA |

### 1 REGISTRO DE ADMISIÓN

Pasaporte.

| APELLIDO PATERNO | APELLIDO MATERNO | PRIMER NOMBRE | SEGUNDO NOMBRE | N° CÉDULA DE CIUDADANÍA |
|---|---|---|---|---|
| Dumitrascu | Mirela | Cristina | | 4940.16315. |

| DIRECCIÓN DE RESIDENCIA HABITUAL (CALLE Y N° - MANZANA Y CASA) | BARRIO | PARROQUIA | CANTÓN | PROVINCIA | ZONA (UR) | N° TELÉFONO |
|---|---|---|---|---|---|---|
| Hostal Toranja Vilcabamba Loja | | | Loja | UR | No posee. |

| FECHA NACIMIENTO | LUGAR DE NACIMIENTO | NACIONALIDAD (PAÍS) | GRUPO CULTURAL | EDAD EN AÑOS CUMPLIDOS | GÉNERO | ESTADO CIVIL | INSTRUCCIÓN ÚLTIMO AÑO APROBADO |
|---|---|---|---|---|---|---|---|
| 02/05/1980 | Rumania | Romena | Europeo. | 32 | M / F | SOL CAS DIV VIU U-L | Universitaria |

| FECHA DE ADMISIÓN | OCUPACIÓN | EMPRESA DONDE TRABAJA | TIPO DE SEGURO DE SALUD | REFERIDO DE: |
|---|---|---|---|---|
| 2012/09/21 | Ama de Casa | | NO. | |

| EN CASO NECESARIO AVISAR A: | PARENTESCO/AFINIDAD | DIRECCIÓN | N° TELÉFONO |
|---|---|---|---|
| Dumitrascu Jonel. | Esposo | Vilcabamba. | No Refiero |

| FORMA DE LLEGADA | | | FUENTE DE INFORMACIÓN | INSTITUCIÓN O PERSONA QUE ENTREGA AL PACIENTE | N° TELÉFONO |
|---|---|---|---|---|---|
| AMBULATORIO X | AMBULANCIA | OTRO TRANSPOR | Directa | | |

### 2 INICIO DE ATENCIÓN Y MOTIVO

| FECHA Y HORA DE... | TRAUMA | CAUSA CLÍNICA | CAUSA G. OBSTÉTRICA | CAUSA QUIRÚRGICA | GRUPO SANGUÍNEO Y FACTOR Rh |
|---|---|---|---|---|---|
| 2012/09/22 | | | | | |
| NOTIFICACIÓN A LA POLICIA | OTRO MOTIVO | | | | |

### 3 ACCIDENTE, VIOLENCIA, INTOXICACIÓN, ENVENENAMIENTO O QUEMADURA

| FECHA Y HORA DEL... | LUGAR DEL EVENTO | DIRECCIÓN DEL EVENTO | CUSTODIA POLICIAL |
|---|---|---|---|
| 2012/09/21 | Público. | Hostal Toranja. | |

| ACCIDENTE DE TRÁNSITO | CAÍDA | QUEMADURA | MORDEDURA | AHOGAMIENTO | CUERPO EXTRAÑO | APLASTAMIENTO | OTRO ACCIDENTE |
|---|---|---|---|---|---|---|---|
| VIOLENCIA X ARMA DE FUEGO | VIOLENCIA X ARMA C | VIOLENCIA X RIÑA | VIOLENCIA FAMILIAR X | ABUSO FÍSICO ✓ | ABUSO PSICOLÓGICO ✓ | ABUSO SEXUAL ✓ | OTRA VIOLENCIA |
| INTOXICACIÓN ALCOHÓLICA | INTOXICACIÓN ALIMENTARIA | INTOXICACIÓN X DROGAS | INHALACIÓN DE GASES | OTRA INTOXICACIÓN | ENVENENAMIENTO | PICADURA | ANAFILAXIA |

| OBSERVACIONES | | AGENTE ETÍLICO | VALOR ALCOCHECK |
|---|---|---|---|
| | | | |

### 4 ANTECEDENTES PERSONALES Y FAMILIARES

DESCRIBIR ABAJO, REGISTRANDO EL NÚMERO RESPECTIVO

| 1. ALÉRGICO | 2. CLÍNICO | 3. GINECOLÓGICO | 4. TRAUMATÓG. | 5. QUIRÚRGICO | 6. FARMACOLÓG. | 7. PSIQUIATRICO | 8. OTRO |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### 5 ENFERMEDAD ACTUAL Y REVISIÓN DE SISTEMAS

DESCRIBIR: CRONOLOGÍA - LOCALIZACIÓN - CARACTERÍSTICAS - INTENSIDAD FRECUENCIA - FACTORES AGRAVANTES

| VÍA AÉREA LIBRE | VÍA AÉREA OBSTRUIDA | CONDICIÓN ESTABLE | CONDICIÓN INESTABLE | |
|---|---|---|---|---|

Pcte. Refiere que hace aprox. 48 horas y tomando sin causa aparente discusión por la Esposo Jose le agrede física y verbalmente los puso de mano y palabras ofensivas motivo por el cual presenta dolor a nivel de diversas partes de su cuerpo, los traída a esta casa de Salud por personal de policía nacional.

## 6 SIGNOS VITALES, MEDICIONES Y VALORES

| PRESIÓN ARTERIAL | F. CARDIACA min | | RESPIRAT. min | TEMP. BUCAL °C | TEMP. AXILAR °C | | PESO Kg | TALLA m |
|---|---|---|---|---|---|---|---|---|
| 120 /70 | 80 | | 25 | | | | | |

| GLASGOW | OCULAR (4) | 4 | VERBAL (5) | 5 | MOTORA (6) | 6 | TOTAL (15) | 15 | REACCION PUPILA DER | REACCION PUPILA IZQ | T. LLENADO CAPILAR | SATURA. OXIGENO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

## 7 EXAMEN FISICO Y DIAGNOSTICO

MARCAR "SP" SI SE ENCUENTRA SIN PATOLOGIA, MARCAR "CP" SI SE ENCUENTRA CON PATOLOGIA REGISTRAR ABAJO EL NÚMERO Y LOS HALLAZGOS PATOLOGICOS

| 1. VIA AÉREA OBSTRUIDA | 3. CABEZA | 3. CUELLO | 4. TORAX | 5. ABDOMEN | 6. COLUMNA | 7. PELVIS | 8. EXTREMIDA |
|---|---|---|---|---|---|---|---|

Cabeza: dolor a la palpación a nivel de region temporal derecho ++/4 ojo
izquierdo: equimosis color morado a nivel de parpado superior e inferior
Miembro superior derecho dolor a nivel de muñeca ++/4

## 8 LOCALIZACION DE LESIONES

ESCRIBIR EL NÚMERO DE LA LESIÓN SOBRE LA REGIÓN CORRESPONDIENTE

| | |
|---|---|
| 1 | HERIDA PENETRANTE |
| 2 | HERIDA CORTANTE |
| 3 | FRACTURA EXPUESTA |
| 4 | FRACTURA CERRADA |
| 5 | CUERPO EXTRAÑO |
| 6 | HEMORRAGIA |
| 7 | MORDEDURA |
| 8 | PICADURA |
| 9 | EXCORIACIÓN |
| 10 | DEFORMIDAD O MASA |
| 11 | HEMATOMA |
| 12 | ERITEMA / INFLAMACION |
| 13 | LUXACION / ESGUINCE |
| 14 | QUEMADURA |
| 15 | |

## 9 EMERGENCIA OBSTÉTRICA

| GESTAS | PARTOS | ABORTOS | CESÁREAS |
|---|---|---|---|
| FECHA ULTIMA MENSTRUACIÓN | | SEMANA S | MOVIMIENTO FETAL |
| FRECUENCIA C. FETAL | MEMBRANAS ROTAS | | TIEMPO |
| ALTURA UTERINA | PRESENTA CION | | |
| DILATACIÓN | BORRAMIEN TO | | PLANO |
| PELVIS ÚTIL | SANGRADO VAGINAL | | CONTRACCION ES |

## # SOLICITUD DE EXÁMENES

REGISTRAR ABAJO COMENTARIOS Y RESULTADOS, ANOTANDO EL NÚMERO

| 1 BIOMETRIA | 3 QUÍMICA SANGUÍNEA | 5. GASOMETRIA | 7. ENDOSCOPIA | 9. R-X ABDOMEN | 11 TOMOGRAFIA | 13. ECOGRAFIA PÉLVICA | 15 INTERCONSULTA |
|---|---|---|---|---|---|---|---|
| 2 UROANALISIS | 4 ELECTROLITOS | 6. ELECTRO CARDIOGRAMA | 8. R-X TORAX | 10. R-X ÓSEA | 12. RESONANCIA | 14. ECOGRAFIA ABDOMEN | 16 OTROS |

## # DIAGNÓSTICO DE INGRESO

| | | PRE= PRESUNTIVO | CIE | PRE | DE F |
|---|---|---|---|---|---|
| 1 | Abuso Fisico por pareja | | T74. | | x |
| 2 | | | | | |
| 3 | | | | | |

## 12 DIAGNÓSTICO DE ALTA

| | | PRE= PRESUNTIVO | CIE | PR DE E F |
|---|---|---|---|---|
| 1 | Abuso Fisico por pareja | | T74 | x |
| 2 | | | | |
| 3 | | | | |

## # PLAN DE TRATAMIENTO

| INDICACIONES | | MEDICAMENTO | | |
|---|---|---|---|---|
| | | PRINCIPIO ACTIVO, CONCENTRACIÓN Y PRESENTACIÓN | | POSOLOGIA |
| 1) Reporse medica | 1 | Paracetamol tab 1g | | 1/12h x |
| 2) Llevar el caso a la A. Mujer | 2 | | | |
| 3) Psicoterapia de Apoyo | 3 | | | |
| | 4 | | | |

## # ALTA

| DOMICILIO | CONSULTA EXTERNA | OBSERVACIÓN | INTERNACI ON | REFERENCIA | EGRESA VIVO | EN CONDICION ESTABLE | EN CONDICIÓN INESTABLE | DÍAS DE INCAPACIDAD |
|---|---|---|---|---|---|---|---|---|
| SERVICIO DE REFERENCIA | | | ESTABLECIMIENTO | | MUERTO EN EMERGENCIA | CAUSA | | |
| | | | | | CÓDIGO | | | |

| FECHA 2012/09/04 | HORA | | NOMBRE DEL | | | | |
|---|---|---|---|---|---|---|---|

# FICHA ÚNICA DE REGISTRO DE VIOLENCIA INTRAFAMILIAR Y DE GÉNERO

PROVINCIA: _____ CANTÓN: _____ BARRIO: _____

INSTITUCIÓN: ARCIA - Cilla de Rosas Aguila C.if. _____ FECHA: 2012/09/24 NO. REGISTRO H. CLÍNICA: _____

## IDENTIFICACION DE LA PERSONA AGREDIDA:

APELLIDOS: Dimitraccu _____ NOMBRES: Mirela Cristina _____ C.I: 4940/6345 (Pasaporte)

EDAD: AÑOS. 32 MESES. _____ SEXO: MASCULINO [ ] FEMENINO [X] FN: 02/05/1980/ Romania

ESTADO CIVIL: SOLTERO/A [ ] CASADO/A [X] VIUDO/A [ ] DIVORCIADO [ ]

INSTRUCCIÓN: PRIMARIA [ ] AÑO. _____ SECUNDARIA [ ] AÑOS. _____ UNIVERSITARIA [X] AÑO. 4. NINGUNA [ ] OTROS Licencia de Estética Cosm. Europea

DIRECCIÓN DOMICILIO. V.Realembu b. hostel Toranja. _____ TELÉFONO _____

OCUPACIÓN: _____ Ama de casa. _____ DIRECCIÓN TRABAJO. No aplica.

## CARACTERÍSTICAS DE LA AGRESIÓN

TIPO DE AGRESIÓN: FÍSICA [X] SEXUAL [ ] PSICOLÓGICA [X] FRECUENCIA: PRIMERA [ ] SUBSECUENTE [X]

LUGAR: DOMICILIO [ ] TRABAJO [ ] PÚBLICO [X] CENTRO EDUCATIVO [ ] OTROS _____ Hostal Toranja.

FECHA: 2012/09/24. HORA: 16/00 ASOCIACIÓN CON: ALCOHOL [ ] DROGAS [ ] NINGUNO [X] OTROS _____

AGRESIÓN CON: CUERPO [X] ARMA BLANCA [ ] ARMA DE FUEGO [ ] OBJETO PESADO [ ] OTROS: _____

ESTADO DE CONCIENCIA: CONSCIENTE [X] DESORIENTADO [ ] INCONSCIENTE [ ]

## IDENTIFICACIÓN DE LA PERSONA AGRESORA

APELLIDOS: Dimitraccu _____ NOMBRES: Jorul Samuel _____ C.I: 4942/4852 _____

SEXO: MASCULINO [X] FEMENINO [ ] INSTRUCCIÓN: PRIMARIA [ ] SECUNDARIA AÑOS. _____ UNIVERSITARIA AÑO. 5. NINGUNA OTROS _____

DIRECCIÓN DOMICILIO. V.Realembu hostal Toranja. _____ TELÉFONO _____ No aplica.

OCUPACIÓN: Ninguno _____ DIRECCIÓN TRABAJO. No aplica.

RELACIÓN CON AGREDIDO/A: ESPOSO/A [X] MADRE [ ] PADRE [ ] HIJO/A [ ] OTROS _____

TRATAMIENTO: CLÍNICO [X] QUIRÚRGICO [ ] PSICOLÓGICO [X] OTROS _____ REFERIDO A: _____ Comisaría de la Mujer

AVISO MÉDICO LEGAL: SI [ ] NO [ ] OBSERVACIONES: _____

To the  Honorable Judge Barry V. Denny

*Associate District Judge of the District Court of Delaware County*

Delaware County Courthouse
P.O. Box 489
Jay, OK 74346

RE: DUMITRASCU, IONEL SAMUEL vs. DUMITRASCU, CHRISTINE

**Case Identifier** Delaware OK — FD-2012-00263

  **Type of Case**   Family and Domestic Proceedings

    **Date Filed**    10/25/2012

I am Christine Dumitrascu the respondent to an amended complaint filed in your courthouse
on March 13, 2013.  I have dismissed attorney James Evenson Jr. for ineffective assistance , failure to
represent my position and statements to the court, and actions and commitments to the court contrary to
my stated position and instructions. Until I find a new lawyer  I am representing myself as is my
constitutional right.

The filing of the amended complaint on March 13, 2013 was the first time  your court assumed
concurrent jurisdiction under Oklahoma, federal and international  laws that relate to the abduction and
retention of children. I sought the help of Legal Aid when the complaint came to my attention by pure
chance, notice having been  made by publication.

On  August 8th, 2013 I prepared an un-sworn declaration under penalty of perjury  as provided by
Oklahoma law,   stating  my position on the facts and my intent not to submit to  personal jurisdiction
by the Oklahoma court. This declaration was suppressed by Mr. Evenson as an inadmissible written
statement, as was my requests to the court that it address the issue of jurisdiction  before all else

Under  Oklahoma UCCJE Section  551-107 I requested in my declaration that the question of
jurisdiction must be properly reviewed under all applicable laws. The order of August 21, 2013  that
addresses jurisdiction was signed by  Mr. Evenson without consultation and without my authority and
is contrary to law and my stated position.  I did not submit to Oklahoma personal jurisdiction.  When
the amended complaint was filed my two infant boys had been away from Oklahoma for more than six
months, and Oklahoma could not have been their home-state. Given their young age of only months it
is doubtful that Oklahoma will be found to have been their habitual residence at any time after August
2012 when Mr. Dumitrascu and I  took them away from Oklahoma. And further whatever illegal
retention Mr. Dumitrascu wishes to establish occurred in Ecuador, and Ecuador may claim jurisdiction
under the appropriate laws. I ask that the court  reverse the  order of August 21, 2013 in the time
allowed by law.

By now your  court having denied me any kind of hearing short of obeying what I believe to be an
illegal and for me impossible order to return with the children, and lacking my presence , that of the
children, a number of witnesses and police investigators, which it cannot hope to gather in Jay
Oklahoma, should consider that it is an inconvenient place to consider the return of the children and
associated custody issues.

To the honorable Judge Barry V. Denny
From respondent: Christine Dumitrascu
Case: FD-2012-00263
Page 2 of 2

I do not deny the court's jurisdiction over the divorce, division of property and support issues, which it can  consider when possible.

Starting October 2012 this divorce lawsuit looks like an attempt to secure a divorce and custody decree without my knowledge or intervention . Mr. Dumitrascu has always known where I am in  the place where he left us. He has been to this date in constant touch with all my family and in email and phone contact with me. Yet he never mentioned the divorce until I discovered it by chance. There are companies that specialize in serving notice in Ecuador and there would have been no problem finding me in the small village of Vilcabamba.

By now I have reason to fear that my rights will not be properly protected by this court, and feel that I must consider a request that my case be reassigned  to another court.


Christine Dumitrascu


_____
Signed in: Vilcabamba, Ecuador

Date :

_____


I Cristina Mirela Dumitrascu appellant Pro Se declare under penalty of perjury under the laws of

Oklahoma, that I mailed the above letter shortly after I dismissed attorney James Evenson on

09/05/2013 , when I was unable to use the fax number provided by the judge.


Cristina Mirela Dumitrascu

Signed in Ecuador on 07/27/2014

The Honorable Judge Robert G. Haney

*District Judge of the District Court of Ottawa County*

Oklahoma Ottawa County Courthouse
102 E. Central, Suite 200
Miami, OK 74354

Your honour:

Regarding:

DUMITRASCU, IONEL SAMUEL vs. DUMITRASCU, CHRISTINE

**Case Identifier** Delaware OK — FD-2012-00263

**Type of Case** Family and Domestic Proceedings

**Date Filed** 10/25/2012

I am the respondent Christine Dumitrascu, a resident of Ecuador, South America since August 2012.
I am self represented. I dismissed the Legal Aid attorney in Jay when it became clear that he had little
interest to see justice done in my case, and was rather in the process of severely compromising my case
under Oklahoma, federal law and international law. This case is assigned to associate Judge Barry V.
Denny in Jay, OK

I attach a letter I faxed and mailed to Judge Denny, together with my declaration of August 8th , 2013
that was either suppressed by the Legal Aid attorney or rejected by Judge Denny.

From the time that I learned by chance in March 2013 that a divorce case was proceeding without my
knowledge I have experienced only threats from Judge Denny's court. I have been denied any hearing
from that court unless I am willing to uproot myself and my two baby boys to appear in his court. Both
court and lawyers either willfully or by ignorance seem bent on denying me any rights of process or of
law I have under Oklahoma, federal or international law that apply in the case.

My request to the court that the jurisdiction must first be resolved only led to an order on August 21,
2013 on which I was not consulted and that on its face is contrary to law and to the facts.

I respectfully request that the case be reassigned to a judge with better understanding of process in a
concurrent jurisdiction case.

I respectfully submit that with the respondent resident in Ecuador with the kids, with all witnesses to
the events that led my husband to leave Ecuador and the police investigation that followed located in
Ecuador, Jay Oklahoma is a very inconvenient location for issues beyond the divorce, property
divisions and support payments.

Christine Dumitrascu, respondent

_____

Signed at: Vilcabamba, Ecuador

Date:     _____

I Cristina Mirela Dumirascu,appellant Pro Se, declare under penalty of perjury under the laws of Oklahoma that the above letter together with the material to which it refers where mailed around September 5, 2013  to judge  Robert G. Haney,  whom I understood to be the senior judge and charged with assignment of cases in Delaware County; after I was denied any other faster method of delivery to his office.

Cristina Mirela Dumitrascu

Signed in Ecuador.

Date: 07/28/14

IN RE MARRIAGE OF IONEL SAMUEL DUMITRASCU          APPEAL NO DF-122283

**AFFIDAVIT OF CRISTINA MIRELA DUMITRASCU, APPELANT**
**(O.S. §12-72)(O.S.§12-426)**

I am Cristina Mirela Dumitrascu, the appellant in this case. I make this declaration on a matter that I

believe was intentionally excluded from the docket in case FD-2012-00263. In early September 2013

shortly after attorney Evenson filed his motion to withdraw from representation on 09/05/2013, I

telephoned the courthouse mainly to secure a fax number where to send a letter to Judge Barry

Denney . His secretary insisted I needed to have an attorney to proceed with the case and only relented

when I mentioned my 6th Amendment right to self-representation. Judge Barry Denney then came on

the line and told me that my only chance of winning at trial was to keep Mr. Evenson on as my lawyer.

He further stated that if Mr. Evenson filed another motion to allow participation by telephone he would

approve it. We concluded the conversation with an understanding on my part that the judge had

promised that Mr. Evenson would be there to represent me through the trial. I was in fact allowed to

listen in at the trial on the phone, but not to testify. Through the trial I held to the belief that Mr.

Evenson was present in the courtroom to look after our interest. It was after the trial that I learned

Judge Denney had approved Mr. Evenson 's withdrawal on 09/17/2013, two days before the trial. I

could not locate Mr. Evenson who is no longer with Legal Aid of OK, and cannot speak as to his

understanding of the matter.

I affirm the above declaration aware that I do so under oath and under penalty of perjury under the laws

of the state of Oklahoma

Signed in Ecuador 07/23/2014

Affidavit by appellant:                                              Page 1 of 1

IN RE MARRIAGE OF IONEL DUMITRASCU
OKLAHOMA SUPREME COURT CASE FD-122283

DELAWARE COUNTY CLERK RECORDS



IN RE MARRIAGE OF IONEL DUMITRASCU
OKLAHOMA SUPREME COURT CASE FD-122283

DELAWARE COUNTY CLERK RECORDS   PAGE 2





**FILED**

JUN 3 0 2014

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

**BARRY V. DENNEY**
**ASSOCIATE DISTRICT JUDGE**

Delaware County Courthouse
P.O. Box 489
Jay, Oklahoma 74346
Phone (918) 253-4329  Fax (918) 253-3330

*Greg Eustice, Court Reporter*
June 25, 2014

*Rachel Wogoman, Secretary-Bailiff*

Attorney Antonio F. Di Stefano
769 Center Blvd. #69
Fairfax, CA 94930-1764

Re: Dumitrascu  FD-12-263

Dear Mr. Di Stefano,

You are not clear what cost you are asking to be waived or allowed to be paid out. Other than the appeal filed by Ms. Dumitrascu, it does not appear that Ms. Dumitrascu has filed anything that would be set before this Court.

To be clear, this Court does not appoint attorneys in domestic cases unless a party is cited for contempt and unable to afford an attorney. Even then, that attorney is only representing the party regarding the contempt matter. Further, copies of transcripts of any previous proceedings must be obtained from my court reporter and he will have to be paid at the statutory rate before he prepares those.

Ms. Dumitrascu was previously represented by Legal Aid Services of Oklahoma. If she believes that she cannot afford an attorney, she may want to consider contacting them at (918)253-4980, as that is the only means of obtaining a low or no cost attorney that I am aware of in a domestic case.

Sincerely,

Barry V. Denney
Associate District Judge

BVD/rw

FD-12-26S

## FIORENTINO LAW OFFICE

769 Center Blvd #69
Fairfax, CA 94930-1764
Tel: 415-472-2519
Fax: 800-906-9250

Honorable Alicia Littlefield
Special Judge
Delaware County Courthouse
S Main St & S 5th St
Jay, OK 74346

*Case dismissed 05/21/14 on 2/27/13*

RE:   Case: FD-2013-00041
        Party in interest: **Cristina Mirela Dumitrascu**
        Petition for child support

This law office is assisting Cristina Mirela Dumitrascu with an appeal to the Oklahoma
Supreme Court on case DF-2012-00263. Case FD-2013-00041 was filed by OCSS on behalf
of the Dumitrascu children on 02/13/2013 and assigned to your court. The case was dis-
missed on 02/27/2013. The Oklahoma Supreme Court has requested that a Designation of
Record be filed so that the record of FD-2013-00041 is produced for its review. A Designa-
tion of Record request has been mailed to the Court Clerk. We attach a copy of the Pauper
Affidavit that Ms. Dumitrascu had notarized and she is mailing directly to your office.
She validly complains that this is the second time she took a 90 mile round trip to provide
notarization. The Jay courthouse continues to impose local rules for the form and delivery of
required documents inconsistent with the Oklahoma Supreme Court Rules and the procedural
requirement of the UCCJEA. Please respond to the Oklahoma Supreme Court's request for
this record.

Antonio F. Di Stefano
Attorney at Law
415-427-2519

ENC.: Notarized Pauper Affidavit

to   Honorable Allen Littlefield

RE  case FD 2013 - 000 41

Pampa Hubbard
Party in interest  Claude Eustace Quinteros
Petition for child support
Please complete the records

May 20 2014

D. Quinteros

IN THE DISTRICT COURT IN AND FOR THE COUNTY OF DELAWARE

STATE OF OKLAHOMA

Crisitina Mirela Dumitrascu ,
    Petitioner/Plaintiff.

and / vs.

Samuel Ionel Dumitrascu ,
    Respondent/Defendant.

Case No. FD-2013-0041

- Pauper's Affidavit -

Name Cristina Mirela Dumitrascu        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
Address c/o Antonio Di Stefano Attorney Pro Bono 769 Center Blvd #69 Fairfax CA 94930        Social Security No
         Street                    City            State        Zip

1  **Income** Are you employed? ☐ Yes ☒ No

   If yes, who do you work for

   Salary or rate per hour. $ _____        How long at this job? _____

   If you are not employed, what is your source of income and what is your gross monthly income.
   Source: Mother's savings and charity        Amount. $ 500 X month

2  Do you ☒ rent or ☐ own your residence? How much is your rent or mortgage payment $ 200 x month

   List the names of the persons living with you and their relationship to you.
   David Noah Dumitrascu              Son
   Jonathan Timothy Dumitrascu        Son

3  **Financial Resources** List the following items.
   a. Bank Accounts    NONE                              $ _____
                       Bank                              Balance
                                                         $ _____
                       Bank                              Balance
   b. Cash on Hand: $50
   c. Securities, Stocks, Bonds    NONE                  $ _____
                       Description                       Balance
   d. Are you due a tax refund? ☐ Yes ☒ No  If so, how much is the refund? $ _____
   e. Life Insurance Cash Value    NONE                  $ _____
                       Name of the Company               Value
   f. Does anyone owe you money? ☐ Yes ☒ No  If so, who and how much _____

   g. Do you have any pending lawsuits for the recovery of money? ☒ Yes ☐ No  If so, list:
      Oklahoma Supreme Court appeal DF-112283  Ionel Dumitrascu    N/A
      Court:           Case Number        Defendant        Amount Sued For
   h. If you own any of the following, state the value:
      Home      $ _____        Car/Truck  $ _____        Boat $ _____
      Jewelry   $ _____        Furniture  $ _____        Tools $ _____
      Appliances $ _____                    $ _____

4  **Expenses** What charge accounts do you have and debts do you owe?

   | Creditor | Balance | Monthly Payment |
   |---|---|---|
   | NONE | | |
   | Creditor | Balance | Monthly Payment |
   | Creditor | Balance | Monthly Payment |

Delaware District Court No: FD-2013-0041                    Dumitrascu v. Dumitrascu

What are your average monthly utility bills?

Electricity: $ 20                                   Phone: $ 20
Water/Trash: $ 10                                   Gas: $ 10

Have you transferred or sold any property since this case was filed?  ☐ Yes  ☒ No   If yes, describe the buyer the property transferred, the date the property was transferred and the amount you received?

5.   Do you have an attorney in this or any other pending civil or criminal case?  If so, what is the attorney's name and how much have you paid the attorney?

Antonio Di Stefano Pro bono attorney  paid nothing so far

7.   Do you have any friends and/or relatives who are able and willing to assist you in hiring an attorney and/or paying the costs of this case?  ☐ Yes  ☒ No   If the answer is yes, have those persons been asked for help?  ☐ Yes  ☐ No

I swear ( or affirm under penalty of perjury ) that I am without funds or other sources of income to pay an attorney and/or to pay the costs associated with this case.  I have READ and UNDERSTAND the above sworn statement and understand that if it is knowingly false, a charge of PERJURY could be filed against me.

                                              Cristina Mirela Dumitrascu

                                              ( Petitioner/Plaintiff )  ( Respondent/Defendant )

STATE OF _____
COUNTY OF  DELAWARE                        ss.

Subscribed and sworn to before me on _____  [date]

_____
My Commission Expires:                      Notary Public
_____

**ORDER RELATING TO COURT COSTS**

The Court finds there exists sufficient proof of indigence, and orders that the Affiant shall be allowed to proceed without payment of costs, which costs shall be:   ☐ Waived in full   ☐ Reconsidered at the next hearing   ☐ Assessed before the final order is entered.

                                              _____
                                              Judge of the District Court

**ORDER APPOINTING ATTORNEY FOR INDIGENT**

The Court finds there exists sufficient proof of the above-named party's indigence, and that an attorney should be appointed to represent said party.  The Court hereby appoints: _____

Next Hearing Details: _____

Dated: _____

                                              _____
                                              Judge of the District Court



Dr. _____ E.
NOTARIO _____

En la ciudad de Loja, República del Ecuador, el día de hoy veinte de mayo de dos mil catorce, a las nueve horas, ante mí Doctor Camilo Borrero Espinosa, Notario Público Cuarto del Cantón Loja, comparece la señora MIRELA CRISTINA DUMITRASCU, con el objeto de proceder a reconocer la firma, puesta en el documento que antecede. Al efecto, preguntado por mí el Notario si la firma donde se lee: "ILEGIBLE" es suya, manifiesta que sí, y que es la misma con la que acostumbra legalizar todos sus actos y documentos públicos y privados. Leída que le fue la **presente acta se afirma** y ratifica en lo dicho y firma **para constancia**, en unidad de acto y conmigo el Notario que doy fe.

