# IN THE UNITED STATES DISTRICT COURT –NORTHERN DISTRICT OF OKLAHOMA

**FILED**

**NOV 23 2015**

Phil Lombardi, Clerk
U.S. DISTRICT COURT

(1) **IONEL SAMUEL DUMITRASCU**, )

       **Petitioner/Plaintiff**, )
                               )

**vs** )  **Case No: 15-CV-561-JED-FHM**
                             )

(1) **CRISTINA MIRELA DUMITRASCU**, )

       **Respondent/Defendant** )

## RESPONSE IN OPPOSITION TO MOTION TO REMAND TO STATE COURT

I, Cristina Mirela Dumitrascu defendant acting in pro se, respond in opposition to plaintiff Ionel Samuel Dumitrascu (Ionel)'s motion to remand the case to the Delaware County District Court. That motion filed 11/02/2015 was mailed to the attorney in Fairfax California that is assisting me. Ionel's attorney claims it was mailed 11/03/2015, but it was not received in California until 11/10/2015.

**Ionel "Proposition I" is that the removal on the ground of federal question was filed more than 30 days after I received notice of the appellate order**

Notice of the appellate order was received by mail in Fairfax CA on 08/31/2015, at the office of an attorney that is not of record and is simply assisting me probono with the law and

_ Mail  ___ No Cert Svc  ___ No Orig Sign
___ C/J  ___ C/MJ  ___ C/Ret'd  ___ No Env
___ No Cpys  ___ No Env/Cpys ___ O/J  ___ O/MJ

communication. I am located in the state of Ecuador, and I was not on notice until three  days later.

I filed a motion for rehearing of the order by the appellate court. On 09/29/2015 the appellate court signed an order denying my rehearing petition making its order final. I did not opt to appeal it to the Oklahoma Supreme Court. On the same day, 09/29/2015, I mailed the Notice Of Removal to the federal court. I attach evidence of the certified mail. At that point the case was in process under state procedural rules, and therefore timing of service controlled by Oklahoma's mailbox rule.

> ".. the Supreme Court has indicated that when
> certified mail service is made under local law,
> service is effective at the time provided by local
> law. [Murphy Bros., Inc. v. Michetti Pipe Stringing,
> Inc. (1999) 526 US 344, 348, 119 S.Ct. 1322, 1326]

I submit that it was not until 09/29/2015 that I was on notice that the order would not be changed and was final. To have sent the Notice Of Removal before that date would have made senseless my attempt to have the appellate court change its order.

I submit that the appellate order did not simply introduce an element that made the case removable. The order vacated all

RESPONSE IN OPPOSITION TO REMAND TO STATE  DISTRICT COURT
Page 2 of 13

litigated issues, implying litigation would have to start anew

from the beginning, as if no process had yet existed. Arguably I

would have then had an option to remove the case within 30 days

of the time that the new process would start. The first notice

of a hearing to begin the new process was recorded in the state

district court on 09/09/2015.


I submit that under any of the facts above, and in the context

of a litigant with limited resources, 3000 miles away in a

foreign country, justice is served by holding the filing as

timely .


**Ionel's "Proposition II" is that removal is untimely under 28 U.S.C. §1332 because I filed for removal more than one year after commencement of the action in state district court**

> The one year requirement " is not " applicable where
> original complaint removable: Most courts hold the
> one-year limit on diversity removals applies only
> where developments in a nonremovable case render it
> removable (e.g., settlement with nondiverse defendant
> or amending the prayer to seek more than $75,000; see
> ¶2:3375). [Ritchey v. Upjohn Drug Co. (9th Cir. 1998)
> 139 F3d 1313, 1316-1317; New York Life Ins. Co. v.
> Deshotel (5th Cir. 1998) 142 F3d 873, 886-887; Johnson
> v. America Online, Inc. (ND CA 2003) 280 F.Supp.2d
> 1018, 1023, fn. 3]
>
>     ….
> The one-year limit, therefore, does not apply to a
> state court action that was removable in the first

