IN THE UNITED STATES DISTRICT COURT IN AND FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) IONEL SAMUEL DUMITRASCU, | ) | |
| | ) | |
| Petitioner/Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. 15-CV-561-JED-FHM |
| | ) | |
| 1) CRISTINA MIRELA DUMITRASCU, | ) | |
| | ) | |
| Respondent/Defendant. | ) | |

**REPLY TO RESPONSE IN OPPOSITION TO
<u>MOTION TO REMAND ACTION TO STATE COURT</u>**

Petitioner/Plaintiff, Ionel Samuel Dumitrascu ("Petitioner), for his Reply to Response in Opposition to Motion to Remand to State Court ("Response") filed by Respondent/Defendant, Cristina Mirela Dumitrascu ("Respondent"), shows the Court the following:

**Argument and Authority**

It is evident that this court does not enjoy subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332 (diversity jurisdiction). First, Respondent filed her Notice of Removal asserting diversity jurisdiction over one (1) year after commencement of the state court action. *See,* 28 U.S.C. §1446(b)(3). This procedural defect notwithstanding, however, federal courts lack subject matter jurisdiction in domestic relations actions by reason of the domestic relations exception to diversity jurisdiction which divests federal courts of the power to issue divorce, alimony and custody decrees. *See, Ankenbrandt vs. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). Accordingly, there is no basis upon which removal is proper pursuant to 28 U.S.C. §1332.

The only tenable basis upon which this Court enjoys subject matter jurisdiction is by reason of the applicability of the Hague Convention as implemented by ICARA, raising

questions over which this Court enjoys concurrent original jurisdiction pursuant to 28 U.S.C. §1331 and ICARA. Petitioner's Motion for Remand, however, asserts that Respondent's Notice of Removal is defective because it fails to comply with express statutory requirements for removal. "The failure to comply with . . . express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *See, Huffman vs. Saul Holding Ltd.,* 194 F.3d 1072, 1077 (10th Cir. 1999), *quoting with approval, Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999).

In her Response, Respondent contends at once that her notice of removal on the basis of federal question jurisdiction is timely but that this case "was removable from inception." [1] If this case was removable from inception, as asserted by Respondent, then the Notice of Removal, without question, is untimely pursuant to the provisions of 28 U.S.C. §1446(b)(1).

Respondent also argues that her Notice of Removal on the basis of federal question jurisdiction is timely even though filed more than 30 days after her receipt of the Appellate Order issued by the Oklahoma Court of Civil Appeals. In doing so, Respondent asserts that the Appellate Order was "received by mail in Fairfax CA on 08/31/2015, at the office of an attorney that is not of record and is simply assisting me probono with the law and communication." Respondent contends that because she lives in Ecuador, she did not "receive" the Appellate Order until 3 days later.

Rule 1.5 of the Oklahoma Supreme Court Rules states, in pertinent part:

> (a)  Entry of Appearance. All parties to any proceeding in the appellate courts shall immediately, but no later than filing the first document in the appellate court, file an Entry of Appearance on the forms set forth in Rule 1.301, by counsel or an unrepresented party representing himself or herself. Copies shall be served

---

[1] Petitioner agrees with Respondent's assertion made her in Response that this action was removable from inception as to the issues covered by the Hague Convention and ICARA. Petitioner's Motion for Remand focuses on Respondent's receipt of the Appellate Order simply because that is the last possible moment at which Respondent could argue that she first became aware that the case is removable.

2

on all other parties. Attorneys shall use the form prescribed by Rule 1.301 Form No. 1, and parties representing themselves shall use the form prescribed by Rule 1.301 Form No. 2. An original and two (2) copies of the Entry of Appearance shall be filed with the Clerk of the Supreme Court.

* * *

(d)     Address of Record. The address of record, including email address, if applicable, for any attorney or party appearing in a case pending before the Supreme Court, Court of Civil Appeals, or Court of Tax Review, shall be the last address provided to the court. The attorney or party representing himself or herself must, in all cases pending before the court involving the attorney or party, file with the court and serve upon all counsel and parties representing themselves a notice of a change of address. An address change made pursuant to this rule shall apply to all cases pending before the Supreme Court, Court of Civil Appeals, and the Court of Tax Review. *The attorney or party representing himself or herself has the duty of maintaining a current address with the courts.* (Emphasis added).

Further, Rule 1.4(g)(2) of the Oklahoma Supreme Court Rules provides, in pertinent part:

(g) Notice to Parties.

* * *

 (2) By Clerk.

Orders and notices required to be mailed to parties will be mailed on the date shown by the Clerk's file stamp unless otherwise indicated, and such date will serve as notice of the date of mailing. Notice by the Clerk *shall be made to* attorney or *party pro se at the address shown by the entry of appearance* or notice of change of address. See Rule 1.5. (Emphasis added; citation in original).

As shown on the face of the Appellate Order, the Clerk of the Supreme Court mailed the Appellate Order to the attorney's office in Fairfax, California, because that was the address of record set forth in Respondent's Entry of Appearance filed with the Oklahoma Supreme Court. Respondent admits that she received the Appellate Order *at that address* on August 31, 2015. Accordingly, that stands as the date she received the Appellate Order.  As such, notice of removal, by statute, must have been filed within 30 days of August 31, 2015, or by September 30, 2015.  This is the latest possible date by which Respondent could conceivably argue for the

3

timeliness of her effort to remove the action.  Respondent did not file her Notice of Removal until October 2, 2015.  The reasons for her delay in doing so are irrelevant.

## Conclusion

This Court lacks subject matter jurisdiction under 28 U.S.C. §1332 by reason of the domestic relations exception to federal jurisdiction set forth in *Ankenbrandt, supra.* Furthermore, Respondent's Notice of Removal is untimely as to any claims arising from the Court's federal question jurisdiction under 28 U.S.C. §1331 and ICARA.  Accordingly, this action must be remanded to the Delaware County District Court in and for the State of Oklahoma.

Respectfully submitted,

*/s/ Kort A. BeSore*
Kort A. BeSore, OBA #14674
KORT A. BESORE, PLLC
2431 East 61st Street, Suite 305
Tulsa, Oklahoma  74136
Telephone: (918) 960-5018
Facsimile: (918) 948-9838
E-mail: kort@kablawtulsa.com

**ATTORNEY FOR PETITIONER**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2015, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants:

Cristina Mirela Dumitrascu, *Pro se*
Cristina13mama@yahoo.com

I further certify that on December 7, 2015, a true and correct copy of the foregoing document was deposited in the United States Mail, postage pre-paid, for delivery to the following individual who is not an ECF registrant:

Bobby C. Ramsey, Esq.
DAVIS & THOMPSON
P.O. Box 487
Jay OK 74346

*/s/ Kort A. BeSore*