IN THE UNITED STATES DISTRICT COURT -NORTHERN DISTRICT OF OKLAHOMA

(1) IONEL SAMUEL DUMITRASCU,       )
    Petitioner/Plaintiff,       )
                                    )
vs                                  ) Case No: 15-CV-561-JED-FHM
                                    )
(1) CRISTINA MIRELA DUMITRASCU,    )
    Respondent/Defendant        )

**SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO REMAND TO STATE COURT**

I, Cristina Mirela Dumitrascu defendant acting in pro se, take the opportunity to clarify my position, given the insistence by petitioner's attorney to keep repeating arguments already briefed. I am also attaching evidence of certified mailing of the Notice of Removal, a copy of my petition for rehearing, the appellate court's denial and the final mandate by the Oklahoma Supreme Court

Further I submit:.

**[1] I was never allowed the opportunity for removal at the inception of the case**

> 28 U.S.C.§1446. Procedure for removal of civil actions
> (b) Requirements; Generally.—(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

I was never served copies of the initial pleadings, nor served with

summons to have been able to remove within 30 days under 28 U.S.C.§1446.

Ionel's attorneys argue I should have removed within 30 days of the first pleadings, They fail to point out that the first pleading was served by publication, based on sworn declaration that by diligent search I could not be found. The attorneys themselves established the falsehood of that representation by filing Ionel's Reply to the Petition In Errors, admitting that he was at all times in contact with me by email and in touch with my family.

They also fail to point out that the amended petition upon which the entire case now rests was filed 3/13/2013, and Alias Service of Summons By Publication and Proof of Publication completed and recorded by 4/9/2013. The first evidence in the record that I was even aware of a lawsuit by petitioner is 4/13/2013. Yet on 2/13/2013 the Department of Human Services filed an appearance in my name to collect child support in Delaware County Court: case [FD-2013-00041](FD-2013-00041). Ionel was served with it on 2/25/2013. Ionel's attorneys appeared in the child support case on 2/27/2013 to have it dismissed, based on the claim that a petition for dissolution already existed. Having amended the petition based on information in the child support case, the attorneys relied back to authorization to file by publication in the original petition, and proceeded with service of summons and complaint by publication. I submit such conduct represents willful

misconduct and that it was not at all intended to give me actual notice of the lawsuit. When it was technically in default. I learned by making an inquiry with the secretary at OKDHS 's Jay office, that there was a previous divorce action filed. They did not even bother telling me the petition number; I found it by search on the internet. In a petition that pleaded and concluded at trial with deprivation of my civil rights, my rights to parenthood and to private property, and violations of my children due process rights and rights to support: I was never properly served with the initial pleading nor with legal service of summons, as required by Oklahoma and by federal law.

**[2] <u>The case stated in the initial pleadings was removable, and thus the requirement of §1446(b)(3) is not applicable.</u>**

> §1446(b)(3)
>
> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

This section addresses a case where "the case stated by the initial pleading is not removable". The issues of federal question and diversity of citizenship are discernible from the original petition, the amended petition and request for an emergency order, on the ground that the children had been abducted to a foreign country. The significance of the appellate order was that by vacating all litigated issues the appellate court was taking us back to a new proceeding.

**[3] If the §1446(b)(3) scenario were applicable in my case , my notice of removal still fell within the 30 day requirement.**

I attach receipt of certified mail by the USPO dated 09/29/2015. I submit that under Oklahoma's mailbox rule, that is the effective date of filing.

> ".. the Supreme Court has indicated that when certified mail service is made under local law, service is effective at the time provided by local law. [Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc. (1999) 526 US 344, 348, 119 S.Ct. 1322, 1326]

**[4] The appellate court vacated all issues that Ionel presented at trial, but chose to ignore other fundamental issues in the appeal that preceded it.**

No issues were litigated, given that for the entire course of the case, under a peculiar hearsay rule that only allowed in evidence proffered in person at the Jay Courthouse, only the father was allowed to introduce evidence. And only the father was allowed to testify at trial.

Having vacated all issues in the trial, without any evidence of any due process.  the appellate court issued a mandate that assumes jurisdiction of the subject matter of the marriage, and assumes all procedural requirements of notice and summons are met. It then proceeded to establish Oklahoma as the "home state" of the children based on the absence of any other American state. Upon those findings it mandates that a renewed "Hague Convention" process take place in state court, ignoring a 1-year limitation that is now the established law of the land.

**[5] On 9/29/2015 the appellate court denied my rehearing petition, allowing the new mandate to begin**.

In my rehearing petition I suggested that jurisdictional and procedural issues mentioned in my appeal could be resolved by Ionel filing a new petition for dissolution Then those issues that properly belong in state court could be remanded I submit it was proper for me to assume that 9/29/2015 marked the beginning of a new mandated process, and that from that point I had 30 days to remove the case to federal court

I ask this Court to first consider the Rule 60 motion I shall file next, before deciding what validity and cognizance can be given to the case and judgment in state court, and what aspect of the case, if any, can be properly remanded there.

Respectfully submitted:

s/Cristina Mirela Dumitrascu
Cristina Mirela Dumitrascu, respondent pro se.
c/o Fiorentino Law Office
P.O. Box 530
Belvedere-Tiburon, CA 94920-2366
Email: cristina-dumitrascu@lexsophia.com