MIRELA CRISTINA DUMITRASCU

494 016 315

Dr. Camilo Borrero E.
NOTARIO 4to. CANTON LOJA



Fiorentino Law Office
769 Center Blvd #69
Fairfax, CA 94930-1764

7013 3020 0001 3575 2bb7

CERTIFIED MAIL

743465959555

Honorable Alicia Littlefield
Special Judge
Delaware County Courthouse
S Main St & S 5ᵗʰ St
Jay, OK 74346

UNITED STATES
POSTAL SERVICE

1000

743465

U.S. POSTAGE PAID
FAIRFAX, CA
94930
MAY 21 '14
AMOUNT
$4.00
00066172-08

5 23 /4

OR THE COUNTY OF DELAWARE

AHOMA

)
)
)
)
)
)

Case No. _____ FD-2013-0041

- **Pauper's Affidavit** -

Social Security No. 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

769 Center Blvd #69  Fairfax CA 94930

State          Zip

How long at this job? _____

is your gross monthly income:
Amount   $  **500 X month**

ent or mortgage payment  $ **200 x month**

ip to you.

Son

Son

$ _____
Balance

$ _____
Balance

$ _____
Balance

uch is the refund?   $ _____

$ _____
Value

ho and how much:

ry? ☒ Yes ☐ No  If so, list.
12283  Ionel Dumitrascu    N/A

Defendant        Amount Sued For

ar/Truck  $ _____     Boat  $ _____
Furniture  $ _____     Tools  $ _____

$ _____

4.  **Expenses:**   What charge accounts do you have and debts do you owe?

| Creditor | NONE | Balance | Monthly Payment |
|----------|------|---------|-----------------|
| Creditor |      | Balance | Monthly Payment |
| Creditor |      | Balance | Monthly Payment |

IN THE DISTRICT COURT IN AND FOR THE COUNTY OF DELAWARE

STATE OF OKLAHOMA

Crisitina Mirela Dumitrascu
_____,    )
          Petitioner/Plaintiff.    )
                                   )          FD-2013-0041
and / vs.                          )    Case No. _____
                                   )
Samuel Ionel Dumitrascu            )          -  Pauper's Affidavit  -
_____,    )
          Respondent/Defendant.    )

Name:    Cristina Mirela Dumitrascu          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

Social Security No.
Address:  c/o Antonio Di Stefano Attorney Pro Bono 769 Center Blvd #69 Fairfax CA 94930
          Street                    City              State        Zip

1.   **Income**:  Are you employed? ☐ Yes ☒ No

     If yes, who do you work for: _____

     _____

     Salary or rate per hour. $ _____   How long at this job? _____

     If you are not employed, what is your source of income and what is your gross monthly income:
     Source: Mother's savings and charity          Amount: $ 500 X month

2.   Do you ☒ rent or ☐ own your residence? How much is your rent or mortgage payment $ 200 x month

     List the names of the persons living with you and their relationship to you.
     David Noah Dumitracu                     Son
     Jonathan Timothy Dumitrascu              Son

3.   **Financial Resources**.  List the following items:
     a.  Bank Accounts:  NONE
                         _____    $ _____
                         Bank                        Balance
                         _____    $ _____
                         Bank                        Balance
     b.  Cash on Hand:  $50
     c.  Securities, Stocks, Bonds:  NONE
                         _____    $ _____
                         Description                 Balance
     d.  Are you due a tax refund? ☐ Yes ☒ No  If so, how much is the refund?  $ _____
     e.  Life Insurance Cash Value:  NONE
                         _____    $ _____
                         Name of the Company         Value
     f.  Does anyone owe you money? ☐ Yes ☒ No  If so, who and how much:
                         _____
                         _____
     g.  Do you have any pending lawsuits for the recovery of money? ☒ Yes ☐ No  If so, list.
         Oklahoma Supreme Court  appeal DF-112283  Ionel Dumitrascu  N/A
         Court              Case Number          Defendant      Amount Sued For
     h.  If you own any of the following, state the value:
         Home      $ _____   Car/Truck  $ _____   Boat  $ _____
         Jewelry   $ _____   Furniture  $ _____   Tools $ _____
         Appliances $ _____              $ _____

4.   **Expenses**:   What charge accounts do you have and debts do you owe?

     | Creditor | NONE | Balance | Monthly Payment |
     |----------|------|---------|-----------------|
     | Creditor |      | Balance | Monthly Payment |
     | Creditor |      | Balance | Monthly Payment |
     | Creditor |      | Balance | Monthly Payment |

What are your average monthly utility bills?

Electricity:  $  20        Phone:  $  20

Water/Trash:  $  10        Gas:  $  10

5.        Have you transferred or sold any property since this case was filed? ☐ Yes ☒ No   If yes, describe the buyer, the property transferred, the date the property was transferred and the amount you received?

6.        Do you have an attorney in this or any other pending civil or criminal case?  If so, what is the attorney's name and how much have you paid the attorney?

Antonio Di Stefano Pro bono attorney   paid nothing so far

7.        Do you have any friends and/or relatives who are able and willing to assist you in hiring an attorney and/or paying the costs of this case? ☐ Yes ☒ No   If the answer is yes, have those persons been asked for help? ☐ Yes ☐ No

I swear ( or affirm under penalty of perjury ) that I am without funds or other sources of income to pay an attorney and/or to pay the costs associated with this case. I have READ and UNDERSTAND the above sworn statement and understand that if it is knowingly false, a charge of PERJURY could be filed against me.

Cristina Mirela Dumitrascu

( Petitioner/Plaintiff ) /  ( Respondent/Defendant )

STATE OF _____ )
COUNTY OF  DELAWARE _____ )  ss.

Subscribed and sworn to before me on _____ [date]

My Commission Expires:                                    Notary Public

_____

### ORDER RELATING TO COURT COSTS

The Court finds there exists sufficient proof of indigence, and orders that the Affiant shall be allowed to proceed without payment of costs, which costs shall be:  ☐ Waived in full    ☐ Reconsidered at the next hearing    ☐ Assessed before the final order is entered

_____
Judge of the District Court

### ORDER APPOINTING ATTORNEY FOR INDIGENT

The Court finds there exists sufficient proof of the above-named party's indigence, and that an attorney should be appointed to represent said party.  The Court hereby appoints: _____

Next Hearing Date/s: _____

Dated: _____

_____
Judge of the District Court



**BARRY V. DENNEY**
**ASSOCIATE DISTRICT JUDGE**
Delaware County Courthouse
P.O. Box 489
Jay, Oklahoma 74346
Phone (918) 253-4229 Fax (918) 253-1313

**CERTIFIED MAIL**

7014 0150 0001 2734 4410

Attorney Antonio F. Di Stefano
769 Center Blvd. #69
Fairfax, CA 94930-1764



$ 006.90°

5459305 1764 C021

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Atty Antonio F. Di Stefano
769 Center Blvd. #69
Fairfax, CA 94930-1764



**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Danny Fonerino_   □ Agent
                      ☑ Addressee
B. Received by (Printed Name)   C. Date of Delivery
Riccardo Fonerino     7-7-2014

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

Fix-12-363

3. Service Type
   ☑ Certified Mail®    □ Priority Mail Express™
   □ Registered         □ Return Receipt for Merchandise
   □ Insured Mail       □ Collect on Delivery
4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)
   7014 0150 0001 2734 4410

PS Form 3811, July 2013          Domestic Return Receipt

Tracking Number: **RR300898520EC**



## Product & Tracking Information

**Postal Product:**

**Features:**
Registered Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **June 10, 2014 , 10:18 am** | Delivered | **JAY, OK 74346** |

Your item was delivered at 10:18 am on June 10, 2014 in JAY, OK 74346

| | | |
|---|---|---|
| June 5, 2014 , 8:12 am | Available for Pickup | JAY, OK 74346 |
| June 5, 2014 , 7:46 am | Arrival at Unit | JAY, OK 74346 |
| June 4, 2014 , 9:00 pm | Depart USPS Sort Facility | TULSA, OK 74141 |
| June 4, 2014 , 5:44 pm | Processed through USPS Sort Facility | TULSA, OK 74141 |
| June 1, 2014 , 12:42 am | Depart USPS Sort Facility | OPA LOCKA, FL 33054 |
| May 31, 2014 , 8:11 pm | Processed through USPS Sort Facility | OPA LOCKA, FL 33054 |
| May 28, 2014 , 11:28 am | Processed Through Sort Facility | ISC MIAMI FL (USPS) |
| | Origin Post is Preparing Shipment | |

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

_____

IN RE THE MARRIAGE OF:          )
                                )
IONEL SAMUEL DUMITRASCU,        )
                                )
              Appellee,         )
                                )
v.                              )          No.  112,283
                                )
CRISTINA MIRELA DUMITRASCU,     )
                                )
              Appellant.        )

FILED
SUPREME COURT
STATE OF OKLAHOMA

SEP - 8 2014

MICHAEL S. RICHIE
CLERK

## ORDER

Appellant's "Petition for Writ of Mandate and/or Prohibition and Other

Appropriate Relief and Request for Immediate Stay" is denied.


DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE

THIS 8th DAY OF SEPTEMBER, 2014.


_____
Vice CHIEF JUSTICE


REIF, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR,
COMBS, and GURICH, JJ. - Concur

COLBERT, C.J. - Not Participating

# IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

| | | |
|---|---|---|
| CRISTINA MIRELA DUMITRASCU | ) | |
| Plaintiff/Appellant | ) | |
| v. | ) | Appeal No: DF-112283 |
| IONEL SAMUEL DUMITRASCU | ) | |
| Defendant/Appellee | ) | |

---

### PETITION FOR WRIT OF MANDATE AND/OR PROHIBITION AND OTHER APPROPRIATE RELIEF AND REQUEST FOR IMMEDIATE STAY

---

Appeal from The District Court of Delaware County, State of Oklahoma

Case No: FD-2012-00263

The Honorable Barry Denney, Associate District Judge

Family and Domestic Proceedings – Divorce

---

Cristina Mirela Dumitrascu, PRO SE APPELLANT

c/o  Antonio Di Stefano, Esq.

769 Center Blvd #69

Fairfax, CA 94930

(415)-472-2519


Bobby C. Ramsey, OBA #12954

DAVIS & THOMSPON

P. O. Box 487

Jay, Oklahoma 74346

(918) 253-8110

ATTORNEY FOR APPELLEE

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

# Table of Contents

A. Why an Immediate Stay Should Issue..................................................................................1

　　[1] The case presents an important constitutional question and other issue of first

　　impression calling for prompt resolution............................................................................1

　　[2] An immediate stay is also necessary for the motion to recuse the Chief Justice to

　　complete.................................................................................................................................2

B. Why Writ Relief Should be granted...................................................................................2

　　[1] Order date 06/19/2014: I submit the order to deflect the entire case to the Court Of

　　Appeals could be an error that will quickly generate jurisdictional problems for that Court .

　　................................................................................................................................................2

　　[2] Order date 07/21/2014: I submit the order entered in docket FD-2013-00041 that no

　　material  from that case would be part of the appeal is abuse of discretion...........................4

　　[3] Order date 07/21/2014:  I submit the above order of the reviewing justice halting

　　completion of record represents  error as it directly contradicts the 12/16/2013 order..........4

　　4] Order date 08/01/2014:  The order striking the Appendix represents abuse of discretion. 5

　　................................................................................................................................................5

Prayer.........................................................................................................................................6

PETITION FOR WRIT                               PAGE 1 OF 7

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

I am Cristina Mirela Dumitrascu, a self-represented appellant. In this petition under

Title 20 O.S. §30 I pray the Oklahoma Supreme Court to issue a Writ of Certiorari for

appropriate relief for the reasons that I state below.

## A. Why an Immediate Stay Should Issue

**[1] The case presents an important constitutional question and other issue of first**

**impression calling for prompt resolution.**

The total circumstances of the case on appeal could easily cause the Court of Appeals to be in

excess of jurisdiction, by any further step into the review.

**[2] An immediate stay is also necessary for the motion to recuse the Chief Justice to**
**complete.**

I have filed a motion to recuse the Chief Justice Tom Colbert, based on my doubt and suspicion

that he is neither partial nor neutral in the case and because of potential conflict of interest.

## B. Why Writ Relief Should be granted.

**[1] Order date 06/19/2014: I submit the order to deflect the entire case to the Court Of**

**Appeals could be an error that will quickly generate jurisdictional problems for that**

**Court .**

 Section VII-4 of the Oklahoma Constitution provides that:

   " the original jurisdiction of the Supreme Court extends to a general

PETITION FOR WRIT                         PAGE 2 OF 7

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

superintendent control over all inferior courts and all Agencies, Commissions and

Boards created by law".

Section VII-6: of the Oklahoma Constitution provides that

"Except with reference to the Senate sitting as a Court of

Impeachment and the Court on the Judiciary, general

administrative authority over all courts in this State, including

the temporary assignment of any judge to a court other than that

for which he was selected, is hereby vested in the Supreme Court

and shall be exercised by the Chief Justice in accordance with

its rules. The Supreme Court shall appoint an administrative

director and staff, who shall serve at its pleasure to assist the

Chief Justice in his administrative duties and to assist the

Court on the Judiciary."

My understanding is that the mentioned jurisdiction is not one that can be delegated by

the Court. Only the Supreme Court has administrative power and ability to inquiry and

investigate the function and the actions or omissions of district court personnel, district

judges and agencies such as DHS.

Further In Petusky v. Cannon, 1987 OK 74, 742 P.2d 1117 it is stated that:

"In the performance of clerk's ministerial functions, the court clerk is subject to
the control of the Supreme Court and the supervisory control that it has passed
down to the Administrative District Judge in the clerk's administrative district"

My case started without subject matter jurisdiction, and was carried on outside the bounds of any

procedures and any of the court rules for seven months, by a judge aware of the facts and the

law. Further I claim a conspiracy to achieve the goals of the divorce decree that included

PETITION FOR WRIT                              PAGE 3 OF 7

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

suppression of evidence and corruption of record,  that involves the judges of the district court,

court clerk staff and the DHS; as well as Legal Aid of Oklahoma.  A look at the dockets of the

cases concerned, the trial transcripts, and the decree itself should be enough to dispel any

suspicion the Court may have that all is simply in the imagination of the appellant.


I respectfully submit that the Court must carefully reconsider which if any of the issues can be

left to the Court of Appeals without constitutional error. While the Court may have reason not to

simply cancel the assignment  -  a writ for certiorari at this juncture, when  the Court of Appeals

has not decided any of the briefed issues, provides, should the Court vacate any of the completed

acts, an opportunity for the Court to retain the case to address the undecided matters; or the Court

may remand only what is clearly within the jurisdiction of the Court of Appeals.

**[2] Order date 07/21/2014: I submit the order entered in docket FD-2013-00041 that no
material  from that case would be part of the appeal is abuse of discretion.**

The reviewing justice decided a question of substance not previously determined by the

Oklahoma Supreme Court, as far as I have been able to learn. The justice reasons that the transfer

of  FD-2013-00041 under O.S §43-601-306, to the case on appeal, did not occur because its

pleading and documents are not to be found there. Due to that failure, the pleading and

documents cannot now be made part of any review within the appeal. The implication is that any

case for child support had to begin anew in the course of the trial, without benefit of the process

already carried out by DHS. The justice ignores O.S. §43-601-310, by which  DHS is required to

make all of its information and documentation on deprived children available to the handling

PETITION FOR WRIT                              PAGE 4 OF 7

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

tribunal. Nor does the justice explain why an administrative transfer imposed by law should cost

a complainant the loss of the process already completed. Nor does the decision conform with the

legislative intent in the UIFSA and other law for the protection of deprived children: that the

protection for deprived children, once assumed by DHS, should continue uninterrupted through

any administrative changes.

I submit this is an issue of first impression that should have been decided by proper appellate

judicial process.


**[3] Order date 07/21/2014:  I submit the above order of the reviewing justice halting
         completion of record represents  error as it directly contradicts the 12/16/2013 order.**

Seven months after an order to designate record for FD-2013-00041, and at a point where the

final requirement of a pauper affidavit had been in the district court for more than one month, the

reviewing justice issued a contradictory order to the effect that completion of record could not

occur. At the same time the justice ordered me in no uncertain term, he would hold me to the

deadline on the brief in chief 15 days hence; no matter that his order required that I make no

reference in my brief  to case FD-2013-00041.


I submit to the Court that only the order of 12/16/2013 could be correct, as in reliance upon it I

had completed performance of its requirement, and in equity the justice should be estopped from

entering a contradictory order. Additionally as I stated in my letter filed the same date, I believed

the law could not deprive me of process on child support I had already completed when DHS

PETITION FOR WRIT                              PAGE 5 OF 7

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

ceded priority to the district court.


**4] Order date 08/01/2014:  The order striking the Appendix represents abuse of discretion.**


I submit that a summary striking of an appendix at the discretion of one reviewing justice, without

regard of the nature of several separate documents contained in it,  is error and contrary to

practice and precedent.

The use of an appendix to the brief in chief is provided for by the Court Rules. Content such as

the divorce decree, and legal material such as the opinion from the Department of State on The

Hague Convention, intended to assist the Court on understanding that law, have been acceptable

in past practice. The appendix was stricken on the same date the brief in chief was filed; thereby

denying the other justices in the division the opportunity to arrive at their own evaluation of the

material,  based on the issues in front of them.


**Prayer**

I respectfully request that the Court grant me the relief requested and whatever further relief may

be just and proper.

Respectfully submitted:


PETITION FOR WRIT                               PAGE 6 OF 7

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

Cristina Mirela Dumitrascu, Appellant Pro Se.

PETITION FOR WRIT                               PAGE 7 OF 7

## IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

IN RE THE MARRIAGE OF: )
)
IONEL SAMUEL DUMITRASCU, )
)
    Appellee, )
)
v. )    No. 112,283
)
CRISTINA MIRELA DUMITRASCU, )
)
    Appellant. )

FILED
SUPREME COURT
STATE OF OKLAHOMA

JUN 23 2014

MICHAEL S. RICHIE
CLERK

### ORDER

Appellee's motion to dismiss this appeal is denied. All of the critical filings in this case have been signed by the appellant *pro se*, and the non-licensed attorney has not entered an appearance in this appeal.

Appellant's motion seeking temporary orders regarding support are denied. Such motions should be addressed to the trial judge. Rule 1.37(a)(5) of the Oklahoma Supreme Court Rules.

This appeal shall proceed.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 23rd DAY OF JUNE, 2014.

                                        CHIEF JUSTICE

ALL JUSTICES CONCUR.

In RE: Marriage of Dumitrascu                Supreme Court Case No: DF- 112283

## IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

CRISTINA MIRELA DUMITRASCU            )

    Plaintiff/Appellant                    )    Supreme Court case:
                                           )    DF - 112283

vs                                          )    District Court  case:

IONEL SAMUEL DUMITRASCU                )    FD-2012-00263

    Defendant/Appellee                     )    Judge Barry Denny

### RESPONSE IN OPPOSITION TO BOTH MOTION TO DISMISS AND MOTION TO ENJOIN UNAUTHORIZED PRACTICE OF LAW

I, Cristina Mirela Dumitrascu appellant pro se, respond in opposition to appellee's motions.

The substance of this appeal is the vindication of civil rights that the United States

Constitution grants this pro se appellant and her children. The Oklahoma Supreme Court

must focus upon the substance of our claims and not upon a feigned concern by attorney

Bobby Ramsey for the monopolistic privileges of the Oklahoma Bar Association. Attorney

Antonio Di Stefano is not a party in this appeal and has never filed as attorney of record or

verified pleadings. I have provided all the information, read, corrected and approved my

signature on every document. Mr. Di Stefano is a retired lawyer still an active member in

good standing of the California Bar Association and admitted to the United States District

Court of the Northern District of California and to the United States Court of Appeals for the

Ninth Circuit. In the course of his travels in South America Mr. Di  Stefano assists pro bono

with issues  under The 1980 Hague Convention on the  Civil Aspects of International Child

Abduction, in coordination with or at the request of the Legal Assistance Coordinator  at the

U.S. Central Authority for the Hague Convention .., Bureau of Consular Affairs,  United

In RE: Marriage of Dumitrascu                    Supreme Court Case No:  DF-
112283

States Department of State. He is the only person who offered to assist me pro bono with

those federal laws as they are incorporated in Oklahoma's Uniform Child Custody

Jurisdiction And Enforcement Act. Because of the difficult communications  he offered to run

the correspondence through his office in Fairfax CA. If Mr. Ramsey has a problem with that

kind of assistance he should have the Oklahoma Bar take it up with the federal judiciary or

the US. Department of State.

These motions are another chapter in what I believe to be a successful conspiracy under **US**

**Code Title 42 Section 1985** to interfere with my civil rights and those of my children, and

ultimately secure an order that has left us poor in South America, and subject to arrest and

seizure if we ever return to the United States. Attorney Bobby Ramsey likely the primary

mover in that conspiracy now attempts by these motions to make the Oklahoma Supreme

Court complicit in action that would allow an unjust and illegal order, I believe devoid of any

subject matter or personal jurisdiction, to remain unchanged, until such time as I am able to

seek my remedies in federal court.

For Mr. Ramsey's information I include citations to the longstanding attention and care of the

United States Supreme Court to the protection of the right of pro se litigants to appeal the

violation of their civil rights.

### CASES ON PRO SE RIGHTS:

Davis v. Wechler, 263 U.S. 22, 24;
"Whatever springes the state may set for those who are endeavoring to assert rights
that the state confers, the assertion of federal rights, when plainly and reasonably
made, is not to be defeated under the name of local practice."

Brotherhood of Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1; v.

RESPONSE IN OPPOSITION TO MOTION TO DISMISS THE APPEAL
Page 2 of 5

In RE: Marriage of Dumitrascu                    Supreme Court Case No: DF- 112283

Wainwright, 372 U.S. 335;
"Litigants can be assisted by unlicensed laymen during judicial proceedings.
The right of members to consult with each other in a fraternal organization
necessarily includes the right to select a spokesman from their number who could be
expected to give the wisest counsel. That is the role played by the members who
carry out the legal aid program. And the right of the workers personally or through a
special department of their Brotherhood to advise concerning the need for legal
assistance -- and, most importantly, what lawyer a member could confidently rely on
-- is an inseparable part of this constitutionally guaranteed right to assist and advise
each other.

Virginia undoubtedly has broad powers to regulate the practice of law within its borders, but
we have had occasion in the past to recognize that in regulating the practice of law a State
cannot ignore the rights of individuals secured by the Constitution. For, as we said in
*NAACP v. Button, supra,* at 371 U. S. 429, "a State cannot foreclose the exercise of
constitutional rights by mere labels."


Elmore v. McCammon (1986) 640 F. Supp. 905

"... the right to file a lawsuit pro se is one of the most important rights under the
constitution and laws."

Federal Rules of Civil Procedures, Rule 17, 28 USCA "Next Friend"
A next friend is a person who represents someone who is unable to tend to his or her
own interest.

 Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox,  456 2nd 233
"The court below should have applied the rule of Ghadiali v. Delaware State Medical
Society, D.C.Del., , 790, and Allen v. Corsano, D.C.Del., , 170, that where a plaintiff
pleads pro se in a suit for the protection of civil rights the court should endeavor to
construe the plaintiff's pleading without regard for technicalities."


NAACP v. Button, 371 U.S. 415); United Mineworkers of America v. Gibbs, 383 U.S.
715; and Johnson v. Avery, 89 S. Ct. 747 (1969)

"Members of groups who are competent nonlawyers can assist other members of
the group achieve the goals of the group in court without being charged with
"unauthorized practice of law."


Sherar v. Cullen, 481 F. 2d 946 (1973)

"There can be no sanction or penalty imposed upon one because of his exercise of

RESPONSE IN OPPOSITION TO MOTION TO DISMISS THE APPEAL
Page 3 of 5

In RE: Marriage of Dumitrascu                         Supreme Court Case No:  DF-
112283

---

Constitutional Rights."

And looking further back:

Sims v. Aherns, 271 SW 720 (1925)

Pleadings of the Defendant SHALL NOT BE dismissed for lack of form or failure of process. All the
    pleadings are as any reasonable man/woman would understand, and:

> "And be it further enacted. That no summons, writ, declaration,
> return, process, judgment, or other proceedings in civil cases in
> any of the courts or the United States, shall be abated, arrested,
> quashed or reversed, for any defect or want of form, but the said
> courts respectively shall proceed and give judgment according as
> the right of the cause and matter in law shall appear unto them,
> without regarding any imperfections, defects or want of form in
> such writ, declaration, or other pleading, returns process,
> judgment, or course of proceeding whatsoever, except those only
> in cases of demurrer, which the party demurring shall specially sit
> down and express together with his demurrer as the cause
> thereof. And the said courts respectively shall and may, by virtue
> of this act, from time to time, amend all and every such
> imperfections, defects and wants of form, other than those only
> which the party demurring shall express as aforesaid, and may at
> any, time, permit either of the parties to amend any defect in the
> process of pleadings upon such conditions as the said courts
> respectively shall in their discretion, and by their rules prescribe
> (a)" ***Judiciary Act of September 24, 1789***, Section 342, FIRST
> CONGRESS, Sess. 1, ch. 20, 1789.

Respectfully submitted

Cristina Mirela Dumitrascu,
Plaintiff/Appellant

---

RESPONSE IN OPPOSITION TO MOTION TO DISMISS THE APPEAL
Page 4 of 5

In RE: Marriage of Dumitrascu              Supreme Court Case No:  DF- 112283

## CERTIFICATE OF SERVICE

I, Riccardo Fiorentino of the Fiorentino Law Office , hereby certify that a copy of the
foregoing motion  was mailed by first class mail, postage prepaid, this _____
day of May 2014 , to the following:

BOBBY C. RAMSEY
DAVIS & THOMPSON
P. O. BOX 487
JAY, OK 74346
PHONE 918-253-4298
Attorney for appellee Ionel S. Dumitrascu

Signature _____

RESPONSE IN OPPOSITION TO MOTION TO DISMISS THE APPEAL
Page 5 of 5

# DAVIS & THOMPSON
### ATTORNEYS AT LAW

GENE A DAVIS (1930-1987)
PHIL K. THOMPSON, INC.
BOBBY C. (Chris) RAMSEY, INC.
TOMMY R. DYER, JR.
WILLIAM C. (Bill) REPPART, JR., P.C.*
* ALSO ADMITTED TO PRACTICE IN KANSAS AND MISSOURI

314 South 5TH Street
P. O. Box 487
Jay, Oklahoma 74346-0487
(918) 253-4220
FAX: (918) 253-8110
www.lawyers.com/davisandthompson

April 24, 2014

Michael S. Richie, Clerk of Court
**OKLAHOMA SUPREME COURT**
Oklahoma Judicial Center
2100 North Lincoln Boulevard, Suite 4
Oklahoma City, Oklahoma 73105-4907

Re:   *Dumitrascu vs. Dumitrascu*, Case No. 1122873

Dear Mr. Richie:

Enclosed is an original and fifteen(15) copies of a *Motion to Dismiss and Motion to Enjoin Unauthorized Practice of Law* to be filed in the above-referenced matter. Upon filing the same, please return a file-stamped copy to my office in the enclosed self-addressed stamped envelope.

Your assistance in this matter is greatly appreciated.

Sincerely,

Bobby C. Ramsey

BCR:plb

c2:    Cristina Mirela D█████cu
       c/o Antonio █████ano, Attorney
       Limited █████pe Pro Bono Assistance
       █████nter Blvd #69
       █████rfax, CA 94930

## IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

CRISTINA MIRELA DUMITRASCU     )
)
     Appellant PRO SE,     )
)
VS                        )     Case No. 1122873
)
)
IONEL SAMUEL DUMITRASCU     )
)
     Appellee.          )
)

### MOTION TO DISMISS ACTION AND MOTION
### TO ENJOIN UNAUTHORIZED PRACTICE OF LAW

COMES NOW, the Appellee Ionel Samuel Dumitrascu and for his Motion to Dismiss Action

and Motion to Enjoin Unauthorized Practice of Law with alleges state as follows:

1.      That the Supreme Court has the inherent power to define and regulate the practice of

law and has the jurisdiction and authority in the exercise of sound judicial discretion

to promulgate rules to create, control, regulate and integrate the Bar of this State.  Oklahoma

Constitution Article 7 §1 and *In Re: Integration of State Bar of Oklahoma*, 185 Okla. 505 (October

1939).

2.      That a non Oklahoma licensed lawyer, Antonio Di Stefano, has filed pleadings in the

above-referenced case listing himself as follows: Antonio Di Stefano, Pro Bono Attorney, Limited

Scope Assistance, 769 Center Blvd #69, Fairfax CA 94930. He list an Ecuadorian telephone number

of 011-593-0968097692.  That all pleadings are verified by Antonio Di Stefano.

3.      That a review of the Oklahoma Bar Association roster does not reveal or show

Antonio Di Stefano as a licensed attorney in the State of Oklahoma.

1

4.     The undersigned attorney has not received any pleadings or documents indicating or showing that Antonia Di Stefano has been admitted to practice before the Supreme Court of Oklahoma Pro Hac Vica.

5.     The practice of law for the purposes of determining whether a non-lawyer can represent an individual on Appeal is rendition of services requiring knowledge and application of legal principals and technique to serve interest of another with their consent. *Massongill v. McDevitt*, 828 P.2d 438 (February 14, 1989).

6.     Pleadings filed and actions taken by non-lawyers on behalf of an individual are subject to be stricken and to be held to be nullity. *Aviation Maintenance Publishers, Inc. v. Capital Corporation*, 740 P.2d 940 (Wyoming 1987) and *Massongill, supra*.

WHEREFORE, premises considered Appelle request the Appeal in the above-styled matter be dismissed and stricken; and for such other and further relief as this Court may deem just and proper.

Bobby C. Ramsey, OBA #12954
**DAVIS & THOMPSON**
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918)253-4298
Fax (918)253-8110
ATTORNEY FOR APPELLEE

2

## CERTIFICATE OF MAILING TO ALL PARTIES

I certify that a true and correct copy of the Motion to Dismiss Action and Motion to Enjoin Unauthorized Practice of Law was mailed this 24ᵗʰ day of April, 2014, to:

Cristina Mirela Dumitrascu
c/o Antonio Di Stefano, Attorney
Limited Scope Pro Bono Assistance
769 Center Blvd #69
Fairfax, CA 94930

Bobby C. Ramsey

3

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cristina Mirela Dumitrascu,                    )
                                               )
                Appellant,                     )
                                               )
v.                                             )        No. 112,283
                                               )
Ionel Samuel Dumitrascu,                       )
                                               )
                Appellee.                      )
                                               )

FILED
SUPREME COURT
STATE OF OKLAHOMA

JUN 19 2014

MICHAEL S. RICHIE
CLERK

ORDER

Appellant's Motion to Retain is denied.