RESPONSE IN OPPOSITION TO REMAND TO STATE DISTRICT COURT
Page 3 of 13

instance. It is subject to removal within 30 days
after receipt of process (¶2:3230) … even if this
occurs more than one year after the action was filed.
[Ritchey v. Upjohn Drug Co., supra, 139 F3d at 1316-
1317; Brown v. Tokio Marine & Fire Ins. Co. (8th Cir.
2002) 284 F3d 871, 873]....The case was removable for
fedeeral question form inception and can be removed
to federal court even if more than a year has passed
since the case was filed.( Rutter Group Practice
Guide: Federal Civil Procedure Before Trial National
Edition)

This case of concurrent subject matter jurisdiction and
diversity of citizenship was removable from inception.

Since all litigated issue were voided, there is no issue of
substantial progress in the case causing substantial delay or
disruption. The effect of an order to vacate all litigated
issues implies that in the eyes of the law the one year of
process is not an operative factor.

## Ionel's "Proposition III" is based on the domestic relations exception.

As I stated in the Notice of Removal, I do not ask the federal
court to grant a divorce or alimony, nor a decree of custody.
Those are the only powers contained in the domestic relations
exception to diversity jurisdiction noted in dictum in Barber v.
Barber (21 How. 582, 584) and explicated in Ankerbrandt v.
Richards. Tort or contract claims, are not excepted from
federal-court jurisdiction simply because they arise in a
domestic relations context.

2. The domestic relations exception does not permit a district court to refuse to exercise diversity jurisdiction over a tort action for damages. The exception, as articulated by this Court since Barber, encompasses only cases involving the issuance of a divorce, alimony, or child custody decree. As so limited, the exception's validity must be reaffirmed, given the long passage of time without any expression of congressional dissatisfaction and sound policy considerations of judicial economy and expertise. Because this lawsuit in no way seeks a divorce, alimony, or child custody decree, the Court of Appeals erred by affirming the District Court's invocation of the domestic relations exception. Federal subject matter jurisdiction pursuant to 1332 is proper in this case. Pp. 701-704. (*504 U.S. 689* (1992)

**In future process I intend to argue that all process in the state district court is void**

A void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before court", People ex rel. Brzica v. Village of Lake Barrington, 644 N.E.2d 66 (Ill.App. 2 Dist. 1994).

"A 'void' judgment, as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack (thus here, by ). No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been." (10/13/58 FRITTS v. KRUGH.

RESPONSE IN OPPOSITION TO REMAND TO STATE DISTRICT COURT
Page 5 of 13

SUPREME COURT OF MICHIGAN, 92 N.W.2d 604, 354 Mich. 97)

From inception of the district court case, and throughout the appellate process, I have claimed that the divorce petition was void for lack of jurisdiction of the res of the marriage. Having convinced his family that we needed to start a new life in Ecuador; having for that settled purpose sold all family personal property including Ionel's truck; having left Ionel's pastor in charge of a second auction of our home, and some time after received an offer from the pastor to buy it; and having thus together left the state of Oklahoma for a new home in Ecuador: Ionel could not a month later return alone and within one month of his return claim to meet the statutory requirement of residency to file for dissolution.

The court of appeals makes reference to a divergence of facts, but did nothing to ask the district court to carry out the proper investigation to resolve this issues of fundamental jurisdiction over the marriage.


Upon that questionable beginning the case proceeded without any notice to me, upon fraudulent representation that **we all had** been resident of Oklahoma the six months preceding filing; that

I had kidnapped the children to Ecuador and could not with due diligence be found. That defamatory calumny is now repeated by Ionel's present attorney in the remand motion, even after Ionel recanted on the accusation, and stated in his response to the petition in error that we had indeed left together for Ecuador, and he had returned alone after a domestic disagreement. Further he admitted that he was always in touch with me by email; and in touch with all my family.

When I made an appearance in Delaware District Court through the Department of Human Resources by petition to secure child support, this petition was fraudulently dismissed on the basis of a void petition of dissolution that was subsequently amended and again illegally served by publication. The decision of the appellate court is sufficient comment on the legality of the process that continued to the divorce decree.