DONE BY ORDER OF THE SUPREME COURT this 19th day of June, 2014.


_____
CHIEF JUSTICE

In RE: Marriage of Dumitrascu          Supreme Court Case No: DF- 112283

## IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

| | |
|---|---|
| CRISTINA MIRELA DUMITRASCU | ) |
| Plaintiff/Appellant | ) Supreme Court No: DF - 112283 |
| vs | ) Delaware County District Court |
| IONEL SAMUEL DUMITRASCU | ) No: FD-2012-00263 |
| Defendant/Appellee | ) District Court Judge Barry Denny |

### MOTION TO RETAIN APPEAL IN SUPREME COURT
### (12 OS Section Rule 1.24 )

I, appellant Cristina Mirela Dumitrascu, ask the Supreme Court to exercise its discretion to retain

this appeal. In 12 months of this divorce in Delaware County Oklahoma, I learned that the

Supreme Court has non-delegable responsibility for administrating the state entire judicial

system, and has control over all inferior courts; that it establishes rules of operation for all other

courts in the state, and formulates the rules for practice of law. That it is also required to

establish rules for the education and training for judges and lawyers dealing with cases involving

children. I feel the Supreme Court is best able to look into the justice of this case. I reside in

Ecuador, 3000 miles from Jay OK , where I legally arrived  to settle with husband and children,

and where in the course of one month my children and I were abandoned without provision for

reasonable and necessary care. As a naturalized citizen of the United States I have since learned

that I have due process guarantees in the U.S. Constitution, including the right to be heard before

a fair and impartial tribunal and the right to confront those who testify against me at trial. I

understand these procedural rules protect our fundamental rights to liberty property, and life. I

know now the U.S. Government has agreements with foreign nations including Ecuador for

procedures to handle notice, discovery and testimony across borders, including the use of

Motion for Supreme Court to retain case                    Page 1 of 4

In RE: Marriage of Dumitrascu                    Supreme Court Case No: DF- 112283

electronic means to produce documents and testimony by email or fax. I learned that such rules

for quick and fair procedures are part of family law in Oklahoma. Yet they were absent for us in

Delaware County. By March 2013 I discovered by chance that my husband had filed for divorce

barely a month after returning to Oklahoma without notice to me. By misrepresentations to the

Court he arrived at a published order giving him all he wanted. Left with no money I was

assisted by Legal Aid of Oklahoma. I was left in shock and despair by my reception at District

Court . The Court quickly made clear to me , and my own Legal Aid lawyer confirmed, that I

had no chance whatsoever to present any evidence or testimony unless I walked into the

courthouse with my children in tow. Also made clear was that any other offer of testimony such

as an un-sworn declaration under penalty of perjury would be rejected as inadmissible hearsay; I

was told that happened with my declaration and that of a witness to my stay in Vilcabamba

Ecuador. Further both lawyers at Legal Aid explained that witnesses I identified in Ecuador

were useless unless willing to walk into the courthouse in Jay OK. That explained why Legal

Aid made no attempt to contact any of the witnesses I identified for them. Had I been aware then

of my rights, privileges and protections under constitutions and laws, federal, state and

international, I could imagine entering some nightmare back to a time when citizens were

expected to walk or carriage the 100 miles to the courthouse, there to wait patiently for the postal

mail coach to arrive, while hoping in the merciful mood of a judge. In spite of the fact that postal

mail from Vilcabamba Ecuador takes from 15 days to a month to reach the United States, the

two judges I addressed in the county were un-relenting in their refusal to speak to me by phone

or to have anything delivered to them by such electronic means as fax or email. Judge Barry

Denny only relented with a fax number a week before trial when I informed him I had no

lawyer. Today as my children and I remain mortified and abandoned first by my husband and

Motion for Supreme Court to retain case                              Page 2 of 4

In RE: Marriage of Dumitrascu                Supreme Court Case No:  DF- 112283

then by the State of Oklahoma , I am lucky to be able to ask the entire Supreme Court to see why

the process I actually experienced had nothing of the promise of those rights and protections I

learned about. I wonder too how many others did not get this chance! Perhaps there are laws

allowing a judge in Jay OK to rip adult and child away from a tenuous new home in a foreign

country on a one way trip to Jay OK, without regard to situation, ability and fears of the parties;

even while the law provides for alternatives. And possibly it was legal for a mother and two

citizen infants to find themselves stripped of all the protections promised in constitutions, laws

and procedures, and given one chance alone: to look straight into the eyes of a judge and hope to

move his mind, his conscience and his compassion -  and failing that to lose all their rights to

property, to parentage and to  support. If Delaware county lacks the resources and the procedures

for just and expedient process, or perhaps the knowledge or the will to offer them  -- there was

the choice to send the case to another court. All that ignored how could one justify exercising

such ultimate judgment? And if those protective rules and procedures are followed elsewhere in

Oklahoma, how to explain the unequal protection of laws in that county? I am told there is an

indication here of fundamental procedural error  that led to violation of fundamental civil rights?

While Delaware Courts may not have joined the modern process of electronic filing and

communications, its court dockets are published to the World. That is a also a problem when

what is published unjustly damages reputation and rights. People reading my docket can easily

conclude I am a bad wife who abducted her children and abandoned her husband. On the docket

I am accused of kidnapping my kids, while the court is otherwise deaf to anything I say.  Early

on letters were sent on my behalf to Oklahoma congressmen and senators, to the American

Consulate in Ecuador,  to lawyer associations in the U.S., trying to get help. Not one response

was received. It is not unreasonable to speculate that on checking my docket all or most of the

Motion for Supreme Court to retain case                        Page 3 of 4

In RE: Marriage of Dumitrascu                    Supreme Court Case No:  DF- 112283

addressees felt no moral obligation to help. After experiencing a total lack of care and concern

for our plight by two judges in Delaware County, I shall be excused for not trusting my appeal to

less than nine justices.  Above  all the Court could explain to me and the people of Delaware

County what regime of law do they live under that leads to such results.

Respectfully submitted:

Cristina Mirela Dumitrascu,
Plaintiff/Appellant


## CERTIFICATE OF SERVICE

I, Riccardo Fiorentino of the Fiorentino Law Office , hereby certify that a copy of the foregoing
motion  was mailed by first class mail, postage prepaid, this _____ day of April  2014 , to the
following


BOBBY C. RAMSEY
DAVIS & THOMPSON
P. O. BOX 487
JAY, OK 74346
PHONE 918-253-4298
Attorney for appellee Ionel S. Dumitrascu


Signature _____


Motion for Supreme Court to retain case                          Page 4 of 4

IN RE: MARRIAGE OF DUMITRASCU                    Case No: DF - 112283

Rule 1.301, Form No. 5

## IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

CRISTINA MIRELA DUMITRASCU            ) Supreme Court
                                      ) No:  DF - 112283

                Appellant PRO SE,
        VS

IONEL SAMUEL DUMITRASCU               )
                                      )

                Appellee__.


### PETITION IN ERROR

        PETITION IN ERROR
XXX    AMENDED OR SUPPLEMENTAL PETITION
_____  CROSS PETITION
_____  COUNTER-PETITION
        DATE FIRST PETITION IN ERROR FILED: _____

### I.TRIAL COURT HISTORY

COURT/TRIBUNAL: OKLAHOMA DISTRICT COURT
COUNTY: DELAWARE
CASE NO.:  FD-2012-263
JUDGE: ASSOCIATE JUDGE BARRY DENNY
NATURE OF CASE: DIVORCE
                        (e.g., Divorce, Personal Injury)


NAME OF PARTY OR PARTIES FILING THIS PETITION IN ERROR:

CRISTINA MIRELA DUMITRASCU PRO SE


THE APPEAL IS BROUGHT FROM: (Check one)
XXX   Judgment, Decree or Final order of District Court.


PETITION IN ERROR   Page 1 of 5 .

IN RE: MARRIAGE OF DUMITRASCU                    Case No: DF - 112283

_____ Appeal from order granting summary judgment or motion to dismiss where motion filed after October 1, 1993 (Accelerated procedure under Rule 1.36).
_____ Appeal from Revocation of Driver's License (Rule 1.21(b)).
_____ Final Order of Other Tribunal.
          (Specify Corporation Commission, Insurance Department,
          Tax Commission, Court of Tax Review, Banking Board or
          Banking Commissioner, etc. _____)
_____ Interlocutory Order Appealable by Right.
_____ Other _____

## II. TIMELINESS OF APPEAL

1.    Date judgment, decree or order appealed was filed:    **September 20th, 2013**
2.    If decision was taken under advisement, date judgment, decree or order was mailed to parties: **September 24, 2013**
3.    Does the judgment or order on appeal dispose of all claims by and against all parties? XXX Yes _____ No.

          If not, did district court direct entry of judgment in accordance with 12 O.S. § 994? _____ Yes _____ No.
          When was this done? _____

4.    If the judgment or order is not a final disposition, is it appealable because it is an Interlocutory Order Appealable by Right? _____ Yes _____ No.
5.    If none of the above applies, what is the specific *statutory* basis for determining the judgment or order is appealable? _____
6.    Were any post-trial motions filed?

| Type | Date Filed | Date Disposed |
|------|------------|---------------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

7.    This Petition is filed by:    ___ Delivery to Clerk, or
          XXX Mailing to Clerk by U.S. Certified Mail, Return
          Receipt Requested, on _____ (date)

## III. RELATED OR PRIOR APPEALS

List all prior appeals involving same parties or same trial court proceeding: _____

_____

PETITION IN ERROR   Page 2 of 5

IN RE: MARRIAGE OF DUMITRASCU                    Case No: DF - 112283

List all related appeals involving same issues:

_____

(Identify by Style, Appeal Number, Status, and Citation, if any. If none, so state.)

### IV. SETTLEMENT CONFERENCE

Is appellant willing to participate in an attempted settlement of the appeal by predecisional conference under Rule 1.250? _____ Yes XXX No

### V. RECORD ON APPEAL

------- A Transcript will be ordered.

_____ No Transcript will be ordered because no record was made and/or no transcript will be necessary for this appeal

A Narrative Statement will be filed

XXX_ Record is concurrently filed as required by Rule 1.34 (Driver's License Appeals, etc.) or Rule 1.36 (Summary judgments and motions to dismiss granted).

### VI. JUDGMENT, DECREE OR ORDER APPEALED -- EXHIBIT "A"

(Attach as Exhibit "A" to the Petition in Error a certified copy of the judgment, decree or order from which the appeal is taken. If a post-trial motion extending appeal time under Rule 1.22 was filed, a certified copy of the order disposing of the motion must be attached also.)

### VII. SUMMARY OF CASE -- EXHIBIT "B"

Attach as Exhibit "B" a brief summary of the case *not to exceed one 8 ½"x 11" double spaced page*.

### VIII. ISSUES TO BE RAISED ON APPEAL -- EXHIBIT "C"

Attach as Exhibit "C" the issues proposed to be raised.  Include each point of law alleged as error. Avoid general statements such as "Judgment not supported by law."

PETITION IN ERROR   Page 3 of 5

IN RE: MARRIAGE OF DUMITRASCU                    Case No: DF - 112283

## IX. NAME OF COUNSEL OR PARTY, IF PRO SE

Name: CRISTINA MIRELA DUMITRASCU PRO SE
OBA No.:
Firm:
Designated Case-Specific Email Address: [if applicable] CRISTINA13MAMA@YAHOO.COM
Secondary Email Address: [if applicable] AFD@LEXSOPHIA.COM
Address: c/o  Antonio Di Stefano, Pro Bono attorney
                Limited Scope Assistance
                769 Center Blvd #69
                Fairfax CA 94930
Telephone:  415-472-2519
Fax        : 800-906-9250

ATTORNEY FOR APPELLEE
Name: BOBBY C. RAMSEY
OBA No.: 12954
Firm: DAVID & THOMPSON
Designated Case-Specific Email Address: [if applicable]
Secondary Email Address: [if applicable]
Address: P. O. BOX 487, JAY OK 74346-0487
Telephone:  (918) 253-8110


DATE:  April 7, 2014

_____
Verified by (Signature of Attorney or Pro Se Party)

_____
Firm

CRISTINA13MAMA@YAHOO.COM          Designated Case-Specific Email Address *[if
                                  applicable]*

                                  _____
                                  Secondary Email Address *[if applicable]*
AFD@LEXSOPHIA.COM                 _____


PETITION IN ERROR   Page 4 of 5

IN RE: MARRIAGE OF DUMITRASCU                Case No: DF - 112283

---

c/o Antonio Di Stefano, Attorney
Limited Scope Pro Bono Assistance
769 Center Blvd #69
Fairfax, CA 94930

---

Telephone 415-472-2519

## X. CERTIFICATE OF MAILING TO ALL PARTIES AND COURT CLERK

I Riccardo Fiorentino of the Fiorentino Law Office hereby certify that a true and correct copy of the Amended Petition in Error was mailed this _____ day of April , 2014 by depositing it in the U.S. Mail, postage prepaid to:

BOBBY C. RAMSEY OBA #12954
DAVIS & THOMPSON
P. O. BOX 487
JAY, OK 74346
PHONE 918-253-4298
Attorney for Appelle Ionel Samuel Dumitrrascu

I further certify that a copy of the Amended Petition in Error was mailed to the Office of the Court Clerk of Delaware County on the

___ _____day of April , 2014.

Signature _____

Date _____

PETITION IN ERROR   Page 5 of 5

IN RE: MARRIAGE OF DUMITRASCU                                    04/07/14

Supreme Court Case Number:  DF - 112283

## EXHIBIT B

### SUMMARY OF CASE

In 2012 in a common and settled intent my husband and I decided to move to Ecuador to live there. We put our home up for auction; eventually left to be sold for us by the pastor of the Seventh Adventist Church in Jay OK; we sold the truck appellee used for employment and August 27, 2012 both parents and two children left Oklahoma. On September 20, 2013 I was repeatedly struck by appellee, requiring medical care and police intervention. Some days later I could not locate appellee. The next contact was a letter sent to my email address and to my sister Mihela in Canada, dated October 24, 2012.  The letter explained appellee returned to Oklahoma because he was scared by the police intervention; was convinced I was unfaithful when he saw me hug a local attorney who volunteered advice on medical and legal help. He had returned to Oklahoma, bought back his truck and getting back the home. He offered to forgive all if I returned to Oklahoma with the children. In phone contact with my parents in Romania and sister in Canada and email contact with me appellee said nothing to any of us about a divorce petition and restraining order he signed under oath on October 25, 2012. He left Ecuador without discussion providing no child support money except a $500 in December 203 and another $500 in April 2014. We had to depend on money from my parents and help from the local North American community. In March 2013 a Delaware county agency trying to secure child support, advised me appellee had already filed for divorce. By the time Legal Aid of OK appeared on my behalf the court seemed ready for judgment. The court would listen to my facts and requests only if I appeared in person with the two babies, on a one-way ticket to Oklahoma and $500 for living expenses. While in the process to get a better lawyer, the court proceeded to judgment on all issues with a decree that simply incorporates appellee's allegations and requests.

Cristina Mirela Dumitrascu, Appellant                                               04/01/14
Ionel Samuel Dumitrascu, Appellee
Case Number:  DF - 112283

### EXHIBIT "C"

I understand the Supreme Court of Oklahoma will review this case under the federal law and

Oklahoma law that is applicable. This case evolved without notice and without my knowledge.

When a Delaware County child support agency advised me divorce papers were already filed by

my husband, both petitions were served by publication, and an alias service of summons lapsed

without an answer, so that judgment as prayed for by my husband could be entered. I saw no

court documents, and knew even less about the hearings. At the trial I was allowed to listen in by

phone, but not to speak. The divorce decree is clear evidence that nothing I said was ever

considered by the Court. The decree is essentially what was published before I made an

appearance. The true victims of the Delaware county process  are two infant children, the older

barely 3 years and 4 months old, whose physical and moral welfare my husband claimed to be

eager to protect. My request that an attorney be assigned to protect their interests was ignored.

The Court's decision implies the children's best interest is with a father 20 years my senior, who

as a long distance truck driver must spend considerable time away from home - rather than in the

care of their mother. The entire process focused on providing a husband what he wanted: a

decree that left him with the entire family estate, and free of any family obligation past, present

and future . The Court simply ignored the needs of the children. A father that left them behind in

Ecuador September 2012 never to provide regular child or marital support, remains legally

entitled by decree to a monthly child support sum from whatever money I am able to beg and

borrow.

In RE: Marriage of Dumitrascu:        EXHIBIT "C"
                                               Page 1 of 7

Cristina Mirela Dumitrascu, Appellant                                04/01/14
Ionel Samuel Dumitrascu, Appellee
Case Number:  DF - 112283

## EXHIBIT "C"

I ask the Court:

[1]  Is it error to give any legal validity to the verified and sworn Petition for Dissolution filed October 25, 2012 when:

[a] on that date petitioner was not an actual state resident , in good faith, for six (6) months immediately preceding the filing of the petition having left the State of OK in August 2012 to reside permanently in Ecuador (O.S.§43-102) ;

[b] the petition was filed by falsely representing the entire family resided in Eucha OK from June 2010 to September 2012 - a perjury admitted in appellee's answer to the Petition in Error?


[2] Is it error to give any legal validity to the Temporary Restraining Order filed October 26, 2012 when:

[a] based on a petition that is a nullity;

[b] there is no proof on the record of  fair hearing nor any record that determined the State of Oklahoma to have subject matter jurisdiction;

[c] the order is premised on representation to the Court that the emergency is created by the mother abducting the children to Ecuador – which represents both a perjury and false accusation of felony kidnap  - as admitted in appellee's response to the Petition In Error?

---

In RE: Marriage of Dumitrascu:              EXHIBIT "C"
                                            Page 2 of 7

Cristina Mirela Dumitrascu, Appellant                           04/01/14
Ionel Samuel Dumitrascu, Appellee
Case Number:  DF - 112283

## EXHIBIT "C"

[3] is it error to give any legal validity to the service by publication of the original petition

for dissolution when:

    [a] the petition is a nullity;

    [b] the Attorney's Affidavit In Support of publication in declarations number 2 and

3  deny knowledge of respondent's whereabouts - a perjury admitted by appellee's answer

to the Petition in Error;

    [c] A document that I attached to the Petition in Error is an email letter by

petitioner Ionel Dumitrascu sent the day before the filings on October 24, 2012  to me and

my sister Mihela contrary to representations that I could not be found anywhere?


[4] Is it error to allow service of the amended petition of March 13, 2013 by Alias Service of

Summons by Publication when:

    [a] under O.S.§43-102  the amended petition was a nullity because on that date

petitioner was at least one week short on the required six months residence in the state of

Oklahoma;

    [b] on Feb 25, 2013 petitioner acknowledged notice of Delaware County FD-2013-

00041 filed by the OCSS for my children, and yet relied back to an affidavit in support of

publication that claimed he could not find me;

    [d] the Due Process Clause requires every method of service to provide notice

reasonably calculated, under all the circumstances, to apprise interested parties of the

In RE: Marriage of Dumitrascu:          EXHIBIT "C"
                                       Page 3 of 7

Cristina Mirela Dumitrascu, Appellant                                    04/01/14
Ionel Samuel Dumitrascu, Appellee
Case Number:  DF - 112283

## EXHIBIT "C"

pendency of the action and afford them an opportunity to present their objections?

[5] Is it fundamental error for the  District Court to conclude it had fundamental

jurisdiction in the case when:

    [a] the court had no res jurisdiction because petitioner had not established legal

residency in OK by the commencement of the petition;

    [b] the court had no subject matter jurisdiction because by March 13, 2013 the

children's home state was the state of Ecuador (§43-551-201);

    [c] the court had no personal jurisdiction because I lived in Ecuador having

permanently left Oklahoma on August 27,2012

    [d] there is no record of due process or fair hearing on a conclusion based

exclusively on false representations by petitioner regarding the domicile of the parties made

in both petitions;

[6] Was it error for the Oklahoma Child Support Services legal handling to dismiss and

reach settlement with respondent on Delaware County case FD-2013-0004 that represented

my appearance in District Court on February 13, 2013, and was filed to secure child

support for my children. And that was done without discussion and notice to me and

without considering the validity and allegations in case FD-2012-00263.

In RE: Marriage of Dumitrascu:              EXHIBIT "C"
                                            Page 4 of 7

Cristina Mirela Dumitrascu, Appellant                                    04/01/14
Ionel Samuel Dumitrascu, Appellee
Case Number:  DF - 112283

### EXHIBIT "C"

[7] Was it error for the court to refuse any fair hearing on any issues other than by my

personal appearance with the children on the security of a one-way ticket and $500 for

expenses, in a state where I have no family or friends,  and with an emergency order

authorizing government officers to seize my children whenever I was found?


 [8] Was it to ignore that Jay OK was an inconvenient forum when:

        [a] taking considering the elements of O.S. 43 Section 551-207; and

        [b] the only communication with the court was to be limited to personal appearance

and traditional postal mail.


[9] Is it error to deprive me of the constitutional right to defend myself and make my case,
at trial, as punishment for not obeying an order to appear in person with my children?

 [10] Is it error for the court to go beyond judgment for dissolution of the marriage  to
adjudicate custody, support and property division or other financial responsibilities of the
parties, when:

        [a] the court lacked subject matter jurisdiction;

        [a] jurisdiction rested exclusively on appellee's domicile;

        [b] the court lacked personal jurisdiction ;

        [c] Any custody determination was premature without a decision by Ecuador

to return the children to Oklahoma?


In RE: Marriage of Dumitrascu:          EXHIBIT "C"
                                         Page 5 of 7

Cristina Mirela Dumitrascu, Appellant          04/01/14
Ionel Samuel Dumitrascu, Appellee
Case Number: DF - 112283

## EXHIBIT "C"

[11] Is it error to deprive me of real property and the substantive mother's right to

the care and custody of infants without any fair hearing and without any

consideration of due process and of my substantive rights under the 14th

Amendment of the U.S. Constitution, and family rigths under Oklahoma law?


[12] Is it error and violation of the children's procedural and substantive rights

under the 14th Amendment of the U.S. Constitution, and under Oklahoma family

law, to order the deprivation of the love and care of their mother; and the denial of

their right to past-due, present and future paternal support , without due process

and without legal representation ; in a trial where the father alone was heard?


[13] Is it error to order that I, as the custodial parent, must pay child support

effective October 2013 , to a father that has not visited with the children, nor paid

regular child support since he left us September 2012; and who can show no

apparent likelihood of securing physical custody of the boys in the foreseeable

future?


I ask the Court to grant me relief for any other reason that justifies relief." [FRCP 60(b)(6)
[United States v. Alpine Land & Reservoir Co. (9th Cir. 1993) 984 F2d 1047, 1049;
Community Dental Services v. Tani (9th Cir. 2002) 282 F3d 1164, 1167]


In RE: Marriage of Dumitrascu:        EXHIBIT "C"
                                               Page 6 of 7

Cristina Mirela Dumitrascu, Appellant          04/01/14
Ionel Samuel Dumitrascu, Appellee
Case Number: DF - 112283

## EXHIBIT "C"

**Respectfully submitted**

Cristina Mirela Dumitrascu, Appellant

In RE: Marriage of Dumitrascu:       EXHIBIT "C"
                                        Page 7 of 7

Return to normal view · Wider · Narrower

## Case Information

# DUMITRASCU, IONEL SAMUEL vs. DUMITRASCU, CHRISTINE

## Offense or Cause

# DIVORCE

| | |
|---|---|
| *Case Identifier* | Delaware OK — FD-2012-00263 |
| *Type of Case* | Family and Domestic Proceedings |
| *Date Filed* | 10/25/2012 |
| *Amount Owed* | $0.00 (as of 09/28/2015 12:31pm) |

## Parties Involved

| | |
|---|---|
| **Plntf Atty.** | RAMSEY, BOBBY C. *of Jay OK* |
| **Attorney** | PRO SE |
| **Judge** | DENNEY, BARRY |
| **Plaintiff** | DUMITRASCU, IONEL SAMUEL |
| **Defendant** | DUMITRASCU, CHRISTINE |

## Case entries

| Date | Description | Amount |
|---|---|---|
| 10/25/2012 | FILE AND ENTER PETITION | $143.00 |
| | LAW LIBRARY ASSESSMENT | $6.00 |
| | DISPUTE MEDIATION ASSESSMENT | $2.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 7/1/04 | $25.00 |
| | LENGTHY TRIAL FUND FEE | $10.00 |
| | OK COURT APPOINTED SPECIAL ADVOCATES | $5.00 |
| | 10% OF CASA TO COURT CLERK REVOLVING FUND | $0.50 |
| | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | $2.00 |
| | 10% OF COJC TO COURT CLERK REVOLVING FUND | $0.20 |
| **Grand Total** | | **$193.70** |

•¨DUMITRASCU, IONEL SAMUEL vs. DUMITRAS...          http://www1.odcr.com/detail?court=021-&casek...

| Date | Description | Amount |
|------|-------------|--------|
| 10/25/2012 | CM: COMES ON FOR EMERGENCY TEMPORARY ORDER. ATTORNEY RAMSEY APPEARS WITH PETITIONER. COURT GRANTS EMERGENCY TEMPORARY ORDER. SET 11-2-12 FOR TEMPORARY ORDER | |
| | HEARING. | |
| 10/25/2012 | PETITIONER'S APPLICATION FOR TEMPORARY ORDER / | |
| | APPLICATION FOR TEMPORARY RESTRAINING ORDER | |
| 10/25/2012 | NOTICE OF PENDING ACTION | |
| 10/25/2012 | TEMPORARY RESTRAINING ORDER | |
| 11/02/2012 | CM: COMES ON FOR TEMPORARY ORDER. NO SERVICE ON RESPONDENT. TO BE PUBLISHED. SET 12-18-12 9AM DOMESTIC | |
| | DOCKET FOR TO/FINAL. | |
| 12/18/2012 | CM: COMES ON FOR TEMPORARY ORDER/FINAL. ATTORNEY, BOBBY RAMSEY, APPEARS FOR PETITIONER. OCSS A NECESSARY | |
| | PARTY. NO SERVICE ON RESPONDENT. TO RE-PUBLISH. | |
| 12/18/2012 | ATTORNEY'S AFFIDAVIT IN SUPPORT OF OBTAINING SERVICE BY | |
| | PUBLICATION | |
| 12/18/2012 | ORDER AUTHORIZING SERVICE BY PUBLICATION | |
| 12/18/2012 | SERVICE OF SUMMONS BY PUBLICATION NOTICE | |
| 01/14/2013 | PROOF OF PUBLICATION | |
| 03/13/2013 | AMENDED PETITION | |
| 03/14/2013 | ALIAS SERVICE OF SUMMONS BY PUBLICATION | |
| 04/09/2013 | PROOF OF PUBLICATION | |
| 04/16/2013 | CM: DEFENDANT CALLED, CHECKING ON COURT DATE, I ADVISED HER THERE WAS NO COURT DATE. SHE LEFT MESSAGE | |
| | NUMBER. SIGNED R. WAGOMAN. | |
| 05/07/2013 | ENTRY OF APPEARANCE - JAMES EVENSON FOR RESPONDENT | |
| 05/28/2013 | RESPONDENT'S ANSWER | |
| 05/31/2013 | ORDER SETTING HEARING - 6/25/13 AT 9AM | |
| 06/25/2013 | CM: TEMP. ORDER HEARING SPECIAL SET FOR 8-1-13 9AM TO NOON. PETITIONER TO PURCHASE FLIGHT TICKETS FOR RESPONDENT AND CHILDREN, TO BE HERE ON 8-30-13. | |
| | RESPONDENT TO APPEAR IN PERSON WITH CHILDREN. | |
| 07/23/2013 | CM: DEFENDANT PHONES COURT. JUDGE ADVISES DEFENDANT TO | |
| | CONTACT ATTORNEY. | |
| 07/23/2013 | CM: RESPONDENT CALLED FROM EQUADOR EXPLAINING THAT SHE WOULD NOT BE COMING TO TRIAL BECAUSE PETITIONER WOULD ONLY PROVIDE A ONE WAY, NOT ROUND TRIP TICKET AND THAT HE HAD BEEN CONTROLLING AND ABUSIVE DURING THE MARRIAGE AND THAT SHE BELIEVED SHE AND CHILDREN COULD NOT BE KEPT SAFE HERE. SHE ALSO SAID MR. DUMITRASCU HAD ABANDONED THEM. I ADVISED HER OF THE TRIAL DATE, THAT SHE WAS ORDERED TO BE HERE ALONG WITH CHILDREN FOR THAT DATE UPON PETITIONERS PROVIDING A PLANE TICKET FOR | |