**As a next step I intend to file a Rule 60 motion for relief from the state judgment**

The Rule 60 motion will be based on extrinsic fraud and fraud on the court.

   Rule 60(b)(3) is limited to fraudulent acts by "an opposing party." However, another part of Rule 60 authorizes setting aside a judgment for "fraud on the court." [FRCP 60(d)(3) (next to last sentence)] The

RESPONSE IN OPPOSITION TO REMAND TO STATE DISTRICT COURT
Page 7 of 13

purpose is to protect the integrity of the court. Therefore, relief may be obtained from judgments obtained through fraud of attorneys, witnesses or nonparties. [See Hazel-Atlas Glass Co. v. Hartford-Empire Co. (1944) 322 US 238, 245-246, 64 S.Ct. 997, 1001; and Toscano v. C.I.R. (9th Cir. 1971) 441 F2d 930, 934-937—fraud by complainant's husband and attorney]

Moreover, a court has "inherent power ... to investigate whether a judgment was obtained by fraud," and may bring before it "all those who may be affected...." See Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946).

Rooker-Feldman therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." [ Kougasian v. TMSL, Inc. (9th Cir. 2004) 359 F3d 1136, 1141 ; Loubser v.Thacker (7th Cir. 2006) 440 F3d 439, 442—Rooker-Feldman no bar to suit by divorcee who alleged civil rights conspiracy to corrupt state judicial process and to deprive her of property in divorce judgment (Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 2E-11)

Even though I raised the issue of extrinsic fraud in the state action, it was completely ignored and never addressed in the state courts

## The illegal implications of the present mandate from the Oklahoma Supreme Court

Any remand to state district court under the present mandate is tantamount to forcing me to violate the UCCJEA,

RESPONSE IN OPPOSITION TO REMAND TO STATE  DISTRICT COURT
Page 8 of 13

federal and international law. More than three years since my children left Oklahoma to reside in Ecuador, it is beyond question that Ecuador is their "home state", and holds jurisdiction over any "first custody" determination. Such a remand would require me to act in opposition to such jurisdiction granted to Ecuador under The Hague Convention. The order implies the Oklahoma Supreme Court does not recognize Ecuador as as state, in direct opposition to the requirement of the UCCJEA. Further the Oklahoma Supreme Court assumes authority to order new process under The Hague Convention, implying some legal or equitable tolling of a requirement that should have been met in the first year the issue arose. Such an order is in direct opposition to the holding of the United States Supreme Court in Lozano v. Alvarez (U.S. Supreme Court – No. 12-820(U.S. Mar 05, 2014) that established that the 1-year period in Article 12 of the Hague Convention is not subject to equitable tolling; and that it is in fact a fixed 1-year period agreed upon by treaty by the signatories countries, which includes Ecuador. Further in Justice Alito's concurrence it is made clear that, the 1-year period having passed, the home state that has become the habitual residence of any

child has the right of a "first custody" determination on the basis of the equitable discretion of that court. Upon remand I would be forced to choose between participation in a state process that is in direct opposition to superior federal law and to the international rights of the country where my children and I are domiciled , or to accept the risk of refusal to participate in a process I believe in good faith to be illegal.

**Any remand to the Delaware County district court would be to sanction violation of our rights to the equal protection of Oklahoma law.**

Before the divorce trial I wrote the associate district judge to remove himself from my case, and wrote his superior, the district judge in Ottawa County to assign the case to another judge. In my reply brief I appealed to the authority of O.S.§12-140 to have my case removed to another county, thus meeting all Oklahoma procedural requirements for a change of venue. The appellate order, while confirming violation of constitutional due process and abuse of discretion, still acted to deprive us of that protection under Oklahoma law, by remanding to the same

court.