**Grand Total**                                                      **$193.70**

| Date | Description | Amount |
|------|-------------|--------|
| | ALL TO BE HERE, THAT IF SHE FAILED TO FOLLOW THE ORDERS OF THE COURT THAT WARRANT COULD BE ISSUED FOR HER ARREST AND THAT SHE COULD BE CHARGED WITH KIDNAPPING. EVEN WITH THAT INFO, SHE SAID SHE WOULD NOT BE COMING. THE DISCUSSION WITH HER AND LOOKING AT COURT RECORD TO BE SURE OF DATES PROBABLY TOOK 10 MINUTES. ALL ENDED ABRUPTLY. SHE ONLY SAID SHE WOULD NOT BE COMING FOR | |
| | ABOVE REASONS. | |
| 07/26/2013 | CM: DEFENDANT PHONES COURT. JUDGE ADVISES DEFENDANT | |
| | TO SPEAK W/HER ATTORNEY. | |
| 07/30/2013 | RESPONDENT'S MOTION TO ALLOW TESTIMONY AND | |
| | PARTICIPATION BY TELEPHONE | |
| 07/31/2013 | CM: COMES ON FOR MOTION TO ALLOW DEFENDANT TO APPEAR VIA PHONE. ABOVE COUNSEL APPEARS. CLIENTS APPEARANCE WAIVED. RAMSEY OBJECTS TO MOTION. OVERRULED BY COURT. | |
| | MOTION TO BE HEARD 8/1/13 @ 9AM BEFORE TRIAL . | |
| 08/01/2013 | AMENDED CM: 6-25-13 TEMPORARY ORDER HEARING SPECIAL SET 8-1-13 9AM TO NOON. PETITIONER TO PURCHASE FLIGHT TICKETS FOR RESPONDENT AND CHILDREN, TO BE HERE ON | |
| | 7-30-13. RESPONDENT TO APPEAR IN PERSON WITH CHILDREN. | |
| 08/02/2013 | CM: 8-1-13 COMES ON FOR MOTION TO ALLOW DEFENDANT TO PARTICIAPATE VIA PHONE. COURT DENIES MOTION TO PARTICIPATE VIA PHONE. SET FOR 8-13-13 9AM DOMESTIC DOCKET FOR STATUS/TEMPORARY HEARING. PLAINTIFF TO PROVIDE TICKETS/CASH FOR DEFENDANT AND CHILDRENT TO | |
| | APPEAR BY 8-9-13. | |
| 08/21/2013 | ORDER | |
| 08/21/2013 | CM: SET FOR REVIEW ON 9-10-13 9AM ON DOMESTIC DOCKET | |
| | BY AGREEMENT OF COUNSEL. | |
| 09/05/2013 | MOTION TO WITHDRAW FOR RESPONDENT | |
| 09/10/2013 | CM: CASE SET 9/20/13 9AM DOMESTIC DOCKET | |
| 09/17/2013 | ORDER ALLOWING WITHDRAWAL | |
| 09/20/2013 | CM: COURT GRANTS DIVORCE | |
| 09/20/2013 | JE DECREE OF DIVORCE AND DISSOLUTION OF MARRIAGE | |
| 10/30/2013 | CERTIFICATE OF APPEAL | |
| 10/31/2013 | NOTICE OF FILING | |
| 10/31/2013 | RECIEVED 1 ORIGINAL AND 4 COPIES OF TRANSCRIPT OF PROCEEDINGS HELD ON 9-20-13, BEFORE JUDGE DENNEY FROM | |
| | GREG EUSTICE / GREG KEPT TO 2 COPIES | |
| 12/16/2013 | SUPREME COURT ORDER - APPELLANT IS REQUIRED TO FILE A DESIGNATION OF RECORD IN THE DISTRICT COURT IN ORDER | |
| | TO ENSURE TIMELY COMPLETION OF RECORD | |
| 01/13/2014 | APPELLANT'S RESPONSE TO APPELLEE'S PETITION IN ERROR | |

**Grand Total**                                                   **$193.70**

| Date | Description | Amount |
|------|-------------|--------|
| 02/03/2014 | SUPREME COURT ORDER | |
| 02/04/2014 | LETTER TO JUDGE DENNEY FROM ATTORNEY ANTONIO F. DI STEFANO | |
| 02/04/2014 | LETTER FROM JUDGE DENNEY TO ATTORNEY | |
| 02/10/2014 | LETTER FROM FIORENTINO LAW FIRM IN REGARDS TO FILING FEE FOR DESIGNATION OF RECORD | |
| 02/12/2014 | EMAILED PAUPER'S AFFIDAVIT TO ATTORNEY ANTONIO FIORENTINO DI STEFANO | |
| 02/26/2014 | PAUPER'S AFFIDAVIT - FEES WAIVED IN FULL (EMAILED COPY TO ATTORNEY) | |
| 03/14/2014 | DESIGNATION OF RECORD FOR APPEAL FROM DISTRICT COURT | |
| 03/14/2014 | CASE APPEAL INFORMATION | |
| 03/14/2014 | NOTICE OF COMPLETION W/CERTIFICATE OF MAILING | |
| 03/14/2014 | CERTIFICATION OF RECORD ON APPEAL, PAGES 1-70 | |
| 04/29/2014 | LETTER TO ATTORNEY MR. DI STEFANO FROM JUDGE DENNEY | |
| 04/30/2014 | CERTIFICATE OF MAILING #XXXXXXXXX TO FIORENTINO LAW OFFICE | |
| 05/01/2014 | AMENDED PETITION IN ERROR | |
| 05/08/2014 | RETURN RECEIPT #XXXXXXXXX SIGNED BY RICCARDO FIORENTINO ON 5/6/14 | |
| 06/30/2014 | LETTER TO ATTORNEY ANTONIO F. DI STEFANO FROM JUDGE DENNEY BY CERTIFIED MAIL | |
| 07/10/2014 | RETURN RECEIPT #XXXXXXXXX SIGNED BY RICCARDO FIORENTINO ON 7/7/14 | |
| 08/01/2014 | CERTIFICATE OF MAILING TO DELAWARE COURT CLERK AND TO PARTIES | |
| 08/01/2014 | APPENDIX TO APPELLANT BRIEF IN CHIEF | |
| 08/01/2014 | APPELLANT'S BRIEF IN CHIEF | |
| 08/11/2014 | PETITION FOR WRIT OF MANDATE AND/OR PROHIBITION AND OTHER APPROPRIATE RELIEF AND REQUEST FOR IMMEDIATE STAY | |
| 08/11/2014 | MOTION TO RECUSE | |
| 08/27/2014 | MOTION FOR APPEAL RELATED ATTORNEY'S FEE | |
| 10/14/2014 | APPELLANT'S REPLY BRIEF | |
| 10/15/2014 | REQUEST TO FORWARD APPEAL RECORDS. | |
| 10/15/2014 | $5.35 POSTAGE PAID TO MAIL RECORD TO APPEALS COURT | |
| 10/30/2014 | ORDER | |
| 03/03/2015 | AMENDED NOTICE OF COMPLETION OF RECORD ON APPEAL W/CERTIFICATE OF MAILING | |
| **Grand Total** | | **$193.70** |

| Date | Description | Amount |
|------|-------------|--------|
| 03/03/2015 | AMENDED CERTIFICATION OF RECORD ON APPEAL, PAGES 1-74 | |
| 03/03/2015 | MAILED AMENDED RECORD TO CLERK OF APPELLATE COURTS AS REQUESTED BY DANIEL MOORE THIS DATE. MC POSTAGE $2.24 | |
| 08/21/2015 | REQUEST FOR NOTICE OF LIS PENDENS | |
| 09/09/2015 | CM: CASE SET 11/6/15 9AM FOR DOMESTIC DOCKET FOR SCHEDULING CONFERENCE | |
| 09/24/2015 | ORDER FROM SUPREME COURT/ TRANSFERED TO COURT OF CRIMINAL APPEALS | |
| 09/18/2015 | ORDER NOTICE OF LIS PENDENS | |
| 09/18/2015 | PETITION FOR REHEARING | |
| **Grand Total** | | **$193.70** |

## Calendar events

| Date | Time | Description |
|------|------|-------------|
| 11/02/2012 | 9:00am | DOMESTIC DOCKET Completed : 11/02/2012 Code: X |
| 12/18/2012 | 9:00am | DOMESTIC DOCKET Completed : 12/18/2012 Code: X |
| 06/25/2013 | 9:00am | DOMESTIC DOCKET Completed : 06/25/2013 Code: X |
| 08/01/2013 | 9:00am | HEARING DATE Completed : 08/01/2013 Code: X |
| 08/13/2013 | 9:00am | DOMESTIC DOCKET Completed : 08/13/2013 Code: X |
| 09/10/2013 | 9:00am | DOMESTIC DOCKET Completed : 09/10/2013 Code: X |
| 09/20/2013 | 9:00am | DOMESTIC DOCKET Completed : 09/20/2013 Code: X |
| 09/20/2013 | | ST COURT ORDER |
| 11/06/2015 | 9:00am | DOMESTIC DOCKET |

## Receipts

| Date | Description | Amount |
|------|-------------|--------|
| 10/25/2012 | R7-211172 RAMSEY, BOBBY C. | $193.70 |
| **Grand Total** | | **$193.70** |

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

**FILED**

OCT 2 5 2012

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

| | |
|---|---|
| IN RE THE MARRIAGE OF | ) |
| | ) |
| IONEL SAMUEL DUMITRASCU, | ) |
| Petitioner, | ) Case No. FD-2012-265 |
| and | ) |
| | ) |
| CHRISTINE DUMITRASCU, | ) |
| Respondent. | ) |

### *PETITION*

COMES NOW Ionel Samuel Dumitrascu, Petitioner, and for his Petition he states as follows:

1.   Petitioner and Respondent were lawfully married in Lugoj, Oklahoma, on June 24, 2005. Their marital relation has existed since that time. The parties have two minor children, to wit: Jonathan Timothy Dumitrascu born December 9, 2011, in Delaware County, Oklahoma; and David Noah Dumitrascu born June 8, 2010, in Delaware County, Oklahoma. Respondent is not pregnant.

2.   Petitioner is entitled to dissolution of marriage/divorce from Respondent by reason of the incompatibility of the parties each to the other. Both parties have resided in Oklahoma for more than six consecutive months immediately preceding the filing hereof and this Court has dissolution of marriage/divorce subject matter jurisdiction herein. Both parties reside in this county and venue is proper herein.

3.   Jurisdiction is present in this Court to hear and determine all issues pertaining to the minor children of the parties and all such jurisdiction should be exercised herein. More particularly, Petitioner states that:

A.   Oklahoma is the "home state" of the parties' minor children and each of them as that phrase is defined by Oklahoma's Uniform Child Custody Jurisdiction and Enforcement Act, 43 O.S. §551-101 et seq., and by the federal Parental Kidnapping Prevention Act, 28 U.S.C. §1738A, and by Oklahoma's Uniform Interstate Family Support Act, 43 O.S. §601-101 et seq. Under said acts, Oklahoma and this Court has jurisdiction to hear and determine all issues pertaining to the custody, visitation and support of the minor children.

B.   Further, it is in the best interest of the parties' minor children that this Court assume custody, visitation and support jurisdiction under said acts because the children and these parties each have significant connections with this state and there is available in this state substantial evidence concerning the children's present and future care, protection, training and personal relationships. No other state has child custody, visitation and/or support jurisdiction. Each such category of jurisdiction should be exercised herein.

C.   No person other than the parties hereto has or claims to have any custody or visitation rights concerning the parties' children or any of them. Neither Oklahoma's Indian Child

Welfare Act, 10 O.S. §40.1 et seq., nor the federal Indian Child Welfare Act, 25 U.S.C. §1901 et seq., apply to this proceeding.  Other than this action, no other action has been filed in this or any other state in which the custody, visitation or support of the minor children has been at issue and Petitioner has not participated in any such other litigation as a party, witness or in any other capacity.

       D.   Since birth, the minor children have resided at the following locations and with the following persons: from June 2010 until September 2012 with both these parties at 37333 S 520 Road, Eucha, Oklahoma.

       4.   It is in the best interests of the mental, physical and moral welfare of the minor children that their custody be awarded to Petitioner.  Respondent should receive supervised visitation with the minor children.

       5.   For purposes of computing child support under the Child Support Guidelines, the parties earn or should be attributed approximate monthly gross incomes as follows: Respondent, $1,267.00; Petitioner, $2,000.00.  Child care expense does not exist.  Health insurance exists for the minor children and is paid by none and should continue to maintain the same.  Each party should be required to contribute to the support of the minor children as required by law.

       6.   Each party should be awarded and set aside all of his or her separate property and the same should not be accounted for or included in the Court's division of the parties' marital estate. All items of marital property and marital debt should be identified and valued and should be equitably divided between the parties according to law.

       WHEREFORE, Petitioner requests that he be granted a dissolution of marriage/divorce from Respondent; that he be granted all relief above set forth; and that Petitioner be granted all other ancillary and incidental relief to which he may be entitled as is warranted by the evidence and circumstances presented.

Bobby C. Ramsey (OBA #12954
**DAVIS & THOMPSON**
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918) 253-4298
Fax (918) 253-8110
Attorney for Petitioner

*VERIFICATION*

State of Oklahoma, County of Delaware, ss:

Ionel Samuel Dumitrascu, of lawful age and being first duly sworn upon oath, states: I am Ionel Samuel Dumitrascu, Petitioner above named.  I have read the foregoing instrument and state that all statements contained therein are true and correct.

x _____
Ionel Samuel Dumitrascu, Petitioner

Subscribed and sworn to before me on October 25, 2012, by Ionel Samuel Dumitrascu, Petitioner above named.

_____
Notary Public

My Commission Expires:

Commission # _____

Caroline M. Weaver, Court Clerk of Delaware County Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's office of Delaware County Oklahoma. This __7__ day of __Oct__ 20 __13__ By _____
Caroline M. Weaver
Deputy _____ Court Clerk

3

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

**FILED**

OCT 25 2012

CAROLINE K. WEAVER
DELAWARE CO. COURT CLERK

IN RE THE MARRIAGE OF              )
                                   )
IONEL SAMUEL DUMITRASCU,           )
                     Petitioner,   )    Case No. FD-2012-263
            and                    )
                                   )
CHRISTINE DUMITRASCU,              )
                     Respondent.   )

### *APPLICATION FOR TEMPORARY ORDER*
### *APPLICATION FOR TEMPORARY RESTRAINING ORDER*

COMES NOW Ionel Samuel Dumitrascu, Petitioner, and for his Application For Temporary Order and Application For Temporary Restraining Order he states as follows:

### *APPLICATION FOR TEMPORARY ORDER*

1.   Reference is made to Petitioner's Petition filed contemporaneously herewith. All allegations contained therein are adopted hereby and are incorporated herein by reference.

2.   **AUTOMATIC TEMPORARY INJUNCTION ORDERS.** Except as is noted below concerning removal of the parties' minor children from this state, the orders contained within the Automatic Temporary Injunction Notice herein should all remain in full force and effect, to wit: Both parties should continue to be restrained, enjoined and prohibited from:

   A.   Molesting or disturbing the peace of the other party or the children of the marriage.

   B.   Disrupting or withdrawing the children of this marriage from an educational facility, program, or day-care where the children historically have been enrolled.

   C.   Hiding or secreting the children of this marriage from the other party.

   D.   The Automatic Temporary Injunction Notice order which prohibited both parties from removing any children of this marriage beyond the jurisdiction of the State of Oklahoma, acting directly or in concert with others, except for vacations of two (2) weeks or less duration, without the prior written consent of the other party, which shall not be unreasonably withheld, should be modified as is hereinafter set forth.

   E.   Selling, mortgaging, encumbering, transferring, loaning, giving away, concealing or in any way disposing of, without the written consent of the other party or an order of the Court, any marital property, except:

      (1) in the usual course of operating a business;

(2)  for the purpose of retaining an attorney for the case; or

(3)  for the necessities of life.

Each party shall notify the other party of any proposed other expenditures, and shall account to the court for all such expenditures made after this injunction went into effect.

F.  Intentionally or knowingly damaging or destroying the tangible property of the parties, or either of them, including, but not limited to, any document that represents or embodies anything of value.

G.  Making a withdrawal for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account.

H.  Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on either party or their children.

I.  Changing or in any manner altering the beneficiary designation on any life insurance policies of either party or any policy of their children.

J.  Canceling, altering, or in any manner affecting any casualty, automobile, homeowners', or health insurance policies insuring the parties' property or persons.

K.  Opening or diverting mail addressed to the other party.

L.  Signing or endorsing the other party's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instruments payable to either party without the personal signature of the other party.

M.  Regarding insurance, both parties are ordered to maintain and keep in force all presently existing health, property, vehicle, homeowners', life and other insurance which you are presently carrying on any member of this family unit, or property or vehicle, and to cooperate as necessary in the filing and processing of claims. Any employer provided health insurance currently in existence shall remain in full force and effect for all family members.

3.  **ADDITIONAL TEMPORARY ORDERS REQUESTED.** In addition to the aforesaid Automatic Temporary Injunction Orders, Petitioner requests entry of the following temporary orders, to wit:

4.  Temporary custody of the said minor children should be awarded to Petitioner and Respondent should receive no visitation with them until further hearing be conducted herein. Upon such hearing being conducted, Respondent should receive supervised visitation with the children.

2

5.   Each party should be ordered not to remove the minor children from Oklahoma during the pendency of this action without the express written consent of the other party, and, in the event that a child is removed from this state without the express written consent of the other party or an order of this Court, the party so removing or authorizing the removal of a child from this state should be immediately deprived of all right to the physical possession of the child so removed and the other party should be immediately entitled to the physical possession of the child.

6.   Each party should be restrained and prohibited from involving the minor children in disputes between the parties in this litigation. Particularly, each party should be ordered not to speak negatively to, or within the hearing of, the minor children about the other party; each party should immediately notify the other of his/her changes of address and telephone numbers; each party should encourage the minor children's contact with the other party; and each party should insure all reasonable telephone communication between the minor children and the other parent while the minor children are in his/her physical possession. Neither party should ever prevent or interfere with the minor children from contacting the other parent.

7.   For purposes of computing child support under 43 O.S. §118 and §119, Respondent earns or should be attributed gross monthly income of $1,267.00 and Petitioner earns or should be attributed gross monthly income of $2,000.00. Respondent should be ordered to pay Petitioner child support in accordance with the Oklahoma Child Support Guidelines.

8.   Each party should be restrained and prohibited from disposing of or encumbering any interest in property during the pendency of this action, whether such disposition be by sale, gift, encumbrance or otherwise, unless expressly agreed to by the parties or unless expressly ordered by the Court.

9.   Each party should be awarded all his or her clothing and personal effects.

10.  Other than as is otherwise stated herein, each party should be awarded possession and use of the personal property in his or her present respective possession.

### APPLICATION FOR TEMPORARY RESTRAINING ORDER

1.   All allegations set forth in Petitioner's above Application For Temporary Order are adopted and are incorporated herein by reference.

2.   Respondent has recently removed the minor children from this jurisdiction and taken them to Equador and will not talk to the Petitioner or allow him to speak with his children. For such cause, unless the Court immediately hears Petitioner's Application For Temporary Restraining Order and enter orders which are immediately effective herein, irreparable harm will occur to the minor children. To prevent such harm, the Court should enter the following immediately effective orders herein and in the absence of and without notice to Respondent, to wit:

A.   Petitioner should be awarded the immediate temporary custody of the parties' said minor children.

3

B.   Until further hearing, Respondent should not receive visitation with the children.

C.   Each party should be restrained from removing the minor children from Oklahoma during the pendency of this action without the express written consent of the other party or an express order of the Court. If such order is violated, the party so removing the children from this state should be immediately deprived of all right to the physical possession of the children so removed and the other party should be immediately entitled to the physical possession of the children.

3.    After conducting its immediate hearing upon the foregoing requests for immediately effective temporary orders, the Court should schedule an additional hearing upon notice to Respondent in accordance with the law and, at such hearing, the above requested temporary orders should be reentered and confirmed to remain in full force and effect.

WHEREFORE, Petitioner requests that the Court conduct an immediate hearing upon Petitioner's Application For Temporary Restraining Order; that the immediately requested temporary orders above set forth be immediately entered herein; that, upon further hearing upon said Application For Temporary Restraining Order and Application For Temporary Order, the immediately effective orders be reentered and confirmed and that the additional temporary order requests of Petitioner contained in his Application For Temporary Order be granted at such further hearing; and that Petitioner be granted all further ancillary and proper relief as is warranted by the evidence and circumstances presented.

Bobby C. Ramsey  OBA #12954
**DAVIS & THOMPSON**
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918) 253-4298
Fax (918) 253-8110
Attorney for Petitioner

4

FILED

# IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY
## STATE OF OKLAHOMA

OCT 25 2012

DELAWARE CO. COURT CLERK

IN RE THE MARRIAGE OF                    )
                                         )
IONEL SAMUEL DUMITRASCU,                 )
                    Petitioner,          )        Case No. FD-2012-263
        and                              )
                                         )
CHRISTINE DUMITRASCU,                    )
                    Respondent.          )

### *TEMPORARY RESTRAINING ORDER*

Now, on October 25, 2012, Petitioner appeared in person and by his attorney Bobby C. Ramsey and presented Petitioner's verified Application For Temporary Restraining Order for immediate hearing in the absence of and without notice to Respondent. Based upon the allegations of irreparable harm contained in said application the Court found that said application was properly presented for hearing in the absence of and without notice to Respondent in accordance with 43 O.S. §110.A.2. Whereupon, the Court heard the testimony of Petitioner and other evidence presented and heard the argument of counsel. Being fully advised in the premises, the Court found that unless the Court entered its immediately effective Temporary Restraining Order irreparable harm would occur to Petitioner and the parties' minor children and the Court found that it should enter the following immediately effective temporary orders, pending the further order of the Court.

IT IS, THEREFORE, ORDERED, until the further order of the Court, that:

1.    The parties are the parents of the following minor children, to wit: Jonathan Timothy Dumitrascu born December 9, 2011, in Delaware County, Oklahoma; and David Noah Dumitrascu born June 8, 2010, in Delaware County, Oklahoma. This Court has child custody jurisdiction over each said minor child under Oklahoma's Uniform Child Custody Jurisdiction and Enforcement Act, 43 O.S. §551-101 et seq., and under the federal Parental Kidnapping Prevention Act, 28 U.S.C. §1738A, for the reasons that this is the "home state" of the minor children, no other actions are pending in this or in any other state concerning the custody and/or visitation of said children, no other state has child custody jurisdiction concerning said children, and under all other jurisdictional standards and prerequisites of said statutes and all other applicable state and federal law. Further, the Court finds, and orders, that it should exercise child custody and visitation jurisdiction concerning said minor children.

2.    Petitioner is awarded the immediate custody of the parties' said minor children, and, until further hearing, Respondent is awarded no visitation with the children.

3.    Each party is restrained and prohibited from removing the minor children from Oklahoma during the pendency of this action without the express written consent of the other party or an express order of the Court. If this order be violated, the party so removing the children from this state is ordered to be immediately deprived of all right to the physical possession of the children

so removed and the other party is ordered to be immediately entitled to the physical possession of the children.

4. IT IS ORDERED that any and all other peace officers or other governmental officials in and/or of this state and any of its political subdivisions are commanded to immediately proceed to obtain the physical possession of said minor children from Respondent, Christine Dumitrascu, and/or from any other person having possession of the minor children, and to utilize all necessary force, including physical force and including forcible entry upon and into such premises as the minor children may be located, and to immediately deliver said children to the physical possession of the Petitioner, Ionel Samuel Dumitrascu.

5. IT IS FURTHER ORDERED that an additional hearing is scheduled upon Petitioner's Application For Temporary Restraining Order and Application For Temporary Order before the undersigned Judge on the _2nd_ day of November, 2012, at 9:00 o'clock a.m. at which subsequent hearing all the foregoing temporary orders entered herein will be reviewed and, further, that all other temporary orders requested by Petitioner but reserved herefrom will be heard and at which subsequent hearing the orders contained herein may be wholly or partially vacated or may be ordered to remain in full force and effect, all as warranted by the evidence then presented.

Signed on October 25, 2012.

_____
JUDGE OF THE DISTRICT COURT

Approved:

_____
Bobby C. Ramsey   OBA #12954
**DAVIS & THOMPSON**
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918) 253-4298
Fax (918) 253-8110
Attorney for Petitioner

Caroline M. Weaver, Court Clerk of Delaware County Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's office of Delaware County, Oklahoma. This ___7___ day of _Oct_ 20___ By ___
Deputy _____ Caroline M. Weaver
Court Clerk

2

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

**FILED**

DEC 18 2012

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

IN RE THE MARRIAGE OF )
)
IONEL SAMUEL DUMITRASCU, )
                  Petitioner, )
    and )   Case No. FD-2012-263
)
CHRISTINE DUMITRASCU, )
                  Respondent. )

### ATTORNEY'S AFFIDAVIT IN SUPPORT
### OF OBTAINING SERVICE BY PUBLICATION

State of Oklahoma, County of Delaware, ss:

Bobby C. Ramsey, attorney for , being first duly sworn upon oath, states:

1. I am the attorney for the in this case.

2. The whereabouts of Christine Dumitrascu, in this case, are unknown and unascertainable.

3. I further state that to the best of my knowledge, and the knowledge of Ionel Samuel Dumitrascu, Petitioner, and after exercise of due diligence, neither I nor Respondent are able to determine the whereabouts of the Petitioner within or without the State of Oklahoma.

4. This case is one in which service by publication is authorized by the laws of the State of Oklahoma.

Caroline M. Weaver, Court Clerk of Delaware County Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's office of Delaware County Oklahoma. This ___7___ day of ___Oct___ 20_13_ By _____
    Caroline M. Weaver
Deputy _____ Court Clerk

Bobby C. Ramsey   OBA #12954
**DAVIS & THOMPSON**
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918) 253-4298
Fax (918) 253-8110
Attorney for Petitioner

Subscribed and sworn to before me on December 17, 2012, by Bobby C. Ramsey, attorney for  above named.

My Commission Expires:
5/27/2015
Commission # 11004907

_____
Notary Public

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

FILED

OCT 25 2012

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

IN RE THE MARRIAGE OF )
)
IONEL SAMUEL DUMITRASCU, )
              Petitioner, )
     and )    Case No. FD-2012-263
)
CHRISTINE DUMITRASCU, )
            Respondent. )

### NOTICE OF PENDING ACTION

Notice is hereby given to the Oklahoma Department of Human Services (OKDHS), Child Support Enforcement Division (CSED), pursuant to Title 43 O.S. §112(F), of a pending action in the above case involving the following minor child(ren):

*Name of Child*                        *Date of Birth*
~~Darian Timothy Dumitrascu~~     December 9, 2011
~~David Noah Dumitrascu~~      June 8, 2010

Child support or custody may be an issue in this case, and the child(ren) may be included in a case with the CSED/OKDHS. OKDHS may be a necessary party for the adjudication of the child support debt.

Dated this 25 day of October 2012

Bobby C. Ramsey, OBA #12954
**DAVIS & THOMPSON**
P. O. Box 487
Jay, Oklahoma 74346
918/253-4298
*Fax:* 918/253-8110
ATTORNEY FOR

OKDHS case number (if known):

_____

Caroline M. Weaver, Court Clerk of Delaware County Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's office of Delaware County Oklahoma. This ___7___ day of _Oct___ 20 _13_ By _____
Caroline M. Weaver
Deputy _____ Court Clerk

### CERTIFICATE OF DELIVERY

On the 25th day of _October_ 2012, I mailed, postage prepaid, by First Class U.S. Mail, a true copy of the foregoing instrument to DHS - Child Support Enforcement Division at P. O. Box 939, Jay, OK 74346.

Bobby C. Ramsey

## IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY
## STATE OF OKLAHOMA

**FILED**

DEC 1 8 2012

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

IN RE THE MARRIAGE OF )
)
IONEL SAMUEL DUMITRASCU, )
            Petitioner, )
       and ) Case No. FD-2012-263
)
CHRISTINE DUMITRASCU, )
            Respondent. )

### SERVICE OF SUMMONS
### BY PUBLICATION NOTICE

State of Oklahoma To: **CHRISTINE DUMITRASCU**

TAKE NOTICE that a Petition has been filed in the District Court Delaware, County, State of Oklahoma, Case No. FD-2012-263 styled In re the Marriage of Ionel Samuel Dumitrascu, Petitioner, and Christine Dumitrascu, Respondent. The Petition alleges that he is entitled to and should be awarded a Decree of Dissolution of Marriage/Divorce from you.

The Petition alleges that the following minor children have been born to you and Petitioner:

Jonathan Timothy Dumitrascu born December 9, 2011, in Delaware County, Oklahoma; and David Noah Dumitrascu born June 8, 2010, in Delaware County, Oklahoma

The Petition further alleges that the District Court, Delaware County, Oklahoma, has subject matter jurisdiction under all applicable law concerning the custody, visitation, and support of said minor children and that all such jurisdiction should be exercised herein. Said Petition further alleges Petitioner should receive the exclusive custody of said minor children. The Petition alleges that you are not entitled to visitation with the minor children. The Petition alleges that you are obligated under the law of the State of Oklahoma to pay child support to  in accordance with the Oklahoma Child Support Guidelines, plus pay your percentage of of all work related child care expenses incurred by Petitioner, plus your percentage of all reasonable and necessary medical, dental, orthodontic, optometric, psychological, or any other physical or mental health expenses of the children not paid by insurance.

The Petition further alleges that each party should be awarded their respective non-marital and separate properties, free and clear of all right, title, interest, lien or claim of the other. In this respect,  alleges that the following items of property are his separate property and that the Court should award the same to him as his separate property: all personal property currently in his possession.

The Petition further alleges that each party should be awarded and set aside all of his or her separate property and the same should not be accounted for or included in the Court's division of the parties' marital estate. All items of marital property and marital debt should be identified and valued and should be equitably divided between the parties according to law.

You are notified that you must file a Response to the said Petition filed by the  on or before 12th day of February, 2013, the date which is 41 days after date of first publication, or the allegations contained in the Petition will be taken as true and judgment will be entered against you and in favor of  as prayed for in his Petition.

Given under my hand and seal on December 17, 2012.

CAROLINE WEAVER, COURT CLERK

[SEAL]                                              By: _____
                                                        Deputy Court Clerk

Bobby C. Ramsey  OBA #12954
DAVIS & THOMPSON
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918) 253-4298
Fax (918) 253-8110
Attorney for

Caroline M. Weaver, Court Clerk of Delaware County Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's office of Delaware County Oklahoma. This ___7___ day of ___Oct.___ 20 _13_ By _____ Caroline M. Weaver Deputy _____ Court Clerk

2

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

FILED

IN RE THE MARRIAGE OF )
)
IONEL SAMUEL DUMITRASCU, )
     Petitioner, )
  and )  Case No. FD-2012-263
)
CHRISTINE DUMITRASCU, )
     Respondent. )

DEC 18 2012
CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

### *ORDER AUTHORIZING SERVICE BY PUBLICATION*

This matter came on for consideration before me, the undersigned Judge of the District Court, for an Order authorizing service by publication in this case. The Petitioner, Ionel Samuel Dumitrascu, appeared through his attorney, Bobby C. Ramsey. Upon review of the Affidavit of Petitioner's counsel, the Court is satisfied that, after due diligence, service of Summons cannot be made upon the above named by any other method. Service by publication on the is warranted in this case.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** by the Court that service be had upon the Christine Dumitrascu, Respondent, by publication one (1) day a week for three (3) consecutive weeks in a newspaper authorized by law to publish legal notices in the county, with an Answer Date being no sooner that forty-one (41) days for the date of the first publication of the Notice.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED** by the Court that mail a copy of the Petition and this Order by regular mail to Christine Dumitrascu at her last known address and file a proof of mailing in this case.

Signed on December 17, 2012.