I believe it should be offensive to any person with a decent sense of an American substantive justice, that a state supreme court that has found constitutional violation and abuse of process sufficient to vacate all issues, should insist that a mother and children go crawling back to the same judge that deprived them of most procedural and substantive rights under the constitutions of Oklahoma and of the United States, and condemned them to a life of destitution for over three years - on the assumption that this time justice would be done. The judge being the same that refused to recuse himself, and for whose behavior in the case I placed a complaint with the Council on Judicial Complaints. The same judge whose conduct even today awaits review on a petition for writ to the Oklahoma Court of Criminal Appeals, for illegally intervening and inducing the present DA of Ottawa and Delaware Counties to refuse to carry out mandatory duties to prosecute, under criminal laws intended to convince a father to pay up on child support payments he has not made in over three years.

RESPONSE IN OPPOSITION TO REMAND TO STATE  DISTRICT COURT
Page 11 of 13

**Request**

For all of the above reasons I submit that justice would be better served by refusing remand of any part of the case until the Court has gathered all the parties involved and has carried a proper investigations on the merits of those allegations I made, that are within the jurisdiction of the court.

**Request for payment of costs and expenses and reasonable attorney fees**

It would be inequitable to allow Ionel to plead for costs and attorney fees, while denying the same to me because I am in pro se and benefit from probono assistance.  The probono agreement I have with the Fiorentino Law Office is that the  law office advances all costs and expenses and refrains from collecting attorney fees from me while I am destitute. I am under obligation to turn over any attorney fees and any costs that I am awarded during the course of the case, until repayment in full. Once the law office is able to associate local counsel and is able to be admitted to represent me in Oklahoma for my personal injury claims the arrangement will revert to a contingency agreement I

have signed for myself and my children. Therefore I request that, should my arguments prevail, I be awarded the cost, expenses and the attorney fees customary to researching, preparing and filing in opposition to a remand to state district court.


Respectfully submitted:


Cristina Mirela Dumitrascu, Defendant Pro Se

Signed:  11/20/2015

Please mail in care of

Fiorentino Law Office

769 Center Blvd #69

Fairfax CA 94930

Telephone for Fairfax (415) 472-2519

email: Cristina Dumitrascu<cristina13mama@yahoo.com>


RESPONSE IN OPPOSITION TO REMAND TO STATE  DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT -NORTHERN DISTRICT OF OKLAHOMA

(1) IONEL SAMUEL DUMITRASCU,        )

      Petitioner/Plaintiff,       )
                                    )
vs                                  ) Case No: 15-CV-561-JED-FHM
                                    )
(1) CRISTINA MIRELA DUMITRASCU,     )

      Respondent/Defendant        )

## CERTIFICATE OF SERVICE

I hereby certify that on   11-20-2015   a true and correct copy
of the RESPONSE IN OPPOSITION TO MOTION TO REMAND TO STATE COURT was
sent by first class U.S. mail to the following attorneys:

Kort A. BeSore OBA# 14674
2431 East 61th Street, Suite 305
Tulsa OK, 74136

Bobby C. Ramsey, Attorney
DAVIS & THOMPSON
P.O. Box 487
Jay OK, 74346

_____
Riccardo Fiorentino, Office manager
Fiorentino Law Office
P.O Box 530
Belvedere Tiburon, CA 94920-2366

15-CV-561-JED-FHM

# PRIORITY
# ★ MAIL ★

 DATE OF DELIVERY SPECIFIED*

 USPS TRACKING™ INCLUDED*

 INSURANCE INCLUDED*

 PICKUP AVAILABLE

\* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

**FROM:**

Cristina Mirella Dumitrascu
c/o Fiorentino Law Office
P.O. Box 530
Tiburon, CA 94920

**RECEIVED**

NOV 23 2015

Phil Lombardi, Clerk
U.S. DISTRICT COURT

**TO:**

Phil Lombardi, Clerk
U.S. District Court
Page Belcher Federal Bldg
333 West Fourth, Rm 411
Tulsa, OK 74103



**USPS TRACKING #**

9114 9014 9845 0301 4718 14

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

This envelope is made from post-consumer waste. Please recycle - again.