                 **JUDGE OF THE DISTRICT COURT**

Approved For Entry:

Bobby C. Ramsey OBA #12954
**DAVIS & THOMPSON**
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918) 253-4298
Fax (918) 253-8110
Attorney for Petitioner

Caroline M. Weaver, Court Clerk of Delaware County Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's office of Delaware County Oklahoma. This _____ day of ____Oct.____ 20__15__ By
      Caroline M. Weaver
Deputy _____ Court Clerk

# Proof of Publication

Delaware County, State of Oklahoma

**FILED**

JAN 1 4 20[?]
CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

FD-2012-263

In Re the Marriage of Ionel Samuel Dumitrascu and Christine Dumitrascu

Service of Summons by Publication Notice

## Affidavit of Publication

STATE OF OKLAHOMA, COUNTY OF OKLAHOMA, ss:

I, Cheryl Franklin, of lawful age, being duly sworn, upon oath deposes and says that she is the Authorized Agent of The Grove Sun of Grove, Oklahoma, located at 16 W. 3rd Street, Grove Oklahoma 74344, a bi-weekly newspaper of general circulation in Delaware County, printed in the English language, and published continuously and uninterruptedly published in said county for a period of one hundred and four (104) weeks consecutively prior to the first publication of the said notice.

That said newspaper is in the City of Grove, Delaware County, Oklahoma, a Bi-Weekly newspaper qualified to publish legal notices, advertisements and publications as provided in Section 106 of Title 25, Oklahoma Statutes 1971, as amended, and complies with all other requirements of the laws of Oklahoma with reference to legal publications.

That the attached notice is a true copy thereof and was published in the regular edition of said newspaper for 3 time(s), the first publication thereof being made as aforesaid on the December 21, 2012 with a subsequent publication made on December 28, 2012 and January 4, 2013

_Cheryl Frankel_
Cheryl Franklin                                    Publisher

Subscribed and sworn to before me this January 4, 2013.

_Kathleen F. Merrill_
Kathleen F. Merrill                                Notary Public
My commission expires:  08-25-2016

Publication Cost:     $ 276.17

Acct #:   23000643

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This _7_ day of
_Oct._ 20_13_ By
Caroline M. Weaver
Deputy                                    Court Clerk

**Remittance Address:**
The Grove Sun
c/o MNI Billing Department
PO Box 940
Miami, OK. 74354

---

IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY STATE OF OKLAHOMA

IN RE THE MARRIAGE OF:

IONEL SAMUEL

Petitioner,

CHRISTINE DUMITRASCU,
Respondent.

Case No. FD-2012-263

SERVICE OF SUMMONS BY PUBLICATION

NOTICE

a Petition has been filed in the District Court Delaware, County, State of Oklahoma, Case No. FD-2012-263 styled In re the Marriage of Ionel Samuel Dumitrascu, Petitioner, and Christine Dumitrascu, Respondent. The Petition alleges that he is entitled to and should be awarded a Decree of Dissolution of Marriage/ Divorce from you.

The Petition alleges that the following minor children have been born to you and Petitioner:

Jonathan Timothy Dumitrascu born December 9, 2011, in Delaware County, Oklahoma; and David Noah Dumitrascu born June 8, 2010, in Delaware County, Oklahoma

The Petition further alleges that the District Court, Delaware County, Oklahoma, has subject matter jurisdiction under all applicable law concerning the custody, visitation, and support of said minor children and that all such jurisdiction should be exercised herein. Said Petition further alleges Petitioner should receive the exclusive custody of said minor children. The Petition alleges that you are not entitled to visitation with the minor children. The Petition alleges that you are obligated under the law of the State of Oklahoma to pay child support to in accordance with the Oklahoma Child Support Guidelines, plus pay your percentage of all work related child care expenses incurred by Petitioner, plus your percentage of all reasonable and necessary medical, dental, orthodontic, optometric, psychological, or any other physical or mental health expenses of the children not paid by insurance.

The Petition further alleges that each party should be awarded their respective non-marital and separate properties, free and clear of all right, title, interest, lien or claim of the other. In this respect, alleges that the following items of property are his separate property said that the Court should award the same to him as his separate property: all personal property currently in his possession.

The Petition further alleges that each party should be awarded and set aside all of his or her separate property and the same should not be considered for or included in the Court's division of the parties' marital estate. All items of marital property and marital debt should be identified and valued and should be equitably divided between the parties according to law.

You are notified that you must file a Response to the said Petition filed by the on or before 12th day of February, 2013, the date which is 41 days after date of first publication, or the allegations contained in the Petition will be taken as true and judgment will be entered against you and a decree as prayed for in his Petition.

Given under my hand and seal on December 17, 2012.

CAROLINE WEAVER, COURT CLERK
S/by: Tiffany Stanberg, Deputy Court Clerk
[SEAL]

Bobby C. Ramsey OBA #12954
DAVIS & THOMPSON
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918) 253-4298
Fax (918) 253-8110
Attorney for Petitioner

(Published in The Grove Sun Dec. 21, Dec. 28, 2012 and January 4, 2013)

LPXLP

IN THE DISTRICT COURT OF DELAWARE COUNTY
STATE OF OKLAHOMA



**FILED**

FEB 27 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

| | | |
|---|---|---|
| IN THE INTEREST OF THE CHILREN<br>OF: CRISTINA MIRELA DUMITRASCU | ) | CASE NO: FD-2013-4 |
| | ) | |
| RESPONDENT, | ) | FGN: 742931001 |
| | ) | |
| And | ) | OBLIGOR: |
| | ) | SAMUEL IONEL DUMITRASCU |
| SAMUEL IONEL DUMITRASCU, | ) | OBLIGEE: |
| | ) | CRISTINA MIRELA DUMITRASCU |
| RESPONDENT. | ) | |

## MOTION TO DISMISS

OKLAHOMA CHILD SUPORT SERVICES (OCSS), a division of OKDHS, moves the Court to dismiss the NOTICE OF CHILD SUPPORT OBLIGATION that was filed by OCSS on  2-13-13  for the following reason:

☐ Case Closed.     ☐ Past due child support and interest are paid in full.
☐ Party in compliance with court order. ☐ Not a 20% change in current support.

☒ Other:  NCP HAS FILED A PRIVATE CASE –CASE NO FD-2012-263. 

_____

Martha Sue Thompson, OBA #8975
Susa Kerr Hopper, OBA # 17298
State's Attorneys for OCSS
Post Office Box 839
Jay, OK 74346
1-800-522-

## ORDER OF DISMISSAL

The State's motion comes on for hearing and the Court, being fully advised in the premises, finds that the motion should be sustained. It is so ORDERED.
☒ Cost to the State   ☐ Cost to the Plaintiff ☐ Cost to the Defendant

Judge of the District Court

## CERTIFICATE OF MAILING

I certify that on _____2-27-13_____, I mailed a true and correct copy of this
document to the following people at the most current address on record with OCSS:
☒ Plaintiff   ☒ Defendant   ☐ Attorney _____   ☐ CP ☐ NCP

_____
OKDHS/OCSS Representative

IN THE DISTRICT COURT OF DELAWARE COUNTY

STATE OF OKLAHOMA

IN THE INTEREST OF THE CHILDREN )
OF: CRISTINA MIRELA DUMITRASCU, )
                         )
              RESPONDENT, )
                         )
And                          )
                          )
SAMUEL IONEL DUMITRASCU, )
                          )
             RESPONDENT. )

CASE NO: FD-2013- 41

FGN: 742931001

OBLIGOR: SAMUEL IONEL DUMITRASCU

OBLIGEE:
  CRISTINA MIRELA DUMITRASCU

## RETURN/AFFIDAVIT OF SERVICE

I certify that I served or received the following described papers:

☐ **Motion to Modify**    ☐ **Order/Notice for Hearing**    ☒ **Paternity/Support Petition**

☐ **Application and Citation for Contempt**    ☐ **Subpoena**

☐ **Registration of Foreign Support Order**    ☐ **Other:** _____

For service upon:    ☐ _____ (Plaintiff/Petitioner)

                ☒  **SAMUEL IONEL DUMITRASCU**_____ (Defendant/Respondent)

By:
☐ **Delivering** copies to _____ personally on_____
at the following location: _____.
☐ **Delivering** copies to: _____ (Attorney for Plaintiff☐, or Attorney
for Defendant ☐).
☐ **Leaving** copies at: _____, his/her dwelling
house or usual place of abode, with _____, a person then residing therein,
who is fifteen (15) years of age or older, on (date) _____.
☑ **Certified Mail**, restricted delivery, return receipt requested, to the address set forth on the
returned receipt, a copy of which is attached below.
☐ **Regular Mail**, to the **Address of Record.**☑**Acknowledgment** of receipt.    2/25/13

☐ **Refused**, with a copy sent by regular mail.☐ **Not found.**

I state under penalty of perjury under the laws of the State of Oklahoma that the foregoing is true
and correct.

_3-4-13_____      _abe A_____
(Date and Place)          (Signature and Title)

91 7199 9991 7032 4882 9982

*FD-13-41*

*SAm Dumitrascu*


**UNITED STATES
POSTAL SERVICE.**

Date Produced: 03/04/2013

DHS - JAY /DELAWARE

The following is the delivery information for Certified Mail™ item number 7199 9991 7032
4882 9982. Our records indicate that this item was delivered on 02/25/2013 at 09:03 a.m. in
DISNEY, OK, 74340. The scanned image of the recipient information is provided below.

Signature of Recipient:

*Only Samuel Dumitrascu*

Address of Recipient:

*P OB, 404*

Thank you for selecting the Postal Service for your mailing needs. If you require additional
assistance, please contact your local post office or Postal Service representative.

Sincerely,

United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service. It is solely for customer use.

Customer Reference Number: 3189967 17254392

IN THE ~~DI~~STRICT COURT OF DELAWARE COUNTY
STATE OF OKLAHOMA

IN THE INTEREST OF THE CHILDREN
OF: CRISTINA MIRELA DUMITRASCU,

        Respondent,

and

SAMUEL IONEL DUMITRASCU,

        Respondent.

)
) Dist. Court No.: FD-2013- _4/_
) OAH No.:
)
)
)
) FGN: 000742931001
)
) Obligor:
) SAMUEL DUMITRASCU
)
) Custodian:
) CHRISTI DUMITRASCU
)
)
)

## NOTICE OF HEARING

**A NOTICE OF CHILD SUPPORT OBLIGATION has been filed in this court.**

The Court will hold a hearing on: _____**APR 2 4 2013**_____ at 10:00 A.M.

at the following location:

COURTHOUSE, 327 S. 5TH ST, JAY, OK 74346

You have the right to have an attorney present or you may represent yourself in this matter. You must appear promptly at the scheduled time and place and remain there until your case is heard. You must bring a driver's license or other form of photo identification for yourself, plus one other type of identification.

**IF YOU FAIL TO APPEAR AT THIS HEARING, THE COURT MAY ENTER A DEFAULT ORDER GRANTING THE STATE'S REQUESTS.**

Child Support Enforcement, DHS
OCSS
P.O. BOX 839
JAY, OK 74346
(800) 522-2922
Local Office Fax: (918) 253-3576

IN THE DISTRICT COURT OF DELAWARE COUNTY
STATE OF OKLAHOMA

IN THE INTEREST OF THE CHILDREN )
OF: CRISTINA MIRELA DUMITRASCU, ) Dist. Court No.: FD-2013-41
                                 ) FGN: 000742931001
                                 )
              Respondent,        ) Obligor Name:
                                 ) SAMUEL DUMITRASCU
   and                           )
                                 ) Custodian:
                                 ) CRISTINA MIRELA DUMITRASCU
SAMUEL IONEL DUMITRASCU,         )
                                 )
              Respondent.        )

SUMMONS

To the above named Defendant: SAMUEL IONEL DUMITRASCU

                              SAMUEL DUMITRASCU
                              PO BOX 404
                              DISNEY, OK 74340-0404

You have been sued by the above-named Plaintiff, and you are directed
to file a written answer to the attached petition in the District
Court in DELAWARE COUNTY within twenty (20) days after service of
summons upon you, exclusive of the day of service. A copy of your
answer must be delivered or mailed to the attorney for Plaintiff.
Unless you answer the Petition within the time stated, judgment will
be rendered against you with costs of the action.

ISSUED this 13 day of February, 20 13.

                              CAROLINE M WEAVER
                              Court Clerk

                              COURT CLERK

                              By: _____
                              DEPUTY COURT CLERK

_____
SUSA KERR HOPPER
OBA# 17298
Attorney for:
OCSS
P.O. BOX 839
JAY, OK 74346

(800) 522-2922

This summons was served on _____, 20____.

_____
Signature of person serving summons

CSP21    12/22/09 JAY U66826

IN THE DIST    CT COURT OF DELAWARE COUN
STATE OF OKLAHOMA

FILED

FEB 13 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

IN THE INTEREST OF THE CHILDREN
OF: CRISTINA MIRELA DUMITRASCU,

Respondent,

*and*

SAMUEL IONEL DUMITRASCU,

Respondent.

) Dist. Court No.: FD-2013- 41
) OAH No.
)
) FGN: 000742931001
)
)
)
) Obligor:
) SAMUEL DUMITRASCU
)
) Custodian:
) CHRISTI DUMITRASCU
)
)
)
)

## NOTICE OF CHILD SUPPORT OBLIGATION

1. The Department of Human Services is providing child support enforcement services for the benefit of the following minor child(ren) who is/are the subject of this action:

| NAME | GENDER | DOB |
|------|--------|-----|
| DAVID NOAH DUMITRASCU | M | 6-8-10 |
| JOHNATHAN TIMOTHY DUMITRASCU | M | 12-09-11 |
| | | |
| | | |
| | | |

2. According to information provided to the Department of Human Services:

    a. CHRISTI DUMITRASCU is the mother and

    b. SAMUEL DUMITRASCU is the father.

    c. No known court or administrative order exists which establishes a child support obligation.

**The Department of Human Services is asking the Court to enter an order that:**

3. SAMUEL DUMITRASCU is the Obligor and should be ordered to pay child support in the amount of $ 723.72 per month or other amount as indicated by the Oklahoma Child Support Guidelines provided in 43 O.S. §118-119.

03ES001E CSP32    Revised 01/28/2013 U66826/JAY    Pkg 2013021212242730-0

FGN 00742931001

4. SAMUEL DUMITRASCU owes $ 2,300.40 or other amount as indicated by the Oklahoma guidelines as child support for the time period from 02-01-13 through 05-31-13 , plus any additional amounts of child support to the date of the Court's order; and that he/she repay this amount by lump sum payment, or make monthly payments in the amount of $ 63.90 or in an amount sufficient to repay the judgment within thirty-six (36) months.

5. Report in writing to Oklahoma Child Support Services any changes in addresses, name and address of employer, availability and cost of medical insurance, custody of minor child(ren) or legal actions pending in District Court to assist in the monitoring of compliance with this order.

6. You maintain health insurance for the child(ren) whenever such insurance is available through employment or other group health insurance plan and pay your proportionate share of any unreimbursed health costs.

7. You pay your proportionate share of any employment or education related child care expenses.

8. Child support payments be made by an immediate income assignment according to 12 O.S. §1171.3(G). An income assignment requires the employer/payor to withhold current support and/or an additional amount to pay past child support from wages or other income.

9. You provide an address of record for service of process. Title 43 O.S. §112A requires all parties and custodians to keep the Central Case Registry informed of a current address of record for service of process in support, visitation and custody actions. An address of record for service of process will be stated on the court order in this action. Your last address of record may be disclosed to a party or custodian upon request in accordance with DHS rules. The Department of Human Services does not release home addresses if prohibited by a court order granted for the protection of a parent or custodian, or if the case has a Family Violence Indicator.

10. You may be served in child support actions filed after this date by regular mail to the last address of record provided to the Central Case Registry.

____ All written responses for administrative actions must be filed with: Office of Administrative Hearings, Child Support, P.O. Box 53025, Oklahoma City, OK 73152.

A copy must also be sent to the Child Support Office listed above.

**IF YOU FAIL TO APPEAR AT THIS HEARING, THE COURT MAY ENTER A DEFAULT ORDER SETTING CHILD SUPPORT AND GRANTING THE STATE'S REQUESTS.**

SUSA KERR HOPPER                    OBA#.  17298
State's Attorney for OCSS
OCSS
P.O. BOX 839
JAY, OK 74346

(800) 522-2922
FAX: (918) 253-3576

2

03ES001E CSP32   Revised 01/28/2013  U66826/JAY     Pkg 2013021212242730-0

IN THE DISTRICT COURT OF DELAWARE COUNTY
STATE OF OKLAHOMA

IN THE INTEREST OF THE CHILDREN    )
OF: CRISTINA MIRELA DUMITRASCU,   ) Dist. Court No.: FD-2013- 41
                                   ) FGN: 000742931001
            Respondent,      )
                                   ) Obligor Name:
    and                           ) SAMUEL DUMITRASCU
                                   )
                                   ) Custodian:
SAMUEL IONEL DUMITRASCU,     ) CRISTINA MIRELA DUMITRASCU
                                   )
          Respondent.      )

SUMMONS

To the above named Defendant:   SAMUEL IONEL DUMITRASCU

SAMUEL DUMITRASCU
PO BOX 404
DISNEY, OK 74340-0404

You have been sued by the above-named Plaintiff, and you are directed
to file a written answer to the attached petition in the District
Court in DELAWARE COUNTY within twenty (20) days after service of
summons upon you, exclusive of the day of service.  A copy of your
answer must be delivered or mailed to the attorney for Plaintiff.
Unless you answer the Petition within the time stated, judgment will
be rendered against you with costs of the action.

ISSUED this 13 day of February, 20 13.

CAROLINE M WEAVER
Court Clerk
_____
COURT CLERK

By: _____
DEPUTY COURT CLERK

_____
SUSA KERR HOPPER
OBA# 17298
Attorney for:
OCSS
P.O. BOX 839
JAY, OK 74346

(800) 522-2922

This summons was served on _____, 20____.

_____
Signature of person serving summons

CSP21     12/22/09 JAY U66826

IN THE DISTRICT COURT OF DELAWARE COUNTY
STATE OF OKLAHOMA

|  |  |
|---|---|
| IN THE INTEREST OF THE CHILDREN<br>OF: CRISTINA MIRELA DUMITRASCU, | ) Dist. Court No.: FD-2013-<br>) OAH No.:<br>)<br>)<br>)<br>) FGN: 000742931001 |
| Respondent, | )<br>) Obligor:<br>) SAMUEL DUMITRASCU |
| and | )<br>) Custodian: |
| SAMUEL IONEL DUMITRASCU, | ) CHRISTI DUMITRASCU<br>)<br>)<br>) |
| Respondent. | ) |

## NOTICE OF HEARING

**A NOTICE OF CHILD SUPPORT OBLIGATION has been filed in this court.**

The Court will hold a hearing on: _____**APR 2 4 2013**_____ at 10:00 A.M.

at the following location:

COURTHOUSE, 327 S. 5TH ST, JAY, OK 74346

You have the right to have an attorney present or you may represent yourself in this matter. You must appear promptly at the scheduled time and place and remain there until your case is heard. You must bring a driver's license or other form of photo identification for yourself, plus one other type of identification.

**IF YOU FAIL TO APPEAR AT THIS HEARING, THE COURT MAY ENTER A DEFAULT ORDER GRANTING THE STATE'S REQUESTS.**

Child Support Enforcement, DHS
OCSS
P.O. BOX 839
JAY, OK 74346
(800) 522-2922
Local Office Fax: (918) 253-3576

**IN THE DISTRICT COURT OF** *DELAWARE* **COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| IN THE INTEREST OF THE CHILDREN OF: | ) **Dist. Ct. Case No.**  FD-2013- |
| | ) |
| CRISTINA MIRELA DUMITRASCU, | ) **OAH Case No.**  N/A |
| | ) |
| RESPONDENT, | ) **FGN:**  742931001 |
| | ) **OBLIGOR:** |
| and | ) |
| | ) SAMUEL I. DUMITRASCU |
| | ) **OBLIGEE:** |
| SAMUEL IONEL DUMITRASCU,   RESPONDENT. | ) |
| | ) CRISTINA DUMITRASCU |

**CHILD SUPPORT COMPUTATION**

| | Calculation for number of children in this case | 2 | | | |
|---|---|---|---|---|---|
| | Obligor (person who pays) is (Enter "Father" or "Mother") | FATHER | | | |
| **A** | **Base monthly obligation** | | **Father** | **Mother** | **Combined** |
| 1 | **Gross monthly income** All sources, except income specifically excluded by 43 O.S. Section 118B(B) | | $3,000.00 | $1,256.67 | $4,256.67 |
| | a. Amount of self-employment income included in Line 1 | | $0.00 | $0.00 | |
| | b. Deduction for self-employment tax Multiply Line 1a by 7.65% | | $0.00 | $0.00 | |
| 2 | **Total gross monthly income** Line 1 minus Line 1b | | $3,000.00 | $1,256.67 | |
| | a. Amount of SSA Title II benefits paid for the benefit of the children.  Do NOT include SSI benefits. (Enter in the column for the disabled or retired parent.) | | $0.00 | $386.00 | |
| | b. Court ordered support alimony actually paid in a prior case | | $0.00 | $0.00 | |
| | c. Court ordered monthly adjustment for marital debt | | $0.00 | $0.00 | |
| | d. Court ordered monthly child support actually paid for out-of-home children | | $0.00 | $0.00 | |

| | | | | |
|---|---|---|---|---|
| | **In-home Children Deduction Worksheet** | | | |
| | e. Number of qualified in-home children excluding children on this case | 0 | 0 | |
| | f. Amount for qualified in-home children. Apply Line 2 for each parent to Child Support Guideline Schedule amount using the number of children in Line 2e, and multiply guideline amount by 75% | $0.00 | $0.00 | |
| 3 | **Adjusted gross monthly income (AGI)** Amount in Line 2 plus 2a, minus Lines 2b, 2c, 2d, and 2f | $3,000.00 | $1,642.67 | $4,642.67 |
| 4 | **Percentage share of income** AGI for each parent divided by the combined AGI | 64.6% | 35.4% | 100% |
| 5 | **Base monthly obligation** Apply combined AGI to Child Support Guideline Schedule and put total in combined base monthly obligation.  Multiply the combined total by the percentage share of income for each parent. | $575.10 | $314.90 | $890.00 |

| B | Parenting time adjustment, if used | Father | Mother | Combined |
|---|---|---|---|---|
| 6 | **Number of overnights with each parent** If less than 121 for either parent, skip to C. | 0 | 365 | 365 |
| | a. Percentage of overnights with each parent Number of overnights for each parent divided by 365 | 0.0% | 100.0% | 100% |
| | b. Adjusted combined child support obligation Adjustment factor is based on the parent with the fewest overnights.  The result in the combined column is the combined monthly obligation in Line 5 multiplied by the adjustment factor. | | <=== **Adjustment Factor** less than 121 = no factor 121-131 = 2 132-143 = 1.75 144-183 = 1.5 | |
| | c. Share of adjusted combined child support obligation Combined Line 6b multiplied by the percentage share of income in Line 4 | | | |
| | d. Respective adjusted base child support obligation Amount for each parent in Line 6c multiplied by the percentage of the other parent in Line 6a | | | |
| 7 | **Adjusted base monthly obligation** Line 6d larger amount minus Line 6d smaller amount and the result is for the parent with the positive amount. If the parent has more than 205 in Line 6, use $0 for that parent.  If either parent has less than 121 in Line 6, use the Line 5 amount for both parents. | $575.10 | $0.00 | |
| C | **Obligor** (person who pays) is (Enter "Father" or "Mother") | Father | | |

| D | Work and education-related child care expenses | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 8 | **Monthly child care expenses for children in this case** Do not include any co-payments being paid by a parent receiving OKDHS child care subsidy. | $0.00 | $0.00 | $0.00 |
| 9 | **Child care expense percentage share of the total** Total child care expenses multiplied by percentage share of income for each parent Multiply Line 8 by Line 4 | $0.00 | $0.00 | |
| 10 | **OKDHS Child Care Subsidy Worksheet**   a. Total children in each parent's household receiving     child care subsidy | | | |
| |   b. Number of children from Line 10a included in this order | | | |
| |   c. Parent's actual gross monthly income less self-    employment tax from Line 2 | | | |
| |   d. Base monthly obligation of the obligor     Enter Line 7 for obligor into obligee's column,     $0 for the obligor indicated in Section C | $0.00 | $0.00 | |
| |   e. Amount treated as OKDHS household income     Line 10c plus Line 10d | | | |
| |   f. Amount treated as each parent's family share     co-payment from OKDHS Appendix C-4, page 2     Use Lines 10e & 10a | | | |
| |   g. OKDHS child care co-payment amount     Multiply Line 10f by Line 10b, and divide by Line 10a | $0.00 | $0.00 | |
| 11 | **Child care subsidy co-pay adjustment to child support obligation** Child care expense percentage share total Multiply total of Line 10g for both parents by Line 4 | $0.00 | $0.00 | |
| 12 | **Total child care adjustment to base monthly obligation** Line 9 plus Line 11, minus Line 8 and Line 10g (amount may be negative) | $0.00 | $0.00 | |
| E | **Health insurance premium** | Father | Mother | Other Custodian |
| 13 | **Monthly health insurance premium costs** This premium represents the actual premium cost for any child(ren) in this case only.  Insurance Premium Worksheet is available if needed. **Use Cash Medical Support if any child is not covered by insurance.** | $0.00 | $0.00 | $0.00 |
| 14 | **Monthly health insurance share for each parent** Percentage share of income in Line 4 multiplied by total current insurance cost for all persons in Line 13 | $0.00 | $0.00 | |
| 15 | **Total premium cost adjustment to base monthly obligation** Line 14 minus Line 13  (amount may be negative) | $0.00 | $0.00 | |

| F | Other contributions, if agreed or ordered | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 16 | **Ongoing medical costs** Cash medical support for fixed periodic payments for ongoing medical costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted medical costs share Multiply total of Line 16 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing medical costs adjustment to base monthly obligation Line 16a minus Line 16 (amount may be negative) | $0.00 | $0.00 | |
| 17 | **Visitation transportation costs** | $0.00 | $0.00 | $0.00 |
| | a. Adjusted visitation costs share Multiply total of Line 17 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing visitation costs adjustment to base monthly obligation Line 17a minus Line 17 (amount may be negative) | $0.00 | $0.00 | |
| G | **Child Support obligation subtotal** | Father | Mother | |
| 18 | **Base monthly child support obligation less adjustments for child care and other contributions** Add obligor Line 7 to Lines 12, 15 and 17b if positive amounts. Subtract Lines 12, 15 or 17b if negative amounts. | $575.10 | $0.00 | |
| 19 | **SSA Title II benefits paid for the benefit of the child** Line 2a for obligor | $0.00 | | |
| 20 | **Total monthly child support obligation less any SSA Title II benefits paid for the benefit of the child** Line 18 minus Line 19 (amount may be negative) | $575.10 | $0.00 | |
| H | **Cash Medical Support** | Father | Mother | Combined |
| 21 | Enter number of children from Line 13 not covered by health insurance. If none, skip to Line 26. | 2 | | |
| 22 | Enter the Soonercare or other health care government assistance **applicant** for the child(ren) in this case. Enter "Father", "Mother", or "other". | Mother | | |

| | | | | |
|---|---|---|---|---|
| 23 | **Cash medical amount for obligor**<br>If Line 21 is zero or the obligor is the person on Line 22, enter $0 in Line 25.  If Line 21 is greater than zero and the obligor is not the person on Line 22, refer to the Cash Medical Income Guidelines Table.  If the combined income is less than or equal to the amount on the table, enter $0.  If greater, multiply $115 by the number of children in Line 21.  Multiply the combined total by percentage shares from Line 4. | $148.62 | $81.38 | $230.00 |
| 24 | **5% of Gross Monthly Income for Obligor**<br>Line 2 multiplied by 0.05<br>This represents the maximum amount of total medical allowed. | $150.00 | | |
| 25 | **Cash medical support in lieu of insurance**<br>If Line 23 plus Line 15 is greater than Line 24, use Line 24 minus Line 15.  If Line 23 plus Line 15 is less than or equal to Line 24, enter Line 23.  Enter $0 if negative | $148.62 | $0.00 | |

| I | Current Monthly Support Obligation | Father | Mother |
|---|---|---|---|
| 26 | **a. Child support portion**<br>If Line 16b is positive, Line 20 for obligor<br>If Line 16b is negative, reduce Line 20 by Line 16b<br>Enter $0 if negative | $575.10 | |
| | **b. Cash medical portion**<br>If Line 20 minus 16b is positive, Line 25 for obligor<br>If Line 20 minus 16b is negative, reduce Line 25 by Line 20 minus 16b.  Enter $0 if negative | $148.62 | |
| | **c. Ongoing medical costs portion**<br>If Line 20 is positive, Line 16b for obligor<br>If Line 20 is negative, reduce 16b by Line 20<br>Enter $0 if negative | $0.00 | |
| 27 | **Total obligation to be paid by the obligor**<br>Line 26a plus 26b plus 26c | $723.72 | |

_SAMUEL I. DUMITRASCU_ shall begin payments on _____ and continue on the same date of each month until further order of the court.

X      Guidelines were followed.

_____

_____

_____

Dated: _____

_____
**JUDGE**

**APPROVED AS TO FORM:**

_____          _____
Father printed name                         Father signature

_____          _____
Attorney for father printed name          Attorney for father signature and OBA Number

_____          _____
Mother printed name                       Mother signature

_____          _____
Attorney for mother printed name         Attorney for mother signature & OBA Number

_____          _____
Other Custodian printed name             Other Custodian signature

_____          _____
Attorney for Other Custodian printed name   Attorney for Other Custodian signature and
                                                          OBA Number

_____          _____
State's Attorney, OCSS printed name       State's Attorney, OCSS signature and OBA Number

FILED

OCT 2 5 2012

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

IN RE THE MARRIAGE OF                    )
                                         )
IONEL SAMUEL DUMITRASCU,                 )
                Petitioner,              )    Case No. FD-2012- 263
        and                              )
                                         )
CHRISTINE DUMITRASCU,                    )
                Respondent.              )

### *TEMPORARY RESTRAINING ORDER*

Now, on October 25, 2012, Petitioner appeared in person and by his attorney Bobby C. Ramsey and presented Petitioner's verified Application For Temporary Restraining Order for immediate hearing in the absence of and without notice to Respondent. Based upon the allegations of irreparable harm contained in said application the Court found that said application was properly presented for hearing in the absence of and without notice to Respondent in accordance with 43 O.S. §110.A.2. Whereupon, the Court heard the testimony of Petitioner and other evidence presented and heard the argument of counsel. Being fully advised in the premises, the Court found that unless the Court entered its immediately effective Temporary Restraining Order irreparable harm would occur to Petitioner and the parties' minor children and the Court found that it should enter the following immediately effective temporary orders, pending the further order of the Court.

IT IS, THEREFORE, ORDERED, until the further order of the Court, that:

1.     The parties are the parents of the following minor children, to wit: Jonathan Timothy Dumitrascu born December 9, 2011, in Delaware County, Oklahoma; and David Noah Dumitrascu born June 8, 2010, in Delaware County, Oklahoma. This Court has child custody jurisdiction over each said minor child under Oklahoma's Uniform Child Custody Jurisdiction and Enforcement Act, 43 O.S. §551-101 et seq., and under the federal Parental Kidnapping Prevention Act, 28 U.S.C. §1738A, for the reasons that this is the "home state" of the minor children, no other actions are pending in this or in any other state concerning the custody and/or visitation of said children, no other state has child custody jurisdiction concerning said children, and under all other jurisdictional standards and prerequisites of said statutes and all other applicable state and federal law. Further, the Court finds, and orders, that it should exercise child custody and visitation jurisdiction concerning said minor children.

2.     Petitioner is awarded the immediate custody of the parties' said minor children, and, until further hearing, Respondent is awarded no visitation with the children.

3.     Each party is restrained and prohibited from removing the minor children from Oklahoma during the pendency of this action without the express written consent of the other party or an express order of the Court. If this order be violated, the party so removing the children from this state is ordered to be immediately deprived of all right to the physical possession of the children

so removed and the other party is ordered to be immediately entitled to the physical possession of the children.

4.   IT IS ORDERED that any and all other peace officers or other governmental officials in and/or of this state and any of its political subdivisions are commanded to immediately proceed to obtain the physical possession of said minor children from Respondent, Christine Dumitrascu, and/or from any other person having possession of the minor children, and to utilize all necessary force, including physical force and including forcible entry upon and into such premises as the minor children may be located, and to immediately deliver said children to the physical possession of the Petitioner, Ionel Samuel Dumitrascu.

5.   IT IS FURTHER ORDERED that an additional hearing is scheduled upon Petitioner's Application For Temporary Restraining Order and Application For Temporary Order before the undersigned Judge on the 2ⁿᵈ day of November, 2012, at 9:00 o'clock a.m. at which subsequent hearing all the foregoing temporary orders entered herein will be reviewed and, further, that all other temporary orders requested by Petitioner but reserved herefrom will be heard and at which subsequent hearing the orders contained herein may be wholly or partially vacated or may be ordered to remain in full force and effect, all as warranted by the evidence then presented.

Signed on October 25, 2012.

**JUDGE OF THE DISTRICT COURT**

Approved:

Bobby C. Ramsey   OBA #12954
**DAVIS & THOMPSON**
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918) 253-4298
Fax (918) 253-8110
Attorney for Petitioner

Caroline M. Weaver, Court Clerk of Delaware County Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerks office of Delaware County Oklahoma. This _25_ day of _____ 20 _12_ By _____ Caroline M. Weaver Deputy _____ Court Clerk

2

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

FILED

MAR 1 3 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

IN RE THE MARRIAGE OF )
)
IONEL SAMUEL DUMITRASCU, )
          Petitioner, )
   and )
)
CRISTINA MIRELA DUMITRASCU, )
          Respondent. )

Case No. FD-2012-263

### AMENDED PETITION

COMES NOW Ionel Samuel Dumitrascu, Petitioner, and for his Petition he states as follows:

1.   Petitioner and Respondent were lawfully married in Lugoj, Romania, on June 24, 2005. Their marital relation has existed since that time. The parties have two minor children, to wit: Jonathan Timothy Dumitrascu born December 9, 2011, in Delaware County, Oklahoma; and David Noah Dumitrascu born June 8, 2010, in Delaware County, Oklahoma. Respondent is not pregnant.

2.   Petitioner is entitled to dissolution of marriage/divorce from Respondent by reason of the incompatibility of the parties each to the other. Both parties have resided in Oklahoma for more than six consecutive months immediately preceding the filing hereof and this Court has dissolution of marriage/divorce subject matter jurisdiction herein. Both parties reside in this county and venue is proper herein.

3.   Jurisdiction is present in this Court to hear and determine all issues pertaining to the minor children of the parties and all such jurisdiction should be exercised herein. More particularly, Petitioner states that:

A.   Oklahoma is the "home state" of the parties' minor children and each of them as that phrase is defined by Oklahoma's Uniform Child Custody Jurisdiction and Enforcement Act, 43 O.S. §551-101 et seq., and by the federal Parental Kidnapping Prevention Act, 28 U.S.C. §1738A, and by Oklahoma's Uniform Interstate Family Support Act, 43 O.S. §601-101 et seq. Under said acts, Oklahoma and this Court has jurisdiction to hear and determine all issues pertaining to the custody, visitation and support of the minor children.

B.   Further, it is in the best interest of the parties' minor children that this Court assume custody, visitation and support jurisdiction under said acts because the children and these parties each have significant connections with this state and there is available in this state substantial evidence concerning the children's present and future care, protection, training and personal relationships. No other state has child custody, visitation and/or support jurisdiction. Each such category of jurisdiction should be exercised herein.

C.   No person other than the parties hereto has or claims to have any custody or visitation rights concerning the parties' children or any of them. Neither Oklahoma's Indian Child

Welfare Act, 10 O.S. §40.1 et seq., nor the federal Indian Child Welfare Act, 25 U.S.C. §1901 et seq., apply to this proceeding.  Other than this action, no other action has been filed in this or any other state in which the custody, visitation or support of the minor children has been at issue and Petitioner has not participated in any such other litigation as a party, witness or in any other capacity.

D.   Since birth, the minor children have resided at the following locations and with the following persons: from June 2010 until September 2012 with both these parties at 37333 S 520 Road, Eucha, Oklahoma.

4.   It is in the best interests of the mental, physical and moral welfare of the minor children that their custody be awarded to Petitioner.  Respondent should receive supervised visitation with the minor children.

5.   For purposes of computing child support under the Child Support Guidelines, the parties earn or should be attributed approximate monthly gross incomes as follows: Respondent, $1,267.00; Petitioner, $2,000.00.  Child care expense does not exist.  Health insurance exists for the minor children and is paid by none and should continue to maintain the same.  Each party should be required to contribute to the support of the minor children as required by law.

6.   Each party should be awarded and set aside all of his or her separate property and the same should not be accounted for or included in the Court's division of the parties' marital estate.  All items of marital property and marital debt should be identified and valued and should be equitably divided between the parties according to law.

WHEREFORE, Petitioner requests that he be granted a dissolution of marriage/divorce from Respondent; that he be granted all relief above set forth; and that Petitioner be granted all other ancillary and incidental relief to which he may be entitled as is warranted by the evidence and circumstances presented.

Bobby C. Ramsey   OBA #12954
**DAVIS & THOMPSON**
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918) 253-4298
Fax (918) 253-8110
Attorney for Petitioner

2

Caroline M. Weaver, Court Clerk of Delaware County Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's office of Delaware County Oklahoma. This ___7___ day of ___Oct.___ 20 ___13___ By ___ Caroline M. Weaver
Deputy _____ Court Clerk

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

**FILED**

IN RE THE MARRIAGE OF )
)
IONEL SAMUEL DUMITRASCU, )
Petitioner, )
and ) Case No. FD-2012-263
)
CRISTINA MIRELA DUMITRASCU, )
Respondent. )

MAR 14 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

**ALIAS SERVICE OF SUMMONS**
**BY PUBLICATION NOTICE**

State of Oklahoma To: **CRISTINA MIRELA DUMITRASCU**

TAKE NOTICE that a Amended Petition has been filed in the District Court Delaware, County, State of Oklahoma, Case No. FD-2012-263 styled In re the Marriage of Ionel Samuel Dumitrascu, Petitioner, and Cristina Mirela Dumitrascu, Respondent. The Petition alleges that he is entitled to and should be awarded a Decree of Dissolution of Marriage/Divorce from you.

The Petition alleges that the following minor children have been born to you and Petitioner:

Jonathan Timothy Dumitrascu born December 9, 2011, in Delaware County, Oklahoma; and David Noah Dumitrascu born June 8, 2010, in Delaware County, Oklahoma

The Petition further alleges that the District Court, Delaware County, Oklahoma, has subject matter jurisdiction under all applicable law concerning the custody, visitation, and support of said minor children and that all such jurisdiction should be exercised herein. Said Petition further alleges Petitioner should receive the exclusive custody of said minor children. The Petition alleges that you are not entitled to visitation with the minor children. The Petition alleges that you are obligated under the law of the State of Oklahoma to pay child support to  in accordance with the Oklahoma Child Support Guidelines, plus pay your percentage of all work related child care expenses incurred by Petitioner, plus your percentage of all reasonable and necessary medical, dental, orthodontic, optometric, psychological, or any other physical or mental health expenses of the children not paid by insurance.

The Petition further alleges that each party should be awarded their respective non-marital and separate properties, free and clear of all right, title, interest, lien or claim of the other. In this respect,  alleges that the following items of property are his separate property and that the Court should award the same to him as his separate property: all personal property currently in his possession.

The Petition further alleges that each party should be awarded and set aside all of his or her separate property and the same should not be accounted for or included in the Court's division of the

parties' marital estate. All items of marital property and marital debt should be identified and valued and should be equitably divided between the parties according to law.

You are notified that you must file a Response to the said Petition filed by the  on or before 2nd day of May, 2013, the date which is 41 days after date of first publication, or the allegations contained in the Petition will be taken as true and judgment will be entered against you and in favor of  as prayed for in his Petition.

Given under my hand and seal on the 14th day of March, 2013.

CAROLINE WEAVER, COURT CLERK

[SEAL]                                           By:  _____
                                                      Deputy Court Clerk

Bobby C. Ramsey   OBA #12954
DAVIS & THOMPSON
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918) 253-4298
Fax (918) 253-8110
Attorney for

2

Caroline M. Weaver, Court Clerk of Delaware County Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's office of Delaware County Oklahoma. This ____7____ day of _____ 20 13 ____ By Caroline M. Weaver Deputy _____ Court Clerk

**IN THE DISTRICT
COURT IN AND FOR
DELAWARE COUNTY
STATE OF
OKLAHOMA**

IN RE THE MARRIAGE
OF
IONEL      SAMUEL
DUMITRASCU,
Petitioner,
And
CRISTINA    MIRELA
DUMITRASCU,
Respondent.
Case No. FD-2012-263
**ALIAS SERVICE OF
SUMMONS
BY PUBLICATION
NOTICE**

State of Oklahoma To:
CRISTINA     MIRELA
DUMITRASCU

TAKE NOTICE that
a Amended Petition has
been filed in the District
Court Delaware, County,
State of Oklahoma, Case
No. FD-2012-263, styled
In re the Marriage of
Ionel Samuel Dumitrascu,
Petitioner, and Cristina
Mirela     Dumitrascu,
Respondent. The Petition
alleges that he is entitled
to and should be awarded
a Decree of Dissolution
of Marriage/Divorce from
you.
The Petition alleges that
the following minor chil-
dren have been born to you
and Petitioner:
J o n a t h a n
T i m o t h y
Dumitrascu
born December
9,  2011,  in
D e l a w a r e
C o u n t y ,
Oklahoma; and
David   Noah
Dumitrascu
born     June
8,  2010,  in
D e l a w a r e
C o u n t y ,
Oklahoma
The Petition further
alleges that the District
Court, Delaware County,
Oklahoma, has subject
matter jurisdiction under
all applicable law concern-
ing the custody, visita-
tion, and support of said
minor children and that all
such jurisdiction should
be exercised herein. Said
Petition further alleges
Petitioner should receive
the exclusive custody of
said minor children. The
Petition alleges that you
are not entitled to visita-
tion with the minor chil-
dren. The Petition alleges
that you are obligated
under the law of the State
of Oklahoma to pay child
support to in accordance
with the Oklahoma Child
Support Guidelines, plus
pay your percentage of

all work related child
care expenses incurred
by Petitioner, plus pay a
percentage of all reason-

____ _____ physical or
mental health expenses of
the children not paid by
insurance.
The Petition further
alleges that each party
should be awarded their
respective non-marital and
separate properties, free
and clear of all right, title,
interest, lien or claim of
the other. In this respect,
alleges that the following
items of property are his
separate property and that
the Court should award the
same to him as his sepa-
rate property: all personal
property currently in his
possession.
The Petition further
alleges that each party
should be awarded and set
aside all of his or her sepa-
rate property and the same
should not be accounted
for or included in the
Court's division of the
parties' marital estate. All
items of marital property
and marital debt should
be identified and valued
and should be equitably
divided between the par-
ties according to law.
You are notified that you
must file a Response to
the said Petition filed by
the on or before 2nd day of
May, 2013, the date which
is 41 days after date of
first publication, or the
allegations contained in
the Petition will be taken
as true and judgment will
be entered against you and
in favor of as prayed for in
his Petition.
Given under my hand
and seal on the 14th day of
March, 2013.
CAROLINE WEAVER, COURT
CLERK
[SEAL]
S/by:
Deputy Court Clerk

Bobby C. Ramsey OBA
#12954
DAVIS & THOMPSON
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918) 253-4298
Fax (918) 253-8110
Attorney for Petitioner
(Published in The Grove
Sun – March 19, March 26
and April 2, 2013)
LPXLP

# FILED
APR – 9 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK
FD-2012-263

# Proof of Publication
Delaware County, State of Oklahoma

FD-12-263

In re the Marriage of Ionel Samuel Dumitrascu and Cristina
Mirela Dumitrascu
Alias Service of Summons by Publication Notice

## Affidavit of Publication
STATE OF OKLAHOMA, COUNTY OF OKLAHOMA, ss:

I, Cheryl Franklin, of lawful age, being duly sworn, upon oath
deposes and says that she is the Authorized Agent of The
Grove Sun of Grove, Oklahoma, located at 16 W. 3rd Street,
Grove Oklahoma 74344, a bi-weekly newspaper of general
circulation in Delaware County, printed in the English
language, and published continuously and uninterruptedly
published in said county for a period of one hundred and four
(104) weeks consecutively prior to the first publication of the
said notice.

That said newspaper is in the City of Grove, Delaware
County, Oklahoma, a Bi-Weekly newspaper qualified to
publish legal notices, advertisements and publications as
provided in Section 106 of Title 25, Oklahoma Statutes 1971,
as amended, and complies with all other requirements of the
laws of Oklahoma with reference to legal publications.

That the attached notice is a true copy thereof and was
published in the regular edition of said newspaper for 3
time(s), the first publication thereof being made as aforesaid
on the March 19, 2013 with a subsequent publication made
on March 26, 2013 and April 2, 2013

_____
Cheryl Franklin                                    Publisher

Subscribed and sworn to before me this April 2, 2013.

_____
Kathleen F. Merrill                                Notary Public
My commission expires:  08-25-2016

Publication Cost:        $ 274.17

Acct #:   23000643

**Remittance Address:**
The Grove Sun
c/o MNI Billing Department
PO Box 940
Miami, OK. 74354

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This _____ day of

__Oct_____  20 __13__ By

_____ Caroline M. Weaver

Deputy _____  Court Clerk

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

DATE: _4-16-13_

CASE NO: _FD-12-263_

JUDGE: _Denny_

COURT REPORTER: _____

FILED

APR 17 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

_Ionel Dumitrascu_
PLAINTIFF(S)

_____
ATTORNEY FOR PLAINTIFF(S)

VS

_Christine Dumitrascu_
DEFENDANT(S)

_____
ATTORNEY FOR DEFENDANT(S)

**CIVIL COURT MINUTE**

I called checking on a ct date, I advised her there was no Court date. She left a message # 425-318-4450

By R. Wogoman

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This _7_ day of
_Oct_ 20_13_ By
Caroline M. Weaver
Deputy _____ Court Clerk

**IN THE DISTRICT COURT OF DELAWARE COUNTY**

**STATE OF OKLAHOMA**

FILED

MAY 7 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

In re the Marriage of:                    )
                                          )
IONEL SAMUEL DUMITRASCU,                  )
        Petitioner,                       )
                                          )
and                                       )     Case No. FD-2013-263
                                          )
CHRISTINE DUMITRASCU,                     )
        Respondent.                       )

## ENTRY OF APPEARANCE

**COMES NOW** the Respondent, Christine Dumistrascu, by and through her

attorney, James Evenson for Legal Aid Services of Oklahoma, and hereby enters an

appearance herein and requests an additional twenty (20) days in which to answer,

pursuant to 12 O.S. §2012(A).

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This 7 day of
Oct. 20 13 By
        Caroline M. Weaver
Deput____                          Court Clerk

LEGAL AID SERVICES OF OKLAHOMA

JAMES EVENSON, OBA #16956
The Jay Law Office
P.O. Box 390
Jay, OK 74346
(918) 253-4980
Attorney for Respondent

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Entry of Appearance was
mailed to: Bobby C. Ramsey, Attorney for Petitioner, P.O. Box 487, Jay, OK 74346, on
this ____ day of May, 2013.

1

## IN THE DISTRICT COURT OF DELAWARE COUNTY

### STATE OF OKLAHOMA

**FILED**

| | | |
|---|---|---|
| In re the Marriage of: | ) | |
| | ) | MAY **2 8** 2013 |
| IONEL SAMUEL DUMITRASCU, | ) | |
| Petitioner, | ) | CAROLINE M. WEAVER |
| | ) | DELAWARE CO. COURT CLERK |
| and | ) | Case No. FD-2012-263 |
| | ) | |
| CHRISTINE DUMITRASCU, | ) | |
| Respondent. | ) | |

### ANSWER

**COMES NOW** Christine Dumitrascu, the Respondent herein, and for her answer

to the Petitioner's Amended Petition for dissolution of marriage says:

1. Respondent admits the allegations contained in paragraphs 1 and 6 of the Amended

   Petition.

2. Respondent admits the allegations in paragraph 2 that a state of incompatibility has

   arisen between the parties and that a dissolution of marriage should be granted.

   Respondent admits that this Court has subject matter jurisdiction herein. Respondent

   denies that she currently resides in this county, however, as both the Respondent and

   the parties' children have been in Ecuador since August 2012.

3. Respondent admits the allegations in paragraph 3, parts A, B, and C but denies the

   allegation in part D that the children had resided in Delaware County until September

   2012, as children have been in Ecuador since August 2012.

4. Respondent admits the allegations in paragraph 5 that child care expenses do not exist

   at this time for the children, that health insurance is available and that both parties

   should be required to contribute to the support of the children as required by law.

1

Respondent denies the amounts given for the parties' gross monthly incomes and

demands strict proof thereof.

5.  Respondent denies the allegations in paragraph 4 and any remaining allegations

contained in the Petition, except as specifically admitted above, and demands strict

proof thereof.

LEGAL AID SERVICES OF OKLAHOMA

JAMES EVENSON, OBA #16956
The Jay Law Office
P.O. Box 390
Jay, OK 74346
(918) 253-4980
Attorney for Respondent

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This _____ day of
_____ 20 ____ By _____
                Caroline M. Weaver
_____   Court Clerk
Deputy _____

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Answer was mailed to:
Bobby C. Ramsey, Attorney for Petitioner, P.O. Box 487, Jay, OK 74346, on this _28th_
day of May, 2013.

2

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

**FILED**

IN RE THE MARRIAGE OF )
)                                    MAY **3 1** 2013
IONEL SAMUEL DUMITRASCU, )
                    Petitioner, )                    CAROLINE M. WEAVER
                                )   Case No. FD-2012-263   DELAWARE CO. COURT CLERK
        and )
)
CRISTINA MIRELA DUMITRASCU, )
                    Respondent. )

### ORDER SETTING HEARING

On the 25th day of October, 2012, Petitioner having filed his verified Application for Temporary Order, the Court finds that the same should be set for hearing at a time certain.

**IT IS, THEREFORE, ORDERED** that hearing is scheduled upon said Application for Temporary Order in the Delaware County Courthouse in Jay, Oklahoma, before the undersigned judge on the 25th day of June, 2013, at 9:00 o'clock a.m. Petitioner is directed to notify Respondent of the same in accordance with the law.

Signed on May 31, 2013.

_____
**JUDGE OF THE DISTRICT COURT**

### CERTIFICATE OF DELIVERY

On May 31, 2013, I mailed, postage prepaid, by First Class U.S. Mail, a true copy of the foregoing instrument to James Evenson at LEGAL AID SERVICES OF OKLAHOMA, P. O. Box 390, Jay, OK 74346, Attorney for Respondent.

_____
Bobby C. Ramsey

Caroline M. Weaver, Court Clerk of Delaware County Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's office of Delaware County Oklahoma. This ____ day of
_____ 20____ By _____
                Caroline M. Weaver
Deputy _____     Court Clerk

## IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY
## STATE OF OKLAHOMA

Ionel Dumitrascu
**Plaintiff,**
vs.

**Attorney for Plaintiff(s)**

**FILED**

JUN 2 5 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

Christine Dumitrascu,
**Defendant.**

**Attorney for Defendant(s)**

☒ Associate District Judge Barry Denney        **Case No.** FD-12-263

Date: Tuesday, June 25, 2013        Court Reporter:  Nil

### CIVIL COURT MINUTE

Comes on for TO.
Attorney James Evenson appears for Respondent.
Petitioner appears with Attorney Bobby Ramsey.
TO hearing special set 8-1-13 at 9am- noon.
Petitioner to purchase flight tickets for Respondent and children, to be here on 8-30-13.
Respondent to appear in person with children.

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma.  This ___ day of
__Oct__ 20 __13__ By
Caroline M. Weaver
Deputy _____ Court Clerk

## IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY
## STATE OF OKLAHOMA

Ionel Dumitrascu
**Plaintiff,**
vs.

**Attorney for Plaintiff(s)**

FILED

JUL 23 2013

*CAROLINE M. WEAVER*
*DELAWARE CO. COURT CLERK*

Christie Dumitrascu,
**Defendant.**

**Attorney for Defendant(s)**

☒ Associate District Judge Barry Denney

**Case No.** FD-12-263

Date: Tuesday, July 23, 2013

Court Reporter: Nil

### CIVIL COURT MINUTE

Respondent called from Equador explaining that she would not be coming to trial because Petitioner would only provide a one way, not round trip ticket and that he had been controlling and abusive during the marriage and that she believed she and children could not be kept safe here.  She also said Mr. Dumitrascu had abandoned them. I advised her of the trial date, that she was ordered to be here along with the children for that date upon Petitioners providing a plane ticket for all to be here, that if shes failed to follow the orders of the Court that a warrant could be issued for her arrest and that she could be charged with kidnapping.  Even with that information, she said she would not be coming.  The discussion with her and looking at Court record to be sure of dates probably took 10 minutes.  All eventually ended abruptly.  She only said she would not be coming for above reasons.

Caroline M. Weaver, Court Clerk of Delaware County Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's office of Delaware County Oklahoma. This _____ 7 _____ day of _____ Oct- _____ 20 13 _____ By _____

Caroline M. Weaver

Deputy _____   Court Clerk

IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY
STATE OF OKLAHOMA

DATE: _7/23/13_

CASE NO.: _FD-12-263_

JUDGE: _Denney_

COURT REPORTER: _D._

_Lionel Dumitrascu_

**PLAINTIFF(S)**

_____

**ATTORNEY FOR PLAINTIFF(S)**

vs

_Christine Dumitrascu_

**DEFENDANT(S)**

_____

**ATTORNEY FOR DEFENDANT(S)**

**CIVIL COURT MINUTE**

FILED
JUL 26 2013
CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

_Judge phones. Court._
_Judge advises P to contact atty_

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This __7__ day of
__Oct.__ 20 _13_ By _____
Caroline M. Weaver
Deputy _____ Court Clerk

IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY **FILED**
STATE OF OKLAHOMA

JUL 26 2013
CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

DATE: 7/26/13
CASE NO: FD-12-263

JUDGE: _____
COURT REPORTER: _____

*Ionel Dumitrascu*
PLAINTIFF(S)

ATTORNEY FOR PLAINTIFF(S)

vs

*Christine Dumitrascu*
DEFENDANT(S)

ATTORNEY FOR DEFENDANT(S)

**CIVIL COURT MINUTE**

Δ phones court.

Judge advises Δ to speak w/ her atty.

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This _____ day of
Oct. 20 13 By
Caroline M. Weaver
Deputy _____ Court Clerk

IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY
STATE OF OKLAHOMA

DATE: 8/1/13                    **FILED**          JUDGE: _Denny M_
CASE NO: FD-13-263                                 COURT REPORTER: _Greg Eustice_

                              AUG - 2 2013
_Lonel Dumitrascu_      CAROLINE M. WEAVER    _Bobby Ramsay_
PLAINTIFF(S)            DELAWARE CO. COURT CLERK   ATTORNEY FOR PLAINTIFF(S)

vs

_Christina Dumitrascu_                _James Evanson_
DEFENDANT(S)                          ATTORNEY FOR DEFENDANT(S)

**CIVIL COURT MINUTE**

Comes on for Mtn to allow D to part. via phone
Above counsel appears. П present & D via phone.
Sworn test. heard.

Ct denies Mtn to Participate via phone.

Set 8/13/13 @ 9am on dom. docket
States / TO hrg

П to provide tickets / ash (A) for her & children to
appear by 8/9/13

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This 7 day of
Oct 20 13 By
Caroline M. Weaver
Deputy _____ Court Clerk

IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY
STATE OF OKLAHOMA

**FILED**

Ionel Dumitrascu
**Plaintiff,**
**vs.**

**Attorney for Plaintiff**

AUG - 1 2013
CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

Christie Dumitrascu,
**Defendant.**

**Attorney for Defendant(s)**

☒ Associate District Judge Barry Denney       **Case No.** FD-12-263

Date:  Tuesday, June 25, 2013                  Court Reporter:  Nil

*amended*
**CIVIL COURT MINUTE**

Comes on for TO.
Attorney James Evenson appears for Respondent.
Petitioner appears with Attorney Bobby Ramsey.
TO hearing special set 8-1-13 at 9am-noon.
Petitioner to purchse flight tickets for Respondent and children, to be here on 7-30-13.
Respondent to appear in person with children.

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This ____ day of
____ Oct. ____ 20 __13__ By
Caroline M. Weaver
Deputy _____
                              Court Clerk

May/28/2014 9:07:57 PM        Legal Aid Services of Oklahoma 918-253-8908                    13/91

**IN THE DISTRICT COURT OF DELAWARE COUNTY**

**STATE OF OKLAHOMA**

FILED

JUL 3 0 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

In re the Marriage of:                      )
                                            )
IONEL SAMUEL DUMITRASCU,                    )
        Petitioner,                         )
                                            )
and                                         )     Case No. FD-2012-263
                                            )
CRISTINA MIRELA DUMITRASCU,                 )
        Respondent.                         )

## MOTION TO ALLOW TESTIMONY AND PARTICIPATION BY TELEPHONE

**COMES NOW** Cristina Mirela Dumitrascu, the Respondent herein, by and

through her attorney, James Evenson for Legal Aid Services of Oklahoma, and asks this

Court to allow her to testify and participate in any proceedings in this matter by

telephone.  In support of her motion the Respondent states as follows:

1.  That the parties and the parties' minor children went to Ecuador in August 2012.

2.  That the Petitioner returned to Delaware County in September 2012, leaving the

    Respondent and the parties' minor children in Ecuador, where they have resided

    since.

3.  That due to a history of domestic violence, controlling behavior, manipulation and

    isolation inflicted upon the Respondent by the Petitioner, the Respondent is fearful of

    returning to Delaware County to participate in these proceedings in person.

4.  That the Petitioner has only purchased one-way tickets for the Respondent and the

    parties' children.

5.  That the Respondent does not have the financial resources to pay for a return trip to

    Ecuador.

1

**WHEREFORE** the Respondent respectfully asks that the Court allow her to

testify and participate in these proceedings by telephone, and for such other and further

relief as the Court deems just and proper.

LEGAL AID SERVICES OF OKLAHOMA

JAMES EVENSON, OBA #16956
The Jay Law Office
P.O. Box 390
Jay, OK 74346
(918) 253-4980
Attorney for Respondent

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Motion to Allow
Testimony and Participation by Telephone was hand-delivered to: Bobby C. Ramsey,
Attorney for Petitioner, P.O. Box 487, Jay, OK 74346, on this 30th day of July, 2013.

2

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

FILED

AUG 21 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

IN RE THE MARRIAGE OF )
)
IONEL SAMUEL DUMITRASCU, )
                Petitioner, )
     and  · )    Case No. FD-2012-263
)
CHRISTINE DUMITRASCU, )
                Respondent. )

### *ORDER*

**NOW** on this 1st day of August, 2013, the Motion to Allow Witness to Testify by Telephone comes on to be heard. The Petitioner appearing in person and through counsel, Bobby C. Ramey. The Respondent appearing by telephone and through counsel, James Evenson. The Court after reviewing the pleadings, hearing sworn testimony, and hearing argument of counsel, FINDS:

      1.    This Court has jurisdiction both over the subject matter and the parties.

      2.    The Respondent is currently in Ecuador with the parties two (2) minor children, namely, Jonathan Timothy Dumitrascu born on the 9th day of December, 2011, and David Noah Dumitrascu born on the 8th day of June, 2010.

      3.    The Respondent has not meet the burden of proof necessary to allow the her to testify by telephone.

      4.    The Petitioner has furnished both one-way plane tickets for the Respondent and the minor children and furnished the Respondent with $500.00 in cash consistent with this Court's previous Order relating to the hearing which was to be conducted on this date for a Temporary Order. Petitioner has further agreed to furnish an additional $500.00 to the Respondent and revise the current plane tickets provided to the Respondent so that she may travel from Ecuador to the United States on the 9th day of August, 2013.

      5.    The Respondent is ordered to appear with the minor children for a Status Conference and Scheduling Order on the 13th day of August, 2013, at 9:00 o'clock a.m.

      6.    The Court further finds that the Emergency Order previously entered will remain in full force and effect until further Order of this Court.

     **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the above findings shall be the Order of this Court.

**JUDGE OF THE DISTRICT COURT**

APPROVED AS TO FORM:

Bobby C. Ramsey, OBA #12954
**DAVIS & THOMPSON**
P. O. Box 487
Jay, Oklahoma 74346
Telephone (918)253-4298
Fax (918)253-8110
ATTORNEY FOR PETITIONER

James Evenson, OBA #16956
**LEGAL AID SERVICES OF OKLAHOMA**
P. O. Box 390
Jay, Oklahoma 74346
Telephone (918)253-4980
ATTORNEY FOR RESPONDENT

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This ____ day of
_Oct._____ 20 _13_. By
                        Caroline M. Weaver
Deputy _____ Court Clerk

## IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY
## STATE OF OKLAHOMA

Ionel Dumitrascu
**Plaintiff,**
**vs.**

Attorney for Plaintiff(s)

**FILED**

SEP 1 0 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

Christine Dumitrascu,
**Defendant.**

Attorney for Defendant(s)

☒ Associate District Judge Barry Denney

**Case No.** FD-12-263

Date:  Tuesday, September 10, 2013

Court Reporter:  Nil

### CIVIL COURT MINUTE

Comes on for Review/Mtn to withdraw of Evenson.
Attorney Bobby Ramsey appears with Petitioner.
Attorney James Evenson appears for Respondent.
Respondent previously agreed to call at 9:15am.
Respondent has not called.
Set 9-20-13 at 9am on domestic docket for final.
Court allows Attorney James Evenson to withdraw, Attorney Evenson to notify Respondent of
Court date.

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This ____7____ day of
_Oct_____ 20__13__ By_____
Caroline M. Weaver
Deputy _____ Court Clerk

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

**FILED**

SEP 20 2013

CAROLINE M WEAVER
DELAWARE CO. COURT CLERK

Ionel Dumitrascu

**Plaintiff,**
vs.

Bobby Ramsey

**Attorney for Plaintiff(s)**

Christine Dumitrascu

**Defendant.**

Pro se,

**Attorney for Defendant(s)**

☒ Associate District Judge Barry Denney

**Case No.** FD-12-263

Date: Friday, September 20, 2013

Court Reporter:  Greg Eustice

## CIVIL COURT MINUTE

Comes on final.
Attorney Bobby Ramsey appears with Petitioner.
Respondent via phone.
Sworn testimony heard.
Court grants Divorce.

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This ___ day of
_____ 20___ By
Caroline M. Weaver
Deputy _____ Court Clerk

May/28/2014 9:07:57 PM        Legal Aid Services of Oklahoma 918-253-8908              9/91

## IN THE DISTRICT COURT OF DELAWARE COUNTY

### STATE OF OKLAHOMA

**FILED**

SEP – 5 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

In re the Marriage of:                    )
                                          )
IONEL SAMUEL DUMITRASCU,                  )
    Petitioner,                           )
                                          )
and                                       )        Case No. FD-2012-263
                                          )
CRISTINA MIRELA DUMITRASCU,               )
    Respondent.                           )

### MOTION TO WITHDRAW

    **COMES NOW** James Evenson for Legal Aid Services of Oklahoma and moves the Court for an Order allowing withdrawal as counsel for the Respondent, Cristina Dumitrascu, and shows the Court:

1.    That counsel has been asked to withdraw by the Respondent.

2.    That a status conference and temporary order hearing are set for September 10, 2013.

3.    That until new counsel is retained, pleadings and correspondence may be sent to: Cristina Dumitrascu, P.O. Box 1208, Vilcadamga, Loja 1101.

4.    That counsel for the Petitioner has been informed of this motion and objects to its granting.

    **WHEREFORE**, Legal Aid Services of Oklahoma prays the Court to grant its Motion to Withdraw as counsel for the Respondent.

LEGAL AID SERVICES OF OKLAHOMA

JAMES EVENSON, OBA #16956
The Jay Law Office
P.O. Box 390
Jay, Oklahoma 74346
(918) 253-4980

1

May/28/2014 9:07:57 PM       Legal Aid Services of Oklahoma 918-253-8908            10/91

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Motion to Withdraw was mailed to: Bobby C. Ramsey, P.O. Box 487, Jay, OK 74346, on this 5th day of September, 2013.

_James E. Vernon_

2

**IN THE DISTRICT COURT OF DELAWARE COUNTY** FILED

**STATE OF OKLAHOMA**

SEP 17 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

In re the Marriage of:  )
 )
IONEL SAMUEL DUMITRASCU,  )
    Petitioner,  )
 )
and  )    Case No. FD-2012-263
 )
CRISTINA MIRELA DUMITRASCU,  )
    Respondent.  )

### ORDER ALLOWING WITHDRAWAL

**NOW** on this 10th day of September, 2013, Legal Aid Services of Oklahoma's Motion to Withdraw comes on for hearing before me, the undersigned Judge of the District Court of Ottawa County, Oklahoma, and the Court finds that an order should issue pertaining thereto.

**IT IS THEREFORE ORDERED** by the Court that Legal Aid Services of Oklahoma be and is hereby allowed to withdraw as attorney of record for the Respondent, Cristina Mirela Dumitrascu, in the above-styled and numbered cause.

**IT IS FURTHER ORDERED** that this cause is set for a hearing on the merits on September 20, 2013, at 9:00 a.m.

**IT IS FURTHER ORDERED** that until an entry of appearance is filed by substitute counsel for the Respondent, she shall be deemed to be representing herself, pro se.

_____

JUDGE OF THE DISTRICT COURT

Caroline M. Weaver, Court Clerk of Delaware County Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears of record in the Court Clerk's office of Delaware County Oklahoma. This ____ day of _____ 20 ____ By ____

Caroline M. Weaver

Deputy _____ Court Clerk

1

## CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Order Allowing Withdrawal was mailed to: Bobby C. Ramsey, Attorney at Law, P.O. Box 487, Jay, OK 74346, on this _17th_ day of September, 2013.

2

To the Honorable Judge Barry V. Denny

*Associate District Judge of the District Court of Delaware County*

Delaware County Courthouse
P.O. Box 489
Jay, OK 74346

RE: DUMITRASCU, IONEL SAMUEL vs. DUMITRASCU, CHRISTINE
  **Case Identifier** Delaware OK — FD-2012-00263
   **Type of Case** Family and Domestic Proceedings
    **Date Filed** 10/25/2012

I am Christine Dumitrascu the respondent to an amended complaint filed in your courthouse
on March 13, 2013. I have dismissed attorney James Evenson Jr. for ineffective assistance , failure to
represent my position and statements to the court, and actions and commitments to the court contrary to
my stated position and instructions. Until I find a new lawyer I am representing myself as is my
constitutional right.

The filing of the amended complaint on March 13, 2013 was the first time your court assumed
concurrent jurisdiction under Oklahoma, federal and international laws that relate to the abduction and
retention of children. I sought the help of Legal Aid when the complaint came to my attention by pure
chance, notice having been made by publication.

On August 8th, 2013 I prepared an un-sworn declaration under penalty of perjury as provided by
Oklahoma law, stating my position on the facts and my intent not to submit to personal jurisdiction
by the Oklahoma court. This declaration was suppressed by Mr. Evenson as an inadmissible written
statement, as was my requests to the court that it address the issue of jurisdiction before all else

Under Oklahoma UCCJE Section 551-107 I requested in my declaration that the question of
jurisdiction must be properly reviewed under all applicable laws. The order of August 21, 2013 that
addresses jurisdiction was signed by Mr. Evenson without consultation and without my authority and
is contrary to law and my stated position. I did not submit to Oklahoma personal jurisdiction. When
the amended complaint was filed my two infant boys had been away from Oklahoma for more than six
months, and Oklahoma could not have been their home-state. Given their young age of only months it
is doubtful that Oklahoma will be found to have been their habitual residence at any time after August
2012 when Mr. Dumitrascu and I took them away from Oklahoma. And further whatever illegal
retention Mr. Dumitrascu wishes to establish occurred in Ecuador, and Ecuador may claim jurisdiction
under the appropriate laws. I ask that the court reverse the order of August 21, 2013 in the time
allowed by law.

By now your court having denied me any kind of hearing short of obeying what I believe to be an
illegal and for me impossible order to return with the children, and lacking my presence , that of the
children, a number of witnesses and police investigators, which it cannot hope to gather in Jay
Oklahoma, should consider that it is an inconvenient place to consider the return of the children and
associated custody issues.

To the honorable Judge Barry V. Denny
From respondent: Christine Dumitrascu
Case: FD-2012-00263
Page 2 of 2

I do not deny the court's jurisdiction over the divorce, division of property and support issues, which it can consider when possible.

Starting October 2012 this divorce lawsuit looks like an attempt to secure a divorce and custody decree without my knowledge or intervention . Mr. Dumitrascu has always known where I am in the place where he left us. He has been to this date in constant touch with all my family and in email and phone contact with me. Yet he never mentioned the divorce until I discovered it by chance. There are companies that specialize in serving notice in Ecuador and there would have been no problem finding me in the small village of Vilcabamba.

By now I have reason to fear that my rights will not be properly protected by this court, and feel that I must consider a request that my case be reassigned to another court.


Christine Dumitrascu


_____
Signed in: Vilcabamba, Ecuador

Date :

_____


I Cristina Mirela Dumitrascu   declare under penalty of perjury under the laws of Oklahoma, that the letter above  was faxed to Judge Barry Denny on September 5, 2013, at a time when I was representing myself and were denied any contact with the judge, until his clerk relented a gave me a fax number  to which I sent the above letter.

Cristina Mirela Dumitrascu
October 5, 2013

Signed in Ecuador



The Honorable Judge Robert G. Haney

*District Judge of the District Court of Ottawa County*

Oklahoma Ottawa County Courthouse
102 E. Central, Suite 200
Miami, OK 74354

Your honour:

Regarding:

DUMITRASCU, IONEL SAMUEL vs. DUMITRASCU, CHRISTINE

**Case Identifier** Delaware OK — FD-2012-00263
   **Type of Case**  Family and Domestic Proceedings
     **Date Filed**   10/25/2012

I am the respondent Christine Dumitrascu, a resident of Ecuador, South America since August 2012. I am self represented. I dismissed the Legal Aid attorney in Jay when it became clear that he had little interest to see justice done in my case, and was rather in the process of severely compromising my case under Oklahoma, federal law and international law. This case is assigned to associate Judge Barry V. Denny in Jay, OK

I attach a letter I faxed and mailed to Judge Denny, together with my declaration of August 8th , 2013 that was either suppressed by the Legal Aid attorney or rejected by Judge Denny.

From the time that I learned by chance in March 2013 that a divorce case was proceeding without my knowledge I have experienced only threats from Judge Denny's court. I have been denied any hearing from that court unless I am willing to uproot myself and my two baby boys to appear in his court. Both court and lawyers either willfully or by ignorance seem bent on denying me any rights of process or of law I have under Oklahoma, federal or international law that apply in the case.

My request to the court that the jurisdiction must first be resolved only led to an order on August 21, 2013 on which I was not consulted and that on its face is contrary to law and to the facts.

I respectfully request that the case be reassigned to a judge with better understanding of process in a concurrent jurisdiction case.

I respectfully submit that with the respondent resident in Ecuador with the kids, with all witnesses to the events that led my husband to leave Ecuador and the police investigation that followed located in Ecuador, Jay Oklahoma is a very inconvenient location for issues beyond the divorce, property divisions and support payments.

Christine Dumitrascu, respondent

_____

Signed at: Vilcabamba, Ecuador

Date: _____

I Cristina Mirela Dumitrascu   plaintiff in a complaint in US District Court in Tulsa OK, declare under penalty of perjury under the laws of the United States that the above letter together with the material to which it refers where mailed  around  September 5, 2013  to judge  Robert G. Haney,  whom I understood to be the senior judge and charged with assignment of cases in Delaware County; after I was denied any other faster method of delivery to his office.

Cristina Mirela Dumitrascu
October 4, 2013
Signed in Ecuador.

DUMITRASCU, IONEL SAMUEL vs. DUMITRASCU, CHRISTINE
FD-2012-00263

1.  I am Christine Dumitrascu age 33, and I make the following declaration:
2.
3.  I am the mother and have custody of D. N. 38 month old and J. T. 20 months
4.  old , both born in Oklahoma.
5.
6.  In 2012 my husband Ionel Samuel Dumitrascu and I formed a settled
7.  purpose to move permanently to South America and for that purpose put our
8.  Oklahoma home up for auction.
9.
10. On August 27, 2012 my husband and I together with our two children moved
11. to Ecuador, South America with the settled purpose to live there.
12.
13. On or about September 25, 2012 as I attempted to protect my son David from
14. physical abuse I suffered battery at the hands of my husband, that led to
15. hospital care and intervention of the police.
16.
17. The following day Jonel S. Dumistrascu left Ecuador without asking me or our
18. children to join him, leaving us without any support.
19.
20. At no time then or now did Jonel S. Dumitrascu have legal custody of our two
21. children.

DECLARATION OF CRISTINA DUMITRASCU

PAGE 1 OF 3

DUMITRASCU, IONEL SAMUEL vs. DUMITRASCU, CHRISTINE
FD-2012-00263

1.
2. Since September 2012 I have been the sole support for myself and my two
children, with some support from my husband sent only in the recent months.
3.
4. The town of Vilcabamba Ecuador has been the habitual residence of my sons
5. D. and J. since August 2012. I care for them and they go to daycare here.
6. They know no other home, and leave no one in Oklahoma but their father.
7.
8. I only found out about this divorce action served by publication by research
9. online, and sought legal aid to answer on the issue of custody and support.
10. My residence in Vilcabamba ,Ecuador has always been known to my husband.
11.
12. I question the existence or exercise of jurisdiction by the Oklahoma court and
13. request that this issue be resolved first
14.
15. I have not submitted to the jurisdiction of the Oklahoma court.
16.
17. Under judicial threat of dire consequences and criminal prosecution, and
18. without the due process under federal law, I was asked to dislocate myself and
19. my children for a one-way ticket return to a place where we have no home and
20. no contact other than the husband who is divorcing me.
21.
22.

DECLARATION OF CHRISTINE DUMITRASCU

PAGE 2 OF 3

DUMITRASCU, IONEL SAMUEL vs. DUMITRASCU, CHRISTINE
FD-2012-00263

1. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF
   OKLAHOMA THAT THE FOREGOING IS TRUE AND CORRECT
2.
3. Executed in Vilcabamba, Ecuador
4. Date:      August  8th, 2013
5.
6. Signature:  _Christine Dumitrascu
7.
8.
9.

10.
11. I declare under penalty of perjury under the laws of Oklahoma that this is the
12. declaration I sent by email on or about August 8, 2013  to my Legal Aid
13. attorney in Jay OK,  and also to Judge Barry Denny of the District  Court of
14. Oklahoma in Jay OK. The Legal Aid attorney confirmed receiving it but said it
15. was inadmissible as a written statement.
16.
17. Cristina Mirela Dumitrascu
18. October 4, 2013
19. Signed in Ecuador
20.
21.

DECLARATION OF CHRISTINE DUMITRASCU

PAGE 3 OF 3

**IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY**
**STATE OF OKLAHOMA**

**FILED**

SEP 2 0 2013

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

IN RE THE MARRIAGE OF          )
                               )
IONEL SAMUEL DUMITRASCU,       )
                Petitioner,    )
         and                   )    Case No. FD-2012-263
                               )
CHRISTINA MIRELA DUMITRASCU,   )
                Respondent.    )

### *DECREE OF DIVORCE AND DISSOLUTION OF MARRIAGE*

   **NOW** on this 20th day of September, 2013, this matter regularly came on for hearing. The Petitioner appeared in person and with counsel Bobby C. Ramsey. The Respondent appears not although duly notified of such hearing. The Court heard the argument of counsel and being fully advised in the premises, the Court found, ordered, adjudged and decreed as follows:

   1.   The Petitioner has provided to the Respondent and the minor children airline tickets and a sufficient amount of money for travel from Ecuador to the United States to appear before this Court on two (2) separate occasions and as ordered by this Court to return to the United States. That the Respondent has wholly failed and refused to return to the jurisdiction of this Court with the minor children.

   2.   Petitioner and Respondent were lawfully married on June 24, 2005, in Lugoj, Romania, and have ever since been husband and wife. The parties are the parents of the following minor children, to wit: David Noah Dumitrascu, born June 8, 2010, in Delaware County, Oklahoma; and Jonathan Timothy Dumitrascu, born December 9, 2011, in Delaware County, Oklahoma. The parties have no other minor children and Respondent is not pregnant.

   2.   Both parties were bona fide residents of this state for more than six consecutive months prior to the filing of this action. The Court has subject matter jurisdiction concerning this action and venue is proper in this county.

   3.   Under all applicable state and federal law, including Uniform Child Custody Jurisdiction and Enforcement Act, 43 O.S. §551-101 et seq., and Oklahoma's Uniform Interstate Family Support Act, §43 O.S. §601-100 et seq., and the federal Parental Kidnapping Prevention Act, 28 U.S.C. §1738A, and Oklahoma's Uniform Interstate Family Support Act, 43 O.S. §601-100 et seq., this Court has and should exercise jurisdiction to enter initial child custody, visitation and support decrees under said state and federal law and enter orders concerning the same as are more specifically hereinafter set forth. More particularly:

   A.   At the commencement of this action, Oklahoma was the "home state" of each said minor child as that term is defined by said statutes and it has since remained and is now their home state.

B.   It is in the best interest of the minor children that this state assume jurisdiction because the children and their parents, the parties hereto, have significant connections with this state, and there is available in this state substantial evidence concerning the children's present and future care, protection, training and personal relationships and the children are physically present in this state.

C.   Other than the parties hereto, no other person has or claims to have custody or visitation rights concerning the minor children.  Other than this action, no prior actions have been filed in this or in any other state concerning the custody, visitation or support of the minor children and no party hereto has participated in any such litigation as a party, witness or in any other capacity. The children are not of Native American ancestry and neither Oklahoma's Indian Child Welfare Act, 10 O.S. §40 et seq., nor the federal nor the federal Indian Child Welfare Act, 25 U.S.C. §1901 et seq., apply to this proceeding.  The Court has jurisdiction over all necessary parties concerning the issues of child custody, support and visitation.

D.   The Court should exercise its jurisdiction to enter initial child custody, visitation and support decrees concerning the minor children.

4.   The parties' marriage should be dissolved and a divorce should be awarded to Petitioner for the following cause: abandonment for one year by Respondent.

5.   Custody of the said minor children should be awarded to the Petitioner and Respondent should be awarded supervised visitation with them which is more particularly described as follows: supervised visitation with the minor children in the United States with a Court approved supervisor. Further, that the Sheriff of Delaware County, Oklahoma, and any and all other peace officers or other governmental officials in and/or of this state  and any of its political subdivisions are commanded to immediately proceed to obtain the physical possession of said minor children from Cristina Mirela Dumitrascu, and/or from any other person having possession of the minor children, and to utilize all necessary force, including physical force and including forcible entry upon and into such premises as the minor children may be located, and to immediately deliver said children to the physical possession of the Petitioner, Ionel Samuel Dumitrascu.

6.   Each party should be entitled to telephone the children at all reasonable times and the children should be entitled to telephone their parents at any time.  Each party should be entitled to participate in all birthday, school or extracurricular activities of the children and each party should keep the other informed of all such events on a regular basis.  Each party should be equally entitled to access and have all medical, hospital, school and all other records of the children and neither party should inhibit or interfere with such access and, in the event that any doctor, hospital, teacher or other person does not freely grant such access, each party should take such action as is necessary to cause such access to occur.  Each party should keep the other informed of all changes in his/her residence and work addresses and telephone numbers.  Each party should affirm the other to the children and neither party should demean the other to the children or within their presence or hearing.  Neither party should permit a person with whom he/she may be romantically involved, but to whom he/she is not married, to spend the night in his/her dwelling or other sleeping location while the children are present.

2

7.   The parties' Child Support Computation form has been completed, has been approved by the Court, is on file herein, and all of the information, findings and orders contained in said Child Support Computation form are hereby adopted and incorporated herein by reference.  As is more specifically set forth therein, for purposes of Oklahoma's Child Support Guidelines, 43 O.S. §§118 and 119, Petitioner's monthly gross income should be set at $3,000.00, which is 70.5% of combined parental income, and Respondent's monthly gross income should be set at $1,257.67, which is 29.5% of combined parental income.  Work related day care expense for the minor children does not presently exist.  Health insurance for the minor children does not presently exist.

8.   Respondent should pay Petitioner child support in accordance with Oklahoma's Child Support Guidelines, which is to say, Respondent should pay Petitioner base child support of $253.60 per month on the first day of each month beginning October 1, 2013, and continue on the same day each month thereafter, until the child(ren) reach(es) the age of eighteen years.  Provided, that if the last minor child residing with the custodian reaches the age of eighteen years and is still attending high school, child support shall continue until the age of twenty years, so long as the child is regularly enrolled in and attending high school, including other means of high school education or an alternative high school education program, or until the further order of the Court.

9.   Although no work related child care expense presently exists, in the event that such expense be incurred by a party in the future, each parent should pay his/her proportionate share thereof, which is to say, Petitioner's share is 70.5% and Respondent's share is 29.5% of such expense.  In the event that such expense be incurred by either party, that party should give to the other party documentation from the child care provider which shows the total monthly amount of such expense and, on the first day of each month, the other party should pay to the party incurring such expense his or her said share of such monthly expense until such time as further documentation is provided that the actual amount of such expense has changed, at which time the party not incurring such expense should pay to the other his or her said parental percentage thereof.

10.  Each party who incurs work related child care expense should have a duty to provide documentation from the child care providers of the actual monthly amount of any such expense, including any changes in the actual monthly amount of such expense.  Each party who incurs such expense should be accountable to the other party for any overpayments made by the party not incurring such expense.  The intent hereof is that each party pay his/her proportionate share of the actual child care expense, if any, and that neither party pay a disproportionate share thereof.

11.  All non-prescribed health care expense, such as over the counter medication and first-aid care in the home, should be paid by the parent providing the same.  All other reasonable and necessary medical, dental, orthodontic, optometrical, psychological or any other physical or mental health expenses of the children should be handled and paid in the following manner: All said health care expense should be submitted to all insurers as may exist.  After being notified of the action taken by such insurers, each party should pay the following portions of such expense which was not paid by insurance, including all co-payments and/or deductibles which may be applicable, to wit: Petitioner should pay 70.5% and Respondent should pay 29.5% thereof.  If one parent has overpaid his or her share of such expense, the other parent should reimburse that parent not later than thirty (30) days after presentation of documentation concerning the same.

3

12. In the event that a party does not satisfy his/her foregoing duties associated with the health care expenses of the children, that party may be liable to the other for any loss which may be occasioned by such failure, to be determined by the Court on motion of a party based upon all equitable and legal considerations.

13. The state and federal income tax dependent exemptions for the minor children should be awarded to Petitioner.

14. An immediate Order/Notice of income assignment for the payment of child support should be ordered at this time.

15. The parental relocation provisions of 43 O.S. §112.3 are applicable herein and compliance with the same should be ordered as is hereinafter set forth.

16. As his equitable division of the parties' marital assets, Petitioner should be awarded all the parties' right, title and/or interest in the following real and personal property, to wit: all personal property currently in his possession and the following described real property, to-wit:

The NE¼ of the SE¼ of the NE¼ of Section 16, Township 23 North, Range 22 East, Delaware County, Oklahoma, subject to an easement across the North 33 feet thereof.

17. As his equitable division of the parties' marital debts, Petitioner should be ordered to pay, and to indemnify and hold Respondent harmless from all claim, loss, demand and liability from, the following marital, debts, to wit: all indebtedness on the above-described real property and debts in the name of the Petitioner.

18. As her equitable division of the parties' marital estate, Respondent should be awarded all the parties' right, title and/or interest in the following property, to wit: all personal property currently in her possession.

19. As her equitable division of the parties' martial debts, Respondent should be ordered to pay, and to indemnify and hold Petitioner harmless from all claim, loss, demand and liability from, the following marital debts, to-wit: all debts in the name of the Respondent.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that:**

1. The parties are divorced and their marital relation is terminated and dissolved, which decree is final on this date. The parties are admonished to be in compliance with the law of this state prohibiting remarriage of the parties (except to each other) until six months pass from this date.

2. The Petitioner has provided to the Respondent and the minor children airline tickets and a sufficient amount of money for travel from Ecuador on two (2) separate occasions and as ordered by this Court to return to the United States. That the Respondent has wholly failed and refused to return to the jurisdiction of this Court with the minor children.

3.    Custody of the said minor children is awarded to the Petitioner and Respondent is awarded supervised visitation with them which is more particularly described as follows: supervised visitation with the minor children in the United States with a Court approved supervisor. Further, that the Sheriff of Delaware County, Oklahoma, and any and all other peace officers or other **governmental officials in and/or of this state  and any of its political subdivisions are commanded to immediately proceed to obtain the physical possession of said minor children from Cristina Mirela Dumitrascu, and/or from any other person having possession of the minor children, and to utilize all necessary force, including physical force and including forcible entry upon and into such premises as the minor children may be located, and to immediately deliver said children to the physical possession of the Petitioner, Ionel Samuel Dumitrascu.**

4.    Each party shall be entitled to telephone the children at all reasonable times and the children shall be entitled to telephone their parents at any time. Each party shall be entitled to participate in all birthday, school or extracurricular activities of the children and each party shall keep the other informed of all such events on a regular basis. Each party shall be equally entitled to access and have all medical, hospital, school and all other records of the children and neither party shall inhibit or interfere with such access and, in the event that any doctor, hospital, teacher or other person does not freely grant such access, each party shall take such action as is necessary to cause such access to occur. Each party shall keep the other informed of all changes in his/her residence and work addresses and telephone numbers. Each party shall affirm the other to the children and neither party shall demean the other to the children or within their presence or hearing. Neither party shall permit a person with whom he/she may be romantically involved, but to whom he/she is not married, to spend the night in his/her dwelling or other sleeping location while the children are present.

5.    Respondent is ordered to pay Petitioner base child support of $253.60 per month on the first day of each month beginning October 1, 2013, and continue on the same day each month thereafter, until the child(ren) reach(es) the age of eighteen years. Provided, that if the last minor child residing with the custodian reaches the age of eighteen years and is still attending high school, child support shall continue until the age of twenty years, so long as the child is regularly enrolled in and attending high school, including other means of high school education or an alternative high school education program, or until the further order of the Court.

6.    Although no work related child care expense presently exists, in the event that such expense be incurred by a party in the future, each parent is ordered to pay his/her proportionate share thereof, which is to say, Petitioner's share is 70.5% and Respondent's share is 29.5% of such expense. In the event that such expense be incurred by either party, that party is ordered to give to the other party documentation from the child care provider which shows the total monthly amount of such expense and, on the first day of each month, the other party is ordered to pay to the party incurring such expense his or her said share of such monthly expense until such time as further documentation is provided that the actual amount of such expense has changed, at which time the party not incurring such expense is ordered to pay to the other his or her said parental percentage thereof.

5

7.   Each party who incurs work related child care expense is ordered to provide documentation from the child care providers of the actual monthly amount of any such expense, including any changes in the actual monthly amount of such expense. Each party who incurs such expense is accountable to the other party for any overpayments made by the party not incurring such expense. The intent hereof is that each party pay his/her proportionate share of the actual child care expense, if any, and that neither party pay a disproportionate share thereof.

8.   All non-prescribed health care expense, such as over the counter medication and first-aid care in the home, shall be paid by the parent providing the same. All other reasonable and necessary medical, dental, orthodontic, optometrical, psychological or any other physical or mental health expenses of the children is ordered to be handled and paid in the following manner: All said health care expense shall be submitted to all insurers as may exist. After being notified of the action taken by such insurers, each party shall pay the following portions of such expense which was not paid by insurance, including all co-payments and/or deductibles which may be applicable, to wit: Petitioner shall pay 70.5% and Respondent shall pay 29.5% thereof. If one parent has overpaid his or her share of such expense, the other parent shall reimburse that parent not later than thirty (30) days after presentation of documentation concerning the same.

9.   In the event that a party does not satisfy his/her foregoing duties associated with the health care expenses of the children, that party may be liable to the other for any loss which may be occasioned by such failure, to be determined by the Court on motion of a party based upon all equitable and legal considerations.

10.   The state and federal income tax dependent exemptions for the minor children are awarded to the Petitioner.

11.   In accordance with 43 O.S. §115, 12 O.S. §1171.J.2, and all other applicable statutory law, and immediate income assignment/wage withholding concerning payment of monthly child support is ordered. The same is more fully covered by the separate Order/Notice of Income Assignment issued contemporaneously herewith, to which reference is made for further particulars.

12.   If either party ("the relocating party") intends to move his or her primary residence or intends to move the primary residence of any minor child of the parties over seventy-five (75) miles for a period of sixty (60) days or more when such move is not a temporary absence from the child's principal residence:

      A.   The relocating party shall furnish the following information to the other party in accordance with the terms set out herein:

          (1)   the intended new address, including the specific address, if known;
          (2)   the new mailing address, if not the same;
          (3)   the home telephone number, if known;
          (4)   the date of the intended move or proposed relocation;
          (5)   a brief statement of the specific reasons for the proposed relocation of the child, if applicable; and

(6)   a proposal for a revised schedule of visitation with the child, if any.

B.   The relocating party shall give notice of the proposed relocation of any child or the proposed change of the party's residence address to the other party on or before the sixtieth (60th) day before the proposed change.  If the relocating party did not know and could not have reasonably known of the change in sufficient time to provide a sixty-day notice, then such party shall give notice of the change on or before the tenth (10th) day after the date that he or she knows of the change.

C.   The obligation of a party to give the notices and to provide the information set out herein shall continue so long as that party is entitled to custody of, or visitation with, any child covered by this order.

D.   The failure of a party to give the notices and to provide the information set out herein may result in further litigation to enforce the order, including contempt of court.

E.   The failure of a party to notify of a relocation of any child may be taken into account in a modification of custody of, visitation with, possession of, or access to, the child.  The Court may assess reasonable attorney fees and costs against a party who fails to give the required notice provided for herein.

F.   If a party who receives notice of the intent of the other party to relocate the residence of any child does not file, within thirty (30) days of receipt of such notice, a proceeding seeking a temporary or permanent order to prevent the relocation, the relocation is authorized and may occur without further notice.

13.  Petitioner is awarded all the parties' right, title and interest in and to the following real and personal property, to wit: all personal property currently in his possession and the following described real property, to-wit:

The NE¼ of the SE¼ of the NE¼ of Section 16, Township 23 North, Range 22 East, Delaware County, Oklahoma, subject to an easement across the North 33 feet thereof.

14.  Petitioner is ordered to pay, and to indemnify and hold Respondent harmless from all claim, loss, demand and liability from, the following marital debts, to wit:   all indebtedness on the above-described real property and debts in the name of the Petitioner.

15.  Respondent is awarded all the parties' right, title and interest in and to the following personal property, to wit:  all personal property currently in her possession.

16.  Respondent is ordered to pay, and to indemnify and hold Petitioner harmless from all claim, loss, demand and liability from, the following marital debts, to-wit: all debts in the name of the Respondent.

7

**IN THE DISTRICT COURT OF DELAWARE COUNTY**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| IONEL SAMUEL DUMITRASCU, | ) | **Dist. Ct. Case No.** ___FD-2012-263___ |
| | ) | |
| Petitioner | ) | **OAH Case No.** _____ |
| | ) | |
| vs. | ) | **FGN:** ___000742931001___ |
| | ) | |
| CRISTINA MIRELA DUMITRASCU, | ) | |
| | ) | |
| Respondent | ) | |

**CHILD SUPPORT COMPUTATION**

| | | | Father | Mother | Combined |
|---|---|---|---|---|---|
| | Calculation for number of children in this case | 2 | | | |
| | Obligor (person who pays) is (Enter "Father" or "Mother") | Mother | | | |
| **A** | **Base monthly obligation** | | **Father** | **Mother** | **Combined** |
| 1 | **Gross monthly income** All sources, except income specifically excluded by 43 O.S. Section 118B(B) | | $3,000.00 | $1,256.67 | $4,256.67 |
| | a. Amount of self-employment income included in Line 1 | | $0.00 | $0.00 | |
| | b. Deduction for self-employment tax Multiply Line 1a by 7.65% | | $0.00 | $0.00 | |
| 2 | **Total gross monthly income** Line 1 minus Line 1b | | $3,000.00 | $1,256.67 | |
| | a. Amount of SSA Title II benefits paid for the benefit of the children.  Do NOT include SSI benefits. (Enter in the column for the disabled or retired parent.) | | $0.00 | $0.00 | |
| | b. Court ordered support alimony actually paid in a prior case | | $0.00 | $0.00 | |
| | c. Court ordered monthly adjustment for marital debt | | $0.00 | $0.00 | |
| | d. Court ordered monthly child support actually paid for out-of-home children | | $0.00 | $0.00 | |

| | | Father | Mother | Combined |
|---|---|---|---|---|
| | **In-home Children Deduction Worksheet** e. Number of qualified in-home children excluding children on this case | 0 | 0 | |
| | f. Amount for qualified in-home children. Apply Line 2 for each parent to Child Support Guideline Schedule amount using the number of children in Line 2e, and multiply guideline amount by 75% | $0.00 | $0.00 | |
| 3 | **Adjusted gross monthly income (AGI)** Amount in Line 2 plus 2a, minus Lines 2b, 2c, 2d, and 2f | $3,000.00 | $1,256.67 | $4,256.67 |
| 4 | **Percentage share of income** AGI for each parent divided by the combined AGI | 70.5% | 29.5% | 100% |
| 5 | **Base monthly obligation** Apply combined AGI to Child Support Guideline Schedule and put total in combined base monthly obligation. Multiply the combined total by the percentage share of income for each parent. | $605.40 | $253.60 | $859.00 |
| B | **Parenting time adjustment, if used** | **Father** | **Mother** | **Combined** |
| 6 | **Number of overnights with each parent** If less than 121 for either parent, skip to C. | 365 | 0 | 365 |
| | a. Percentage of overnights with each parent Number of overnights for each parent divided by 365 | 100.0% | 0.0% | 100% |
| | b. Adjusted combined child support obligation Adjustment factor is based on the parent with the fewest overnights. The result in the combined column is the combined monthly obligation in Line 5 multiplied by the adjustment factor. | <=== **Adjustment Factor** less than 121 = no factor 121-131 = 2 132-143 = 1.75 144-183 = 1.5 | | |
| | c. Share of adjusted combined child support obligation Combined Line 6b multiplied by the percentage share of income in Line 4 | | | |
| | d. Respective adjusted base child support obligation Amount for each parent in Line 6c multiplied by the percentage of the other parent in Line 6a | | | |
| 7 | **Adjusted base monthly obligation** Line 6d larger amount minus Line 6d smaller amount and the result is for the parent with the positive amount. If the parent has more than 205 in Line 6, use $0 for that parent. If either parent has less than 121 in Line 6, use the Line 5 amount for both parents. | $0.00 | $253.60 | |
| C | **Obligor** (person who pays) is (Enter "Father" or "Mother") | Mother | | |

| D | Work and education-related child care expenses | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 8 | **Monthly child care expenses for children in this case** Do not include any co-payments being paid by a parent receiving OKDHS child care subsidy. | $0.00 | $0.00 | $0.00 |
| 9 | **Child care expense percentage share of the total** Total child care expenses multiplied by percentage share of income for each parent Multiply Line 8 by Line 4 | $0.00 | $0.00 | |
| 10 | **OKDHS Child Care Subsidy Worksheet** a. Total children in each parent's household receiving child care subsidy | | | |
| | b. Number of children from Line 10a included in this order | | | |
| | c. Parent's actual gross monthly income less self-employment tax from Line 2 | | | |
| | d. Base monthly obligation of the obligor Enter Line 7 for obligor into obligee's column, $0 for the obligor indicated in Section C | $0.00 | $0.00 | |
| | e. Amount treated as OKDHS household income Line 10c plus Line 10d | | | |
| | f. Amount treated as each parent's family share co-payment from OKDHS Appendix C-4, page 2 Use Lines 10e & 10a | | | |
| | g. OKDHS child care co-payment amount Multiply Line 10f by Line 10b, and divide by Line 10a | $0.00 | $0.00 | |
| 11 | **Child care subsidy co-pay adjustment to child support obligation** Child care expense percentage share total Multiply total of Line 10g for both parents by Line 4 | $0.00 | $0.00 | |
| 12 | **Total child care adjustment to base monthly obligation** Line 9 plus Line 11, minus Line 8 and Line 10g (amount may be negative) | $0.00 | $0.00 | |
| E | Health insurance premium | Father | Mother | Other Custodian |
| 13 | **Monthly health insurance premium costs** This premium represents the actual premium cost for any child(ren) in this case only.  Insurance Premium Worksheet is available if needed. **Use Cash Medical Support if any child is not covered by insurance.** | $0.00 | $0.00 | $0.00 |
| 14 | **Monthly health insurance share for each parent** Percentage share of income in Line 4 multiplied by total current insurance cost for all persons in Line 13 | $0.00 | $0.00 | |
| 15 | **Total premium cost adjustment to base monthly obligation** Line 14 minus Line 13  (amount may be negative) | $0.00 | $0.00 | |

| F | Other contributions, if agreed or ordered | Father | Mother | Other Custodian |
|---|---|---|---|---|
| 16 | **Ongoing medical costs** Cash medical support for fixed periodic payments for ongoing medical costs | $0.00 | $0.00 | $0.00 |
| | a. Adjusted medical costs share Multiply total of Line 16 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing medical costs adjustment to base monthly obligation Line 16a minus Line 16  (amount may be negative) | $0.00 | $0.00 | |
| 17 | **Visitation transportation costs** | $0.00 | $0.00 | $0.00 |
| | a. Adjusted visitation costs share Multiply total of Line 17 for all persons by Line 4 | $0.00 | $0.00 | |
| | b. Total ongoing visitation costs adjustment to base monthly obligation Line 17a minus Line 17  (amount may be negative) | $0.00 | $0.00 | |

| G | Child Support obligation subtotal | Father | Mother | |
|---|---|---|---|---|
| 18 | **Base monthly child support obligation less adjustments for child care and other contributions** Add obligor Line 7 to Lines 12, 15 and 17b if positive amounts. Subtract Lines 12, 15 or 17b if negative amounts. | $0.00 | $253.60 | |
| 19 | **SSA Title II benefits paid for the benefit of the child** Line 2a for obligor | | $0.00 | |
| 20 | **Total monthly child support obligation less any SSA Title II benefits paid for the benefit of the child** Line 18 minus Line 19  (amount may be negative) | $0.00 | $253.60 | |

| H | Cash Medical Support | Father | Mother | Combined |
|---|---|---|---|---|
| 21 | Enter number of children from Line 13 not covered by health insurance.  If none, skip to Line 26. | | | |
| 22 | Enter the Soonercare or other health care government assistance **applicant** for the child(ren) in this case.  Enter "Father", "Mother", or "other". | | | |

| | | | | |
|---|---|---|---|---|
| 23 | **Cash medical amount for obligor**<br>If Line 21 is zero or the obligor is the person on Line 22, enter $0 in Line 25. If Line 21 is greater than zero and the obligor is not the person on Line 22, refer to the Cash Medical Income Guidelines Table. If the combined income is less than or equal to the amount on the table, enter $0. If greater, multiply $115 by the number of children in Line 21. Multiply the combined total by percentage shares from Line 4. | $0.00 | $0.00 | $0.00 |
| 24 | **5% of Gross Monthly Income for Obligor**<br>Line 2 multiplied by 0.05<br>This represents the maximum amount of total medical allowed. | | $62.83 | |
| 25 | **Cash medical support in lieu of insurance**<br>If Line 23 plus Line 15 is greater than Line 24, use Line 24 minus Line 15. If Line 23 plus Line 15 is less than or equal to Line 24, enter Line 23. Enter $0 if negative | $0.00 | $0.00 | |

| I | Current Monthly Support Obligation | Father | Mother |
|---|---|---|---|
| 26 | **a. Child support portion**<br>If Line 16b is positive, Line 20 for obligor<br>If Line 16b is negative, reduce Line 20 by Line 16b<br>Enter $0 if negative | | $253.60 |
| | **b. Cash medical portion**<br>If Line 20 minus 16b is positive, Line 25 for obligor<br>If Line 20 minus 16b is negative, reduce Line 25 by Line 20 minus 16b. Enter $0 if negative | | $0.00 |
| | **c. Ongoing medical costs portion**<br>If Line 20 is positive, Line 16b for obligor<br>If Line 20 is negative, reduce 16b by Line 20<br>Enter $0 if negative | | $0.00 |
| 27 | **Total obligation to be paid by the obligor**<br>Line 26a plus 26b plus 26c | | $253.60 |

_____shall begin payments on _____ and continue on the same date of each month until further order of the court.

X̲   Guidelines were followed.

____   Deviation from child support guidelines by Court-Specific findings of Court supporting each deviation:

_____

_____

_____

Dated: _September 20, 2013_

_____
JUDGE

**APPROVED AS TO FORM:**

_____       _____
Father printed name               Father signature

_____       _____ 12954
Attorney for father printed name  Attorney for father signature and OBA Number

_____       _____
Mother printed name               Mother signature

_____       _____
Attorney for mother printed name  Attorney for mother signature & OBA Number

_____       _____
Other Custodian printed name      Other Custodian signature

_____       _____
Attorney for Other Custodian printed name   Attorney for Other Custodian signature and
                                            OBA Number

_____       _____
State's Attorney, OCSS printed name   State's Attorney, OCSS signature and OBA Number
                                      17298

Caroline M. Weaver, Court Clerk of Delaware County
Oklahoma, hereby certify that the foregoing is a true,
correct and full copy of the instrument herewith set
out as appears of record in the Court Clerk's office of
Delaware County Oklahoma. This _1_ day of
_Oct_ 20_15_ By
_____ Caroline M. Weaver
Deputy _____ Court Clerk

COPY

IN THE DISTRICT COURT IN AND FOR DELAWARE COUNTY
STATE OF OKLAHOMA

FILED

IN THE MATTER OF THE MARRIAGE OF: )

OCT 31 2013

IONEL SAMUEL DUMITRASCU,          )

                  Petitioner,     )

CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

and                               )  No. FD-2012-0263

CHRISTINE DUMITRASCU,             )

                  Respondent.     )

TRANSCRIPT OF PROCEEDINGS

held before the Honorable Barry V. Denney, Associate

District Judge in Delaware County, State of Oklahoma on

September 20, 2013 at 327 South 5th Street, Jay,

Oklahoma.

A P P E A R A N C E S

For the Petitioner:          Mr. Chris Ramsey
                             Attorney at Law

                    Greg Eustice
              Certified Shorthand Reporter
                  327 South 5th Street
                 Jay, Oklahoma   74346

OFFICIAL TRANSCRIPT   -   STATE OF OKLAHOMA

1                P R O C E E D I N G S

2         THE COURT:  On the record on the Dumitrascu

3  matter.  That is Case Number FD-12-263.  We'll show that

4  Mr. Dumitrascu is here with his attorney, Chris Ramsey.

5  Ms. Dumitrascu is on the phone and I'll allow her to

6  certainly listen to the hearing, but, Ms. Dumitrascu, as

7  you will recall, you petitioned the Court to allow you to

8  participate in this hearing by phone despite the fact

9  that you have numerous times failed to honor this Court's

10  orders as far as being present even though the Court had

11  ordered Mr. Dumitrascu to provide you with plane tickets

12  and money to be here.  So since you have refused to do

13  that, you're not going to be allowed to testify or

14  participate in any way in this hearing, just to be able

15  to listen to the proceedings here.

16         Mr. Ramsey, do you have witnesses you intend to

17  call?  I do need quiet in the courtroom, please.  Ms.

18  Baker, Mr. Dyer, if you need to talk, be outside because

19  I've got somebody we're going to have to be able to hear.

20         All right.  Mr. Ramsey, do you have evidence

21  you need to put on?

22         MR. RAMSEY:  I do, Your Honor.

23         THE COURT:  Who is that?

24         MR. RAMSEY:  It's going to be John Dumitrascu.

25         THE COURT:  All right.  Mr. Dumitrascu, if

1   you'll raise your right hand I'll swear you in.

2            (Whereupon, the witness was administered the

3   oath.)

4            THE COURT:  All right.  If you'll give us good,

5   clear answers so my reporter can get that down and so Ms.

6   Dumitrascu can also hear you.  Go ahead.

7            MR. RAMSEY:  Judge, prior to starting with

8   John, I would like for the Court to take judicial notice,

9   obviously, of the court file, especially those court

10   minutes and order dated August 21st, 2013 and a court

11   minute dated July 23rd, 2013.

12            THE COURT:  All right.  The Court will take

13   notice of the entire file including those documents.

14                 IONEL SAMUEL DUMITRASCU,

15   being first duly sworn to testify the truth, the whole

16   truth and nothing but the truth, testified as follows:

17                    DIRECT EXAMINATION

18   BY MR. RAMSEY:

19   Q    John, will you state your full name for the record,

20   please.

21   A    My name is Ionel Samuel Dumitrascu.

22   Q    And, John, prior to the filing of the petition for

23   divorce, you've lived -- you were a resident of Delaware

24   County, State of Oklahoma for a period of six months; is

25   that correct?

1    A    Yes.

2    Q    And you were married to Christina Dumitrascu on June

3    24th, 2005 in Lugoj?

4    A    Lugoj, Romania.

5    Q    In Romania.  The town is spelled L-u-g-o-j; is that

6    correct?

7    A    Yes.

8    Q    And of your marriage you have two children born,

9    David born June 2nd, 2010 and Jonathan born December 9th,

10   2011; is that correct?

11   A    June 8.

12   Q    Okay.  David was born June 8, okay.

13   A    And John -- (Inaudible)

14   Q    And at the present time your wife to your knowledge

15   is not pregnant or with child; is that correct?

16   A    Yes.

17   Q    And, sir, you are asking the Court to grant you a

18   decree of divorce from her based upon incompatibility; is

19   that correct?

20   A    Yes.

21   Q    And, sir, in your marriage as far as personal

22   property, you guys have each got personal property in

23   your possession; is that correct?

24   A    Yes.

25   Q    And you're asking the Court to award each that

1    personal property that is in your possession?

2    A    Yes.

3    Q    Okay.  There is also a home or a piece of real

4    estate that is located in Delaware County; is that

5    correct?

6    A    Yes.

7    Q    And it is -- it has been described in the decree of

8    divorce.  Are you asking the Court to award you any

9    right, title or interest in that real estate?

10   A    Yes.

11   Q    And you understand you will be responsible for any

12   payments, taxes, insurance, repairs, et cetera relating

13   to that real estate?

14   A    Yes.

15   Q    Sir, the two children that we just previously

16   mentioned, David and Jonathan, you are asking the Court

17   to grant you custody of those two young men; is that

18   correct?

19   A    Yes.

20   Q    Subject to supervised visitation by your wife?

21   A    Yes.

22   Q    And you're asking the Court to allow you or to enter

23   an order that allows any assistance necessary by

24   government officials to enforce the terms of this order,

25   correct?

1    A    Yeah.

2    Q    There has been a child support computation attached

3    to this order which indicates you with an approximate

4    gross earnings of $3,000 a month and your wife with --

5    she is imputed minimum wage under our law; do you

6    understand that?

7    A    Yes.

8    Q    Have you had and opportunity -- you and I have gone

9    through this order.  You understand it and you approve

10   it?

11   A    Yes.

12   Q    You believe this order is in the best interest of

13   your children and yourself?

14   A    Yes.

15          MR. RAMSEY:  Judge, may I have just a second?

16          THE COURT:  Yes.

17   Q    (By Mr. Ramsey) Sir, prior to this hearing on two

18   separate occasions when this Court has set hearings such

19   as on the temporary order in this case you have provided

20   to your wife a plane ticket as well as $500 each time?

21   And --

22          THE COURT:  What was your answer, sir?

23   A    Yes.

24   Q    (By Mr. Ramsey) And on each time -- there's actually

25   been three times excluding this hearing that she has

1  failed to appear at the hearing with the children?

2  A    Yes.

3  Q    And, sir, do you understand today the Court will

4  grant you a divorce, but you cannot marry anyone other

5  than your wife for a period of six months in the state of

6  Oklahoma?

7  A    Yes.

8           MR. RAMSEY:   I have no further questions.

9           THE COURT:   I do have one question for you, Mr.

10  Dumitrascu.  This Court is not allowed to give custody of

11  children to someone who has committed domestic violence

12  in their home.  I want to ask you that one question.

13  Have you ever committed domestic violence on Ms.

14  Dumitrascu --

15  A    No.

16           THE COURT:   -- or on anybody --

17  A    No.

18           THE COURT:   -- in your home?

19  A    No.

20           THE COURT:   You've never been charged --

21  A    I am never charged.

22           THE COURT:   All right.  I recall that previous

23  testimony, but I wanted that clear for the record here

24  too.  Do you have any other witnesses you wish to call?

25           MR. RAMSEY:   I do not, Your Honor.

1              THE COURT:  All right.  Well, based on the
2       evidence I've heard I will find that the Court does have
3       jurisdiction and venue of this matter.  I will grant the
4       divorce on the grounds of incompatibility.  I will grant
5       custody of the two minor children of the parties to Mr.
6       Dumitrascu, the petitioner in this matter, subject to
7       supervised visitation to Ms. Dumitrascu.  The Court will
8       also order her to pay child support imputing minimum wage
9       to her and use the documents here that Mr. Ramsey has
10      provided the Court to also reflecting the income of Mr.
11      Dumitrascu to be $3,000.  That then gives the child
12      support the mother will be responsible for $253.60 per
13      month.  The Court will also find that the proposal here
14      as far as property is fair and equitable here by Mr.
15      Dumitrascu, so that each party will keep what they have
16      in their possession now subject to any debt on it, and
17      the real estate will be awarded to Mr. Dumitrascu
18      subject -- of course, he'll be responsible for the debt
19      on that.  Anything else?
20              MR. RAMSEY:  I did have one thing other I think
21      the record needs to reflect.
22              THE COURT:  All right.
23      Q    (By Mr. Ramsey) John, when you and your wife
24      separated did she have in her possession a sum of money?
25      A    Yes.  She had -- we was -- how on my knowledge was

1     15,000.  She says it is ten.  But the money disappeared

2     and what's left was my pocket -- in my pocket, actually.

3     280 which left $20 to me and 260 to her.  But the actual

4     money was 15,000.

5     Q     And at this point in time that, 15,000 that she had

6     in her possession, it is personal property but it needs

7     to reflect that she can have that 15,000?

8     A     Yeah, whatever.

9     Q     To take care of your children?

10    A     Yes.

11            THE COURT:  Very well.

12    A     On the -- (Inaudible)

13            THE COURT:  All right.  The Court, as it said,

14    will enter the decree as requested here and sign off on

15    that.  Ms. Dumitrascu, I anticipate Mr. Ramsey will be

16    sending you a copy of that, and as was stated, the Court

17    will order that any law enforcement or government entity

18    necessary to put this order in effect will be ordered to

19    do so by the Court.

20            Do you have an address, Ms. Dumitrascu, for Mr.

21    Ramsey to send you a copy of this order to?

22            MS. DUMITRASCU:  I don't have an address, but

23    you can send me by e-mail or by your -- actually, e-mail

24    is best thing to reach me by.

25            MR. RAMSEY:  The statute requires -- or our

1      mailing statute, it's 691, requires that it be mailed.

2              THE COURT:  I can direct Mr. Ramsey to e-mail

3      that to you, but you're also going to have to provide an

4      address, a physical address, where that can be mailed to

5      you.  Do you have some sort of a physical address?

6              MS. DUMITRASCU:  Well, yes, I do have a

7      physical address as well.

8              THE COURT:  What is that?

9              MS. DUMITRASCU:  If you want I can give it to

10     you.  It is -- the name would be Mr. Alonzo Carpio.

11     That's where I'm living and he's the owner of the place.

12     So Alonzo is spelled A-l-o-n-z-o.  The last name -- his

13     last name is Carpio, C-a-r-p-i-o -- (Inaudible) -- then

14     you have the right to -- (Inaudible) -- because actually

15     he has -- (Inaudible) -- and that's where the mail goes

16     from -- (Inaudible)

17             THE COURT:  What?

18             MS. DUMITRASCU:  Because on that --

19             THE COURT:  What is that address again?  Can

20     you tell us that physical address of Mr. Alonzo?

21             MS. DUMITRASCU:  Mr. Alonzo Carpio, he's here

22     because the city's so small, when you put Alonzo Carpio

23     and -- (Inaudible) -- that's a little store he has, when

24     you put that on the envelope the mail could go nowhere to

25     go and nowhere to deliver it, so that's the way to --

1          THE COURT:  So just his name plus the town?

2      His name --

3          MS. DUMITRASCU:  I want to put my name on the

4      envelope because he will give it to me.

5          THE COURT:  What's the town?

6          MS. DUMITRASCU:  The town is V like victory, I

7      like -- (Inaudible) -- c like cat, a like --

8      (Inaudible) -- b like boy, a like Arizona, m like mama, b

9      like boy and a like -- (Inaudible)

10         THE COURT:  Okay.

11         MS. DUMITRASCU:  Because -- (Inaudible) -- Loja

12     is the big city, so it's called -- it's spelled L-o-j-a.

13     -- (Inaudible) -- Ecuador.

14         THE COURT:  Ecuador.  Is there a particular

15     state that that town is in?

16         MS. DUMITRASCU:  Sorry.

17         THE COURT:  Is there a particular state or

18     province that that town is in?

19         MS. DUMITRASCU:  Can you repeat, please?

20         THE COURT:  Is it just the name of the town and

21     then Ecuador or is there also a state or a province that

22     that goes to?

23         MS. DUMITRASCU:  (Inaudible) -- is like a

24     little city and Loja is the big city where it belongs to.

25     So you have to put them both.  It's like Jay, Oklahoma.

```
1    It's -- (Inaudible) -- Loja.
2              THE COURT:  Except it's a small town in a
3    bigger town it sounds like.
4              MR. RAMSEY:  May I repeat that to her?
5              THE COURT:  Sure.
6              MR. RAMSEY:  Christina, I'm going to repeat the
7    spelling of the two towns that you gave us.
8              MS. DUMITRASCU:  Okay.
9              MR. RAMSEY:  The first one is spelled V as in
10   victor, I as in Indiana, N as in North Carolina, C as in
11   Charlie, a as in Alabama, b as in boy, a as in Alabama, m
12   as in mother, b as in boy, and a as in Alabama; is that
13   correct?
14             MS. DUMITRASCU:  (Inaudible) -- and actually it
15   is help a lot if you could somehow e-mail the order as
16   well.
17             MR. RAMSEY:  We will, but did I spell the town
18   right?
19             MS. DUMITRASCU:  Yes.  Yes.
20             MR. RAMSEY:  Okay.  Loja is spelled --
21             MS. DUMITRASCU:  (Inaudible) -- I don't hear
22   you very well, but I will give you name one more time
23   right now.
24             THE COURT:  Off the record.
25             (END OF PROCEEDINGS)
```

OFFICIAL TRANSCRIPT  -  STATE  OF OKLAHOMA

1                      C E R T I F I C A T E

2

3

4       STATE OF OKLAHOMA    )
                             )  SS.
5       COUNTY OF TULSA      )

6

7            I, Greg Eustice, Certified Shorthand Reporter within

8       and for the State of Oklahoma, do hereby certify that on

9       September 20, 2013 the above Proceedings were held before

10      the Honorable Barry V. Denney, Associate District Judge

11      in Delaware County, State of Oklahoma, and that the same

12      was reduced to writing by me in stenograph, and

13      thereafter transcribed by myself, and is fully and

14      accurately set forth in the preceding 12 pages.

15           I do further certify that I am not related to nor

16      attorney for any of the said parties, nor otherwise

17      interested in said action.

18           WITNESS my hand this _____ day of October, 2013.

19

20                                  _____
                                    GREG EUSTICE
21                                  Certified Shorthand Reporter

22

23

24

25

**Fiorentino Law Office**

769  Center Blvd #69
Fairfax, CA 94930-1764
Tel: 415-472-2519
Fax: 800-906-9250

01/16/14

To the   Honorable Judge Barry V. Denny
*Associate District Judge of the District Court of Delaware
County*

Delaware County Courthouse
P.O. Box 489
Jay, OK 74346

RE: DUMITRASCU, IONEL SAMUEL vs. DUMITRASCU, CHRISTINE
    District Court Case: FD-2012-00263
    Oklahoma Appellate Case No: DF-112283

     This law office provides pro bono assistance to Miss
Cristina Mirela Dumitrascu the respondent in the District
Court case, in her appeal to the Oklahoma Supreme Court.
She has instructed us to ask your court to resolve an issue
involving the correctness of the transcript of the hearing of
September 20th, 2013. We ask the Court to take judicial notice
of Rule 1.32 of the Oklahoma Supreme Court Rules.

     *RULE 1.32 - CORRECTNESS OF TRANSCRIPT AND AMENDMENT
     OF RECORD*

     *(a) Controversy over Correctness of Transcript or
     Record.*

     *Issues involving the correctness of the transcript
     or of other materials to be included in the record
     shall be resolved by the trial court, if the dispute
     should arise before the record is transmitted to
     this court. If the dispute should arise after trans-
     mission of the record, this court shall designate
     the mode of proceedings to resolve the issue.*

TO: **Honorable Barry Denny**                    01/16/14
    **Delaware District Court,**
RE: **In RE:  Marriage of Ionel S. Dumitrascu**
    **District Court Case; FD-2012-263**

FR: **Antonio F. Di Stefano, Attorney Pro Bono**

**Page 2 of 2**


        In a declaration to the Appellate Court, Miss Dumitrascu
has noted the absence in the transcript of a discussion of
child support that was not paid by the father of the boys from
the time that he voluntarily left Ecuador in September 2012,
to the date of the trial. While she admits that her telephone
reception was not good, and the line was disconnected for por-
tions of the proceedings; she has a recollection of discussion
of child support to that point, that needed to be paid. Howev-
er the transcript contains no reference at all to any past or
unpaid child support by the father.
        Granting the possibility that she may have heard wrong,
the question still raises the issue that were the transcript
to be a complete reflection of the hearing, it would suggest
that neither Court, nor Child Support Enforcement Division of
the OKDHS, nor a father so assiduous to secure full custody of
his boys, addressed the individual and independent legal right
of two US citizen infants to one year of unpaid paternal child
support.
        We leave it to the Court's judgment how to make the
Court's record reflect its resolution of the issue as required
by Rule 1.32. The simplest form would be to confirm if the
transcript represents a complete recordation of all matters
discussed on the record during the hearing.


**Antonio Fiorentino Di Stefano**
**Attorney at Law**

**Glen D. Huff,** *Chairman*
Oklahoma City
**Jerry Franklin,** *Vice-Chairman*
Stillwater
**Cathy Christensen,** *Member*
Oklahoma City



*Eric B. Mitts*
**Administrative Director**
*Terry W. West*
**Counsel to the Council**

### *Council on Judicial Complaints*

**1901 North Lincoln Boulevard
Oklahoma City, Oklahoma 73105
(405) 522-4800 • Fax: (405) 522-4752**

October 24, 2014

## PERSONAL & CONFIDENTIAL

Ms. Cristina Dumitrascu
C/O Fiorentino Law Office
769 Center Blvd #69
Fairfax, CA 94930

RE:     COC-14-111 Judge Barry Denney

Dear Ms. Dumitrascu:

The Council on Judicial Complaints has directed that you be notified regarding action taken in the above referenced proceeding, during its 10-23-14 meeting. At that meeting, an investigative report was presented to the Council by its staff, and your complaint was discussed and considered by the Council.

The jurisdiction of the Council on Judicial Complaints is limited by the constitution and statutes of Oklahoma to matters concerning misconduct and physical and mental ability of persons occupying judicial positions.

The legal relief you seek, if available, lies exclusively within the jurisdiction of the appellate court, and as such outside the constitutional and statutory scope of the Council on Judicial Complaints.

The Council has therefore dismissed your complaint.

Sincerely,

Eric Mitts
Administrative Director

