Case 4:15-cv-00561-JED-FHM                     F.R.C.P. Rule 60(b) Motion          EXHIBIT-1
Cristina Mirela Dumitrascu v. Ionel Samuel Dumitrascu


Email evidence of constant contact with the father Ionel Dumitrascu

Ionel Dumitrascu <id_express@yahoo.com>

beginning 10/24/2012 email announcing he returned to Oklahoma. Contrary to representations

to the trial court that I was hiding and could not be located by diligent search. Since most of

the emails are in Romanian I provided only the heading  to show the dates. I shall provide the

emails in entirety with translation in the course of my personal injury complaint.

Case 4:15-cv-00561-JED-FHM
Cristina Mirela Dumitrascu v. Ionel Samuel Dumitrascu


From: Ionel Dumitrascu <id_express@yahoo.com>

To: "cristina13mama@yahoo.com" <cristina13mama@yahoo.com>; miha
<olteanumagdalena@yahoo.com>

Sent: Wednesday, October 24, 2012 4:58 PM

    Hi Cristina

 Uite eu Ion iti scriu intru cit am cerut adresa ta dela Mihaela ca la telefon nici cum nu te pot prinde acu
de cind lucrez sun de 2 or 3 time zilnic cind nu lucram sunam si de 10 ori pe zi in fine sa trec la subiect
si eu nu inteleg situatia asta de loc pentruca caracteru tau si capabilitatea ta ii mult mai corecta de cum
tu procedezi acu in 7 ani nici odata nu ai procedat asa cum ai procedat acu in timpu astama refer la
timpu cum am primit viza cum totul a fost invers stii prea bine eu am fost socat cind team vazut cu
militia la usa dar nu numa eu ci si militieni care aveau catusele in mina sa ma aresteze siau dat seama
ce ii problema si doar mau scos afara din camera si a fost ultima data cind am calcat in camera ta daca
nu aveam credit cardurile de la Manu nici nu puteam veni napoi in oklahoma dar asa am platit cu
creditcardu lu manu biletu aici am sunat din nou toti prieteni si am strins bani sa imi cumpar camionu
napoi acu da sunt acasa ca am

 terminat toate resursele adica nu am bani pentru motorina pina la primu cec dar astazi Herold ma
intreaba ca nu mergi la lucru cit stai acasa si iam spus ca astept primu cec si mia dat si el 1500 dolari in
prumut acu am o datorie de 14000 dolari ii ingrozitor dar trebuie sa ma descurc cumva si totus ii bine
ca am prieteni ba inca nici odata nu ma asteptam la o colaborare intre prieteni ca acu dar ca una din
lectia de la schoala care zicea prietenu la nevoie se cunoaste da am prieteni care sunt prieteni da sunt
Crestini si acu pot sa zic da ei sunt crestini dar ramine de vazut cum noi adica Eu si cu Tine noi cum
sunten Eu in felu meu Tu in felu Tau Eu tea cuz pe tine Tu pe Mine Tu ma acuz ca as fi dat in tine cind
nu am dat si tu ai venit cu militie sa ma aresteze nevinovat asta a fost dureros pentru mine si dupa aia
ma acuzi ca tiam luat si bani si nu ai mincare la copii cind totul a fost surprindere pentru mine inca tiam
dat si cei 280 care ii aveam

 in buzunar da ai avut inima putin si pentru mine ca miai dat napoi 20 dolari nu am stricat nimica pina
nu am un venit nu am mincat nimica pina marti cind am mincat toate bananele lui Bab si Ed cind mam
cintarit la aeroport unde cintareau bagajele aveam 124 paunti de la 155/ 160 cit eu normal cam am dar
uite sunt in viata ma rog la Dumnezeu sa imi dea putere sa trec prin toate dar nu pot intruna ma gindesc
la acel barbat care tu laiinbratisat si sarutat in fata mea da asa ceva nu team vazut nici odata in cei 7 ani
si Mihaela imi zice ca tu inca nici nu il cunosteai sau nu lai vazut pina atunci care asa ceva ii de ne
crezut nu ai cum a inbratisa si saruta un strain Eu cred ca or lai cunoscut tu aici la Vilcabamba or lai
cunoscut pe internet inca de aici de cind Tu ai cerut bani de la mama Da ala ii caracteru Tau aduti
aminte cind ai plecat in Romania nu ai vrut sa iei nici un dolar de la mine iar acu adati aminte cum

Case 4:15-cv-00561-JED-FHM
Cristina Mirela Dumitrascu v. Ionel Samuel Dumitrascu

plingeai cum te necajeai si ce urit

 faceai ca nu am dat casa la primu actiune iti dai seama pe linga cei 15000 dolari era si bani dupa casa tot la nemernicu ala si copii mei si ai tai sufera tu iti dai seama ca acel barbat te foloseste pe tine pentru bani tai si frumusetea ta tu dar o sa vezi odata ce iel nu mai are sperante de bani dupa tine tu ramini pe drumuri cu copii acu pentru Copii David si Jonatan stergem totul dar Copii trebuie sa aiba Mama in primu rind si inteleg lucru acesta dar si Tata trebuie sa intelegi si tu in fine sa stii ca am cam ramas socat cind tu lai sarutat pe acel barbat si stii bine ca eu iam cerut numele si telefonu si tot odata sa mergem la militie si el nu a vrut ba inca a plecat ca un las a fugit am fost cu tine tu ai fugit fuga ca nici odata dupa el de unde cred ca cei 15000 dolari erau la el tu ai plecat fuga nainte si ai ajuns in urma mea la militie de ce unde ai fost acu luni urmatoarea zi la militia de emigrare  si dupa aia cind nea dus la tribunal tu

 tot ziceai la femeia aia care scria dosaru sa ma aresteze ai zis de vreo citeva ori si ia tia raspuns ca daca militia nu la arestat vineri acu ea nu poate face nimica eu ma uitam la tine si ma gindeam uare tu esti Cristina nu imi venea sa cred si atunci mam hotarit a pleca napoi in oklahoma ca imi era frica daca acel barbat are pistol tu esti in stare a ma inpusca uite Dumnezeu nea dat Casa si Camionu napoi si nu vreau sa arunc in capu tau totul intru cit Tu esti femeie asa ca vina ii a mea ta sunt VINOVAT pentru toate ca stii cu citeva zile nainte de a se intimpla poate cu o saptamina sau doua miai zis ca nici odata nu team satisfacut si ii drept poate acel barbat te satisface mai bine si de acu incolo fa ce vrei esti libera dat copii au nevoie de MAMA si TATA nu or ce mama sau orce tata ca aduci sute de barbati nu inseamna ca au TATA tu stii asta bine si iti sugestez nu fa experenta pe copii tai.


eu te las acu si iti doresc SUCES

cu drag Ion Dumitrascu

---

I declare that the preceding letter of two pages written in rather poor Romanian was sent by Ionel Samuel Dumitrascu  and received by me on October 24, 2012.  It is addressed to me with a copy to my sister Mihela in Canada, at her Yahoo email address.  This letter was sent the day before Ionel Dumitrascu filed under oath the petition for divorce claiming I abducted the kids and was hiding in Ecuador. Because I could not be found he served by publication. In that  letter he told me he had returned to Oklahoma. That he did so because he was upset that the police had been called after he hit me. He says he was afraid that the police were going to handcuff him and take him to jail. He also was very upset that he saw me hug a local lawyer who  came forward to give some advice on where to go

Case 4:15-cv-00561-JED-FHM
Cristina Mirela Dumitrascu v. Ionel Samuel Dumitrascu


for medical attention and what legal protection I could get.  He claims I kissed the lawyer. From that event he concluded that I had another man in my life, which made him leave Ecuador. He has held to that belief that I have another man and that I am being maintained by this man, to this day.  He also told me that he had bought back his truck and "thanks God I got the home back". He concluded that he would be willing to forgive me if  I came right back to him with the children.  And he made this offer the day before he showed up at the court to request full custody of the children with no visitation rights for me.

I declare under penalty of  perjury under the laws of the Oaklhoma that the above information is a close paraphrase of what  is in the letter..


Cristina Mirela Dumitrascu

**From: Ionel Dumitrascu <id_express@yahoo.com>**
**To: "cristina13mama@yahoo.com" <cristina13mama@yahoo.com>; miha**
**<olteanumagdalena@yahoo.com>**
**Sent: Wednesday, October 24, 2012 4:58 PM**
**Subjec**

**From:** Cristina Dumitrascu <cristina13mama@yahoo.com>
**To:** Ionel Dumitrascu <id_express@yahoo.com>; "jerryemayes@aol.com" <jerryemayes@aol.com>; Magdalena
Olteanu <olteanumagdalena@yahoo.com>
**Sent:** Thursday, October 25, 2012 10:28 AM
**Subject:** Re:

you say you did not hit me, you say I wanted to have you arrested... I did not, I only wanted to know
what I can do to get a protective order from now on. I even told Heather I did not want to have you
arrested. The police always carry the handcuffs with them and that was not for you

You say you were afraid I might shoot you I would not do that because you are the father of my babies
and I want you to know I respect you That is also why I chose not to hit you because I do not want my
babies to see me hitting their father

You say I have a man here...if I wanted men who could have stopped me for the time we were together
to get as many as possible?I never complained about you being tired but don't you see I am the same
way?I don't have time even to go to the bathroom and every second is counted You say I have the
money that you say dissappearedSo what am I going to believe?

I know for sure I do not have the money and I would be a fool to lie... how could you take it from me
now?But These are your babies you can't deny that If you say no matter what about me still the babies
need to eat and diapers and a place to sleep. Can you help me with any of that? Remember it is much
cheaper to feed us here than in USA and also it is warm and they play with other children I like it here
as well even though I am alone which I did not want. If their welfare is important to you help us with
some money
Thank you

---

**From:** Ionel Dumitrascu <id_express@yahoo.com>
**To:** Cristina Dumitrascu <cristina13mama@yahoo.com>; miha <olteanumagdalena@yahoo.com>
**Sent:** Monday, October 29, 2012 6:15 PM
**Subject:** Re:

 **From:** Cristina Dumitrascu <cristina13mama@yahoo.com>
**To:** Ionel Dumitrascu <id_express@yahoo.com>
**Sent:** Tuesday, October 30, 2012 10:26 AM
**Subject:** Re:

**From:** Ionel Dumitrascu <id_express@yahoo.com>
**To:** Cristina Dumitrascu <cristina13mama@yahoo.com>; miha <olteanumagdalena@yahoo.com>
**Sent:** Wednesday, October 31, 2012 12:22 PM
**Subject:** Re:

    Hi Cristi

 Date: Thu, 1 Nov 2012 17:24:46 -0700 (PDT)

From: Ionel Dumitrascu <id_express@yahoo.com>
Reply-To: Ionel Dumitrascu <id_express@yahoo.com>
Subject: Re:
To: Cristina Dumitrascu <cristina13mama@yahoo.com>,
  miha <olteanumagdalena@yahoo.com>
I
Date: Tue, 6 Nov 2012 16:06:44 -0800 (PST)
From: Ionel Dumitrascu <id_express@yahoo.com>
Reply-To: Ionel Dumitrascu <id_express@yahoo.com>
Subject: Re:
To: Cristina Dumitrascu <cristina13mama@yahoo.com>,
  miha <olteanumagdalena@yahoo.com>

Message-ID: <1352656489.80442.YahooMailNeo@web122502.mail.ne1.yahoo.com>
Date: Sun, 11 Nov 2012 09:54:49 -0800 (PST)
From: Ionel Dumitrascu <id_express@yahoo.com>
Reply-To: Ionel Dumitrascu <id_express@yahoo.com>
Subject: Re:
To: Cristina Dumitrascu <cristina13mama@yahoo.com>,
  miha <olteanumagdalena@yahoo.com>

**From:** Cristina Dumitrascu <cristina13mama@yahoo.com>
**To:** Ionel Dumitrascu <id_express@yahoo.com>
**Sent:** Monday, November 12, 2012 9:17 AM
**Subject:** Re:

Message-ID: <1352852155.37174.YahooMailNeo@web122503.mail.ne1.yahoo.com>
Date: Tue, 13 Nov 2012 16:15:55 -0800 (PST)
From: Ionel Dumitrascu <id_express@yahoo.com>
Reply-To: Ionel Dumitrascu <id_express@yahoo.com>
Subject: Re:
To: Cristina Dumitrascu <cristina13mama@yahoo.com>,
  miha <olteanumagdalena@yahoo.com>
Message-ID: <1352899148.59139.YahooMailNeo@web122503.mail.ne1.yahoo.com>
Date: Wed, 14 Nov 2012 05:19:08 -0800 (PST)
From: Ionel Dumitrascu <id_express@yahoo.com>
Reply-To: Ionel Dumitrascu <id_express@yahoo.com>
Subject: Re:
To: Cristina Dumitrascu <cristina13mama@yahoo.com>,
  miha <olteanumagdalena@yahoo.com>

Message-ID: <1353360328.56008.YahooMailNeo@web122502.mail.ne1.yahoo.com>
Date: Mon, 19 Nov 2012 13:25:28 -0800 (PST)
From: Ionel Dumitrascu <id_express@yahoo.com>
Reply-To: Ionel Dumitrascu <id_express@yahoo.com>
Subject: Re: azi stiu
To: Cristina Dumitrascu <cristina13mama@yahoo.com>,
  miha <olteanumagdalena@yahoo.com>

**From:** Cristina Dumitrascu <cristina13mama@yahoo.com>

**To:** Ionel Dumitrascu <id_express@yahoo.com>
**Sent:** Monday, November 19, 2012 12:32 PM
**Subject:** azi stiu

```
Message-ID: <1353463889.4851.YahooMailNeo@web122501.mail.ne1.yahoo.com>
Date: Tue, 20 Nov 2012 18:11:29 -0800 (PST)
From: Ionel Dumitrascu <id_express@yahoo.com>
Reply-To: Ionel Dumitrascu <id_express@yahoo.com>
Subject: Re: azi stiu
To: Cristina Dumitrascu <cristina13mama@yahoo.com>,
  miha <olteanumagdalena@yahoo.com>
```

**From:** Cristina Dumitrascu <cristina13mama@yahoo.com>
**To:** Ionel Dumitrascu <id_express@yahoo.com>
**Sent:** Wednesday, November 21, 2012 7:27 AM
**Subject:** Re: azi stiu

```
Message-ID: <1354252940.75445.YahooMailNeo@web122501.mail.ne1.yahoo.com>
Date: Thu, 29 Nov 2012 21:22:20 -0800 (PST)
From: Ionel Dumitrascu <id_express@yahoo.com>
Reply-To: Ionel Dumitrascu <id_express@yahoo.com>
Subject: Re: azi stiu
To: Cristina Dumitrascu <cristina13mama@yahoo.com>
```

**From:** Cristina Dumitrascu <cristina13mama@yahoo.com>
**To:** "jerryemayes@aol.com" <jerryemayes@aol.com>; "id_express@yahoo.com" <id_express@yahoo.com>
**Sent:** Sunday, December 2, 2012 9:14 AM
**Subject:** Hello

Hello Jerry and Kay

Thank you for your prayers and friendship.
I have been thinking about coming back and decided I am not, even if it means not being able to
divorce.I and the babies have been sick and we would need if John can send us 7 1/2 more pounds of
Fenugreek  Remind him that if you will

```
Date: Tue, 4 Dec 2012 15:29:40 -0800 (PST)
From: Ionel Dumitrascu <id_express@yahoo.com>
Reply-To: Ionel Dumitrascu <id_express@yahoo.com>
Subject: Re: Hello
To: Cristina Dumitrascu <cristina13mama@yahoo.com>,
  miha <olteanumagdalena@yahoo.com>
```

```
Message-ID: <1355373352.22407.YahooMailNeo@web122506.mail.ne1.yahoo.com>
```
**From:** Cristina Dumitrascu <cristina13mama@yahoo.com>
**To:** Ionel Dumitrascu <id_express@yahoo.com>
**Sent:** Sunday, December 9, 2012 11:01 AM
**Subject:** Re: Hello

```
Date: Wed, 12 Dec 2012 20:35:52 -0800 (PST)
From: Ionel Dumitrascu <id_express@yahoo.com>
Reply-To: Ionel Dumitrascu <id_express@yahoo.com>
Subject: Re: Hello
To: Cristina Dumitrascu <cristina13mama@yahoo.com>,
  miha <olteanumagdalena@yahoo.com>
```

**From:** Cristina Dumitrascu <cristina13mama@yahoo.com>
**To:** Ionel Dumitrascu <id_express@yahoo.com>
**Sent:** Thursday, December 13, 2012 1:13 PM
**Subject:** Re: Hello

**From:** Cristina Dumitrascu <cristina13mama@yahoo.com>
**To:** "id_express@yahoo.com" <id_express@yahoo.com>
**Sent:** Monday, December 17, 2012 3:13 PM
**Subject:** multumim

```
Multumim pentru gr
Date: Wed, 16 Jan 2013 20:51:08 -0800 (PST)
From: Ionel Dumitrascu <id_express@yahoo.com>
Reply-To: Ionel Dumitrascu <id_express@yahoo.com>
Subject: Re: multumim
To: Cristina Dumitrascu <cristina13mama@yahoo.com>
```

```
Message-ID: <1359565117.99859.androidMobile@web122504.mail.ne1.yahoo.com>
Date: Wed, 30 Jan 2013 08:58:37 -0800 (PST)
From: Ionel Dumitrascu <id_express@yahoo.com>
Subject: hi
```

```
Message-ID: <1369963895.45642.YahooMailNeo@web164004.mail.gq1.yahoo.com>
Date: Thu, 30 May 2013 18:31:35 -0700 (PDT)
From: Ionel Dumitrascu <ioneldumitrascu52@yahoo.com>
Reply-To: Ionel Dumitrascu <ioneldumitrascu52@yahoo.com>
Subject: Re: buna
To: Cristina Dumitrascu <cristina13mama@yahoo.com>
```

**From:** Cristina Dumitrascu <cristina13mama@yahoo.com>
**To:** "ioneldumitrascu52@yahoo.com" <ioneldumitrascu52@yahoo.com>
**Sent:** Wednesday, May 22, 2013 10:33 AM
**Subject:** buna

```
Message-ID: <1369963895.45642.YahooMailNeo@web164004.mail.gq1.yahoo.com>
Date: Thu, 30 May 2013 18:31:35 -0700 (PDT)
From: Ionel Dumitrascu <ioneldumitrascu52@yahoo.com>
Reply-To: Ionel Dumitrascu <ioneldumitrascu52@yahoo.com>
Subject: Re: buna
To: Cristina Dumitrascu <cristina13mama@yahoo.com>
```

```
Message-ID: <1370024886.38590.YahooMailNeo@web164001.mail.gq1.yahoo.com>
Date: Fri, 31 May 2013 11:28:06 -0700 (PDT)
From: Ionel Dumitrascu <ioneldumitrascu52@yahoo.com>
```

Reply-To: Ionel Dumitrascu <ioneldumitrascu52@yahoo.com>
Subject: Re: buna
To: Cristina Dumitrascu <cristina13mama@yahoo.com>


Message-ID: <1370276299.93987.YahooMailNeo@web164003.mail.gq1.yahoo.com>
Date: Mon, 3 Jun 2013 09:18:19 -0700 (PDT)
From: Ionel Dumitrascu <ioneldumitrascu52@yahoo.com>
Reply-To: Ionel Dumitrascu <ioneldumitrascu52@yahoo.com>
Subject: Re: buna
To: Cristina Dumitrascu <cristina13mama@yahoo.com>


**From:** Cristina Dumitrascu <cristina13mama@yahoo.com>
**To:** Ionel Dumitrascu <ioneldumitrascu52@yahoo.com>
**Sent:** Sunday, June 9, 2013 7:33 AM
**Subject:** Re: buna


Message-ID: <1372311730.93076.YahooMailNeo@web164003.mail.gq1.yahoo.com>
Date: Wed, 26 Jun 2013 22:42:10 -0700 (PDT)
From: Ionel Dumitrascu <ioneldumitrascu52@yahoo.com>
Reply-To: Ionel Dumitrascu <ioneldumitrascu52@yahoo.com>
Subject: Re: buna
To: Cristina Dumitrascu <cristina13mama@yahoo.com>

Case 4:15-cv-00561-JED-FHM        Motion Rule 60(b)     EXHIBIT-2

Email evidence of existing contact with the father and Jerry and Kay Mayes , lay pastors at the Seventh day Adventist Church in Jay OK. from 10/24/2012 to the trial in 08/2013. The father, Ionel Dumitrascu, is referred to as "John", and is copied through his work email: id_express <id_express@yahoo.com>. Emails in entirety will be produced on request. I know the father would not dare petition for divorce without an understanding with the pastors that it would not imperil his fellowship in the Adventist church. Yet the Mayes never mentioned an actual petition existed until I discovered it for myself. I am convinced they knew and were in contact with the father's attorney and Judge Denney. The 07/23/2013 email from Jerry Mayes confirmed my fears that they were parties to the plan unfolding at court, in warning me a week ahead of what would happen in a court hearing scheduled for 08/01/2013 - unless I showed up with the children.  The Mayes knew for a number of years that we were kept isolated and without transportation and not allowed contact to the outside without the father's presence, but did nothing.

---

X-Apparently-To: cristina13mama@yahoo.com via 98.139.220.66; Sun, 28 Oct 2012 07:51:52 -0700
Return-Path: <jerryemayes@aol.com>
To: cristina13mama@yahoo.com

Subject: Re: Supplements for David and Johnatahan
Date: Sun, 28 Oct 2012 10:51:51 -0400 (EDT)
Hello Cristiina

Hello Cristiina
I have talked to John about your situation, John is willing to purchase tickets for you and the babies to come back to Tulsa. He would rent you an apartment close to stores and get you a stroller for two babies, He will pay all the expenses of the apartment and food and all living expenses. He wants to be able to see the babies when he is not on the road.  If you want to live seperately that is alright with John.  He is not willing to send money for you to stay there.  So if you want his help you will have to come back. We are praying for you and the children
Pastor Jerry & Kay

-----Original Message-----
From: Cristina Dumitrascu <cristina13mama@yahoo.com>
To: jerryemayes <jerryemayes@aol.com>
Sent: Thu, Oct 25, 2012 10:03 am
Subject: Supplements for David and Johnatahan
Hello

I am Cristina and I am writing to you about the situation my babies are in.I am trying to feed them as healthy as possible but still they are coughing I know for sure in the trailer there is some bags of Diatomaceous Earth and also some bags of Fenugreek seeds I need some for my babies2   5lb bags of each so 20 lb in all You can send this in 3 boxes, different boxes to the same address the reason being that in Ecuador if you get a package exceeding 8 lb they check everything and make you pay hundreds of dollars extra. So each package needs to be about 7 1/2 lb just to be on the safe side. I am decided I am going to stay here since JOhn still does not admit he hit me , he still says I have the money the 10 000, and still says I have a man here. If he wants the best for his children he might appreciate that he needs to send less money here to support us than he would in the USAnd also the babies love it here

they play with other children and eat fruits and it is warm Many times during winter we had problems since it was too cold and the water freezed and the rooms were hard to warm

If you are sending us the Fenugreek and Diatomaceous Earth the address is
Heather Knapp
PO Box 1208
Vilcabamba, Loja 1101
Ecuador

```
X-Apparently-To: cristina13mama@yahoo.com via 98.139.220.98; Wed, 21 Nov 2012
07:23:04 -0800
Return-Path: <jerryemayes@aol.com>
Received-SPF: pass (domain of aol.com designates 64.12.206.39 as permitted sender)

To: cristina13mama@yahoo.com
Subject: Re: Hello
In-Reply-To: <1353504596.93010.YahooMailNeo@web160806.mail.bf1.yahoo.com>
X-MB-Message-Source: WebUI
MIME-Version: 1.0
From: Jerry Mayes <jerryemayes@aol.com>
```

Hi Christina
I have talked to John and he would be willing to rent you an apartment close to grocery store and pay for your expenses he would live somewhere else He would like to haved the kids when he is home from truck driving. Christina this would be the best option until you get divorce and maybe find someone else to share your life with. Kay and I would try to see that John fulfills what he says he will do. You have to live in an area for usually 6 months to get divorce.  So the best  place to get divorce for you is Oklahoma Delaware County.If necessary you can get restraining order on John. We have been praying for you and the children.

Send email to us what you would like to do.

Jerry & Kay


-----Original Message-----
From: Cristina Dumitrascu <cristina13mama@yahoo.com>
To: jerryemayes <jerryemayes@aol.com>
Sent: Wed, Nov 21, 2012 7:29 amdd
Subject: Hello
Look

we need to pray about our situation.I am alone, John I do not trust anymore, he wants me to come to him.Why? He never asked me to come back when he left back to the US
Sorry for bothering you Cristina
X-Apparently-To: cristina13mama@yahoo.com via 98.139.220.252; Tue, 04 Dec 2012 22:42:30 +0000
Return-Path: <jerryemayes@aol.com

To: cristina13mama@yahoo.com
Subject: Re: hello

Exhibit-2  Email log Jerry and Kay Mayes                                    Page 2 of 8

Case 4:15-cv-00561-JED-FHM                    Motion Rule 60(b)        EXHIBIT-2

In-Reply-To: <1354638242.4209.YahooMailNeo@web160804.mail.bf1.yahoo.com>
X-MB-Message-Source: WebUI
MIME-Version: 1.0
From: Jerry Mayes <jerryemayes@aol.com>

Our address is P.O. Box 97,
Ketchum, Oklahoma 74349


-----Original Message-----
From: Cristina Dumitrascu <cristina13mama@yahoo.com>
To: jerryemayes <jerryemayes@aol.com>
Sent: Tue, Dec 4, 2012 10:30 am
Subject: hello
Hello Jerry

I need to know what your mailing address is and also if you could receive some papers for me
regarding the child support. I am going to need  an address in OKLahoma and John's is not probably
the best to use.

Thank you

X-Apparently-To: cristina13mama@yahoo.com via 98.139.220.98; Fri, 14 Dec 2012 15:00:55 -0800
Return-Path: <jerryemayes@aol.com>
 r

To: cristina13mama@yahoo.com
Subject: Re: Come home

From: Jerry Mayes <jerryemayes@aol.com>

Dear Cristina,

Honey, I'm sorry you are starving!  It seems like it is your choice to do so.  John has promised, as I wrote in my
last letter, to take care of both you and your sons.  In fact, he is more considerate than he really would have to
be if you choose to come to Oklahoma.

He wants you comfortable and, if you don't want to live with him, he will set you up in your own apartment and
pay all your living expenses.  To me, that is really an unselfish atttitude.

Cristina, I believe you really need to pray earnestly about your decision.  David and Johnathan need both of their
parents and both of you love them. Jerry and I love your entire family and we miss you too.

Love & prayers,

Mama Kay


-----Original Message-----
From: Cristina Dumitrascu <cristina13mama@yahoo.com>

Exhibit-2  Email log Jerry and Kay Mayes                              Page 3 of 8

Case 4:15-cv-00561-JED-FHM                    Motion Rule 60(b)        EXHIBIT-2

To: Jerry Mayes <jerryemayes@aol.com>
Sent: Fri, Dec 14, 2012 1:07 pm
Subject: Re: Hello
Hello Kay

Yes JOhn is helping people and yet we are starving here.Why being a mother doesn't mean anything to him? Even if I was not the mother but the caregiver of my babies I would still need some financial help in this,true? I want a man who helps me not who knows who since he is the father of the babies

---

**From:** Jerry Mayes <jerryemayes@aol.com>
**To:** cristina13mama@yahoo.com
**Sent:** Thursday, December 13, 2012 6:19 PM
**Subject:** Re: Hello

Dear Cristina,

I want you to know that you and your precious sons are missed!  Your family means a lot to Jerry & me. Cristina, you know that John has invited to pay for your flight so you all can come back to Oklahoma.

He is willing to get you, David and Johnathan an apartment, pay all your living expenses, share time with your sons and make sure they, and you, are well cared for.  You would be able to get your Driver's License and a car so that you would not be left alone in the country.

I want you to know Jerry and I believe your husband has a precious heart.  It is so rare to find a man who is always unselfish and thinking of others.  At present, he is helping a family that suffered two tragic losses.  Their trailer was destroyed, in a tornado, then they built a house--only to have it burn to the ground!  And they did not have any insurance!

When I read Matthew 25:31-46, I am convinced that each one of us needs to pray for a loving, unselfish heart-- for when we help the least of God's children, He counts it as done for Himself.

Jesus longs to see happy homes and so do we.  He is able to heal broken hearts and relationships.

We keep you in our prayers and we would be so happy to have you come for dinner in our home.

Love,
Mama Kay

-----Original Message-----
From: Cristina Dumitrascu <cristina13mama@yahoo.com>
To: jerryemayes <jerryemayes@aol.com>; id_express <id_express@yahoo.com>; Magdalena Olteanu <olteanumagdalena@yahoo.com>
Sent: Thu, Dec 13, 2012 11:39 am
Subject: Hello
Hello everyone

I have one question for you all and in particular John. If I choose to live here does that mean your

Exhibit-2  Email log Jerry and Kay Mayes                                    Page 4 of 8

babies are no longer your babies? Does that mean you are free from taking care of them and you can just let them starve? Even if I was twice the garbage JOhn says I am this still does not mean you are absolved of taking care of your own babies. What grounds do you have for ignoring us all as if we never existed? What will you say to them when they grow up? That you never sent us money because you thought I had a man here? But your first wife had a man for real and still you supported Denny and her in Romania. And Deny was 5 not 2 and 1 years old and was one, not two.

OK do as you want just don't blame me now because no help ever came from you.

---

X-Apparently-To: cristina13mama@yahoo.com via 98.139.220.66; Sat, 15 Dec 2012 18:37:43 -0800
Return-Path: <jerryemayes@aol.com>
Received-SPF: pass (domain of aol.com designates 64.12.206.42 as permitted sender)

To: cristina13mama@yahoo.com
Subject: Re: Come home

From: Jerry Mayes <jerryemayes@aol.com>

Cristina,
Only you, John & God know if he ever hit you.  I know John knows he should never hit a woman.
Honey, John longs to share your sons and you have certainly been reassured he is willing to see that they, and you, are well cared for if you will return to Oklahoma--and that at his expense.
So don't say that John is not willing to take care of his sons.
We certainly don't believe he is obligated to pay to keep you in Equador.

With Love & prayers,

Mama Kay

-----Original Message-----
From: Cristina Dumitrascu <cristina13mama@yahoo.com>
To: Jerry Mayes <jerryemayes@aol.com>; id_express <id_express@yahoo.com>
Sent: Sat, Dec 15, 2012 3:42 pm
Subject: Re: Come home
Hello

I need to know why even non-Christians say a man should never hit a woman.
And also they say JOhn should pay for his own sons.

---

**From:** Jerry Mayes <jerryemayes@aol.com>
**To:** cristina13mama@yahoo.com
**Sent:** Friday, December 14, 2012 6:00 PM
**Subject:** Re: Come home

Dear Cristina,

Case 4:15-cv-00561-JED-FHM                    Motion Rule 60(b)        EXHIBIT-2

Honey, I'm sorry you are starving!  It seems like it is your choice to do so.  John has promised, as I wrote in my last letter, to take care of both you and your sons.  In fact, he is more considerate than he really would have to be if you choose to come to Oklahoma.

He wants you comfortable and, if you don't want to live with him, he will set you up in your own apartment and pay all your living expenses.  To me, that is really an unselfish atttitude.

Cristina, I believe you really need to pray earnestly about your decision.  David and Johnathan need both of their parents and both of you love them.

Jerry and I love your entire family and we miss you too.

Love & prayers,

Mama Kay


-----Original Message-----
From: Cristina Dumitrascu <cristina13mama@yahoo.com>
To: Jerry Mayes <jerryemayes@aol.com>
Sent: Fri, Dec 14, 2012 1:07 pm
Subject: Re: Hello
Hello Kay

Yes JOhn is helping people and yet we are starving here.Why being a mother doesn't mean anything to him? Even if I was not the mother but the caregiver of my babies I would still need some financial help in this,true? I want a man who helps me not who knows who since he is the father of the babies

---

 To: cristina13mama@yahoo.com
Subject: Re: poze


Date: Fri, 24 May 2013 10:26:23 -0400 (EDT)

Hi Christina   I just talked to John and got his email adress

ioneldumitrascu52@yahoo.com

I enjoyed the pictures of the children

Jerry & Kay
-----Original Message-----
From: Cristina Dumitrascu <cristina13mama@yahoo.com>
To: Jerry Mayes <jerryemayes@aol.com>
Sent: Fri, May 24, 2013 9:16 am
Subject: Re: poze
Hello Jerry and Kay


Exhibit-2  Email log Jerry and Kay Mayes                              Page 6 of 8

Case 4:15-cv-00561-JED-FHM                    Motion Rule 60(b)      EXHIBIT-2

My sister told me John;s email does not have the number 52 in it Well if you do have it let me know

Thank you
Cristina

---

**From:** Jerry Mayes <jerryemayes@aol.com>
**To:** cristina13mama@yahoo.com
**Sent:** Wednesday, May 22, 2013 12:59 PM
**Subject:** Re: poze

Thank you for the pictures, Hope all is well with you and children

Jerry & Kay

From: Jerry Mayes <jerryemayes@aol.com>

Christina I am forwarding the tickets information for you and the two children to Tulsa.
Kay and I will pick you up at the airport and take you to Jay for your court hearing.  If you have any questions please contact me
On Tuesday, July 2, 2013 9:44 PM, Cristina Dumitrascu <cristina13mama@yahoo.com> wrote:

Hi Jerry and Kay

We will not come. Had I known John was ordered to pay the tickets I would have stopped him.
We could have lived here for 2 years with that kind of money    And the babies love  Ecuador, the weather, they have other friends. They have been through enough , abandoned and I will not put them through the immense psychological stress of adapting to another culture, people, weather etc again.
Bye

To: cristina13mama@yahoo.com
Subject: Divorce
From: Jerry Mayes <jerryemayes@aol.com>
Date: Tue, 23 Jul 2013 09:33:25 -0400 (EDT)
Hi Christina:

This is Pastor Jerry Mayes. I am writing you to inform you that if you do not come John will get full custody of the children.  And you could be prosecutedl If you come you will get child support and half of what John has.
Kay and I will be glad to pick you up at the airport.

Let us know

Pastor Jerry & Kay

---

To: cristina13mama@yahoo.com
Subject: Fwd: E-Ticket Confirmation-ZPADZN  07AUG

From: Jerry Mayes <jerryemayes@aol.com>

Exhibit-2  Email log Jerry and Kay Mayes                              Page 7 of 8

Case 4:15-cv-00561-JED-FHM                     Motion Rule 60(b)        EXHIBIT-2

Sent from AOL Mobile Mail

-----Original Message-----
From: American Airlines@aa.com <notify@aa.globalnotifications.com>
To: JERRYEMAYES <JERRYEMAYES@AOL.COM>
Sent: Thu, Aug 1, 2013 02:42 PM
Subject: E-Ticket Confirmation-ZPADZN 07AUG

X-Apparently-To: cristina13mama@yahoo.com via 98.138.31.152; Mon, 05 Aug 2013 14:37:15 +0000
Return-Path: <jerryemayes@aol.com>
To: cristina13mama@yahoo.com
Subject: John sent you $500.00 by Western Union.  Confirmation number is
 0396739270

Exhibit-2  Email log Jerry and Kay Mayes                          Page 8 of 8

Case 4:15-cv-00561-JED-FHM Document 20-1 Filed in USDC ND/OK on 08/06/16 Page 18 of
4:15-cv-00561-JED-FHM Dumitrascu v. Dumitrascu     Exhibit-3
129

In RE: Marriage of Dumitrascu                    Supreme Court Case No:  DF- 112283

## IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

| | | |
|---|---|---|
| CRISTINA MIRELA DUMITRASCU | ) | |
| Plaintiff/Appellant | ) | Supreme Court No:  DF - 112283 |
| vs | ) | Delaware County District Court |
| IONEL SAMUEL DUMITRASCU | ) | No:  FD-2012-00263 |
| Defendant/Appellee | ) | District Court Judge Barry Denny |

### MOTION TO RETAIN APPEAL IN SUPREME COURT
### (12 OS Section Rule 1.24 )

I, appellant Cristina Mirela Dumitrascu, ask the Supreme Court to exercise its discretion to retain

this appeal. In12 months of this divorce in Delaware County Oklahoma, I learned that the

Supreme Court has non-delegable responsibility for administrating the state entire judicial

system, and has control over all inferior courts; that it establishes rules of operation for all other

courts in the state, and formulates the rules for practice of law. That it is also required to

establish rules for the education and training for judges and lawyers dealing with cases involving

children. I feel the Supreme Court is best able to look into the justice of this case. I reside in

Ecuador, 3000 miles from Jay OK , where I legally arrived  to settle with husband and children,

and where in the course of one month my children and I were abandoned without provision for

reasonable and necessary care. As a naturalized citizen of the United States I have since learned

that I have due process guarantees in the U.S. Constitution, including the right to be heard before

a fair and impartial tribunal and the right to confront those who testify against me at trial. I

understand these procedural rules protect our fundamental rights to liberty property, and life. I

know now the U.S. Government has agreements with foreign nations including Ecuador for

procedures to handle notice, discovery and testimony across borders, including the use of

Motion for Supreme Court to retain case                          Page 1 of 4

In RE: Marriage of Dumitrascu          Supreme Court Case No: DF- 112283

electronic means to produce documents and testimony by email or fax. I learned that such rules

for quick and fair procedures are part of family law in Oklahoma. Yet they were absent for us in

Delaware County. By March 2013 I discovered by chance that my husband had filed for divorce

barely a month after returning to Oklahoma without notice to me. By misrepresentations to the

Court he arrived at a published order giving him all he wanted. Left with no money I was

assisted by Legal Aid of Oklahoma. I was left in shock and despair by my reception at District

Court . The Court quickly made clear to me , and my own Legal Aid lawyer confirmed, that I

had no chance whatsoever to present any evidence or testimony unless I walked into the

courthouse with my children in tow. Also made clear was that any other offer of testimony such

as an un-sworn declaration under penalty of perjury would be rejected as inadmissible hearsay; I

was told that happened with my declaration and that of a witness to my stay in Vilcabamba

Ecuador. Further both lawyers at Legal Aid explained that witnesses I identified in Ecuador

were useless unless willing to walk into the courthouse in Jay OK. That explained why Legal

Aid made no attempt to contact any of the witnesses I identified for them. Had I been aware then

of my rights, privileges and protections under constitutions and laws, federal, state and

international, I could imagine entering some nightmare back to a time when citizens were

expected to walk or carriage the 100 miles to the courthouse, there to wait patiently for the postal

mail coach to arrive, while hoping in the merciful mood of a judge. In spite of the fact that postal

mail from Vilcabamba Ecuador takes from 15 days to a month to reach the United States, the

two judges I addressed in the county were un-relenting in their refusal to speak to me by phone

or to have anything delivered to them by such electronic means as fax or email. Judge Barry

Denny only relented with a fax number a week before trial when I informed him I had no

lawyer. Today as my children and I remain mortified and abandoned first by my husband and

Motion for Supreme Court to retain case          Page 2 of 4

In RE: Marriage of Dumitrascu                    Supreme Court Case No:  DF- 112283

then by the State of Oklahoma , I am lucky to be able to ask the entire Supreme Court to see why

the process I actually experienced had nothing of the promise of those rights and protections I

learned about. I wonder too how many others did not get this chance! Perhaps there are laws

allowing a judge in Jay OK to rip adult and child away from a tenuous new home in a foreign

country on a one way trip to Jay OK, without regard to situation, ability and fears of the parties;

even while the law provides for alternatives. And possibly it was legal for a mother and two

citizen infants to find themselves stripped of all the protections promised in constitutions, laws

and procedures, and given one chance alone: to look straight into the eyes of a judge and hope to

move his mind, his conscience and his compassion -  and failing that to lose all their rights to

property, to parentage and to  support. If Delaware county lacks the resources and the procedures

for just and expedient process, or perhaps the knowledge or the will to offer them  – there was

the choice to send the case to another court. All that ignored how could one justify exercising

such ultimate judgment? And if those protective rules and procedures are followed elsewhere in

Oklahoma, how to explain the unequal protection of laws in that county? I am told there is an

indication here of fundamental procedural error  that led to violation of fundamental civil rights?

While Delaware Courts may not have joined the modern process of electronic filing and

communications, its court dockets are published to the World. That is a also a problem when

what is published unjustly damages reputation and rights. People reading my docket can easily

conclude I am a bad wife who abducted her children and abandoned her husband. On the docket

I am accused of kidnapping my kids, while the court is otherwise deaf to anything I say.  Early

on letters were sent on my behalf to Oklahoma congressmen and senators, to the American

Consulate in Ecuador,  to lawyer associations in the U.S., trying to get help. Not one response

was received. It is not unreasonable to speculate that on checking my docket all or most of the

In RE: Marriage of Dumitrascu                    Supreme Court Case No:  DF- 112283

addressees felt no moral obligation to help. After experiencing a total lack of care and concern

for our plight by two judges in Delaware County, I shall be excused for not trusting my appeal to

less than nine justices.  Above  all the Court could explain to me and the people of Delaware

County what regime of law do they live under that leads to such results.

Respectfully submitted:

Cristina Mirela Dumitrascu,
Plaintiff/Appellant

CERTIFICATE OF SERVICE

I, Riccardo Fiorentino of the Fiorentino Law Office , hereby certify that a copy of the foregoing
motion  was mailed by first class mail, postage prepaid, this _____ day of  April  2014 , to the
following

BOBBY C. RAMSEY
DAVIS & THOMPSON
P. O. BOX 487
JAY, OK 74346
PHONE 918-253-4298
Attorney for appellee Ionel S. Dumitrascu


Signature  _____

Case 4:15-cv-00561-JED-FHM   Document 20-1   Filed in USDC ND/OK on 08/06/16   Page 22 of 129

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

## Table of Contents

A. Why an Immediate Stay Should Issue..................................................................................1

   [1] The case presents an important constitutional question and other issue of first

   impression calling for prompt resolution...........................................................................1

   [2] An immediate stay is also necessary for the motion to recuse the Chief Justice to

   complete..............................................................................................................................2

B. Why Writ Relief Should be granted...................................................................................2

   [1] Order date 06/19/2014: I submit the order to deflect the entire case to the Court Of

   Appeals could be an error that will quickly generate jurisdictional problems for that Court .

   ..............................................................................................................................................2

   [2] Order date 07/21/2014: I submit the order entered in docket FD-2013-00041 that no

   material  from that case would be part of the appeal is abuse of discretion..........................4

   [3] Order date 07/21/2014:  I submit the above order of the reviewing justice halting

   completion of record represents  error as it directly contradicts the 12/16/2013 order..........4

   4] Order date 08/01/2014:  The order striking the Appendix represents abuse of discretion. 5

   ..............................................................................................................................................5

   Prayer...................................................................................................................................6

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

I am Cristina Mirela Dumitrascu, a self-represented appellant. In this petition under

Title 20 O.S. §30 I pray the Oklahoma Supreme Court to issue a Writ of Certiorari for

appropriate relief  for the reasons that I state below.

## A. Why an Immediate Stay Should Issue

**[1] The case presents an important constitutional question and other issue of first**

**impression calling for prompt resolution.**

The total circumstances of the case on appeal could easily cause the Court of Appeals to be in

excess of jurisdiction,  by any further step into the review.

**[2] An immediate stay is also necessary for the motion to recuse the Chief Justice to**
**complete.**

I have filed a motion to recuse the Chief Justice Tom Colbert, based on my doubt and suspicion

that he is neither partial nor neutral in the case and because of potential conflict of interest.

## B. Why Writ Relief Should be granted.

**[1] Order date 06/19/2014: I submit the order to deflect the entire case to the Court Of**

**Appeals could be an error that will quickly generate jurisdictional problems for that**

**Court .**

 Section VII-4 of the Oklahoma Constitution  provides that:

        " the original jurisdiction of the Supreme Court extends to a general

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

superintendent control over all inferior courts and all Agencies, Commissions and

Boards created by law".

Section VII-6: of the Oklahoma Constitution provides that

"Except with reference to the Senate sitting as a Court of
Impeachment and the Court on the Judiciary, general
administrative authority over all courts in this State, including
the temporary assignment of any judge to a court other than that
for which he was selected, is hereby vested in the Supreme Court
and shall be exercised by the Chief Justice in accordance with
its rules.  The Supreme Court shall appoint an administrative
director and staff, who shall serve at its pleasure to assist the
Chief Justice in his administrative duties and to assist the
Court on the Judiciary."

My understanding is that the mentioned jurisdiction is not one that can be delegated by

the Court. Only the Supreme Court has administrative power and ability to inquiry and

investigate the function and the actions or omissions of district  court personnel,  district

judges and agencies such as DHS.

Further In Petusky v. Cannon, 1987 OK 74, 742 P.2d 1117 it is stated that:

"In the performance of clerk's ministerial functions, the court clerk is subject to
the control of the Supreme Court and the supervisory control that it has passed
down to the Administrative District Judge in the clerk's administrative district"

My case started without subject matter jurisdiction, and was carried on outside the bounds of  any

procedures and any of the court rules for seven months,  by a judge aware of the facts and the

law. Further I claim a conspiracy to achieve the goals of the divorce decree that included

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

suppression of evidence and corruption of record, that involves the judges of the district court,

court clerk staff and the DHS; as well as Legal Aid of Oklahoma. A look at the dockets of the

cases concerned, the trial transcripts, and the decree itself should be enough to dispel any

suspicion the Court may have that all is simply in the imagination of the appellant.

I respectfully submit that the Court must carefully reconsider which if any of the issues can be

left to the Court of Appeals without constitutional error. While the Court may have reason not to

simply cancel the assignment - a writ for certiorari at this juncture, when the Court of Appeals

has not decided any of the briefed issues, provides, should the Court vacate any of the completed

acts, an opportunity for the Court to retain the case to address the undecided matters; or the Court

may remand only what is clearly within the jurisdiction of the Court of Appeals.

**[2] Order date 07/21/2014: I submit the order entered in docket FD-2013-00041 that no material from that case would be part of the appeal is abuse of discretion.**
The reviewing justice decided a question of substance not previously determined by the

Oklahoma Supreme Court, as far as I have been able to learn. The justice reasons that the transfer

of FD-2013-00041 under O.S §43-601-306, to the case on appeal, did not occur because its

pleading and documents are not to be found there. Due to that failure, the pleading and

documents cannot now be made part of any review within the appeal. The implication is that any

case for child support had to begin anew in the course of the trial, without benefit of the process

already carried out by DHS. The justice ignores O.S. §43-601-310, by which DHS is required to

make all of its information and documentation on deprived children available to the handling

PETITION FOR WRIT                          PAGE 4 OF 7

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

tribunal. Nor does the justice explain why an administrative transfer imposed by law should cost

a complainant the loss of the process already completed. Nor does the decision conform with the

legislative intent in the UIFSA and other law for the protection of deprived children: that the

protection for deprived children, once assumed by DHS,  should continue uninterrupted through

any administrative changes.

I submit this is an issue of first impression that should have been decided by proper appellate

judicial process.


**[3] Order date 07/21/2014:  I submit the above order of the reviewing justice halting**
**         completion of record represents  error as it directly contradicts the 12/16/2013 order.**

Seven months after an order to designate record for FD-2013-00041, and at a point where the

final requirement of a pauper affidavit had been in the district court for more than one month, the

reviewing justice issued a contradictory order to the effect that completion of record could not

occur. At the same time the justice ordered me in no uncertain term, he would hold me to the

deadline on the brief in chief 15 days hence; no matter that his order required that I make no

reference in my brief  to case FD-2013-00041.


I submit to the Court that only the order of 12/16/2013 could be correct, as in reliance upon it I

had completed performance of its requirement, and in equity the justice should be estopped from

entering a contradictory order. Additionally as I stated in my letter filed the same date, I believed

the law could not deprive me of process on child support I had already completed when DHS

PETITION FOR WRIT                              PAGE 5 OF 7

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

ceded priority to the district court.

**4] Order date 08/01/2014:  The order striking the Appendix represents abuse of discretion.**

I submit that a summary striking of an appendix at the discretion of one reviewing justice,without

regard of the nature of several separate documents contained in it,  is error and contrary to

practice and precedent.

The use of an appendix to the brief in chief is provided for by the Court Rules. Content such as

the divorce decree, and legal material such as the opinion from the Department of State on The

Hague Convention, intended to assist the Court on understanding that law, have been acceptable

in past practice. The appendix was stricken on the same date the brief in chief was filed; thereby

denying the other justices in the division the opportunity to arrive at their own evaluation of the

material,  based on the issues in front of them.

## Prayer

I respectfully request that the Court grant me the relief requested and whatever further relief may

be just and proper.

Respectfully submitted:

PETITION FOR WRIT                                       PAGE 6 OF 7

IN RE MARRIAGE OF DUMITRASCU                    APPEAL# DF - 112283

Cristina Mirela Dumitrascu, Appellant Pro Se.

Ms. Cristina Mirela Dumitrascu
c/o Antonio Di Stefano
Pro Bono Attorney
769 Center Blvd #69
Fairfax, CA 94930
08/13/14

Council on Judicial Complaints
ATTN: Eric Mitts, Administrative Director
1901 North Lincoln Boulevard
Oklahoma City, Oklahoma 73105

RE:  COMPLAINT OF JUDICIAL MISCONDUCT
     ASSOCIATE JUDGE BARRY DENNEY
     JAY COURTHOUSE, DELAWARE COUNTY

I am placing this complaint from a village in Ecuador where my husband decided to relocate us and where my two babies and I were abandoned in September 2012, with $213 to fend for ourselves. Barely a month after taking us away from Oklahoma, Mr. Dumitrascu returned to Oklahoma by himself and before another month  passed filed for divorce. The intent was to get a decree by default without my being aware. It will soon be two years of fear and terror dealing with Associate District Judge Barry Denney who gave Mr. Dumitrascu what he wanted and more, but failed to scare me into returning with the children to a husband who divorced me and a place where I know no one else. I know the Council does not deal with the legal merits of the divorce. The decree is on appeal to the Oklahoma Supreme Court and I am told by people I trust that the chances of it being confirmed is next to nil. The case began void of jurisdiction and went on in Jay, OK for one year outside the bounds of procedures and  court rules, in violation of constitutional rights of due process,  violations of civil rights,  violations of the penal code, and actions by a judge in direct violation of the Oklahoma Constitution.   Leading to the trial  the DHS attorneys who filed a child support petition for my children , and the  Legal Aid attorney I was assigned   made sure that evidence of domestic violence and non-compliance with child support obligation was never produced for the divorce and child custody trial.  Judge Denney stripped  us of every civil right we had; stripped me of all property rights and other assets in Oklahoma, and ordered that I, the only caretaker of our two babies,  pay monthly child support to a father that has not paid one dollar in child support since September 2012. The decree deprives me of my children,

and the children of their mother.  Should I return to the USA,  law enforcement has authority to invade my privacy and seize my children. Nowhere in the record have I seen evidence of the horrible things I must have done  to deserve such a sentence.

The legal nightmare scenario was not anything created just for me. The culture was already established in the years before my case.   When my case started another child custody case first filed in 2004 and handled by Judge Denney was directed to the Court of Appeals as DF-111058: In re marriage of Mekala Angelo, now Smith, a sad case of allegedly abused siblings,  much in the news and the mind of Delaware County residents. Central to the disfunction at the courthouse that finally led District Judge Robert. G. Haney to remove the case from the Delaware County courthouse and assign it to Special Judge William E. Culver in Ottawa County,  was conflict of interest by Judge Denney over many month of continuances, while he served with both the mother of the children and her attorney on a board at their church.  A guardian appointed while Judge Denney presided had to be removed by Special Judge Alicia Littlefield for conflict of interest as well. Special Judge Littlefield was recused over  a sequestration ordered by Associate District Judge Barry Denney,  that forbade the father from speaking to anyone about the case including the press.  The Angelo appeal was concluded the month my trial started, by which time I would have thought the Oklahoma Supreme Court should have been  aware that Jay did not work in the manner it expects district courts to function.

With my petition in error I included a motion for the Oklahoma Supreme Court to retain my appeal. I referred to the original jurisdiction placed by the Oklahoma Constitution on the Oklahoma Supreme Court for management, education and oversight of district judges, members of the bar and government agencies such as DHS. Chief Justice Tom Colbert assigned the case to a division of the Court of Appeals  whose jurisdiction I believe is not equal to willful and possibly criminal violations of laws, of court rules  and of the Oklahoma constitution,  by judges, members of the Oklahoma Bar and agencies create by state law. Chief Justice Tom Colbert went further to deny me use of pleading and documents in the child support petition I asked DHS to file for the children - by controverting an earlier order of the Supreme Court requesting I designate the case for completion of record. That order could only serve to shield DHS for whom the Chief Justice has acted as attorney in the past. It also shielded Judge Denney who for months resisted completion of record on a case assigned to the Special Judge Littlefield. I interpreted the Chief Justice's orders to be intentionally adverse to my case and motioned that he disqualify himself.  I also petitioned the Supreme Court for writ on the issue of original jurisdiction as it bears in my case.

My negative experiences with the judiciary in Delaware County and the questionable orders by the Chief Justice convinced me the Supreme Court would again be blind to the disfunction of  judges, attorneys  and other officials  -  that is primarily

the cause of all errors in my case. I was left no option but to appeal to this council to look into what really went on during Judge Denney's handling of my case. My question to the council is the same that I put to the Supreme Court in my motion to retain the case: what kind of regime of law has Judge Denney imposed on the Jay courthouse, and on the people of Delaware County. None of it fits the sense of American justice I learned as I became a U.S. citizen.

In over a year of dealing with Judge Denney I am struck by his total disregard, total lack of concern for me or my children; for the facts on our side, or the effect his orders had on our lives. He is to this day still unaware that his decree was virtually a verdict of death for an American family. But for the generosity of the American and European community in my village we could not have survived. The brief in chief points to a judge that does not understand or ignores the laws and procedures of his profession. His responses to my questions and to letters sent to him, show an inability to understand the issues raised. He sounds like a judge that believes he has nothing to worry about, and who remains more concerned that people around him receive the assignment or job they need. The question has been brought up to me whether he is even physically or psychologically fit to be a judge. That question cannot be answered without an investigation that the Supreme Court has to this point not thought necessary. I have no doubt that in the courthouse and among the lawyers that have appeared in his court, there are a few that can provide answers. It is quite possible that the true guilt lies with members of the bar in Jay who have abused of his disabilities.

I shall try to notarize the form you sent me to complete. I declare that the statements I made are true and correct to the best of my recollection; and do so under penalty of perjury under Oklahoma law. Because I have no mailing address in this village, and the time involved getting and sending mail, I ask that you send any mail to my pro bono attorney as listed above.


Respectfully submitted



Cristina Mirela Dumitrascu
signed in Ecuador on 08/13/14
Email contact: cristina13mama@yahoo.com

# COMPLAINT

Complaint against: <u>Associate Judge Barry Denney      Delaware County Disrict Court</u>

Complaint made by: <u>Cristina Mirela Dumitrascu</u>

Address: <u>c/o Fiorentino Law Office, Pro Bono attorney, 769 Center Blvd #69 Fairfax CA 94930</u>

Telephone: <u>415-472-2519</u>

If your complaint arises out of a court case, please answer these questions:

(A) What is the case name <u>in re marriage of Dumitrascu</u>   and number <u>FD-2012-00263</u>

(B) What kind of case is it? ( please check one)

| ___ Criminal | ___ General Civil | X_ Domestic Relations |
| ___ Small Claims | ___ Juvenile | (divorce, custody, |
| ___ Probate | ___ Traffic | support, and related) |
| ___ Other (specify) _____ | | |

(C) What is your relationship to the case?

| ____ Plaintiff/Petitioner | ____ Attorney for: _____ |
| X_ Defendant/Respondent | ____ Witness for: _____ |
| | ____ Other (specify) _____ |

A brief chronological statement of the facts:  the divorce case is on appeal to the Oklahoma Supreme Court Case # DF- 112283. On 8/27/2012 my husband moved us and two babies to Ecuador. On 09/27/2012 my husband abandoned me and the babies in Ecuador and returned to Oklahoma. On 10/25/2012 my husband filed for dissolution at the Jay OK courthouse, and proceeded to obtain a decree without any notice to me.  A decree was entered 09/20/2013 without my ever appearing in Oklahoma turning all family assets to the husband and no child support since September 2012 nor any payable by the father in the future. The case started without subject matter jurisdiction and was allowed to go to judgement outside of the bound of OK law, court rules, the UCCJEA, federal law and international law. As result my babies and I remain abandoned in Ecuador with no money, unable to travel for lack of money, and afraid of orders in the decree that my babies will be seized upon my presence in the United States. In violation of the OK Constitution I was forbidden to testify by phone at trial, for contempt of court. I attach my brief in chief for the appeal that points to all the errors and judicial misconduct.

Complaint
Page two

Before the divorce trial I asked judge Denney to disqualify himself from my case and wrote Judge Robert Hanes, his superior for another judge. Neither judge responded. Another child custody case was in judge Denney court FD-2004-162 ahead of mine that was removed from the courthouse because of judge Denney conflict of interest, and disagreement among the judges. The case was reviwed on appeal in July 2013. I blame the present Chief Justice for doing nothing at that time to address the disfunction at the Jay courtouse. If he had the disaster that is my case would not have happened. That appeal case is DF-111058 and the case of the Angelo children and the bankruptcy of the justice system in Jay has been written about in many newspaper and internet articles.

My situation and that of my children remains that we are stuck in Ecuador, unable to return to the United States for lack of money and fear of arrest and seizure. I am also unable to secure a notary verification as requested. I am completing the verification knowing that I do so under oath and subject to perjury under the laws of Oklahoma.

Dated: _____08/12/2014_____          _____
                                                          Signature

Additional pages may be attached if necessary.

<div style="border:1px solid">

**Verification**

State of _____Ecuador_____ )

_____ )   SS.

County of _____Loja_____ )

I Cristina Mirela Dumitrascu _____, of lawful age, being first duly sworn, states:

I have read the foregoing statement, am familiar with the contents thereof and the statements therein contained are true and correct, to the best of my knowledge and belief.

(Signature)_____ Date: 08/12/2014

Subscribed and sworn to before me this _____ day of _____, 20____.

(Notary Public)_____

My commission expires_____ Commission No._____

</div>



*Glen D. Huff, Chairman*
Oklahoma City
*Jerry Franklin, Vice-Chairman*
Stillwater
*Cathy Christensen, Member*
Oklahoma City

*Eric B. Mitts*
**Administrative Director**
*Terry W. West*
**Counsel to the Council**

### *Council on Judicial Complaints*

**1901 North Lincoln Boulevard**
**Oklahoma City, Oklahoma 73105**
**(405) 522-4800 • Fax: (405) 522-4752**

October 24, 2014

## PERSONAL & CONFIDENTIAL

Ms. Cristina Dumitrascu
C/O Fiorentino Law Office
769 Center Blvd #69
Fairfax, CA 94930

RE:    COC-14-111 Judge Barry Denney

Dear Ms. Dumitrascu:

The Council on Judicial Complaints has directed that you be notified regarding action taken in the above referenced proceeding, during its 10-23-14 meeting. At that meeting, an investigative report was presented to the Council by its staff, and your complaint was discussed and considered by the Council.

The jurisdiction of the Council on Judicial Complaints is limited by the constitution and statutes of Oklahoma to matters concerning misconduct and physical and mental ability of persons occupying judicial positions.

The legal relief you seek, if available, lies exclusively within the jurisdiction of the appellate court, and as such outside the constitutional and statutory scope of the Council on Judicial Complaints.

The Council has therefore dismissed your complaint.

Sincerely,

Eric Mitts
Administrative Director



OKLAHOMA CITY
OK 730
27 OCT '14
PM 5 L

Ms. Cristina Dumitrascu
C/O Fiorentino Law Office
769 Center Blvd #69
Fairfax, CA 94930

94930176469

**State of Oklahoma**
*Council on Judicial Complaints*
1901 N. Lincoln Blvd.
Oklahoma City, OK 73105

4:15-cv-00561-JED-FHM Dumitrascu v. Dumitrascu                                    EXHIBIT-5
The saga of the Angelo kids was already on the news in Delaware County when I discovered   the  father  of
my children had filed a divorce petition. What I see is a Judge  Denney who as far back as 2004  could not separat
himself from the requirements of his friends and supporters. even if at the expense and suffering of
children. The Angelo case is characterized by the loud and demanding requirements of  Grove prosecutor
Kathy Baker and the wife of a Grove assistant-DA and now DA Ken Wright: Christianna (Christy) Lincoln Wright;
assigned by Judge Denney assumedly as the legal guardian of the Angelo children , but soon revealed  a
pro-active supporter of the mother of the children.

# On Demand Court Records

- 

## Case Information

ANGELO, MEKALA D. vs. ANGELO JR., GERALD J.

**Case Identifier** Delaware OK — FD-2004-00162 _____

**Type of Case** Family and Domestic Proceedings

**Date Filed** 06/29/2004

**Amount Owed** $5,079.00 (as of 06/11/2015 02:16pm)

## Offense or Cause

- DIVORCE

## Parties Involved

**Plntf Atty.** PRO SE

**Judge** CULVER, BILL

**Attorney** JOHNSON, ERIK C. *of Miami OK*

**Plaintiff** ANGELO, MEKALA D. *of Grove OK* _____

**Defendant** ANGELO JR., GERALD J. *of Springfield MO* _____

**Attorney** MANLEY, DODI *of Grove OK*

**Plaintiff** SMITH, MEKALA D. _____

**Attorney**   MARESHIE, E. ANTHONY *of Tulsa OK*

# Case entries

| Date | Description | Amount |
|------|-------------|--------|
| | **Grand Total** | **$6,462.10** |
| 06/29 /2004 | FILE AND ENTER PETITION | $130.00 |
| | LAW LIBRARY ASSESSMENT | $6.00 |
| | DISPUTE MEDIATION ASSESSMENT | $2.00 |
| | CHILD ABUSE MULTIDISCIPLINARY ACCOUNT | $10.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF CARF FEE | $1.00 |
| 06/29 /2004 | ISSUING SUMMONS TO ATTORNEY | $5.00 |
| 06/29 /2004 | NOTICE OF HEARING 7-30-04 @ 9:00 AM | |
| 07/30 /2004 | ENTRY OF APPEARANCE - TODD KOLCZUN FOR RESPONDENT | |
| 07/30 /2004 | CM: COMES ON FOR TEMPORARY ORDER. MATTER TODAY IS STRICKEN AND RESET TO 9-3-04 9AM FOR TEMPORARY ORDER HEARING. | |
| 09/03 /2004 | TEMPORARY ORDER | |
| 09/07 /2004 | CM: 9-3-04 MATTER COMES ON FOR TEMPORARY ORDER. AGREED ORDER SIGNED. | |
| 09/29 /2004 | CORRESPONDENCE FROM F@CS STATING MEKALA ANGELO ATTENDED THE FOUR HOUR SEMINAR, CHILDREN COPE WITH DIVORCE: A SEMINAR FOR DIVORCING PARENTS | |

| Date | Description | Amount |
|------|-------------|--------|
| 11/23 /2004 | JE DECREE OF DISSOLUTION OF MARRIAGE | |
| 02/07 /2005 | NOTICE OF INTENTION TO RELOCATE PRIMARY RESIDENCE | |
| 02/24 /2005 | ATTORNEY RICHARD YOHN'S MOTION TO WITHDRAW AS ATTORNEY FOR PETITIONER | |
| 03/09 /2005 | ORDER OF WITHDRAWAL - RICHARD YOHN FOR PLAINTIFF | |
| 04/29 /2005 | SUPPLEMENT TO NOTICE OF INTENTION TO RELOCATE PRIMARY RESIDENCE | |
| 08/15 /2005 | PETITIONER'S MOTION TO MODIFY CHILD CUSTODY | $30.00 |
| | CHILD ABUSE MULTIDISCIPLINARY ACCOUNT | $10.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF CARF FEE | $1.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 07/01/04 | $10.00 |
| 08/15 /2005 | ORDER SETTING HEARING 8-23-05 @ 9:00 AM | |
| 08/23 /2005 | CM: TRIAL IS SET FOR 10-12-05 9AM. PRETRIAL SET 9-20-05 9AM ON THE DOMESTIC DOCKET. SCHEDULING ORDER IS COMPLETED AND FILED. MR. KOLCZUN TO FILE HIS COUNTER MOTION BY 9-9-05. | |
| 08/23 /2005 | DOMESTIC RELATIONS SCHEDULING ORDER | |
| 09/02 /2005 | MOTION TO SHORTEN TIME; NOTICE OF HEARING/ 9/9/05 AT 9AM | |

| Date | Description | Amount |
|------|-------------|--------|

09/02/2005 FIRST DISCOVERY REQUESTS TO PETITIONER/INTERROGATORIES

09/02/2005 RESPONDENT'S PRELIMINARY WITNESS AND EXHIBIT LIST

09/09/2005 RESPONDENT'S RESPONSE TO PETITIONER'S MOTION TO MODIFY CHILD CUSTODY AND COUNTER-MOTION TO MODIFY CHILD

CUSTODY

09/09/2005 CM: COMES ON FOR RESPONDENTS MOTION TO SHORTEN TIME. PETITIONER APPEARS NOT. RESPONDENT APPEARS IN PERSON AND BY ATTORNEY, TODD KOLCZUN. CHRIS ROGERS CONTACTS THE COURT TO CONFESS MR. KOLCZUN'S MOTION. AGREED ORDER

IS TO BE SUBMITTED BY AGREEMENT.

09/15/2005 LETTER STATING GERALD J. ANGELO, JR HAS ATTENDED THE

CHILDREN COPE WITH DIVORCE

09/15/2005 CM: TODD KOLCZUN CONTACTS THE COURT TO STRIKE, BY AGREEMENT, PRE-TRIAL SET ON 9-20-05 AT 9AM ON THE DOMESTIC DOCKET. PRE-TRIAL IS RESET TO 10-7-05 9AM ON

THE DOMESTIC DOCKET.

09/20/2005 AGREED AMENDED SCHEDULING ORDER - TRIAL 10/12/05 @ 9AM

10/07/2005 RESPONDENT'S FINAL WITNESS AND EXHIBIT LIST

10/07/2005 RESPONSE TO PETITIONER'S FIRST DISCOVERY REQUESTS

10/12/2005 CM: PETITIONER APPEARS W/CHRIS ROGERS, RESPONDENT APPEARS W/TODD KOLZUN. RULE ENVOKED. SWORN TESTIMONY

HEARD. CASE CONTINUED TO 11-21-05 9AM AND 10-27-05 8:30

10/27/2005 CM: COMES ON FOR HEARING TO STRIKE AND RESET TRIAL DATES. COURT STRIKES TRIAL SET ON 11-21-05 9AM AND

| Date | Description | Amount |
|------|-------------|--------|
| | RESETS THE COMPLETION OF TRIAL FOR 11-3-05 10:30 AM. | |
| 10/27/2005 | CM: PETITIONER APPEARS IN PERSON AND BY CHRIS ROGERS, RESPONDENT APPEARS IN PERSON AND BY TODD KOLCZUN. | |
| | MATTER CONTINUED TO 11-3-05 10:30AM. | |
| 11/03/2005 | CM: PETITIONER APPEARS IN PERSON AND BY CHRIS ROGERS. RESPONDENT APPEARS IN PERSON AND BY ATTORNEY, TODD KOLZCUN. SWORN TESTIMONY HEARD. ATTORNEYS TO SUBMIT ARGUMENT IN WRITING IF THEY DESIRE BY END OF BUSINESS ON THE 10TH OF NOVEMBER AND SUPPLY THE COURT WITH A | |
| | COPY. COURT WILL RULE THE FOLLOWING WEEK. | |
| 11/04/2005 | CM: COURT STRIKES TRIAL DATE SET OF 11-21-05. | |
| 11/10/2005 | RESPONDENT'S POST-TRIAL BRIEF | |
| 11/10/2005 | PETITIONER'S CLOSING ARGUMENT | |
| 11/14/2005 | ORDER | |
| 12/13/2005 | CM: ORDER IS PRESENTED AND SIGNED BY THE COURT. | |
| 01/19/2006 | ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT | |
| 03/22/2007 | RESPONDENT'S MOTION TO MODIFY CUSTODY | $30.00 |
| | CHILD ABUSE MULTIDISCIPLINARY ACCOUNT | $10.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF CARF FEE | $1.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 07/01/04 | $10.00 |
| 03/22/2007 | RESPONDENTS APPLICATION FOR EMERGENCY TEMPORARY ORDERS | |
| 03/23/2007 | CM: PETITIONER APPEARS IN PERSON AND BY ATTORNEY, CHRIS ROGERS. RESPONDENT APPEARS IN PERSON AND BY ATTORNEY, LEE EBERLE. | |

| Date | Description | Amount |
|------|-------------|--------|
| | BECKY KINGFISHER PRESENT FOR DHS. SWORN TESTIMONY HEARD. CHILD INTERVIEWED IN JUDGE'S CHAMBERS. COURT ORDERS TWO CHILDREN TO BE REMOVED FROM MOTHER'S HOME UNLESS AND UNTIL CHILD DANNON IS MOVED FROM THIS HOME AT WHICH TIME THE CHILDREN ARE TO BE IMMEDIATELY RETURNED TO THE MOTHER. MATTER IS SET FOR | |
| | HEARING ON 4-9-07 9AM. | |
| 03/29/2007 | ORDER APPOINTING GUARDIAN AD LITEM - CHRISTY WRIGHT | $150.00 |
| 04/03/2007 | CM: LEE EBERLE, CHRIS ROGERS, AND CHRISTY WRIGHT APPEAR AND STRIKE 4-9-07 9AM HEARING. MATTER IS RESET | |
| | BY AGREEMENT TO 5-2-07 1PM FOR THE AFTERNOON. | |
| 05/02/2007 | GUARDIAN AD LITEM'S MAY 2 2007 REPORT TO THE COURT | |
| 05/02/2007 | FILING SUBPOENA TO MATTHEW BUDDER DHS/CWS | |
| 05/02/2007 | CM: COMES ON FOR HEARING ON TEMPORARY ORDER HEARING ON MOTION TO MODIFY. PEITIONER APPEARS IN PERSON AND BY ATTORNEY CHRIS ROGERS. RESPONDENT APPEARS IN PERSON AND BY ATTORNEY, LEE EBERLE. CHRISTY WRIGHT PRESENT FOR THE CHILDREN. EMERGENCY ORDER EXPIRES. GAL RECOMMENDS ARE ALL ADOPTED. 8-13-07 9AM SET FOR FINAL | |
| | HEARING. | |
| 05/24/2007 | GUARDIAN AD LITEM'S MAY 24, 2007 REPORT TO THE COURT | |
| 05/24/2007 | JE JOURNAL ENTRY | |
| 05/25/2007 | WRITTEN MOTION MEMORIALIZING GAL'S ORAL APPLICATION FOR | |
| | EMERGENCY ORDER MADE ON MAY 24, 2007 | |
| 05/25/2007 | EX PARTE EMERGENCY TEMPORARY ORDER | |
| 05/25/2007 | CM: MATTER COMES ON FOR HEARING ON ORAL MOTION/REQUEST FOR EMERGENCY BY CHILD'S ATTORNEY CHRISTY WRIGHT; CHRIS ROGERS, LEE | |

| Date | Description | Amount |
|------|-------------|--------|

EBERLE AND CHRISTY WRIGHT PRESENT. MRS. WRIGHT REQUEST THE COURT ADOPT HER REC. THAT ARE IN HER MOST RECENT REPORT. ARGUMENT IS HEARD; MS. EBERLE AND MS. ROGERS WAIVE THEIR CLIENTS PRESENCE TODAY FOR THIS EMERGENCY HEARING. COURT ORDERS MRS. WRIGHT'S REC. TO BE FOLLOWED. ALL ATTORNEYS WAIVE THE 10 DAY REQUIREMENT. COURT SETS THIS MATTER FOR HEARING ON 6/15/07 AT 9AM ON THE DOMESTIC DOCKET FOR SHOW CAUSE HEARING. MRS. WRIGHT TO PRESENT THE ORDER AND PRESENT

ON 5/26/07.

05/31/2007 COURT FUND CLAIMS FOR MAR/APR/MAY 2007 TO BE DIVIDED BY

PARENTS PER JUDGE DENNEY $902.00

06/15/2007 CM: COMES ON FOR HEARING ON SHOW CAUSE. MATTER IS

STRICKEN.

06/18/2007 MOTION FOR CONTINUANCE

06/18/2007 ORDER OF CONTINUANCE - JULY 27, 2007 AT 11AM

07/23/2007 CM: LEE EBERLE APPEARS AND ANNOUNCES THAT BY AGREEMENT OF ALL ATTORNEYS, MATTER SET ON 7-27-07 AT 11:00 AM.

COURT STRIKES TRIAL TO BE RESET UPON APPLICATION.

08/23/2007 COURT FUND REIMBURSEMENT LETTER TO DEFENDANT JUN/JULY $62.00

08/23/2007 COURT FUND REIMBURSEMENT LETTER TO PLAINTIFF JUN/JULY $62.00

09/14/2007 COURT FUND REIMBURSEMENT LETTER TO PLAINTIFF AUG $20.00

09/14/2007 COURT FUND REIMBURSEMENT LETTER TO DEFENDANT AUG $20.00

09/26/2007 MR ANGELO CALLED MAILING IN MONEY $157 MAK

| Date | Description | Amount |
|------|-------------|--------|
| 12/18 /2007 | COURT FUND REIMBURSEMENT LETTER TO PLAINTIFF NOV | $10.00 |
| 12/18 /2007 | COURT FUND REIMBURSEMENT LETTER TO DEFENDANT NOV | $10.00 |
| 02/14 /2008 | ORDER SETTING HEARING - 2/29/08 AT 9AM FOR PRETRIAL | |
| 02/29 /2008 | COURT FUND CLAIM BY CHRISTY WRIGHT TO BE DIVIDED BY | |
| | PARENTS | $30.00 |
| 02/29 /2008 | CM: COMES ON FOR PRE TRIAL. PETITIONER APPEARS IN PERSON AND BY ATTORNEY, CHRIS ROGERS. RESPONDENT APPEARS IN PERSON AND BY ATTORNEY, LEE EBERLE. CHRISTY WRIGHT PRESENT FOR THE CHILDREN. MATTER IS STRICKEN. CASE IS DISMISSED BY MOVANT. TRIAL SET | |
| | 3-17-08 IS STRICKEN. | |
| 04/09 /2008 | CM: MATTER PREVIOUSLY DISMISSED. | |
| 04/04 /2011 | RESPONDENT'S MOTION TO MODIFY | $43.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 07/01/04 | $25.00 |
| 04/04 /2011 | RESPONDENT'S AFFIDAVIT | |
| 04/04 /2011 | RESPONDENT'S APPLICATION TO APPOINT GUARDIAN AD LITEM | |
| | FOR MINOR CHILD | |
| 04/04 /2011 | RESPONDENT'S APPLICATION FOR EMERGENCY EX PARTE ORDER | |
| 04/04 /2011 | NOTICE OF HEARING - SET 4/5/11 @ 3:30PM | |
| 04/05 /2011 | PETITIONER'S MOTION TO DISMISS APPLICATION FOR | |

| Date | Description | Amount |
|------|-------------|--------|

EMERGENCY EX PARTE ORDER

04/06/2011  ORDER FOR HEARING AND NOTICE TO RESPONDENT - SET

4/19/11 @ 9AM

04/06/2011  RESPONDENT'S APPLICATION FOR TEMPORARY ORDERS

04/07/2011  CM: 4-5-11 COURT SUSTAINS MOTION TO DISMISS.

04/12/2011  PETITIONER'S MOTION TO SUSPEND VISITATION OR FOR

SUPERVISED VISITATION

04/13/2011  ORDER - CHRISTY WRIGHT TO REPRESENT GAL FOR CHILDREN

04/18/2011  ORDER FOR HEARING - 4-19-11 AT 9AM

04/19/2011  MOTION TO DISMISS PETITIONER'S MOTION TO SUSPEND

VISITATION OR FOR SUPERVISED VISITATION

04/19/2011  RESPONDENT'S MOTION TO REMOVE GUARDIAN AD LITEM

04/19/2011  SUBPOENA DUCES TECUM - DEBORAH HOLMES

04/19/2011  CM: COURT TO CONTINUE WITH TRIAL ON 6-22-11 1PM TO 5PM AND 6-23-11 9AM TO 12PM. COURT DOES FIND THAT FATHER IS IS TO HAVE ONE EXTRA NIGHT PER WEEK OF VISITATION AND

VISITATION THIS EASTER WEEKEND.

05/05/2011  COURT FUND CLAIM SUBMITTED BY CHRIST WRIGHT GAL TO BE PAID BY PARENTS          $440.00

06/10/2011  CM: TRIAL DATE OF 6-22-11 AND 6-23-11 ARE STRICKEN BY AGREEMENT, AWAITING ON MCBRIDE REPORT. RESET FOR 7-26-11 1PM-5PM FOR TRIAL.

| Date | Description | Amount |
|------|-------------|--------|

PRE-TRIAL SET FOR 7-12-11

9AM DOMESTIC DOCKET.

06/10/2011   RESPONDENT'S MOTION TO CONTINUE

06/10/2011   ORDER OF CONTINUANCE - SET 7/26/11 @ 1PM

06/29/2011   COURT FUND REIMBURESMENT LETTER TO MEKALA ANGELO

06/29/2011   COURT FUND REIMBURSEMENT LETTER TO GERALD ANGELO JR

07/13/2011   CM: 7-12-11 PRE TRIAL PASSED TO 7-26-11 9AM DOMESTIC DOCKET BY AGREEMENT OF COUNSEL. TRIAL DATE OF 7-26-11

STRICKEN AND RESET TO 8-5-11 1:30 TO 5PM BY AGREEMENT.

07/14/2011   RESPONDENT'S FIRST AMENDED MOTION TO MODIFY

07/26/2011   CM: PRE TRIAL PASSED TO 7-29-11 9AM DOMESTIC DOCKET BY

AGREEMENT. TRIAL DATE OF 8-5-11 2-5PM.

07/29/2011   CM: PASSED TO 8-9-11 9AM DOMESTIC DOCKET FOR PRE TRIAL BY AGREEMENT DUE TO JUDGE ILLNESS. TRIAL DATE OF 8-5-11

STRICKEN BY AGREEMENT.

08/09/2011   CM: COMES ON FOR PRE-TRIAL. OCSS A NECESSARY PARTY. COURT ORDERS DR.HOLMES TO HAVE REPORT TO COURT BY 8-22-11. PRE-TRIAL SET FOR 9-20-11 9AM DOMESTIC DOCKET. TRIAL SET FOR 10-21-11 AT 1PM TO 5PM AND 10-24-11 ALL

DAY BEGINNING AT 9AM. GAL REPORT BY 9-19-11.

08/10/2011   COURT FUND CLAIM SUBMITTED BY CHRISTY WRIGHT TO BE

DIVIDED BY PARENTS                                                    $80.00

| Date | Description | Amount |
|------|-------------|--------|
| 08/17/2011 | COURT FUND REIMBURSEMENT LETTER TO GERALD ANGELO, JR. | |
| 08/17/2011 | COURT FUND REIMBURSEMENT LETTER TO MEKALA ANGELO | |
| 09/07/2011 | COURT FUND CLAIM TO BE DIVIDED BY PARENTS | $170.00 |
| 09/16/2011 | GUARDIAN AD LITEM'S MOTION FOR CONTINUANCE | |
| 09/16/2011 | PETITIONER'S APPLICATION FOR CONTINUING ORDER COMPELLING DISCLOSURE OF CONFIDENTIAL RECORDS, INFORMATION AND TESTIMONY | |
| 09/20/2011 | ORDER FOR HEARING APPLICATION FOR RELEASE OF RECORDS - 10-27-11 AT 9AM | |
| 09/20/2011 | CM: COMES ON FOR PRE-TRIAL. KATHY BAKER, ATTORNEY, IS PRESENT. GAL, CHRISTY WRIGHT, NOT PRESENT. GAL REQUESTS CONTINUANCE. CONTINUANCE GRANTED BY AGREEMENT. PASSED TO 9-27-11 9AM ON DOMESTIC DOCKET. OCSS A NECESSARY PARTY. | |
| 09/21/2011 | CF REIMBURSEMENT LETTER TO MEKALA ANGELO DUE 10/21/11 | |
| 09/21/2011 | CF REIMBURSEMENT LETTER TO GERALD ANGELO DUE 10/21/11 | |
| 09/22/2011 | AMENDED ORDER FOR HEARING APPLICATION FOR RELEASE OF RECORDS - 9-27-11 AT 9AM | |
| 09/27/2011 | CM: COMES ON FOR PRE-TRIAL. ATTORNEY BAKER APPEARS FOR PETITIONER. ATTORNEY CASE DAVIS APPEARS ON BEHALF OF ERIK JOHNSON. CHRISTY WRIGHT, GAL, PRESENT. OCSS A NECESSARY PARTY. PASSED TO 10-11-11 9AM DOMESTIC DOCKET FOR PRE-TRIAL. | |

| Date | Description | Amount |
|------|-------------|--------|
| 10/06/2011 | CF CLAIM BY CHRISTY WRIGHT TO BE DIVIDED BY PARENTS | $110.00 |
| 10/12/2011 | CM: 10-11-11 COMES ON FOR PRE-TRIAL. KATHY BAKER APPEARS FOR PETITIONER. ERIK JOHNSON FOR RESPONDENT. CHRISTY WRIGHT, GAL PRESENT. OCSS A NECESSARY PARTY. TRIAL DATES OF 10-21-11 11AM TO 5PM IS STRICKEN. 10-24-11 9AM TO 5PM IS STRICKEN. ATTORNEYJOHNSON OBJECTION TO TRIAL DATES BEING STRICKEN IS NOTED. COURT PHONES DR. MCABEE TO NOTIFY HER OF POSSIBLE CONTEMPT-DUE TO FAILURE TO PROVIDE DOCUMENTS, ADVISED TO OBTAIN COUNSEL. PRE-TRIAL COMPLETED. TRIAL DATE RESET. 11-28-11 9AM TO NOON, 11-30-11 9AM TO NOON, AND 12-1-11 9AM TO NOON. | |
| 10/20/2011 | COURT FUND CLAIM BY CHRISTY WRIGHT TO BE DIVIDED BY PARENTS | $38.00 |
| 11/08/2011 | PETITIONER'S APPLICATION FOR CITATION IN CONTEMPT | |
| 11/15/2011 | CITATION IN CONTEMPT | |
| 11/17/2011 | PETITIONER'S MOTION FOR SANCTION OR FOR CONTINUANCE | |
| 11/18/2011 | CM: COMES ON FOR MOTION FOR SANCTIONS. SET FOR ARGUMENT ON MOTION AT 9AM ON 11-22-11 DOMESTIC DOCKET. COURT TO NOTIFY ATTORNEY ERIK JOHNSON. | |
| 11/21/2011 | CF REIMBURSEMENT LETTER TO GERALD ANGELO DUE 12/19/11 | |
| 11/21/2011 | CF REIMBURSEMENT LETTER TO MEKALA ANGELO DUE 12/19/11 | |
| 11/23/2011 | CM: 11-18-11 COMES ON FOR ARGUMENT ON ATTORNEY BAKERS MOTION TO CONTINUE. COURT GRANTS MOTION. TRIAL SET FOR 11-28-11 9AM TO NOON AND 11-30-11 9AM TO NOON IS STRICKEN. RESET TO 1-24-12 1PM TO 5PM, 1-26-12 9AM TO NOON, 1-27-12 1PM TO 5M. | |

| Date | Description | Amount |
|------|-------------|--------|
| 11/28/2011 | COURT REPORTER FEE | $20.00 |
| 11/28/2011 | CM: COMES ON FOR TRIAL ON MOTION TO MODIFY. PRE TRILA TO BE FILED BY AGREEMENT. SET FOR COMPLETION OF TRIAL ON 1-24-12 1-5PM, 1-26-12 AT 9AM TO NOON, AND 1-27-12<br><br>AT 1 TO 5PM. | |
| 11/29/2011 | AJE: MONIES DUE THE FOLLOWING AGENCY(IES) REDUCED | $-0.50 |
| | AJE: COST DUE TO CARD ALLOCATION FEE | $0.50 |
| 11/30/2011 | CM: COMES ON FOR TRIAL ON MOTION TO MODIFY. ATTORNEY CHRISTY WRIGHT, GAL, PRESENT. ATTORNEY KATHY BAKER APPEARS WITH PETITIONER MEKALA ANGELO. ATTORNEY ERIK JOHNSON APPEARS WITH RESPONDENT GERALD ANGELO JR. SWORN<br><br>TESTIMONY HEARD. PRE-TRIAL TO BE FILED BY AGREEMENT. | |
| 12/02/2011 | CF CLAIM BY CHRISTY WRIGHT TO BE DIVIDED BY PARENTS | $714.00 |
| 12/02/2011 | COURT FUND REIMBURSEMENT LETTER TO GERALD ANGELO | |
| 12/02/2011 | COURT FUND REIMBURSEMENT LETTER TO MEKALA ANGELO | |
| 12/06/2011 | CM: COMES ON FOR ANNOUNCEMENT. W. CONNOR APPEARS FOR DR. HOLMES. PASSED TO 12-16-11 9AM DOMESTIC DOCKET FOR<br><br>ANNOUNCEMENT. | |
| 12/06/2011 | NOTICE OF FILING | |
| 12/06/2011 | ORIGINAL AND TWO COPIES OF TRANSCRIPT PROCEEDING HELD BEFORE THE HONORABLE BARRY V. DENNEY, ASSOCIATE DISTRICT JUDGE IN DELAWARE COUNTY, STATE OF OKLAHOMA ON NOVEMBER 28, 2011 AT 327 SOUTH 5TH STREET, JAY,<br><br>OKLAHOMA | |

| Date | Description | Amount |
|------|-------------|--------|
| 12/13/2011 | PRE-TRIAL CONFERENCE ORDER DOMESTIC | |
| 12/14/2011 | RESPONDENT'S APPLICATION FOR EMERGENCY TEMPORARY ORDERS | |
| 12/15/2011 | IF PARENTS REQUEST COPY OF TRANSCRIPT, THEY MUST EACH PAY FOR THEIR OWN COPY - PER CAROLINE. VS (TRANSCRIPT FEES ASSESSED TO PARENTS - PARENTS TO DIVIDE COSTS | $406.00 |
| 12/16/2011 | CM: COMES ON FOR ANNOUNCEMENT. C. WRIGHT APPEARS. KATHY BAKER APPEARS. PASSED TO 1-3-12 9AM DOMESTIC DOCKET FOR ANNOUNCEMENT. | |
| 12/16/2011 | PETITIONER'S SECOND INTERROGATORIES TO RESPONDENT AND REQUEST FOR PRODUCTION OF DOCEMENTS | |
| 01/03/2012 | CM: COMES ON FOR ANNOUNCEMENT ON ETO. ATTORNEY KATHY BAKER APPEARS FOR PETITIONER. ATTORNEY, ERIK JOHNSON NOT PRESENT. ATTORNEY, CHRISTY WRIGHT IS PRESENT. ANNOUNCEMENT ON ETO STRICKEN. PASSED TO 1-24-12 1PM TRIAL DAY 1 | |
| 01/09/2012 | CF CLAIM BY C. WRIGHT TO BE DIVIDED BY PARENTS | $260.00 |
| 01/11/2012 | CF REIMBURSEMENT LETTER TO MEKALA ANGELO | |
| 01/11/2012 | CF REIMBURSEMENT LETTER TO GERALD ANGELO | |
| 01/12/2012 | PETITIONER'S MOTION TO AMEND PRE-TRIAL CONFERENCE ORDER | |
| 01/12/2012 | PETITIONER'S APPLICATION FOR CITATION IN CONTEMPT | |

| Date | Description | Amount |
|------|-------------|--------|
| 01/12/2012 | ORDER FOR HEARING - SET 1/17/12 @ 9AM | |
| 01/17/2012 | AJE: MONIES DUE THE FOLLOWING AGENCY(IES) REDUCED | $-0.88 |
| | AJE: COST DUE TO CARD ALLOCATION FEE | $0.88 |
| 01/17/2012 | CM: COMES ON FOR AMENDED PRE-TRIAL. KATHY BAKER APPEARS FOR PETITIONER. CHRIST WRIGHT, GAL, APPEARS. CASEY DAVIS APPEARS ON BEHALF OF ERIK JOHNSON, OBJECTS TO AMEND PRE-TRIAL . COURT OVERRULES ATTORNEY DAVIS' OBJECTION, PRE-TRIAL AMENDED. ATTORNEY BAKER REQUESTS CONTEMPT OF RESPONDENT. SET FOR ARRAIGNMENT ON CONTEMPT(RESPONDENT) ON 1-24-12 9AM DOMESTIC DOCKET. | |
| | TRIAL REMAINS SET FOR 1-24-12 1PM. | |
| 01/17/2012 | CITATION IN CONTEMPT (INDIRECT) - HEARING SET 1/24/12 | |
| | AT 1PM | |
| 01/23/2012 | ORDER - JUDGE BARRY DENNEY DISQUALIFIED SELF FROM CASE | |
| 01/23/2012 | GUARDIAN AD LITEM'S JANUARY 20,2012 REPORT TO THE COURT | |
| | - SEALED, PER JUDGE LITTLEFIELD | |
| 01/24/2012 | CM: C. WRIGHT IS RESPONSIBEL TO GET HEARING DATE WITH ALL ATTORNEYS. COURT STRIKES ALL DATES UP TO THIS | |
| | POINT. | |
| 01/24/2012 | ORIGINAL TEMPORARY ORDER HEARING TRANSCRIPT OF PROCEEDINGS HAD BEFORE THE HONORABLE BARRY DENNEY ON | |
| | APRIL 19, 2011 IN JAY, OKLAHOMA | |
| 01/24/2012 | CM: STRICKEN. CASE ASSIGNED TO JUDGE LITTLEFIELD. | |
| | JUDGE DENNEY HAVING RECUSED. | |

| Date | Description | Amount |
| --- | --- | --- |

**01/26 /2012** AMENDED CM: COMES ON FOR TRIAL ON MOTION TO AMEND PRE-TRIAL ORDER FILED ON 1/12/12. ATTY. CHRISTY WRIGHT, GAL APPEARS; ATTY. KATHY BAKER APPEARS WITH PETITIONER MEKALA ANGELO.; ATTY. CASEY DAVIS APPEARS WITH RESPONDENT GERALD ANGELO JR.; ARGUMENTS HEARD. COURT OVERRULES ATTY. DAVIS OBJECTION, PRE-TRIAL AMENDED, DR. CHOTEAU TO BE ADDED TO PETITIONER'S LIST OF WITNESSES. ATTY. BAKER REQUEST CONTEMPT OF RESPONDENT. SET FOR ARRAIGNMENT ON CONTEMPT (RESP) ON 1/24/12 AT 9AM ON

DOMESTIC DOCKET. TRIAL TO REMAIN SET 1/24/12 AT 1PM.

**01/27 /2012** CM: MOTION ON CONTEMPT AS TO RESPONDENT-NOT GUILTY ENTERED AND TO BE HEARD AFTER MOTION TO MODIFY. KATHY BAKER TO CONTACT CONNOR ABOUT HOLMES MOTION TO CONTEMPT. PARTIES AGREE MOTION FOR SANCTIONS IS MOOT AS TO HOLMES. PRE TRIAL CONFERENCE HELD AND AGREED. SET FRO TRIAL 2-3-12 1:30. C. WRIGHT PRESENT AND IS TO SUBMIT HER FINAL ACCOUNTNG AS TO GAL SERVICE BY 2-10-12, PARTIES DON'T DISPUTE HER TIME FOR BILLING AND AMOUNT AS OF 12-5-11, AMOUNT OWED BY PARENTS $3098 PER COURT CLERK. THE FINAL AMOUNT IS TO BE REDUCED TO JUDGMENT. THE COURT IS RELEASING THE GAL FROM HER DUTY IN THIS CASE AND APPOINTMENT IS TERMINATED. COURT ORDERS ALL OF CHILDRENS REPORTS IN THE PAST MEDICAL BE SEALED. 2-3-12 AT 1:30 TRIAL DATE ON MOTION TO MODIFY

AND CONTEMPT ON CHILD SUPPORT ISSUE AS TO RESPONDENT.

**02/01 /2012** PETITIONER'S REQUEST FOR FINDINGS OF FACT AND

CONCLUSIONS OF LAW

**02/03 /2012** PETITIONER'S APPLICATION FOR CITATION IN CONTEMPT

AND/OR SANCTIONS

**02/06 /2012** CM: WITNESS C. WRIGHT APPEARS AT 1PM.

**02/06 /2012** CM: IN CAMARA HELD. EXHIBIT 1 AFFORED BY SMITH.

SET 2/7/12 9AM BEFORE JUDGE HANEY

**02/06 /2012** PETITIONER'S APPEAL TO THE CHIEF JUDGE IN RE MOTION TO

| Date | Description | Amount |
|------|-------------|--------|
| | DISQUALIFY HONORABLE JUDGE ALICIA LITTLEFIELD | |
| 02/06/2012 | PETITIONER'S MOTION TO STAY PROCEEDINGS | |
| 02/06/2012 | PETITIONER'S MOTION TO DISQUALIFY HONORABLE JUDGE | |
| | ALICIA LITTLEFIELD | |
| 02/06/2012 | CM: CASE CONTINUED TO 2/6/12 @ 10AM | |
| 02/07/2012 | CM: MATTER COMES BEFORE THE COURT FOR PETITIONER'S MOTION TO DISQUALIFY HONORABLE JUDGE ALICIA LITTLEFIELD; ERIK JOHNSON PRESENT WITH GERARLD ANGELO; KATHY BAKER PRESENT WITH MEKALA ANGELO; CR: TRELINDA NEELEY; JUDGE LITTLEFIELD HAS FILED A RESPONSE TO MOTION TO DISQUALIFY; COURT RECUSES JUDGE LITTLEFIELD FROM CASE AND ASSIGNS CASE TO JUDGE CULVER; PARTIES ARE TO CONTACT JUDGE CULVER TODAY; COURT PLACES A GAG ORDER | |
| | AS TO THIS CASE AND ORDERS COURT FILE SEALED | |
| 02/07/2012 | RESPONDENT'S OBJECTION TO PETITIONER'S MOTION TO | |
| | DISQUALIFY HONORABLE JUDGE ALICIA LITTLEFIELD | |
| 02/07/2012 | COURT'S ORDER IN RE: PETITIONER'S 'MOTION TO | |
| | DISQUALIFY HONORABLE JUDGE ALICIA LITTLEFIELD' | |
| 02/07/2012 | CF CLAIM BY C. WRIGHT TO BE DIVIDED BY PARENTS | $160.00 |
| 02/07/2012 | CM: COMES ON FOR HEAIRNG ON TRIAL SCHEDULING CONFERENCE. PETITIONER APPEARS THROUGH ATTORNEY, KATHY BAKER. RESPONDENT THROUGH ATTORNEY, ERIC JOHNSON. PARTIES ANNOUNCE THEY ARE READY FOR TRIAL. AFTER HEARING PRESENTATION OF BOTH COUNSEL, THE TRIAL ON THE MERTIS WILL BE DE NOVO. PETITIONER ANNOUNCE SHE IS FILING A MOTION TO REINSTATE GAL-CHRISTY WRIGHT. RESPONDENT STATES HE WILL OBJECT. PARTIES REQUEST HEARING DATE PRIOR TO TRIAL. IF FILED, A HEARING ON THE MOTION TO REINSTATE WILL BE HEARD ON 2-13-12 2:30 IN DELAWARE COUNTY. THE PARTIES ARE ALSO TO EXCHANGE WITNESS AND EXHIBIT LISTS AT THAT TIME. THE COURT FILE HAS BEEN ORDERED SEALED PER JUDGE HANEY. THE ATTORNEYS FOR PETITIONER AND RESPONDENT MAY HAVE ACCESS TO THE FILES FOR THE | |

| Date | Description | Amount |
|---|---|---|
| | PURPOSE OF PROSECUTING THE CASE. TRIAL ON THE MERITS TO BE HELD IN DELAWARE COUNTY STARTING ON | |
| | THE 16TH DAY OF FEBRUARY, 2012 AT 9AM. | |
| 02/08/2012 | NOTICE OF FILING | |
| 02/08/2012 | ORIGINAL TRANSCRIPT OF PROCEEDINGS HELD ON THE 7TH DAY OF FEBRUARY, 2012, BEFORE THE HONORABLE ROBERT G. | |
| | HANEY, DISTRICT JUDGE | |
| 02/09/2012 | CF CLAIM BY C. WRIGHT TO BE DIVIDED BY PARENTS | $344.00 |
| 02/10/2012 | PETITIONER'S MOTION TO RE-APPOINT GUARDIAN AD LITEM | |
| 02/10/2012 | RESPONDENT'S RESPONSE AND OBJECTION TO PETITIONER'S MOTION TO RE-APPOINT GUARDIAN AD LITEM AND RESPONDENT'S | |
| | APPLICATION FOR ATTORNEY FEES AND COSTS | |
| 02/13/2012 | PETITIONER'S MOTION TO RELEASE EXHIBITS | |
| 02/13/2012 | ORDER | |
| 02/13/2012 | PETITIONER'S REQUEST FOR FINDINGS OF FACT AND | |
| | CONCLUSIONS OF LAW | |
| 02/14/2012 | CF REIMBURSEMENT LETTER TO GERALD ANGELO | |
| 02/14/2012 | CF REIMBURSEMENT LETTER TO MEKALA ANGELO | |
| 02/14/2012 | CM: COMES ON FOR MOTION TO REINSTATE GAL AND OBJECTION THERETO. PETITIONER APPEARS IN PERSON AND BY ATTORNEY, KATHY BAKER. RESPONDENT APPEARS THROUGH ERIK JOHNSON. COURT FINDS A CONFLICT OF INTEREST EXISTS FOR CHRISTY WRIGHT AS GAL FOR THE CHILDREN AS HALEY ANGELO HAS ACCUSED DENNIS SMITH OF INAPPROPRIATE TOUCHING AND MS. WRIGHT HAD BEEN PREVIOUSLY | |

| Date | Description | Amount |
|------|-------------|--------|

APPOINTED FOR DENNIN AND SHELBY SMITH IN ANOTHER CASE, THEREFORE, WITHOUT THE PROPER WRITTEN WAIVERS THE CONFLICT HAS NOT BEEN WAIVED. MOTION TO REINSTATE IS DENIED. MS. WRIGHT IS NOT BARRED FROM BEING CALLED AS A WITNESS. PARTIES EXCHANGE WITNESS AND EXHIBIT LISTS AND ARE REMINDED OF RULE 5 OF THE DISTRICT COURT RULES. MOTION FOR ATTOARNEYS FEES

HELD IN ABEYANCE PENDING FURTHER HEARING BY THE COURT.

02/14/2012   PETITIONER'S WITNESS AND EXHIBIT LIST

02/14/2012   RESPONDENT'S FINAL WITNESS AND EXHIBIT LIST

02/15/2012   JOINT STIPULATION

02/21/2012   ORIGINAL AND TWO COPIES OF TRANSCRIPT OF TESTIMONY OF DR. RICHARD SANDLER BEFORE HONORABLE ALICIA LITTLEFIELD

ON FEBRUARY 3, 2012 IN JAY, OKLAHOMA (JUDGE CULVER HAS ORIGINAL COPY OF TRANSCRIPT)

02/21/2012   ORIGINAL AND TWO COPIES OF TRANSCRIPT OF TESTIMONY OF DR. DEBORAH HOLMES BEFORE HONORABLE ALICIA LITTLEFIELD

ON FEBRUARY 3, 2012 IN JAY, OKLAHOMA

02/23/2012   CM: 2-22-12 COMES ON FOR HEARING ON TRIAL ON THE MERITS OF MOTION TO MODIFY. PETITIONER APPEARS IN PERSON AND BY ATTORNEY, KATHY BAKER. RESPONDNET APPEARS IN PERSON AND BY ATTORNEY, ERIK JOHNSON. TRIAL HELD ON FEBRUARY 16,17, AND 22, 2012. WITNESSES SWORN, TESTIMONY HEARD, EXHIBITS RECEIVED,CHILDREN EXAMINED IN CAMERA. BOTH PARTIES REST. PARTIES TO SUBMIT PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW WITH WRITTEN CLOSING ARGUMENT NO LATER THAN 10 DAYS FROM THE 23RD DAY OF FEBRUARY, 2012 BY CLOSE OF BUSINESS, BOTH IN WRITTEN FORM AND TO COURT EMAIL ADDRESS OF BILL.CULVER@OSCN.NET. COURT WILL ISSUE A WRITTEN RULING NO LATER THAN 10 DAYS AFTER THE SUBMISSION OF THE PARTIES PROPOSED FINDINGS OF FACTS, CONCLUSIONS OF LAW

AND WRITTEN FINAL ARGUMENT.

03/05/2012   PETITIONER'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS

| Date | Description | Amount |
|------|-------------|--------|
| | OF LAW | |
| 03/05/2012 | PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, CLOSING | |
| | ARGUMENT & PROPOSED ORDER OF MODIFICATION | |
| 03/12/2012 | FINDINGS OF FACT AND CONCLUSTIONS OF LAW - SEALED BY COURT | |
| 03/12/2012 | JE ORDER OF MODIFICATION | |
| 03/12/2012 | VISITATION SCHEDULE | |
| 03/15/2012 | CM: COURT DOES NOT FIND ANY REASON FOR FILE TO BE CONTINUED TO BE SEALED EXCEPTING THE COURTS FINDINGS OF FACTS AND CONCLUSIONS OF LAW AS THE SAME CONTAINED FACTS EXPRESSING THE MEDICAL CONDITION AND ALLEGATIONS | |
| | WHICH SHOULD REMAIN CONFIDENTIAL | |
| 04/05/2012 | RESPONDENT'S APPLICATION FOR ASSESSMENT OF ATTORNEYS' | |
| | FEES, EXPERT WITNESS FEES AND COSTS | |
| 04/17/2012 | CERTIFICATE OF SERVICE OF JUDGMENT, DECREE OR APPEALABLE ORDER PURSUANT TO 12 O.S. & 696.2 AS | |
| | MENTIONED | |
| 05/03/2012 | NOTICE OF REDIRECTION OF SUPPORT PAYMENTS | |
| 05/25/2012 | PETITIONER'S MOTION TO ENFORCE VISITATION RIGHTS | |
| 05/25/2012 | PETITIONER'S MOTION TO SETTLE CHILD SUPPORT OBLICATION | |
| 05/31/2012 | ORDER FOR HEARING AND NOTICE TO RESPONDENT - SET 7/2/12 | |
| | @ 1:30PM | |

| Date | Description | Amount |
|------|-------------|--------|

06/01 PETITIONER'S APPLICATION FOR APPOINTMENT OF ATTORNEY FOR MINOR
/2012 CHILDREN, OR FOR APPOINTMENT OF GUARDIAN AD

LITEM

CM: MATTER COMES ON FOR APPOINTMENT OF COURT APPOINTED
ATTORNEY AND MOTION TO SETTLE CHILD SUPPORT OBLIGATION.
PURSUANT TO MOTION FILED BY THE PETITIONER AND 10A O.S. 1-4-102 (C),
06/06 THE COURT APPOINTS DODI MANLEY, ATTORNEY AT LAW, AS THE
/2012 CHILDREN'S ATTORNEY, COSTS TO BE ASSESSED AGAINST THE PARTIES.
COURT DENIES THE MOTION TO APPOINT A GUARDIAN AD LITEM. COURT
ORDERS PARTIES TO PROCEED THROUGH THE DHS OCSS FOR THE
ESTABLISHMENT OF CHILD SUPPORT TO INCLUDE ISSUES OF OFFSETS FOR

TRAVEL, MEDICAL, AND PAST DUE CHILD SUPPORT.

06/08 ORDER FOR HEARING - SET 6/14/12 @ 10:30AM
/2012

06/11 RESPONDENT'S MOTION TO STRIKE ON PETITIONER'S MOTION TO
/2012

ENFORCE VISITATION RIGHTS

06/12 RESPONDENT'S RESPONSE TO PETITIONER'S MOTION TO ENFORCE
/2012

VISITATION RIGHTS

06/14 CM: PETITIONER APPEARS BY TELEPHONE. RESPONDENT APPEARS IN
/2012 PERSON AND BY ATTORNEY, KATHY BAKER. CHILDREN APPEAR THROUGH
DODI MANLEY. PARITES ANNOUNCE THEY HAVE REACHED AN
AGREEMENT. SUMMER VISITATION FROM JUNE 17, 2012 TO JULY 1,2012 AND
JULY 10, 2012 @ 6PM TO JULY 23, 2012 @ 6PM. RESPONDENT TO HAVE
WEDNESDAY EVENING DURING SUMMER VISITATION. 23RD JUNE
RESPONDENT TO HAVE CHILDREN AND RETURN ON 24 JUNE IN AFTON.
PETITIONER TO PROVIDE NAME AND NUMBER OF MEDICAL
PROFESSIONALS WHO ARE GOING TO ADMINISTER MEDS TO CHILDREN TO
RESPONDENTS ATTORNEY AND CHILDREN'S ATTORNEY. RESPONDENT TO
PROVIDE INSTRUCTION AND PROTOCOLS FOR MEDS PRIOR TO SUMMER
VISITATION. PETITIONER TO TEXT RESPONDENT DAILY THAT MEDS HAVE
BEEN ADMINISTERED. PARENTS AND CHILDREN TO BE ALLOWED TO
CONTACT EACH OTHER BY PHONE AS THEY DESIRE AND AT

PROPER TIMES

| Date | Description | Amount |
|------|-------------|--------|
| 06/22/2012 | PETITIONER'S OBJECTION TO RELOCATION OF CHILDREN | |
| 06/27/2012 | PETITIONER'S OBJECTION TO RESPONDENT'S APPLICATION FOR COSTS AND ATTORNEYS' FEES | |
| 07/02/2012 | CM: COMES ON FOR APPLICATION FOR ATTORNEYS FEES AND COSTS. PETITIONER APPARS IN PERSON AND WITH ATTORNEY, KATHY BAKER. RESPONDENT APPEARS IN PERSON AND BY ATTORNEY, E. JOHNSON. WITNESS SWORN, TESTIMONY HEARD. ARGUMENT OF COUNSEL MADE. COURT TAKES RULING UNDER ADVISEMENT AND WILL ISSUE A WRITTEN RULING. | |
| 07/02/2012 | RESPONDENT'S RESPONSE TO PETITIONER'S OBJECTION TO RELOCATION OF CHILDREN | |
| 07/02/2012 | RESPONDENT'S RESPONSE TO PETITIONER'S OBJECTION TO APPLICATION FOR COSTS AND ATTORNEY FEES | |
| 08/15/2012 | ORDER | |
| 08/31/2012 | MOTION AND ORDER FOR SETTING - 10-11-12 AT 1:30PM | |
| 09/05/2012 | PAID $410.00 FOR 6/5/12 THRU 6/21/12 - PARENTS TO PAY | $410.00 |
| 09/12/2012 | MOTION AND ORDER FOR HEARING - 11-5-12 AT 1:30PM | |
| 09/12/2012 | PETITION IN ERROR | |
| 09/12/2012 | DESIGNATION OF RECORD FOR APPEAL FROM DISTRIC COURT | $200.00 |
| 09/17/2012 | CERTIFICATE OF APPEAL - DF-111058 | |

| Date | Description | Amount |
|---|---|---|
| 10/03/2012 | ENTRY OF APPEARANCE - ERIK C. JOHNSON FOR APPELLEE / RESPONDENT | |
| 10/03/2012 | APPELLEE'S RESPONSE TO PETITION IN ERROR | |
| 10/03/2012 | COUNTER-DESIGNATION OF RECORD FOR APPEAL FROM DISTRICT COURT | |
| 10/09/2012 | NOTICE OF FILING OF TRANSCRIPT | |
| 10/09/2012 | ORIGINAL AND TWO COPIES OF TRANSCRIPT OF ATTORNEY FEES HEARING HAD ON THE 2ND DAY OF JULY, 2012, BEFORE THE HONORABLE WILLIAM CULVER | |
| 10/09/2012 | MOTION FOR SETTING | |
| 10/09/2012 | ORDER OF SETTING - SET 11/5/12 @ 1:30PM | |
| 10/09/2012 | PAID $232.00 FOR 6/27/12 THRU 9/14/12 - PARENTS TO PAY | $232.00 |
| 10/29/2012 | NOTICE OF COMPLETION OF RECORD ON APPEAL W/CERTIFICATE OF MAILING ATTACHED. | |
| 10/29/2012 | CERTIFICATION OF RECORD ON APPEAL, PAGES 1-131 | |
| 10/30/2012 | PETITIONER'S ENTRY OF APPEARANCE AND RESERVATION OF TIME | |
| 11/05/2012 | MOTION TO WITHDRAW AS ATTORNEY OF RECORD - KATHY BAKER FOR PETITIONER | |

| Date | Description | Amount |
|------|-------------|--------|
| 11/05/2012 | ORDER PERMITTING ATTORNEY TO WITHDRAW - KATHY BAKER | |
| 11/05/2012 | CM: MATTER COMES ON FOR HEARING ON CHILD SUPPORT AND VISITATION; PETITIONER APPEARS IN PERSON AND BY ATTORNEY J. STANLEY; RESPONDENT APPEARS IN PERSON AND BY ATTORNEY C. DAVIS FOR E. JOHNSON; D. MANLEY PRESENT FOR CHILDREN; M. THOMPSON PRESENT FOR CSED; TEMPORARY CHILD SUPPORT IS SET AS $276.92 PER MONTH BEGINNING MARCH 2012; HEARING ON MERITS FOR VISITATION, CHILD SUPPORT AND RELOCATION IS SET FOR 12-14-12 AT 1:30PM; PARTIES TO SUBMIT LAW ON MILEAGE RATES FOR VISITATION TRAVEL AND PROPOSED VISITATION SCHEDULE TO INCLUDE | |
| | MIDWEEK, EXCHANGE AND CHRISTMAS BREAK DATES | |
| 12/14/2012 | BRIEF IN SUPPORT OF PETITIONER'S VALUATION FOR MILEAGE ALLOWANCE, PROPOSED VISITATION DURING THE ACADEMIC YEAR | |
| | AND PROPOSED CHILD SUPPORT CALCULATIONS | |
| 01/03/2013 | APPELLANT'S BRIEF-IN-CHIEF | |
| 01/10/2013 | RESPONDENT'S RESPONSE TO PETITIONER'S BRIEF IN SUPPORT OF VALUATION FOR MILEAGE ALLOWANCE, PROPOSED VISITATION DURING THE ACEDEMIC YEAR AND PROPOSED CHILD SUPPORT | |
| | CALCULATIONS | |
| 01/14/2013 | PAID $252.00 FOR 10/11/12 THRU 11/21/12 - PARENTS TO | |
| | PAY | $252.00 |
| 01/15/2013 | RESPONDENT'S PROPOSED VISITATION SCHEDULE AND CHILD | |
| | SUPPORT COMPUTATION | |
| 01/16/2013 | PETITIONER'S UPDATE TO THE COURT AND PROPOSED ORDER FOR | |
| | VISITATION AND CHILD SUPPORT | |
| 01/22/2013 | RESPONDENT'S UPDATE TO THE COURT AND PROPOSED ORDER FOR | |

| Date | Description | Amount |
|------|-------------|--------|

VISITATION AND CHILD SUPPORT

01/30/2013 — CM: 12-14-12 COMES ONF OR HEARING ON OBJECTIONT O RELOCATION, VISITATION AND CHILD SUPPORT. PETITIONER APPEARS IN PERSON AND GY ATTORNEY, JUNE STANLEY. RESPONDENT APPEARS IN PERSON AND BY ATTORNEY, ERIK JOHNSON. MARCI THOMPSON FOR DHS. DODI MANLEY FOR CHILDREN. PETITIONER FILES BRIEF THIS DATE. COURT OVERRRULES OBJECT TO RELOCATION AS DISTANCE OF MOVE IS LESS THAN 75 MILES. PARTIES ANNOUNCE AGREEMENT TO SUBMIT BRIEF AND PROPOSED ORDERS CONCERNING CHILD SUPPORT, VISITATION, AND OFFSETS W/I 30 DAYS AND THEN COURT TO ISSUE WRITTEN RULING. TEMPORARY CHILD SUPPORT ORDER REMAINS IN PLACE. CHRISTMAS EXCHANGE PER PETITIONER'S EXHIBIT 2 IS ORDERED BY THE COURT. COURT VACATES MID WEEK VISITATION AND GRANTS EXTRA DAY-FRIDAY- TO PETITIONER'S WEEKEND VISITATION AS

TEMPORARY ORDER.

01/30/2013 — RESPONSE TO RESPONDENT'S UPDATE TO THE COURT AND

PROPOSED ORDER FOR VISITATION AND CHILD SUPPORT

02/12/2013 — ENTRY OF APPEARANCE - E. ANTHONY MARESHIE FOR

RESPONDENT

02/13/2013 — VISITATION SCHEDULE AND CHILD SUPPORT ORDER

02/20/2013 — PETITIONER'S ATTORNEY'S MOTION TO WITHDRAW

03/05/2013 — REQUEST TO FORWARD APPEAL RECORD.

03/05/2013 — MAILED APPEAL RECORD.

03/06/2013 — ORDER GRANTING PETITIONER'S ATTORNEY'S MOTION TO

WITHDRAW

| Date | Description | Amount |
|---|---|---|
| 03/07 /2013 | PAID $360.00 FOR 12/13/12 THRU 2/19/13 - PARENTS TO PAY | $360.00 |
| 03/25 /2013 | PAID $240.00 FROM 3/7/13 CLAIM - PARENTS TO PAY | $240.00 |
| 03/28 /2013 | CERTIFICATE OF MAILING | |
| 04/08 /2013 | MOTION TO SEAL COURT RECORDS | |
| 04/22 /2013 | CM: MATTER COMES BEFORE THE COURT FOR MOTION TO SEAL COURT RECORDS; COURT GRANTS MOTION AS TO ITEMS LISTED IN THE MOTION; CC: ERIK JOHNSON, DODI MANLEY, MEKELA<br><br>SMITH, AND E. ANTHONY MARESHIE | |
| 05/02 /2013 | RESPONDENT GERALD J. ANGELO, JR.'S MOTION TO TERMINATE APPOINTMENT OF GEORGIA MANLEY AS COUNSEL FOR MINOR<br><br>CHILDREN | |
| 05/03 /2013 | RESPONDENT GERALD J. ANGELO, JR.'S MOTION TO TERMINATE APPOINTMENT OF GEORGIS MANLEY AS COUNSEL FOR MINOR<br><br>CHILDREN | |
| 05/07 /2013 | PAID $124.00 FOR 2/21/13 THRU 4/15/13 - PARENTS TO PAY | $124.00 |
| 05/13 /2013 | NOTICE OF CHANGE OF ADDRESS | |
| 05/15 /2013 | RESPONSE TO RESPONDENT'S MOTION TO TERMINATE<br><br>APPOINTMENT OF COUNSEL FOR MINOR CHILDREN | |
| 05/21 /2013 | MOTION TO WITHDRAW | |
| 06/10 /2013 | CF REIMBURSEMENT LETTER TO GERALD ANGELO - DUE 7/12/13 | |

| Date | Description | Amount |
|------|-------------|--------|
| 06/10/2013 | CF REIMBURSEMENT LETTER TO MEKALA SMITH - DUE 7/12/13 | |
| 07/15/2013 | MANDATE / RECEIPT FOR MANDATE | |
| 08/06/2013 | 1 ORIGINAL RECORD AND 1 ORIGINAL TRANSCRIPT (ATTORNEY FEES HEARING HELD 7-2-12) RETURNED FROM SUPREME COURT THIS DATE. SUPREME COURT CASE DF-111058. | |
| 04/02/2014 | GARNISHMENT AFFIDAVIT | $63.00 |
| | ISSUANCE OF CONTINUING GARNISHMENT SUMMONS | $5.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 07/01/04 | $25.00 |
| | OK COURT APPOINTED SPECIAL ADVOCATES | $5.00 |
| | 10% OF CASA TO COURT CLERK REVOLVING FUND | $0.50 |
| | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | $2.00 |
| | 10% OF COJC TO COURT CLERK REVOLVING FUND | $0.20 |
| | FILING/ISSUING GARNISHMENT SUMMONS AND AFFIDAVIT BY CERTIFIED MAIL #XXXXXXXXX | $10.00 |
| 04/14/2014 | RETURN RECEIPT #XXXXXXXXX SIGNED BY TERESA RAYMOND ON 4/11/14 | |
| 05/08/2014 | CLAIM FOR EXEMPTION AND REQUEST FOR HEARING | |
| 05/08/2014 | CLAIM FOR EXEMPTION HEARING / 5-19-14 @ 2PM | |
| 05/19/2014 | CM: PLAINTIFF SERVED WITH MOTION FOR INJUNCTION AND ORDER FOR GARNISHEE TO COMPLY WITH GARNISHMENT ACTION; CASE SET 6/27/14 10AM BEFORE JUDGE CULVER | |

| Date | Description | Amount |
|------|-------------|--------|
| 05/19/2014 | CM: MEDIATION DID NOT WORK; JUDGE LITTLEFIELD RECUED FROM CASE; RETURN 6-27-14 @ 10AM IN FRONT JUDGE CULVER | |
| 05/19/2014 | TERMS OF SETTLEMENT AGREEMENT | |
| 05/19/2014 | MOTION FOR ORDER FOR INJUNCTION FORBIDDING TRANSFER OR OTHER DISPOSITION OF PROPERTY | |
| 05/19/2014 | MOTION FOR ORDER FOR GARNISHEE TO COMPLY WITH GARNISHMENT ACTION | |
| 05/20/2014 | ORDER OF CONTINUANCE / 6-27-14 @ 10AM | |
| 05/27/2014 | CERTIFICATE OF SERVICE | |
| 05/27/2014 | CERTIFICATE OF MAILING | |
| 06/11/2014 | CONTINUING AND GENERAL GARNISHEE'S ANSWER/AFFIDAVIT - $287.59 | |
| 06/27/2014 | CM: PLAINTIFF MOVES TO QUASH GARNISHMENT AS FINAL ORDER CONCERNING ATTORNEYS FEES AND COSTS NOT ENTERED PURSUANT TO THE MANDATE ISSUED BY THE SUPREME COURT; GRANTED | |
| 06/27/2014 | ORDER OF MODIFICATION OF ATTORNEYS FEES AND COSTS | |
| 07/07/2014 | GARNISHMENT AFFIDAVIT | $63.00 |
| | ISSUANCE OF CONTINUING GARNISHMENT SUMMONS | $5.00 |

| Date | Description | Amount |
|------|-------------|--------|
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 07/01/04 | $25.00 |
| | OK COURT APPOINTED SPECIAL ADVOCATES | $5.00 |
| | 10% OF CASA TO COURT CLERK REVOLVING FUND | $0.50 |
| | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | $2.00 |
| | 10% OF COJC TO COURT CLERK REVOLVING FUND | $0.20 |
| 07/15/2014 | MOTION FOR ORDER FOR INJUNCTION FORBIDDING TRANSFER OR OTHER DISPOSITION OF PROPERTY | |
| 07/15/2014 | CERTIFICATE OF MAILING | |
| 07/15/2014 | CERTIFICATE OF MAILING | |
| 07/22/2014 | CONTINUING AND GENERAL GARNISHEE'S ANSWER/AFFIDAVIT - $287.59 | |
| 07/28/2014 | CLAIM FOR EXEMPTION AND REQUEST FOR HEARING | |
| 08/04/2014 | CLAIM FOR EXEMPTION HEARING / 8-14-14 @ 1:30PM MAILED NOTICE ON 8-4-14 | |
| 08/12/2014 | JUDGMENT CREDITOR'S RESPONSE TO JUDGMENT DEBTOR'S REQUEST FOR EXEMPTION | |
| 08/12/2014 | MOTION FOR ORDER FOR GARNISHEE TO COMPLY WITH GARNISHMENT ACTION | |

| Date | Description | Amount |
|------|-------------|--------|
| 08/14/2014 | ORDER ON CLAIM FOR EXEMPTION | |
| 08/14/2014 | PAYMENT SCHEDULE $25 MONTH BEGIN 10-1-14, TOTAL $2733, THIS IS FOR MEKALA SMITH | |
| 08/14/2014 | CM: COURT GRANTS EXEMPTION IN PART; PETITIONER | |
| | GARNISHMENT SET AT $143.79 PER BI-WEEKLY PAY PERIOD | |
| 08/14/2014 | PAYMENT SCHEDULE $25 MONTH BEGIN 10-1-14, TOTAL $2646, THIS IS FOR GERALD ANGELO JR. | |
| 08/29/2014 | CERTIFICATE OF MAILING | |
| 03/09/2015 | GARNISHMENT AFFIDAVIT | $63.00 |
| | ISSUANCE OF CONTINUING GARNISHMENT SUMMONS | $5.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 07/01/04 | $25.00 |
| | OK COURT APPOINTED SPECIAL ADVOCATES | $5.00 |
| | 10% OF CASA TO COURT CLERK REVOLVING FUND | $0.50 |
| | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | $2.00 |
| | 10% OF COJC TO COURT CLERK REVOLVING FUND | $0.20 |
| 03/16/2015 | CERTIFICATE OF MAILING | |
| 03/26/2015 | CLAIM FOR EXEMPTION AND REQUEST FOR HEARING | |
| 03/26/2015 | CLAIM FOR EXEMPTION HEARING - SET 4/17/15 @ 1:30PM | |
| 04/17/2015 | AGREED ORDER | |

| Date | Description | Amount |
|------|-------------|--------|
| 05/04 /2015 | CERTIFICATE OF MAILING OR HAND DELIVERY | |

# Calendar events

| Date | Time | Description |
|------|------|-------------|
| 07/30/2004 | 9:00am | HEARING DATE |
| 09/03/2004 | 9:00am | HEARING DATE |
| 11/23/2004 | | ST NON-JURY TRIAL |
| 08/23/2005 | 9:00am | DOMESTIC DOCKET Completed : 08/23/2005 Code: X |
| 09/09/2005 | 9:00am | DOMESTIC DOCKET Completed : 09/09/2005 Code: X |
| 09/20/2005 | 9:00am | DOMESTIC DOCKET |
| 09/20/2005 | 9:00am | PRE-TRIAL CONFERENCE |
| 10/12/2005 | 9:00am | TRIAL Completed : 10/12/2005 Code: X |
| 10/27/2005 | 8:30am | TRIAL Completed : 10/27/2005 Code: X |
| 11/03/2005 | 10:30am | TRIAL Completed : 11/03/2005 Code: X |
| 11/21/2005 | 9:00am | TRIAL Completed : 11/21/2005 Code: X |
| 12/13/2005 | 9:00am | DOMESTIC DOCKET Completed : 12/13/2005 Code: X |
| 04/09/2007 | 9:00am | HEARING DATE Completed : 04/02/2007 Code: X |
| 05/02/2007 | 1:00pm | HEARING DATE Completed : 05/02/2007 Code: X |
| 05/24/2007 | | ST POST DECREE ORDER |
| 06/15/2007 | 9:00am | DOMESTIC DOCKET Completed : 06/15/2007 Code: X |
| 07/27/2007 | 11:00am | HEARING DATE Completed : 07/27/2007 Code: X |
| 08/13/2007 | 9:00am | HEARING DATE Completed : 02/29/2008 Code: Z |

| Date | Time | Description |
|------|------|-------------|
| 01/18/2008 | | CF REIMBURSEMENT DUE DATE |
| 02/29/2008 | 9:00am | DOMESTIC DOCKET Completed : 02/29/2008 Code: X |
| 04/05/2011 | 3:30pm | NOTICE OF HEARING Completed : 04/06/2011 Code: X |
| 04/19/2011 | 9:00am | DOMESTIC DOCKET Completed : 04/19/2011 Code: X |
| 06/22/2011 | 1:00pm | TRIAL Completed : 06/10/2011 Code: X |
| 06/23/2011 | 9:00am | TRIAL Completed : 06/10/2011 Code: X |
| 07/12/2011 | 9:00am | DOMESTIC DOCKET |
| 07/26/2011 | 1:00pm | TRIAL Completed : 07/12/2011 Code: X |
| 07/26/2011 | 9:00am | DOMESTIC DOCKET Completed : 07/26/2011 Code: X |
| 07/29/2011 | 9:00am | DOMESTIC DOCKET Completed : 07/29/2011 Code: X |
| 08/05/2011 | 1:30pm | TRIAL Completed : 07/20/2011 Code: X |
| 08/05/2011 | 2:00pm | TRIAL Completed : 07/29/2011 Code: X |
| 08/05/2011 | 9:00am | DOMESTIC DOCKET Completed : 08/05/2011 Code: X |
| 08/09/2011 | 9:00am | DOMESTIC DOCKET Completed : 08/09/2011 Code: X |
| 09/19/2011 | | CF REIMBURSEMENT DUE DATE |
| 09/20/2011 | 9:00am | DOMESTIC DOCKET Completed : 09/20/2011 Code: X |
| 09/27/2011 | 9:00am | DOMESTIC DOCKET Completed : 09/27/2011 Code: X |
| 10/11/2011 | 9:00am | DOMESTIC DOCKET |
| 10/21/2011 | 1:00pm | TRIAL Completed : 10/11/2011 Code: X |
| 10/21/2011 | | CF REIMBURSEMENT DUE DATE |
| 10/24/2011 | 9:00am | TRIAL Completed : 10/11/2011 Code: X |
| 10/27/2011 | 9:00am | DOMESTIC DOCKET Completed : 09/22/2011 Code: X |

| Date | Time | Description |
|---|---|---|
| 11/22/2011 | 9:00am | DOMESTIC DOCKET Completed : 11/22/2011 Code: X |
| 11/28/2011 | 9:00am | TRIAL Completed : 11/18/2011 Code: X |
| 11/30/2011 | 9:00am | TRIAL Completed : 11/18/2011 Code: X |
| 12/01/2011 | 9:00am | TRIAL Completed : 11/18/2011 Code: X |
| 12/16/2011 | 9:00am | DOMESTIC DOCKET Completed : 12/16/2011 Code: X |
| 01/03/2012 | 9:00am | DOMESTIC DOCKET Completed : 01/03/2012 Code: X |
| 01/17/2012 | 9:00am | DOMESTIC DOCKET Completed : 01/17/2012 Code: X |
| 01/24/2012 | 1:00pm | TRIAL Completed : 01/24/2012 Code: X |
| 01/24/2012 | 1:00pm | TRIAL Completed : 01/24/2012 Code: X |
| 01/24/2012 | 9:00am | DOMESTIC DOCKET Completed : 01/24/2012 Code: X |
| 01/26/2012 | 9:00am | TRIAL Completed : 01/24/2012 Code: X |
| 01/27/2012 | 1:00pm | TRIAL Completed : 01/24/2012 Code: X |
| 02/03/2012 | 1:30pm | TRIAL Completed : 02/03/2012 Code: X |
| 02/13/2012 | 2:30pm | HEARING DATE Completed : 02/13/2012 Code: X |
| 02/16/2012 | 9:00am | TRIAL Completed : 02/16/2012 Code: X |
| 03/12/2012 | | ST POST DECREE ORDER |
| 06/14/2012 | 10:30am | HEARING DATE Completed : 06/14/2012 Code: X |
| 07/02/2012 | 1:30pm | HEARING DATE Completed : 07/02/2012 Code: X |
| 10/11/2012 | 1:30pm | HEARING DATE Completed : 10/11/2012 Code: X |
| 11/05/2012 | 1:30pm | HEARING DATE Completed : 11/05/2012 Code: X |
| 08/14/2014 | 1:30pm | HEARING DATE Completed : 11/05/2012 Code: X |
| 12/14/2012 | 1:30pm | HEARING DATE Completed : 12/14/2013 Code: X |

| Date | Time | Description |
|------|------|-------------|
| 05/08/2014 | 2:00pm | CLAIM FOR EXEMPTION Completed : 05/08/2014 Code: X |
| 05/19/2014 | 2:00pm | CLAIM FOR EXEMPTION Completed : 05/19/2014 Code: X |
| 06/27/2014 | 10:00am | CLAIM FOR EXEMPTION Completed : 06/27/2014 Code: X |
| 08/14/2014 | 1:30pm | CLAIM FOR EXEMPTION Completed : 08/14/2014 Code: X |
| 08/14/2014 | | CST;BEG$ for Plaintiff |
| 08/14/2014 | | CST;BEG$ |
| 04/17/2015 | 1:30pm | HEARING DATE |

# Receipts

| Date | Description | Amount |
|------|-------------|--------|
| | **Grand Total** | **$1,383.10** |
| 06/29/2004 | R7-058105 YOHN, RICHARD L. | $154.00 |
| 08/15/2005 | R7-076455 ROGERS, CHRIS ELLEN | $51.00 |
| 03/22/2007 | R7-104458 EBERLE, LEE GRIFFIN | $51.00 |
| 10/01/2007 | R7-114011 ANGELO JR., GERALD J. | $157.00 |
| 04/04/2011 | R7-180170 JOHNSON, ERIC | $68.00 |
| 11/28/2011 | R7-192862 J, ANGELO/GERALD | $20.00 |
| 01/13/2012 | R7-195411 D, SMITH/ MEKALA | $35.00 |
| 01/27/2012 | Receipt R7-196085 received of BAKER, KATHY | $35.00 |
| 09/12/2012 | R7-208768 BAKER, KATHY | $200.00 |
| 04/02/2014 | R7-238471 ANGELO JR., GERALD J. | $110.70 |
| 07/07/2014 | R7-242977 ANGELO JR., GERALD J. | $100.70 |
| 10/02/2014 | R7-247144 ANGELO JR., GERALD J. | $25.00 |

| Date | Description | Amount |
|------|-------------|--------|
| 10/20/2014 | R7-248062 SMITH, MEKALA | $25.00 |
| 11/03/2014 | R7-248689 ANGELO, GERALD J | $25.00 |
| 12/04/2014 | R7-250315 ANGELO JR., GERALD J. | $25.00 |
| 01/02/2015 | R7-251495 ANGELO JR., GERALD J. | $25.00 |
| 01/16/2015 | R7-252385 SMITH, MIKEAL J. | $50.00 |
| 02/02/2015 | R7-253209 ANGELO JR., GERALD J. | $25.00 |
| 03/02/2015 | R7-254744 ANGELO, GERALD J. | $25.00 |
| 03/09/2015 | R7-255133 ANGELO JR., GERALD J. | $100.70 |
| 04/06/2015 | R7-256466 ANGELO JR., GERALD J. | $25.00 |
| 05/04/2015 | R7-257749 ANGELO JR., GERALD J. | $25.00 |
| 06/02/2015 | Receipt R7-259110 received of ANGELO JR., GERALD J. | $25.00 |

- Contact Us
- Advertise your business
- Like us on Facebook
  Follow us on Twitter

© 2012 - KellPro, Inc.
Terms of Service



# OSCN navigation



**IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA**
**Tulsa**

| | |
|---|---|
| In re the Marriage of:Mekala Angelo now Smith,Petitioner/Appellant,vsGerald J. Angelo, Jr., Respondent/Appellee. | **No. DF - 111058**<br>**(District Court Final Order or Judgment)**<br><br>Filed: 09/13/2012<br>Closed: 07/09/2013<br><br>Appealed from: DELAWARE County District Court |

## Parties

Angelo, Jr Gerald J , Appellee

Angelo, Mekala , Appellant

## Attorneys

| Attorney | Represented Parties |
|---|---|
| BAKER, KATHY(Bar # 10201)<br>P.O. BOX 450664<br>GROVE, OK 74345 | Angelo Mekala |
| JOHNSON, ERIK C(Bar # 18740)<br>ERIK JOHNSON & ASSOCIATES<br>2 N MAIN STE 404<br>MIAMI, OK 74354 | Angelo Jr Gerald J |

MANLEY, GEORGIA R(Bar # 22638)
P.O. BOX 450398
GROVE, OK 74345

## Events

| Event | Party | Docket | Reporter |
|-------|-------|--------|----------|

## Lower Court Counts and Other Information

| Count | Case Number | Statute | Crime | Special | Sentence | Judge | Reporter |
|-------|-------------|---------|-------|---------|----------|-------|----------|
| - | FD-2004-162 | - | | | | Culver, William E. | |

## Docket

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 08-15-2012 | DOOA | 13 Sep 2012 10:51:32:790 | 2127647 |
| | | DATE OF ORDER APPEALED | |
| 09-12-2012 | MAIL | 13 Sep 2012 10:51:22:830 | 2127646 |
| | | PETITION MAILED DATE | |
| 09-13-2012 | CASE | 13 Sep 2012 10:17:26:380 | 2127587 |
| | | DISTRICT COURT FINAL ORDER OR JUDGMENT INITIAL FILING | |
| 09-13-2012 | PAY | 13 Sep 2012 10:18:08:080 | 2127588 |
| | | RECEIPT # 54642 ON 09/13/2012. PAYOR: KATHY BAKER TOTAL AMOUNT PAID: $ 200.00. LINE ITEMS: $200.00 ON DISTRICT COURT FINAL ORDER OR JUDGMENT INITIAL FILING. | |
| 09-13-2012 | PETF | 13 Sep 2012 10:52:10:190 | 2127648 |
| | | PETITION IN ERROR FILED BY BAKER FOR M. SMITH PETR/APLNT | |
| 09-13-2012 | TCON | 13 Sep 2012 10:52:20:370 | 2127649 |
| | | APPELLANT AGREEABLE TO SETTLEMENT CONFERENCE | |

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 09-13-2012 | TEXT | 13 Sep 2012 10:52:37:500 | 2127650 |

ENTRY OF APPEARANCE BY KATHY LUNGREN BAKER

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 10-01-2012 | TEXT | 01 Oct 2012 10:13:55:690 | 2130222 |

ENTRY OF APPEARANCE OF MANLEY FOR G.A., III & H.A., MINOR CHILDREN OF APLNT & APLEE

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 10-03-2012 | TEXT | 03 Oct 2012 10:27:13:450 | 2130665 |

ENTRY OF APPEARANCE OF JOHNSON FOR APLEE G. ANGELO

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 10-03-2012 | RESP | 03 Oct 2012 10:28:10:210 | 2130666 |

RESPONSE TO PETITION

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 10-03-2012 | ECON | 03 Oct 2012 10:28:15:780 | 2130667 |

APPELLEE AGREEABLE TO SETTLEMENT CONFERENCE

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 10-03-2012 | DSRC | 03 Oct 2012 10:29:24:310 | 2130668 |

COUNTER-DESIGNATION OF RECORD

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 10-31-2012 | NTCP | 31 Oct 2012 10:28:10:407 | 2134923 |

NOTICE OF COMPLETION W/INDEX

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 12-31-2012 | ATBC | 31 Dec 2012 15:50:57:220 | 2143059 |

APPELLANT'S BRIEF IN CHIEF

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 01-23-2013 | AEAB | 23 Jan 2013 09:53:36:320 | 2145951 |

APPELLEE'S BRIEF IN CHIEF

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 02-19-2013 | TEXT | 19 Feb 2013 10:32:22:937 | 2149466 |

MOTION FOR LEAVE TO FILE APLNT'S REPLY BRIEF OUT OF TIME

| Date | Code | Entry Date | Serial # |
|------|------|------------|----------|
| 02-20-2013 | TEXT | 20 Feb 2013 14:17:19:773 | 2149849 |

| Date | Code | Entry Date | Serial # |
|------|------|-----------|----------|

JE: APLNT'S MOT FOR AN EXT OF TIME W/IN WH/TO FILE REPLY BRIEF, BASED UPON APLNT'S EXPLANATION TH/APLEE'S ANSWER BRIEF WAS NEVER SERVED ON APLNT'S ATTY, GRANTED. BRIEF SH/BE FILED NLT 3-11-13. ETC. N/ATTYS

---

03-01-2013 RORD   01 Mar 2013 14:46:07:317                               2151548

RECORD ORDERED

---

03-11-2013 ATRB   11 Mar 2013 10:31:21:177                               2152785

REPLY BRIEF OF APLNT

---

03-14-2013 ORGR   14 Mar 2013 14:21:37:853                               2153677

ORIGINAL RECORD - 131 PAGES

---

03-14-2013 TRAN   14 Mar 2013 14:21:52:043                               2153678

TRANSCRIPT 7/2/12 - 36 PAGES

---

03-27-2013 CCAT   27 Mar 2013 13:30:34:493                               2155736

ASSIGNED TO COURT OF CIVIL APPEALS, TULSA; N/ATTYS

---

06-03-2013 COPN   03 Jun 2013 12:25:21:217                               2166222

JE: OPINION-------AFFIRMED IN PART, REVERSED IN PART, AND REMANDED W/DIRECTIONS-------GODDMAN, J. CONCUR: THORNBRUGH, PJ., RAPP,J.-------SUMMARY-------C/ATTYS DC JUDGE

---

06-03-2013 1234   03 Jun 2013 12:26:01:267                               2166223

AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS (OPINION)

---

07-09-2013 MAND   09 Jul 2013 13:37:18:630                               2172544

MANDATE ISSUED

---

08-05-2013 TEXT   05 Aug 2013 09:52:59:113                               2176698

ORGR RECEIVED FROM CCAT

---

08-05-2013 RRCD   05 Aug 2013 09:53:00:873                               2176699

| Date | Code | Entry Date | Serial # |
|------|------|-----------|----------|

RECORD RETURNED TO DISTRICT COURT

Report Generated by The Oklahoma Court Information System at

End of Transmission.

**Oklahoma Public Legal Research System**

Sponsored by the

**University of Oklahoma Law School**

*CNIDR: Isearch-cgi 1.47j*

# Operation Summary

**Query:** `mekala angelo`

**Filename:** 139049.html
**Match Number:** 1 of 1
**Score:** 100
**ENTRY_DATE**: 060613
**APPELLANT**: MEKALA ANGELO, now SMITH
**APPELLEE**: GERALD J. ANGELO, JR.
**JURISDICTION**: Court of Appeals of Oklahoma, Division No. 4
**HEARING_DATE**: June 3, 2013

**TEXT_OF_RULE**:

( Goodman )

( Delaware County - Bill Culver )

## Not Published

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS

Kathy L. Baker, Grove, Oklahoma, For Petitioner/Appellant

Erik C. Johnson, ERIK JOHNSON & ASSOCIATES, Miami, Oklahoma, For Respondent/Appellee

Georgia R. Manley, Grove, Oklahoma, For Minor Children

OPINION

Mekala Angelo, now Smith, (Mother) appeals the trial court's August 15, 2012, order awarding an attorney's fee to Gerald J. Angelo, Jr. (Father). Based on our review of the facts and applicable law, we affirm in part, reverse in part, and remand with directions.

BACKGROUND

The parties were divorced in October 2004. The marriage produced two minor children. The parties were granted joint custody, with each having alternating physical custody, until a subsequent order was entered in November 2005 granting Wife sole custody, with Father given standard visitation.

Father filed a motion to modify the custody order in 2007 but dismissed it in 2008. He again sought to modify the custody order on April 4, 2011, alleging the children were permitted to suffer abuse while in Mother's custody, and that Mother had denied Father telephonic contact and visitation for one weekend. Mother filed a motion to dismiss, which was granted April 7, 2011. The abuse allegations were determined to be unfounded. Meanwhile, Mother filed a motion to suspend Father's visitation on April 12, 2011, which the trial court denied, instead giving Father one additional night of visitation each week. Father then amended his motion to modify on July 14, 2011, reasserting the same issues, with the additional allegation that one of the children suffered from psycho-social dwarfism caused by the living conditions in Mother's home, who by now had remarried, and by her failure to provide adequate medical care.

The matter was continued, set, and reset for trial several times while issues regarding necessary parties, expert witness reports, and discovery were resolved. During this time, one or both parties raised issues of contempt of court, sanctions, the disqualification of two assigned trial judges, and a bar association complaint against an appointed guardian ad litem, and the terms of the pretrial order. Appellant describes the case as "contentious" while Appellee says the matter was "needlessly complicated and delayed...".

FINDINGS OF FACT AND CONCLUSIONS OF LAW

A trial on the merits of Father's amended motion to modify custody was conducted February 23, 2012. The trial court made written findings of fact and conclusions of law.1 Citing 43 O.S. 112(A)(3) (2011) and Gibbons v. Gibbons, 1968 OK 77, 442 P.2d 482, the trial court modified custody. It made detailed findings of fact regarding the allegations of dwarfism and the medical care provided to the minor child. The trial court's findings generally found that the minor's medical prospects would be enhanced were he and his sister removed from Mother's custody and placed with Father. Significant to our analysis, however, are the following findings of fact:

"That the [Mother] refuses to allow or consider a temporary change in custody. That the [Mother] testified that she filed the motion to stop visitation to prevent [Minor Child] seeing an endocrinologist.

* * *

"That the [Mother] testified that she would send [Minor Child] on visitation to the [Father] without sending [Minor Child's] medications with him.

"That the [Mother's] failure or inability to provide for the proper home environment, medical evaluations and treatment and taking a position of being an obscurantist is arbitrary and capricious and without regard to the special psychological and medical needs of [Minor Child]."

In a separate order filed March 12, 2012, the trial court stated:

"3. That, based upon all the evidence produced at trial including but not limited to the findings of fact and conclusions of law filed contemporaneously but separately with this Order, there has been a permanent, material and substantial change of conditions that has adversely and substantially affected the physical and mental health of the children and [Father's] Motion to Modify, as amended, should be granted."

Father was granted custody and Mother was ordered to pay child support. This order is not before us on appeal. However, the findings set out above are significant, though not for what the trial court found. Rather, the findings set out above are significant for what the trial court did not find.

The Order on Appeal:

"On April 5, 2012, Father sought an order seeking an attorney's fee, costs, and an expert witness fee, pursuant to 12 O.S. 696.4 (2011) and 43 O.S. 112(D)(2) (2011), set out below.3

Title 43 O.S. 112 (D) (2011) states:

"D. 1. Except for good cause shown, a pattern of failure to allow court-ordered visitation may be determined to be contrary to the best interests of the child and as such may be grounds for modification of the child custody order.

"2. For any action brought pursuant to the provisions of this section which the court determines to be contrary to the best interests of the child, the prevailing party shall be entitled to recover court costs, attorney fees and any other reasonable costs and expenses incurred with the action."

Father's fee motion alleged "The matter was continually delayed and needlessly complicated by [Mother's] filing of numerous Motions and Applications which were contrary to the best interest of the children...." Father sought a total of $43,036.30.

Mother objected to Father's motion for fees on June 27, 2012, stating 43 O.S. 112 (D)(2) only applied in those situations where a party has shown a pattern of failure to allow court-ordered visitation which was contrary to the best interests of the child, as set out in (D)(1). She further stated an equitable balancing analysis would reflect she incurred comparable costs and fees, and her income was one-fifth of Father's, thereby making the fee award inequitable.

Following a hearing pursuant to State ex rel. Burk v. City of Oklahoma City, 1979 OK 115, 598 P.2d 659, on July 2, 2012, the trial court entered an order on August 15, 2012. The trial court, noting the application for an attorney's fee was specifically based on 43 O.S. 112 (D)(2) (2011), quoted that section as follows, in relevant part:

"2. For any action brought pursuant to the provisions of this section which the court determines to be contrary to the best interests of the child, the prevailing party shall be entitled to recover court costs, attorney fees and any other reasonable costs and expenses incurred with the action. Emphasis added.

"That the [Father] is the prevailing party in this matter.

"That the Court, in making its decision determined that leaving the children in the custody of [Mother] would be contrary to the best interests of the children."

(Emphasis supplied by trial court.)

The trial court concluded by awarding Father fees and costs totaling $40,276.90. Mother contends the trial court committed legal error when it granted Father a fee based on 43 O.S. 112 (D)(1) and 43 O.S. 112 (D)(2). She appeals.

STANDARD OF REVIEW

Where the issue presented is whether a party is entitled to an award of attorney's fees pursuant to mandatory statutory language, and the relevant facts are not in dispute, we review the issue de nova. Finnell v. Jebco Seismic, 2003 OK 35, 117, 67 P.3d 339, 342. That is, statutory interpretation presents a question of law which is subject to a de novo standard of review. Williams v. Smith & Nephew, Inc., 2009 OK 36, 8, 212 P.3d 484, 486.

ANALYSIS

We find the trial court's analysis of 43 O.S. 112 (D)(2) was overly broad, and therefore incorrectly applied to the specific facts of this case. We therefore reverse that portion of the trial court's order awarding an attorney's fee pursuant to § 112(D)(2). Title 43 O.S. 112 (D)(2) (2011) provides a statutory basis for the award of an attorney's fee. Therefore, it is an exception to the general rule that each party should pay their own attorney's fees and costs, and such exceptions are narrowly defined. Barnes v. Oklahoma Farm Bureau Mut. Ins. Co, 2000 OK 55, 46, 11 P.3d 162, 178-79. Section 43 O.S. 112 (D)(2) must be strictly construed for the reason that "liberality of attorney fee awards against the non-prevailing party" have a "chilling effect on open access to the courts." Eagle Bluff L.L.C. v. Taylor, 2010 OK 47, 16, 237 P.3d 173, 179.

Accordingly, (D)(2) must be read in context with (D)(1), its companion clause. A plain reading of these two clauses show that (D)(1) provides the trial court with a legal basis for the modification of a child support order if a pattern of failure to allow court-ordered visitation is proven, which pattern must be shown to be contrary to the child's best interest. Not every pattern of failure to allow court-ordered visitation is necessarily contrary to the child's best interest. See King v. King, 2005 OK 4, 107 P.3d 570.4,5 Nonetheless, (D)(1) is a necessary predicate before a (D)(2) attorney's fee can be awarded.

As set out above, the trial court's order stated: "For any action brought pursuant to the provisions of this section ...". We, too, emphasize the word "section", as did the trial court in its order, but for reasons that differ from the trial court. We interpret the word section, as used in (D)(2), to refer only to the preceding clause to which it is attached, i.e., (D)(1). The trial court's emphasis on "section" suggests to this Court that the trial court was applying (D)(2) to the entirety of § 112, rather than to subsection (D) alone. This was error. A plain reading of (D)(2) clearly shows it is made part of, and inextricably linked to, (D)(1). It does not stand alone in the larger context of 43 O.S. 112, and therefore clearly is not to be applied to the entirety of 43 O.S. 112 .

Following Father's argument to conclusion, it appears he would have this Court hold that an action filed under 43 O.S. 112 will always and inevitably result in a fee award to the prevailing party. For any 43 O.S. 112 action seeking a modification of child custody, even for the most benign of reasons, necessarily requires a determination by the trial court of the best interests of the child and will always result in a prevailing party. We do not believe the Legislature intended to permit the award of an attorney's fee to every prevailing party in every 43 O.S. 112 action. Had it so intended, the attorney fee provision would be given its own subsection, such as that found in 43 O.S. 110(E) (2011), or would contain language clearly stating that the fee subsection applied generally to the entirety of the type of order addressed in the specific section, such as 43 O.S. 111.1(C)(3) (2011). Further, we find that a parent seeking a custody change, fearful of incurring an additional attorney's fee, may decline to seek a change in close cases, thus frustrating what may have turned out to be the best interest of the child. This is precisely the type of chilling effect spoken of in Eagle Bluff supra. We therefore decline to apply 43 O.S. 112 (D)(2) too broadly.

We therefore hold that unless Father can show that he comes within the ambit of the narrowly-defined scope of 43 O.S. 112(D)(1) and 43 O.S. 112 (D)(2), he cannot prevail. Therefore, we must return to the trial court's order, set out earlier. We first find that while the litigation between these parties has been extensive and expensive, the trial court made no finding that any Of Mother's actions resulted in a pattern of denial of court-ordered visitation. Even. Mother's motion to stop visitation resulted in an increase in visitation to Father, not a cessation of visitation. Further, Father did not allege as the basis for a fee that he proved a pattern of failure to permit child visitation. Rather, he claimed the litigiousness of Mother as the reason for a fee. That is not a recognized basis for a fee. Reviewing the record, we find the trial court made no finding of a pattern of withheld visitation under (D)(1); therefore, there is no basis for a fee under (D)(2). We therefore hold the trial court's order granting an attorney's fee pursuant to 43 O.S. 112 (D)(2) is without a basis in law, and is reversed.

Alternative Basis for a Fee

Finally, we reject Father's argument that this Court must search the record and case law and supply an alternative basis for affirming a fee award. We reject his argument that McKiddy v. Alarkon, 2011 OK CIV APP 63, 254 P.3d 141, lends support to his argument. McKiddy's reference to 43 O.S. 112 (D)(2) was made in reference to one of two possible alternative statutory bases for an attorney's fee.

The McKiddy Court did not award a fee on that basis, however, but rather used this provision as an illustration. In McKiddy and the cases upon which it relied, the appellate court was confronted with a silent record. In those cases there was no transcript of the fee hearing provided, and Division II of COCA was operating under the assumption that no trial court error could be presumed by the silent record. Based on that assumption, the McKiddy Court then provided a list of possible legal grounds upon which the trial court may have relied. In McKiddy the appellate court was forced to speculate about the trial court's reasons to sustain the award of a fee. However, it never applied such statutes to the facts of the case it was reviewing.

The case under review is distinguishable. Here, the record is far from silent. We have the fee application, a transcript of the fee hearing, and the trial court's order which clearly shows the basis upon which the fee was awarded. The transcript of the fee hearing reveals that the trial court also considered the application of 43 O.S. 110(E) (2011). The trial court correctly rejected 43 O.S. 110(E) as the basis of a fee, but as we have shown, incorrectly construed 43 O.S. 112 (D)(2) as the basis for its fee award.6 Of greater significance to our analysis, however, is that we are no longer operating under the presumption that the trial court's order is correct, as we have shown it to be in error. It is the duty of the party seeking an attorney's fee, and not this Court, to show appropriate alternative statutory bases for a fee award to restore the trial court's order to validity.

Because 43 O.S. 112 (D)(2) is inapplicable under these facts, and this was the sole basis for the trial court's award, we reverse that portion of the order awarding a fee.

Costs and Non-Attorney's Fee

On appeal, Mother contested only the award of an attorney's fee, and not the award of costs and a non-attorney expert witness fee. That latter issue is therefore waived. That portion of the trial court's order awarding $7,376.55 for a non-attorney expert witness fee and costs is affirmed.

CONCLUSION

The trial court's order of August 15, 2012, is affirmed in part, reversed in part, and remanded with directions. Those portions of the order awarding costs and a non-attorney expert witness fee are affirmed. That portion of the order awarding an attorney's fee pursuant to 43 O.S. 112 (D)(2) (2011) is reversed. The matter is remanded to the trial court to enter judgment accordingly.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

THORNBRUGH, P.J., and RAPP, J., concur.

(FOOTNOTES):

1 No transcript of this hearing was provided for our review.

2 The trial court's Findings of Fact and Conclusions of Law, filed March 12, 2012, were filed under seal by order of the trial court to protect the minor child's medical records.

3 The basis for the trial court's order granting a fee was limited to 43 O.S. 112 (D)(2). The court rejected 12 O.S. 696.4 as the basis for a fee. Father does not raise this as an issue for our review, and it is therefore

waived.

4 King involved a mother who withheld visitation from the father after the father failed to prevent access to the child by his uncle, who had molested the child. The Oklahoma Supreme Court held the mother was entitled to an attorney's fee under 43 O.S. 112(D)(2) for defending her decision to withhold visitation against the father's motion to modify custody. This is the only reported case interpreting 43 O.S. 112 (D)(2).

5 See also 43 O.S. 111.4 (2011), enacted in 2009, after King was pronounced, which gives a parent a statutory basis for withholding visitation.

6 Section 43 O.S. 110 (E) applies only to actions filed under § 110 generally, which deals with orders connected to a dissolution of marriage action.

**CITATIONS**: Unpublished Opinion No. 111,058 (2013)
**PUBLISHED**: 0

# ARTICLES ON THE ANGELO CASE  - PRESIDED BY JUDGE DENNEY 2005 to 2012

§ Tulsa World

## Custody battle involving possible 'psychosocial dwarfism' ends

**SHEILA STOGSDILL World Correspondent | Posted: Saturday, February 25, 2012 12:00 am**

JAY - An ongoing custody battle involving an 11-year-old boy, who might have a seldom-diagnosed dwarfism syndrome, and his 10-year-old sister concluded this week, Ottawa County Special Judge Bill Culver said Friday.

Mekala Angelo Smith and Gerald "Jerry" Angelo Jr. have been engaged in a bitter custody battle over their children, L.J. and Haley, since 2005.

At the heart of the conflict is L.J.'s medical condition. The boy is the size of an average 7-year-old and might have "psychosocial dwarfism," according to court records obtained by the Tulsa World. Children with the disorder stop growing due to emotional neglect and related factors.

Potential physical causes for L.J.'s growth delay have been ruled out, records show.

Psychologist Deborah Holmes recommended the children "be primarily placed, at least temporarily, in the Angelo home," and two pediatric endocrinology specialists said placing L.J. with his father and measuring his growth would be the only way to diagnose the condition with certainty.

Haley has also made two allegations of abuse while living in the mother's home, records show.

Culver closed the hearing, which lasted for several days, saying testimony dealt with the children and medical issues. At the conclusion of Wednesday's hearing, Culver said both parties had 10 days to submit motions with their proposed findings of facts and conclusions of law.

A ruling is expected some time in March.

District Judge Robert Haney, who presides over Ottawa and Delaware counties, issued a gag order and sealed the case after Kathy Baker, Smith's attorney, filed a motion seeking to prohibit Gerald Angelo from testifying after he spoke with a Tulsa World reporter.

Haney said on Friday the order would likely remain in effect until the children are 18. The case's listing on the court's website was also removed. SUBHEAD: At the heart of the conflict is a possible "psychosocial dwarfism" diagnosis.

Original Print Headline: Custody trial ends in Ottawa County

---

in RE MARRIAGE OF MEKALA ANGELO                    PAGE 1 OF 6in RE


IN  RE MARRIAGE OF MEKALA ANGELO                    PAGE 1 OF 6

# Dwarfism linked to neglect: Oklahoma child's health at the center of custody battle

**ZIVA BRANSTETTER World Enterprise Editor | Posted: Friday, February 3, 2012 12:00 am**

JAY - State and court officials are grappling with an eight-year-long Delaware County custody case involving a boy who is believed to have a rare dwarfism disease in which children fail to grow due to neglect.

Although a doctor has recommended that the boy be removed from his home, years of delays and possible conflicts of interest have resulted in a system that has failed L.J. Angelo, said his father, Jerry Angelo.

"It breaks my heart because I cannot do anything about this," said Angelo, a licensed minister. "The courts have failed me; DHS has failed me; man's system has failed me. That's why we rely that God's going to turn something around."

L.J. is 11 but about the size of a 7-year-old and may be suffering from "psychosocial dwarfism," according to court records obtained by the Tulsa World. The disorder occurs when children stop growing because of emotional neglect and related factors.

The boy's 10-year-old sister has also made two allegations of abuse, according to records filed in the case.

The abuse allegations were reported to the Department of Human Services, but both children remain in their mother's home, despite a doctor's recommendation that they be removed, records show.

Angelo said his battle to regain custody of his son and daughter has been stymied by apparent conflicts of interest. He filed a motion almost a year ago seeking an emergency order removing the children from his ex-wife's home, but multiple delays have held up the case, he said.

Associate District Judge Barry Denney recused himself from the case Jan. 23 after Angelo's attorney raised a possible conflict of interest issue, court records show. Denney explained the recusal, writing: "Circumstances are of such a nature as to cause doubt as to Judge's partiality, bias or prejudice."

The guardian, Christianna Lincoln Wright, was removed by the new judge, Special Judge Alicia Littlefield, four days later, records show.

Angelo said his son is about 48 inches tall but should be 57 inches tall, according to growth charts for boys his age. Doctors have told Angelo that if the factors causing the condition are not remedied, his son stands to lose 10 inches off his predicted adult height.

"He should be a normal growing boy," said Angelo, 38. "He only has a finite amount of time to grow. Every day is a day lost."

A trial on the motion to modify custody due to the alleged abuse and the boy's diagnosis is set to start Friday in Delaware County District Court.

Kathy Baker, attorney for the children's mother, Mekela Smith, declined to comment, and Smith could not be reached.

Angelo now lives in Carthage, Mo., where he works as a network engineer. He said he and his wife, Kate Angelo, are licensed ministers who volunteer in a marriage counseling ministry at their church in Miami, Okla.

Angelo said he has been fighting for custody of his children since 2004, when his then-wife filed for divorce.

The two shared custody until 2005, when Angelo had to move across the state line for a new job. He said his ex-wife had primary custody then at the home she shared in Grove with her new husband and his children.

Angelo said he stayed involved with his children's school and extracurricular activities, and that the children spent time at his home during weekends, holidays and the summer.

In March 2007, after their daughter, Haley, made an allegation of abuse involving a family member at her mother's home, Angelo filed a motion to modify custody, records show.

Court records show that Denney, the judge who recently recused himself, ordered Haley and L.J. removed from their mother's home "unless and until" the family member accused of the abuse was removed. He appointed Wright as guardian to represent the children in the case.

Records show that Denney served on the Grove United Methodist Church board with the children's mother and her attorney, Baker, last year while Denney was still assigned to the case.

Meanwhile, Wright has testified that she recommended Smith for a job at a state agency and reported that their sons play on the same baseball team, records show. Wright declined to comment.

About a month after L.J. and Haley were ordered removed from their mother's home in 2007, Wright submitted a report to Denney. It recommended that the family member accused of abusing Haley be allowed to return to Smith's home if a "safety plan" were put in place.

Angelo said he was unaware of the possible conflicts of interest in the case at the time. He said he gave up his efforts to modify the custody arrangement in 2008 on the advice of his attorney at the time.

In April 2011, Haley reported a second allegation of abuse to a teacher, and the school informed the Department of Human Services.

"DHS was OK with the family going through the proper channels with their family therapist. ... They will keep her safe this weekend and get into Dr.," a school record filed in the case states.

DHS spokeswoman Sheree Powell said she could not comment on the case specifically, but she said DHS often works with therapists and other professionals in cases of alleged abuse. DHS combines the information with its own reports and forwards the case to the local district attorney, she said.

In April, Angelo's attorney, Erik Johnson, filed motions seeking an emergency court order returning custody to Angelo and seeking Wright's removal as court-appointed guardian, records show.

"This is the second known report" of abuse involving Haley, the motion states. "This failure to protect the child from abuse ... in her home is causing serious and severe harm to the minor child."

Angelo said that during a visitation with his children, he took L.J. to doctors because he was concerned about his growth. Although the boy had always been small for his age, Angelo said doctors were concerned that he was losing ground.

IN  RE MARRIAGE OF MEKALA ANGELO                                    PAGE 3 OF 6

Records obtained by the Tulsa World show that two specialists in pediatric endocrinology ruled out causes of L.J.'s growth delay other than psychosocial dwarfism.

A report by Dr. Richard Sandler of Springdale, Ark., notes that L.J. was at the low end of growth charts at age 2. Since age 8, he was "way below" the third percentile "and appears to be deviating further away from the normal curve," Sandler said in the report, written July 11, 2011.

"The possibility of psycho-social dwarfism is raised. ... Rapid 'catch-up' growth in the father's house would lend credence to this idea," Sandler's report states.

A second report by Dr. David Jelley of Tulsa, written July 14, 2011, states that he found no physical reasons for the boy's abnormal growth pattern.

"The only way to confirm suspicions of psychosocial dwarfism is to place L.J. in a different living situation for at least six months and monitor his growth," Jelley said in the report.

A third expert, psychologist Deborah Holmes, submitted a report recommending that Haley and L.J. "be primarily placed, at least temporarily, in the Angelo home."

She noted that two pediatricians had supported a diagnosis of psychosocial dwarfism.

"L.J. does demonstrate the psychological factors related to this diagnosis," states her report, obtained by the World.

Holmes wrote that both parents "provide their children with adequate living conditions and a good home."

However, "L.J. says that he gets into a lot of trouble at his mother's home. He reported they yell at him a lot."

Despite the reports, Denney granted several motions for continuances in the case and made no ruling on Angelo's motion to modify custody.

In her final report before being removed from the case last month, Wright recommended that Smith retain sole custody of the children. Wright said she was suspicious of the diagnosis of psychosocial dwarfism and concerned about "the effect it is having on L.J."

"I have no concerns that Haley and L.J. are being physically or emotionally abused in the homes of either of their parents," her report states.

Angelo said his faith has kept him motivated as he has spent thousands of dollars and years trying to gain custody of his children.

"God has shown us how to keep forgiveness in our hearts for those people who have wronged our family regarding this situation, and we will never forget that because of what Christ has done for us, but we cannot sit by and allow this kind of behavior to continue in the system," he said. "We must stand up for those who cannot speak for themselves."

## What is psychosocial dwarfism?

Psychosocial dwarfism, or PSD, is a disorder of "growth failure and/or delayed puberty ... observed in association with emotional deprivation, a pathologic psychosocial environment, or both. A disturbed

relationship between child and caregiver is usually noted," according to a 2010 medical journal article by Dr. Andrew Sirotnak, director of the University of Colorado's Kempe Child Protection Team.

Various types of the disorder have been noted, including Type II, which usually begins at age 3. Children often have depression and can exhibit "bizarre behaviors" involving food and water, the article states.

PSD is not caused by inadequate nutrition. Diagnosis is confirmed by improvement in growth and behavior after "removal of the child from the unsafe or non-nurturing environment," the article says.

A study in the 1970s involving 35 children with PSD found that 31 of them "had evidence of rapid weight gain" after being removed from their homes.

*Source:* www.medscape.com

---

**Ziva Branstetter 918-581-8306**

ziva.branstetter@tulsaworld.com SUBHEAD: boy's diagnosis: doctors link dwarfism to neglect

Original Print Headline: Standing up for L.J.

# Delaware County custody case file sealed

**SHEILA STOGSDILL World Correspondent | Posted: Wednesday, February 8, 2012 12:00 am**

JAY - A tempestuous custody battle over a girl and her brother, who is believed to have a rare dwarfism syndrome, took another emotional turn Tuesday after an angry district judge accepted the recusal of a special judge assigned to the case.

Ottawa County District Judge Robert Haney also ordered the case file to be sealed and issued an "official gag order." He admonished anyone who violated the order that "it would not be a pretty scene."

Mekala Angelo Smith and Gerald "Jerry" Angelo Jr. were granted a divorce in November 2004. Since August 2005 the parents have both remarried, changed lawyers three times and have been engaged in a custody battle over their children, an 11-year-old boy and a 10-year-old girl.

The crux of the battle is the possibility that the boy, identified in a motion filed by the mother's attorney, Kathy Baker, as L.J., may be suffering from "psychosocial dwarfism."

The boy is the size of an average 7-year-old, according to court records obtained by the Tulsa World. The disorder occurs when children stop growing because of emotional neglect and related factors.

The girl, Haley, has also made two allegations of abuse while living in the mother's home, records show.

Baker filed a motion on Monday to disqualify Delaware County Special Judge Alicia Littlefield, accusing her of being biased against her and the mother.

IN  RE MARRIAGE OF MEKALA ANGELO                                    PAGE 5 OF 6

Littlefield refused to disqualify herself but later asked Haney to be removed from the case. Haney approved Littlefield's request but not before unleashing his anger in a hearing Tuesday.

"This is unbelievable," said a red-faced Haney. "No way would I have granted this motion," referring to Baker's 27-page motion.

In her motion, Baker faulted Littlefield for not ruling on a motion filed Friday asking that the father not be allowed to testify and for sanctions because he spoke with a Tulsa World reporter.

Baker states in her motion that a "rule of sequestration" ordered by Associate District Judge Barry Denney forbade the father from speaking to anyone about the case.

Haney disagreed.

"The rule prevents witnesses from talking during a hearing," he said. "A judge enforces his own order, not that of another judge. This does not include talking to a newspaper."

Denney did not issue a gag order in the case.

The rule of sequestration is a common rule invoked during court proceedings that prevents witnesses from hearing the testimony of other witnesses or colluding with other witnesses to tailor their testimony, according to a definition by the U.S. Supreme Court.

Baker wrote in her motion, "The entire case hinges on his allegation that the child L.J. suffers from psychosocial dwarfism and urges removal of the child" from the mother's custody and be placed with the father "for a period of six months in order to 'confirm' the diagnosis."

"Judge Littlefield stated in chambers to counsel that she didn't believe that six months of a child's life is any 'big deal' and expressed concerns about a mother who would not agree to the placement with the father, a statement that can only be perceived" by Baker and the mother as biased, the motion states.

Haney chided Baker, saying he never found Littlefield to be biased. During a previous pretrial hearing Littlefield encouraged both parents to put their children first.

Records obtained by the Tulsa World show that two specialists in pediatric endocrinology ruled out causes of L.J.'s growth delay other than psychosocial dwarfism. The doctors said placing L.J. with his father and measuring growth would be the only way to diagnose the condition with certainty.

A third expert, psychologist Deborah Holmes, submitted a report recommending that the children "be primarily placed, at least temporarily, in the Angelo home."

Haney assigned the case to Ottawa County Special Judge William Culver. A date for the continued hearing has not been set.

Littlefield was assigned to the case in January after Denney recused himself when Erik Johnson, the father's attorney, cited possible conflict of interest.

---

World Enterprise Editor Ziva Branstetter contributed to this story. SUBHEAD: Lawyers and judges are at odds in a case involving a boy with possible "psychosocial dwarfism."

Original Print Headline: Judge seals custody case

IN  RE MARRIAGE OF MEKALA ANGELO                                    PAGE 6 OF 6

# Oklahoma Dad Gets Custody of Two Children After 8 Years



**March 18th, 2012 by Robert Franklin, Esq.**
After eight years of trying, Jerry Angelo has finally gotten custody of his children.   ****
It's one of the strangest cases I've run across due mostly to Angelo's son's diagnosis of psychosocial dwarfism.  That's a condition in which a child fails to grow, not for a physical reason, but due to lack of emotional care from his parents, in this case, his mother.

Jerry Angelo and Mekala Smith divorced in 2004 when their son was three and their daughter two.  As is usually the case, Smith got sole custody, but Angelo kept regular contact with his children, seeing them on weekends, holidays and during the summer.

At one point, his daughter leveled a charge of abuse at her mother and Angelo sought a change of custody.  It was denied.  Later, the girl made another charge of abuse and two doctors, both pediatric endocrinologists, and a psychologist diagnosed his son with psychosocial dwarfism.  The boy wasn't getting the emotional nurturing he needed in his mother's home.

So Angelo tried again to get custody, but strangely, every motion he made was simply ignored by the judge, Barry Denney.  Continuance after continuance was granted.  Angelo could make his motions to change custody, but he couldn't make the judge hold a hearing.  Into the bargain, the children's guardian ad litem, who is not a medical doctor and has no training in diagnosing the extremely rare condition of psychosocial dwarfism, simply substituted her own lay opinion for those of the experts.

Since Denney refused to rule on the motions, he never had to explain why leaving the children in their mother's care was in some way in their best interests.

Finally, Denney recused himself for what should be obvious reasons.  The new judge wasted no time in discharging the guardian ad litem and finding another who presumably has more interest in the children's welfare.  It seems the children's guardian had conflicts of interest in the case that she'd never seen fit to disclose before.  Among them was the fact that she tried to get Smith a job with a governmental agency.

Continuing to represent the children in that case looks like a clear example of legal malpractice.  I would suggest that the current guardian investigate filing a lawsuit against her.  After all, she kept children in a home about which there were two complaints of abuse and three doctors found the atmosphere so emotionally unsupportive that one child stopped growing.  She did so in the face of multiple requests by the father to get custody.

But the good news is that Jerry Angelo has finally gotten custody of his children.  The boy is now 11 but has the physical stature of a typical seven year old.

A custody battle over two children, one of whom might be suffering from a rare medical condition, has been resolved by a judge who placed the children with their father.

Mekala Angelo Smith and Gerald "Jerry" Angelo Jr. have been battling over their children, L.J., 11, and Haley, 10, since 2005.

In a 10-page order and visitation schedule signed March 9, Ottawa County Special Judge Bill Culver ruled that the children would live with Angelo.

No word on whether Smith will have visitation with the children, whether she'll pay child support and if so, how much.

It's often astonishing the lengths to which courts and their various minions will go to keep children away from their fathers. Judges natter nonstop about the best interests of children, but when it comes to cases like this one in which the father is the obvious choice to have custody, the concept often seems to fly out the window.

This case took eight years to be correctly resolved. That's almost all of the children's lives during which untold damage to them has been done.

I wish Jerry Angelo the best of luck in healing his children's psychic wounds. In my book he's a hero for never giving up in the face of a judge and a guardian ad litem who seem to have been deadset against him from the start.

Published in:  https://nationalparentsorganization.org

FUMC GROVE

# *LAY LEADERSHIP - 2015*

**Updated by Church Council, 04-14-15**

*Our Purpose:* **"Building Christian community where the love of God is freely shared, the gospel of Jesus Christ is clearly encountered, and the Holy Spirit transforms life."**

*The Church Council will act as the program and administrative agency of the Church Conference throughout the year (per Book of Discipline). The Council will meet quarterly to plan ministry and approve funding and policy.  Membership on the Council is listed separately on p. 3.*

## A.  PROGRAM MINISTRIES (#1-5)

*We will fulfill our purpose through the "Five Purpose Areas" of ministry:  The individuals of the "Ministry Teams" (below) are not listed, as the team membership will vary throughout the year at the discretion of the leaders, as needs arise, and as persons become available.  All Ministry teams are not included on this listing.  Only those who are either required to be elected, or are also by virtue of office included on the Church Council.  Several Ministry Teams (like Hospitality, Child SHARE, BackPack) are sub-groups of one of the primary Ministry Teams.*

### Purpose Area #1:  Out-Reach (to community & world)

**Evangelism Team**          ..................................................…………………….......          Justin Chizmar, *Leader*

*Staff: Walter Sizemore, Randall R. Hamill*

**Missions Team** *(includes Child SHARE Ministry Team and Backpack Ministry)*   . ............................          Mike Johnston, *Leader*
*Staff: Randy Mathews, Randall R. Hamill*

### Purpose Area #2:  Worship

**Worship Team** *(includes Hospitality Team)*          ………………………………………………....          Kay Johnston, *Leader*
*Staff: Randall R. Hamill, Walter Sizemore, Nancy Lungren, Terrie Wimer*

### Purpose Area #3:.  Discipleship (growing our faith)

**Children's Ministry Team**          ...........................................…….. Audrey Cloud/Debbie Deakins, Co-*Leaders*
*Staff: Mekala Smith*

**Youth Ministry Team**          ……………………………………………….…          _____, *Leader*
*Staff: Randy Mathews*

**Adult Ministry Team**          ……………………………………………………          _____, *Leader*
*Staff: Walter Sizemore*

### Purpose Area #4:  Nurturing Ministries (care within the congregation)

**Lay Care Ministry Team** *(trained Lay Care Ministers); coord. By Dr. Richard Dayringer; no elected leaders*

### Purpose Area #5:  Lay Ministry (lay leadership)

**Lay Leader**          ………………………………………………......……………………………….…          Charlie Shaw
    -and coord. Lay Servants Team (former Lay Speakers)

**Lay Member to Annual Conference** …………………….......……………………………….          Ken Flowers
    -Alternate          ..............................................................……………………….          Leanne Grimes
    **Note:* per special D.S. approval, Ken will serve on Finance and Church Council, but not SPRC (with his spouse as staff).
        The Alternate Member will serve the SPRC.*

**Committee on Lay Leadership** *(provides nominations for election by Charge Conference)*
    -may also be nominated from floor of the Charge Conference; must include one young adult

| Class of 2015 | Class of 2016 | Class of 2017 |
|---|---|---|
| Theresa Dugan | Chris Davis | Diane Roberts |
| Carol Hunsperger | Kay Johnston | Kelsie Kimmons |
| Donna Zwiegel | Sherri Price | Neeta Womac |

*exofficio members:   Charlie Shaw, Lay Leader,  Randall Hamill, Chair (as required)*

# B.  ADMINISTRATION

*"Administrative Committees" are limited to the names listed.  Those listed in classes (by year) are nominated and elected per the following:*
1. *Places of service are matched with persons' gifts and passion for ministry.*
2. *Retiring classes will rotate off the committee for at least one year.*
3. *Paid staff will not hold administrative office with vote.*
4. *Only one family member per committee.*
5. *Relatives of paid staff will not serve on SPR committee.*
6. *Three consecutive years is sufficient length for most administrative offices.*

*Ministry purposes are facilitated through the following* **Administrative areas**:

**Nursery Committee** ..........……………………………….......................................................... Mandi May, *Chair*
*Staff: Mekala Smith, Evelyn Porter*
                        *(no set number of members; consists primarily of moms of nursery age children)*

**Heritage Council** *(no elected leader)*
*Rep from Finance, Heritage Director, Heritage Administrator, Dir. Children, Senior Pastor*

*(The 5 administrative committees below are elected in classes, with the listed year representing the last year of their respective terms.)*

## Staff-Parish Relations Committee (SPRC)

| 2015 | 2016 | 2017 |
|---|---|---|
| Sharon O'Neal | Linda Adzigian | Jordan Wilhelm |
| Bob Ellis | Myra Noteboom | Debbi Ary |
| Terry Jones | Justin May | Linda Barnes |

*exofficio members*
Leanne Grimes, *Alt. Lay Member to Annual Conf (see note under Lay Member, p.1),* Charlie Shaw, *Lay Leader* **& SPRC Chair**
*Staff: Randall R. Hamill, Pastor*

## Board of Trustees *(elects own Chair in January)*

| 2015 | 2016 | 2017 |
|---|---|---|
| Kathy Baker | Randy Barker, *V. Chair* | Butch Cavanaugh |
| Sam Huckaby | Wanda Koger | Debbie Shaw |
| Mark Lee, *Chair* | Mike McGehee, *Sec.* | James Diver |

*Staff: Randall R. Hamill, Pastor; Bill Porter, Bld. Supt.*

## Finance Committee

| 2015 | 2016 | 2017 |
|---|---|---|
| Terri David | Dave Adzigian | Jackie Matthews |
| Coleman Darby | Susan Countryman | Frank Geasland |
| Ken Noteboom, *Chair* | *(resigned to do the audit)* | Jerry Sullivan |

Revis Stanford, *Special Participant*
*exofficio members*
Barry Denney, *Council Chair*        Charlie Shaw, *Lay Leader & SPRC Chair*        Mark Lee, *Trustees Chair*
Ken Flowers, *Lay Member to Ann. Conf. (see note under Lay Member, p. 1)*
*Leonard Francis, Financial Advisor (approved ann. by Finance Com.)*
*Staff: Randall R. Hamill, Teresa Raymond, Treas.*

## Memorial-Endowment Committee *(names below are a combo of those remaining from Memorial & Endowment)*

| 2015 | 2016 | 2017 |
|---|---|---|
| Bonnie Lane, Chair | Greg Brasel | Bonnie Courtney |
| Larry Reed | Micki Kitowski | Sally Cavanaugh |

*exofficio members: Wanda Koger, Trustees*
*Ken Noteboom, Finance; Pastor Hamill*

**Financial Sec./ Treasurer**   …………................…...…......................……………….. Teresa Raymond
*(as of June 1st)*--Amanda Petty

**Recording Sec. & Church Council Sec.** …………….................................................... Terrie Wimer

**Membership Sec.** …….......................….........................………………………. Geneva Listen

**Church Historian** …………………………………………………………………….... Theresa D. Anderson

**Scouting Representative** …….......................…...................................……. Todd Deakins

**Registered Service Agent** …………………………………………………………….. Mike Johnston

**United Methodist Women** ….......................…....................................……... Vickie Wright

**United Methodist Men** ……………………………………………………………… Barry Denney will determine

**Church Council Chair** .....................................................................……….... Barry Denney
  -Vice Chair …………………………………………………………….… Mike Johnston

**Church Council Membership** *(by virtue of office)*

| | | |
|---|---|---|
| Barry Denney, *Chair* | Vickie Wright, *UMW* | _____*UMM* |
| Mike Johnston, *Vice Chair/Missions* | Randy Mathews *(in lieu of YMT ldr)* | Kay Johnston, *Worship Tm.* |
| Terrie Wimer, *Sec.* | D. Deakins or A. Cloud, *CMT* | |
| Teresa Raymond, *Treas./Fin. Sec.* | Justin Chizmar, *Evangelism* | Staff: Randall Hamill, *Senior Pastor* |
| Ken Noteboom, *Finance* | Charlie Shaw, *Lay Leader & SPRC* | Walter Sizemore, *Assist. Minister* |
| Mark Lee, *Trustees* | Ken Flowers, *Conf. Delegate* | |

# C. MINISTRY STRUCTURE & FUNCTION

**Ministry Staff**: *(Staff persons with direct ministry responsibility, Pastor leads)*

| | | |
|---|---|---|
| Walter Sizemore, *Assistant Minister* | | Dr. Richard Dayringer, *Care Minister* |
| Nancy Lungren, *Dir. Of Traditional Music* | Randy Mathews, *Dir. of Youth* | Eddisu Barker, *Heritage Admin.* |
| Zeke Daniels, *Contemp. Music Leader* | Mariel McGehee, *Office Mgr.* | Terrie Wimer, *Worship Coordinator* |
| Amanda Petty, *Treasurer* | Mekala Smith, *Dir.Children/Communications* | Randall R. Hamill, *Senior Pastor* |

*Each ministry team or administrative committee has an assigned Ministry Staff person(s) for guidance and accountability.  Ministry Staff all report directly to the Senior Pastor.  Support staff report either to Senior Pastor or another Ministry Staff person.*

# IN THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA

GENE DOUGLAS GRAHAM,               ]      **NOT FOR PUBLICATION**
                                   ]
    Appellant,  ]
                                   ]
v.                                 ]      Case No. F-2013-1199
                                   ]
THE STATE OF OKLAHOMA,             ]                    **FILED**
                                   ]          IN COURT OF CRIMINAL APPEALS
    Appellee.   ]               STATE OF OKLAHOMA
                                            MAR 2 4 2015

## SUMMARY OPINION
                                            MICHAEL S. RICHIE
                                                  CLERK

**LEWIS, JUDGE:**

    Appellant, Gene Douglas Graham, was tried by jury and found guilty of Count 2, lewd molestation, in violation of 21 O.S.2011, § 1123, in the District Court of Delaware County, Case No. CF-2012-288. The jury sentenced Appellant to twenty-five (25) years imprisonment.[1] The Honorable Barry V. Denney, Associate District Judge, pronounced judgment and sentence, suspending all but thirteen (13) years imprisonment, and imposing a $1,000.00 fine. Mr. Graham appeals in the following propositions of error:

1. The evidence was insufficient to prove the intent element of lewd molestation;

2. A ruling by the trial judge denied Appellant the opportunity to present a defense;

---

[1] The jury found Appellant not guilty in Counts 1 and 3, alleging lewd molestation of the same victim. Appellant must serve 85% of his sentence in Count 2 before being eligible for consideration for parole. 21 O.S.2011, §§ 13.1(18).

3.  Comments on Appellant's right to remain silent deprived Appellant of a fair trial and due process of law;

4.  Prosecutorial misconduct deprived Appellant of a fair trial;

5.  Ineffective assistance of counsel cost Appellant a fair trial and a fair appeal;

6.  The trial court erred by admitting testimony by an expert who did not know specifics about the case and who testified to an issue of fact on a matter of general knowledge;

7.  Cumulative error deprived Appellant of a fair trial.

In Proposition Two,[2] Appellant argues the trial court committed reversible error by excluding his testimony concerning an eviction notice[3] he received before making an arguably incriminating statement to police denying that he had touched anyone.  When Appellant sought to testify about the notice on his direct examination, the prosecutor objected that it had not been disclosed in pre-trial discovery.  The prosecutor also objected to the admissibility of the eviction notice

---

[2] Proposition One argues that the evidence is insufficient to support the conviction. Because we conclude that this conviction must be reversed, this claim is moot.

[3] The actual contents of the eviction notice are immaterial to our decision.  Appellant attempted to testify to his awareness of the accusations based on the contents of the notice, and was prohibited from giving this testimony.  Defense counsel had a copy of the eviction notice in court at trial.  If the notice had been otherwise, the prosecutor might have impeached Appellant after a brief continuance.  Appellate counsel has attached a copy of what purports to be the same eviction notice to a motion to supplement the record and remand for an evidentiary hearing in connection with a claim of ineffective assistance of counsel.  The eviction notice was never offered in evidence and is not part of the appellate record.  Appellant's motion to supplement the record or remand for evidentiary hearing is denied as moot for reasons further explained below.  We will not comment further on whether the notice itself might be offered or admitted in evidence.

itself on grounds of non-disclosure, to which the trial court added, at one point, the view that the notice was hearsay.

The trial court ultimately excluded the eviction notice from evidence, though the defense had never offered it; and prohibited the defendant from mentioning the eviction notice to explain how he was aware of accusations against him when he made his pre-emptive statement to the police denying having touched anyone. The trial court instructed the jury to disregard any testimony about the eviction notice, which had been very briefly mentioned before the prosecutor's objection. We presume the jury followed this instruction. Appellant was permitted to testify in a general way that he was aware of an accusation against him involving acts of perversion to a child when police approached him for questioning.

We review the exclusion of evidence as a sanction for violations of discovery for abuse of the trial court's discretion. *Morgan v. District Court*, 1992 OK CR 29, ¶ 11, 831 P.2d 1001, 1005. An abuse of discretion is a clearly erroneous conclusion and judgment, one that is contrary to the logic and effect of the facts presented. *Neloms v. State*, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170. The Criminal Discovery Code provides for exclusion of evidence as a sanction for non-compliance, but this Court has found in several cases that exclusion was "too severe a sanction," which often imperils the defendant's right to a fair trial. *Allen v. State,* 1997 OK CR 44, ¶ 11, 944 P.2d 934, 937. We have repeatedly said where the violation "is not willful, blatant or calculated gamesmanship,

alternative sanctions are adequate and appropriate." *Id.*, 1997 OK CR 44, ¶ 11, 944 P.2d at 937.

The trial court's exclusion of Appellant's testimony about receiving the eviction notice containing accusations against him was clearly erroneous and an abuse of discretion. The State admits on appeal that a criminal defendant has no obligation to give the prosecution a pre-trial disclosure or summary of the defendant's expected testimony. *See* 22 O.S.2011, § 2002 (generally excluding statements or testimony from the defendant from pre-trial disclosure requirements). Testimony that the Appellant received a document whose contents made him aware of these accusations was material to his defense, and was not wrongfully withheld from the prosecution in violation of the discovery code. Sanctioning the defense was contrary to the logic and effect of the facts presented.

Nor was the proposed testimony about Appellant's receipt of the document objectionable as hearsay. Appellant wanted to testify about receiving the eviction notice to show why a subsequent statement was made, not for the truth of matters asserted within the document itself. Appellant's testimony concerning the contents of the eviction notice was therefore not hearsay. 12 O.S.2011, § 2801(A)(3); *Miller v. State*, 2004 OK CR 29, ¶¶ 49-50, 98 P.3d 738, 748-49 (finding statement offered to show its effect on subsequent statements by the witness was not offered for its truth, and thus not hearsay).

Few constitutional rights are more fundamental than the right to be heard and present a defense. *Gore v. State,* 2005 OK CR 14, ¶ 21, 119 P.3d 1268, 1275, (*citing Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973)). The erroneous exclusion of Appellant's testimony limited his right to testify in his defense, *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), and warrants reversal unless harmless beyond a reasonable doubt. *Bartell v. State,* 1994 OK CR 59, ¶ 15, 881 P.2d 92, 97. The State presented a strong case, but the jury returned verdicts of not guilty in two counts. The remaining verdict was obtained after the exclusion of defense testimony on an important aspect of the case. Because there is a reasonable possibility that this error contributed to the conviction, it is not harmless beyond a reasonable doubt. *Gore,* 2005 OK CR 14, ¶ 32, 119 P.3d at 1277-78. The conviction is reversed.

We address only the remaining propositions that might affect a second trial. In Proposition Three, Appellant claims a prosecution witness's comment on his request for an attorney after receiving the *Miranda* warning was error. Counsel failed to object to this testimony at trial, waiving all but plain error. To obtain relief, Appellant must show an actual error that is plain or obvious affected the outcome of the proceeding. *Simpson v. State,* 1994 OK CR 40, ¶¶ 3, 11, 23, 876 P.2d 690, 694, 695, 698.

This Court has repeatedly held that neither the prosecutor nor a prosecution witness may comment in argument or testimony on a defendant's

invocation of *Miranda* rights to remain silent or consult with an attorney. *Dungan v. State*, 1982 OK CR 152, 651 P.2d 1064; *Kreijanovsky v. State*, 1985 OK CR 120, 706 P.2d 541(finding comment on post-*Miranda* silence or request for attorney was fundamental error); *Clark v. State*, 1988 OK CR 154, 759 P.2d 1038 (holding inquiry during state's case was constitutional error, but harmless). *Littlejohn v. State*, 1986 OK CR 8, 713 P.2d 22 (finding more extensive questioning, over objection, was reversible error). Counsel raised no objection at trial, and we have no occasion to consider whether the testimony was harmless. The evidence was improperly admitted and should be excluded from the State's case in chief on re-trial.

In Proposition Four, Appellant claims prosecutorial misconduct denied a fair trial. Defense counsel failed to object to the challenged comments at trial, and we find no comments rising to the level of plain error, as defined above. The prosecutor capitalized to some degree in his closing argument on the trial court's erroneous exclusion of defense evidence, but it was not misconduct to argue the facts in the most favorable light under the evidence admitted. Any prejudicial effect from this error is remedied by reversal of the conviction.

Appellant claims in Proposition Five that counsel was ineffective in failing to (1) identify the eviction notice in pre-trial discovery and utilize it; and (2) failing to object to improper testimony on Appellant's request for an attorney. Appellant also filed a motion to supplement the record and remand for an evidentiary hearing pursuant to Rule 3.11, 22 O.S.Supp.2014, Ch. 18, App., attaching a

copy of the purported eviction notice.  These claims are moot.  Proposition Five and the motion to supplement the record and remand for an evidentiary hearing are denied.

Proposition Six argues that expert testimony by a sexual abuse expert was erroneously admitted.  Again, no objection was entered at trial and we review only for plain error.  Similar expert testimony on the typical behavior of abuse victims has been approved in other cases.  *Abshier v. State*, 2001 OK CR 13, ¶ 120, 28 P.3d 579, 604.  We find no error in the admission of this testimony.  Proposition Six is denied.

Proposition Seven, arguing cumulative error, is moot.

## DECISION

The Judgment and Sentence of the District Court of Delaware County is **REVERSED** and **REMANDED FOR A NEW TRIAL.** Pursuant to Rule 3.15, Rules of the Court of Criminal Appeals, Title 22, Ch. 18, App. (2015), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

**AN APPEAL FROM THE DISTRICT COURT OF DELAWARE COUNTY**
**THE HONORABLE BARRY V. DENNEY, ASSOCIATE DISTRICT JUDGE**

**APPEARANCES AT TRIAL**

KATHY BAKER
16 EAST 3rd STREET
GROVE, OK 74344
ATTORNEY FOR DEFENDANT

NICHOLAS LELECAS
ASST. DISTRICT ATTORNEY
327 S. 5TH ST.
JAY, OK 74346
ATTORNEY FOR THE STATE

**APPEARANCES ON APPEAL**

LISBETH MCCARTY
P.O. BOX 926
NORMAN, OK 73070-0926
ATTORNEY FOR APPELLANT

E. SCOTT PRUITT
ATTORNEY GENERAL
WILLIAM R. HOLMES
ASSISTANT ATTORNEY GENERAL
313 N.E. 21st ST.
OKLAHOMA CITY, OK 73105
ATTORNEYS FOR APPELLEE

OPINION BY LEWIS, J.
SMITH, P.J.:  Concurs
LUMPKIN, V.P.J.:  Concurs in Results
A. JOHNSON, J.:  Concurs

On Demand Court Records

# Case Information

STATE OF OKLAHOMA vs. GRAHAM, GENE DOUGLAS

**Case Identifier** Delaware OK — CF-2012-00288

**Type of Case** Criminal Felony Proceedings

**Date Filed** 08/15/2012

**Amount Owed** $5.00 (as of 07/28/2016 02:46pm)

# Offense or Cause

- LEWD OR INDECENT ACTS TO CHILD UNDER 16 - A FELONY
- Dismissed

# Parties Involved

**Agency** GROVE POLICE DEPARTMENT *of Grove OK*

**Attorney** BAKER, DONN F. *of Tahlequah OK*

**DA** LELECAS, NICK *of Jay OK*

**Judge** DENNEY, BARRY

**Defendant** GRAHAM, GENE DOUGLAS *of Cushing OK*

**Officer** SHERIDAN, MARK

# Case entries

| Date | Description | Amount |
|------|-------------|--------|
| | **Grand Total** | **$45.58** |

| Date | Description | Amount |
|------|-------------|--------|
| 08/09/2012 | CM: K. WRIGHT PRESENT FOR THE STATE. DEFENDANT IS PRESENT IN PERSON. DEFENDANT IS REMANDED TO DCSO. NEXT COURT APPEARANCE SET FOR 8-31-12 9:30 FOR ANNOUNCEMENT. | |
| | LEUD MOLESTATION X 3. $10,000 EACH COUNT. | |
| 08/15/2012 | FILE, ENTER, SCAN (MICROFILM, OR RECORD) INFORMATION | $103.00 |
| | SHERIFF'S ARREST FEE | $5.00 |
| | LAW LIBRARY FEE | $6.00 |
| | CLEET ASSESSMENT | $9.00 |
| | AUTOMATED FINGERPRINT INFORMATION SYSTEM | $5.00 |
| | STATE TREASURERS FORENSIC FEE | $5.00 |
| | MEDICAL EXPENSE LIABILITY REVOLVING FUND | $10.00 |
| | DISTRICT ATTORNEY REVOLVING FUND ASSESSMENT | $25.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF CLT9 FEE | $0.90 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF AFS5 FEE | $0.50 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF FORE FEE | $0.50 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF MELF FEE | $1.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF DACF FEE | $2.50 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 7/1/04 | $25.00 |
| | SHERIFF SERVICE FEE-COURTHOUSE SECURITY SUB ACCOUNT | $10.00 |
| | 10% OF COURTHOUSE SECURITY FEE | $1.00 |
| | ATTORNEY GENERAL VICTIM SERVICES UNIT | $3.00 |
| | 10% OF AG VICTIM SERVICES FEE | $0.30 |
| | CHILD ABUSE MULTIDISCIPLINARY ACCOUNT | $3.00 |

| Date | Description | Amount |
|---|---|---|
| | 10% OF CAMA FEE | $0.30 |
| 08/15/2012 | COUNT002 FILE, ENTER, SCAN (MICROFILM, OR RECORD) INFORMATI | $103.00 |
| | SHERIFF'S ARREST FEE | $5.00 |
| | LAW LIBRARY FEE | $6.00 |
| | CLEET ASSESSMENT | $9.00 |
| | AUTOMATED FINGERPRINT INFORMATION SYSTEM | $5.00 |
| | STATE TREASURERS FORENSIC FEE | $5.00 |
| | MEDICAL EXPENSE LIABILITY REVOLVING FUND | $10.00 |
| | DISTRICT ATTORNEY REVOLVING FUND ASSESSMENT | $25.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF CLT9 FEE | $0.90 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF AFS5 FEE | $0.50 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF FORE FEE | $0.50 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF MELF FEE | $1.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF DACF FEE | $2.50 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 7/1/04 | $25.00 |
| | SHERIFF SERVICE FEE-COURTHOUSE SECURITY SUB ACCOUNT | $10.00 |
| | 10% OF COURTHOUSE SECURITY FEE | $1.00 |
| | ATTORNEY GENERAL VICTIM SERVICES UNIT | $3.00 |
| | 10% OF AG VICTIM SERVICES FEE | $0.30 |
| | CHILD ABUSE MULTIDISCIPLINARY ACCOUNT | $3.00 |
| | 10% OF CAMA FEE | $0.30 |
| 08/15/2012 | COUNT003 FILE, ENTER, SCAN (MICROFILM, OR RECORD) INFORMATI | $103.00 |

| Date | Description | Amount |
|------|-------------|--------|
| | SHERIFF'S ARREST FEE | $5.00 |
| | LAW LIBRARY FEE | $6.00 |
| | CLEET ASSESSMENT | $9.00 |
| | AUTOMATED FINGERPRINT INFORMATION SYSTEM | $5.00 |
| | STATE TREASURERS FORENSIC FEE | $5.00 |
| | MEDICAL EXPENSE LIABILITY REVOLVING FUND | $10.00 |
| | DISTRICT ATTORNEY REVOLVING FUND ASSESSMENT | $25.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF CLT9 FEE | $0.90 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF AFS5 FEE | $0.50 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF FORE FEE | $0.50 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF MELF FEE | $1.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF DACF FEE | $2.50 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 7/1/04 | $25.00 |
| | SHERIFF SERVICE FEE-COURTHOUSE SECURITY SUB ACCOUNT | $10.00 |
| | 10% OF COURTHOUSE SECURITY FEE | $1.00 |
| | ATTORNEY GENERAL VICTIM SERVICES UNIT | $3.00 |
| | 10% OF AG VICTIM SERVICES FEE | $0.30 |
| | CHILD ABUSE MULTIDISCIPLINARY ACCOUNT | $3.00 |
| | 10% OF CAMA FEE | $0.30 |
| 08/15/2012 | AFFIDAVIT FOR ARREST | |
| 08/16/2012 | CM: R. HUGHES PRESENT FOR THE STATE; DEFENDANT PRESENT VIA VIDEO; DEFENDANT REMANDED TO THE CUSTODY OF THE DELAWARE COUNTY SHERIFF PENDING FURTHER ORDER OF THE COURT; DEFENDANT TO RETURN 8/17/12 AT 9:30 WITH AN | |

| Date | Description | Amount |
|------|-------------|--------|
| | APPLICATION FOR COURT APPOINTED ATTORNEY | |
| 08/17/2012 | CM: N. LELECAS PRESENT FOR THE STATE; DEFENDANT PRESENT VIA VIDEO; DEFENDANT IS FOUND TO BE INDIGENT; OKLAHOMA INDIGENT DEFENSE SYSTEM APPOINTED TO REPRESENT DEFENDANT; K. BAKER ACCEPTS APPOINTMENT; DEFENDANT'S $40 IN SHERIFF'S OFFICE TO BE APPLIED TOWARDS APPLICATION FEE; DEFENDANT REMANDED TO THE CUSTODY OF THE DELAWARE COUNTY SHERIFF PENDING FURTHER ORDER OF THE COURT; DEFENDANT TO RETURN 8/27/12 AT 9:30 FOR | |
| | ANNOC | |
| 08/17/2012 | APPLICATION FOR COURT APPOINTED ATTORNEY | $40.00 |
| 08/20/2012 | NOTICE OF ASSIGNMENT OF COUNSEL / KATHY BAKER | |
| 08/27/2012 | ISSUING SUBPOENA FOR MARK SHERIDAN AND D.W. TO DA | |
| 08/27/2012 | CM: R. HUGHES PRESENT FOR THE STATE; DEFENDANT PRESENT VIA VIDEO AND BY ATTORNEY KATHY BAKER; DEFENDANT REMANDED TO THE CUSTODY OF THE DELAWARE COUNTY SHERIFF PENDING FURTHER ORDER OF THE COURT; DEFENDANT TO RETURN 9/28/12 AT 1PM FOR PRELIMINARY HEARING BEFORE JUDGE | |
| | HANEY - COURT STRIKES RETURN DATE OF 8/31/12 AT 9:30 | |
| 09/04/2012 | CM: THE COURT ORDERS $40 OF THE DEFENDANT'S MONEY FROM COMMISSARY ACCOUNT TO BE FORFEITED TOWARDS COURT | |
| | APPOINTED ATTORNEY APPLICATION FEE. | |
| 09/06/2012 | SUBPOENA AND RETURN SERVED MARK SHERIDAN ON 8-29-12, | $100.00 |
| | AND D.W. ON 8-30-12 BY DCSO | $50.00 |
| 09/19/2012 | MOTION AND ORDER TO CONTINUE / 10-9-12 @ 1:30 | |
| 09/20/2012 | ISSUING SUBPOENA FOR MARK SHERIDAN AND D.R.W TO DA | |

| Date | Description | Amount |
|------|-------------|--------|
| 09/28/2012 | CM: CASE CONTINUED TO 10-9-12 1:30 FOR PRELIM AND HEARING. | |
| 10/09/2012 | CM: COMES ON FOR PRELIMINARY HEARING. N. LELECAS PRESENT FOR THE STATE. DEFENDANT IS PRESENT WITH KATHY BAKER. T. NEELEY,COURT REPORTER. COURT HAS REASON TO BELIEVE A CRIME OF 3 COUNTS OF LEWD OR INDECENT ACTS TO CHILD UNDER 16 HAS BEEN COMMITTED, AND THERE IS PROBABLE CAUSE TO BELIEVE THAT THE DEFENDANT COMMITTED THE CRIME. THE DEFENDANT IS BOUND OVER TO DISTRICT COURT FOR ARRAIGNMENT ON 10-26-12 1PM BEFORE JUDGE DENNEY. DEFENDANT IS REMANDED TO DCSO. | |
| 10/10/2012 | SUBPOENA AND RETURN SERVED DRW AND MARK SHERIDAN ON | $100.00 |
| | 9-20-12 BY DCSO | $50.00 |
| 10/29/2012 | CM: COMES ON FOR DCA. PASSED BY AGREEMENT TO 10-30-12 11:30AM. | |
| 10/30/2012 | CM: COMES ON FOR DCA. DEFENDANT ACKNOWLEDGES INFORMATION AND WAIVES READING. SET FOR 1-14-13 2PM FELONY DISPO DOCKET. DEFENDANT ORDERED TO RETURN | |
| 11/08/2012 | CM: N. LELECAS PRESENT FOR THE STATE. DEFENDANT PRESENT WITH ATTORNEY, KATHY BAKER, VIA PHONE. COMES ON FOR ARRAIGNMENT. PASSED TO 10-29-12 11AM. | |
| 11/28/2012 | NOTICE OF FILING - 1 ORIGINAL AND 2 COPIES OF THE PRELIMINARY HEARING/MOTION PROCEEDINGS HELD 10-9-12 | |
| 11/28/2012 | TRANSCRIPT OF PRELIMINARY HEARING AND MOTION TO ACCELERATE PROCEEDINGS HELD ON 10-9-12 BEFORE HONORABLE ROBERT G. HANEY DISTRICT JUDGE | |
| 11/28/2012 | TRANSCRIPTS COSTS | $185.50 |
| 11/28 | REQUEST FOR TRANSCRIPT | |

| Date | Description | Amount |
|------|-------------|--------|
| /2012 | | |
| 12/12/2012 | STATE'S DISCOVERY MOTION | |
| 12/20/2012 | DEFENDANT'S MOTION FOR DISCOVERY | |
| 01/14/2013 | CM: MATTER COMES BEFORE THE COURT ON THE REGULAR SCHEDULED FELONY DISPOSITION DOCKET; N. LELECAS PRESENT FOR THE STATE; DEFENDANT PRESENT IN PERSON AND BY ATTORNEY KATHY BAKER; DEFENDANT REQUESTS A JURY TRIAL; DEFENDANT REMANDED TO THE CUSTODY OF THE DELAWARE COUNTY SHERIFF PENDING FURTHER ORDER OF THE COURT; DEFENDANT TO RETURN 2/4/13 AT 1:30 FOR JURY TRIAL<br><br>BEFORE JUDGE DENNEY | |
| 01/14/2013 | JURY REQUESTED | $30.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 7/01/04 | $25.00 |
| 01/16/2013 | AGREED ORDER FOR DISCOVERY | |
| 01/18/2013 | LIST OF WITNESSES INTENDED TO BE CALLED AT TRIAL AND<br><br>OTHER RELEVANT DISCOVERY | |
| 01/18/2013 | CM: JURY TRIAL PASSED BY AGREEMENT TO 4-18-13 9:30,<br><br>4-19-13 9-5, AND 4-20-13 9-5PM | |
| 02/01/2013 | ISSUING SUBPOENA - LUKE FRANKS; GEORGE KELLISON; PEGGY KELLISON; MARK SHERIDAN; JOHN SHERMAN; AMBER WENDELTON;<br><br>D.W.; S.R. | |
| 02/01/2013 | NOTICE OF ENDORSEMENT OF ADDITIONAL WITNESSES AND ORDER | |
| 02/05/2013 | SUBPOENA RETURN - PERSONALLY SERVED GEORGE KELLISON, | |

| Date | Description | Amount |
|------|-------------|--------|
| | PEGGY KELLISON, MARK SHERIDAN, JOHN SHERMAN, AMBER | $100.00 |
| | WENDELTON AND D.W. ON 2-3-13 PER DCSO MATTHEW HYSO | $50.00 |
| 02/12/2013 | SUBPOENA RETURN - UNABLE TO SERVE LUKE FRANKS PER DCSO | |
| | MATTHEW HYSO - NO FEE | |
| 04/04/2013 | STATE OF OKLAHOMA'S SUPPLEMENT TO LIST OF WITNESSES INTENDED TO BE CALLED AT TRIAL AND OTHER RELEVANT | |
| | DISCOVERY | |
| 04/08/2013 | LIST OF WITNESSES TO CALLED BY THE DEFENDANT AND OTHER | |
| | RELEVANT DISCOVERY | |
| 04/11/2013 | STATE'S PROPOSED JURY INSTRUCTIONS | |
| 04/15/2013 | STATE'S PROPOSED JURY INSTRUCTIONS - AMENDED | |
| 04/15/2013 | DEFENDANT'S MOTION/ ORDER FOR SETTING - 5-3-13 AT 1PM | |
| 04/15/2013 | APPLICATION FOR DETERMINATION OF COMPETENCY | |
| 04/15/2013 | NOTICE OF APPLICATION FOR DETERMINATION OF COMPETENCY | |
| 04/15/2013 | ORDER FOR MENTAL OBSERVATION AND EVALUATION | |
| 04/15/2013 | CM: DEFENDANT TO RETURN 5/3/13 AT 1PM FOR COMPETENCY HEARING; DEFENDANT TO RETURN 7/29/13 AT 2PM FOR FELONY | |
| | DISPOSITION DOCKET | |
| 05/03/2013 | CM: COMES ON FOR COMPETENCY HEARING. DEFENDANT TO GO TO VINITA ON 5-7-13. PASSED TO 5-22-13 1PM FOR COMPETENCY HEARING. (TO HAVE COMPETENCY EVALUATION). | |

| Date | Description | Amount |
|------|-------------|--------|
| | LELECAS NOTIFIED. | |
| 05/14 /2013 | ORDER FOR MENTAL OBSERVATION AND EVALUATION/ SHERIFF'S RETURN - TRANSPORTED ON 5-7-13 BY DCSO JOSH BISHOP; | |
| | 72 MILES | $40.68 |
| 05/22 /2013 | CM: COMES ON FOR COMPETENCY HEARING. DEFENDANT STIPULATES TO REPORT. REQUESTS JURY TRIAL. PASS TO 5-30-13 1PM FOR ANNOUNCEMENT AS TO JURY TRIAL. COUNSEL TO SUBMIT BRIEFS TO COURT BY 5-28-13 AT CLOSE OF THE DASY. MENTAL HEALTH EVALUATION DATED 5-14-13 IS TO BE | |
| | SEALED. | |
| 05/23 /2013 | LETTER FROM DEFENDANT TO JUDGE DENNEY | |
| 05/23 /2013 | LETTER TO DEFENDANT FROM JUDGE DENNEY | |
| 05/24 /2013 | SEALED DOCUMENT - LETTER FROM OKLAHOMA DEPARTMENT OF MENTAL HEALTH | |
| 05/30 /2013 | CM: CASE SET FOR ANNOUNCEMENT TODAY AT 1PM IS STRICKEN | |
| | AND RESET TO 6-28-13 11:30 BY AGREEMENT. | |
| 06/17 /2013 | STATE'S MOTION FOR DISCOVERY | |
| 06/28 /2013 | CM: COMES ON FOR ANNOUNCEMENT AS TO JURY TRIAL REQUEST. ATTORNEY BAKER A DEFENDANT MAKE ORAL REQUEST BOND REDUCTION. COURT REDUCES BOND TO $5,000.00 PER COURT-TOTAL OF $15,000.00. DEFENDANT TO HAVE NO CONTACT W/VICTIM, WITNESS, OR BE AT HICKORY INN. DEF. ADVISED IF BOND RULES ARE VIOLATED, BOND WILL INCREASE 5X. DEFENDANT ORDERED BACK TO FELONY DISPO DOCKET 2PM. | |
| | ON 7-29-13 | |
| 07/01 /2013 | APPEARANCE BOND | $10.00 |
| | JAIL FUND FEE | $25.00 |

| Date | Description | Amount |
|---|---|---|
| | 10% ASSESSMENT AND COLLECTION FOR DISBURSAL OF BOJ FEE BONDSMAN'S NAME: RANDY HOOVER POWER NUMBER: 742777 BOND AMOUNT: $15,000.00 | $2.50 |
| 07/01 /2013 | INMATE RELEASE | |
| 07/01 /2013 | RECORD COSTS OF INCARCERATION - 325 DAYS @ $27.50 A DAY FEE'S IN CF-10-27 | |
| 07/26 /2013 | DEFENDANT'S MOTION FOR DISCOVERY | |
| 07/29 /2013 | CM: MATTER COMES BEFORE THE COURT ON THE REGULAR SCHEDULED FELONY DISPOSITION DOCKET; R. HUGHES PRESENT FOR THE STATE; DEFENDANT PRESENT IN PERSON AND BY ATTORNEY KATHY BAKER; DEFENDANT REQUESTS A JURY TRIAL; DEFENDANT TO RETURN 9/30/13 AT 9:30 FOR JURY TRIAL (DENNEY) | |
| 07/29 /2013 | JURY REQUESTED | $30.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 7/01/04 | $25.00 |
| 08/16 /2013 | AGREED ORDER FOR DISCOVERY | |
| 08/16 /2013 | ISSUING SUBPOENA - LUKE FRANKS; GEORGE KELLISON; PEGGY KELLISON; S.D.R.; MARK SHERIDAN; JOHN SHERMAN; AMBER WENDELTON; D.R.W. | |
| 09/20 /2013 | MOTION AND ORDER TO ENDORSE ADDITIONAL WITNESSES | |
| 09/20 /2013 | STATE OF OKLAHOMA'S SUPPLEMENT TO LIST OF WITNESSES INTENDED TO BE CALLED AT TRIAL AND OTHER RELEVANT DISCOVERY | |
| 09/20 /2013 | SUBPOENA RETURN - SERVED LUKE FRANKS, GEORGE KELLISON, PEGGY KELLISON EACH IN PERSON 8-21-13 BY DCSO MATT NORTH; UNABLE TO SERVE S.D.R., AMBER WENDELTON, OR D.R.W. PER DCSO MATT NORTH; SERVED MARK SHERIDAN BY LEAVING AT GROVE DISPATCH ON 8-20-13 BY | |

| Date | Description | Amount |
|------|-------------|--------|
| | DCSO | |
| | CHRISTOPHER HARDISON; SERVED JOHN SHERMAN IN PERSON ON | $400.00 |
| | 8-20-13 BY DCSO CHRISTOPHER HARDISON | $200.00 |
| 09/25 /2013 | ISSUING SUBPOENA - JILL MCABEE | |
| 09/26 /2013 | SUBPOENA RETURN - SERVED JILL MCABEE IN PERSON ON | |
| | 9-25-13 BY GARY BUCHANAN - NO FEE | |
| 09/30 /2013 | ISSUING SUBPOENA'S TO ATTY K. BAKER | |
| 09/30 /2013 | JURY SEATING CHART | |
| 10/01 /2013 | JUROR INSTRUCTIONS 1 THROUGH 40 | |
| 10/01 /2013 | JUROR NOTES / JUDGE'S RESPONSE | |
| 10/02 /2013 | JE VERDICT - COUNT ONE - NOT GUILTY | |
| 10/02 /2013 | JE VERDICT - COUNT TWO - GUILTY | |
| 10/02 /2013 | JE VERDICT - COUNT THREE - NOT GUILTY | |
| 10/02 /2013 | CM: DEFENDANT REMANDED TO DCSO. SENTENCING SET 11/15/13 | |
| | AT 3PM. PSI TO BE COMPLETED BY 11/08/13. | |
| 10/04 /2013 | CERTIFICATION TO COURT CLERK | $78.11 |
| 10/11 /2013 | CM: 10-10-13 CASE SET FOR SENTENCING ON 11-15-13 3PM | |

| Date | Description | Amount |
|------|-------------|--------|
| | IS RESET TO 12-10-13 1PM DUE TO COURT REQUEST. | |
| 11/14 /2013 | ORDER TO CONDUCT PRE-SENTENCE INVESTIGATION | |
| 12/04 /2013 | JURY NOTE | |
| 12/09 /2013 | CM: SENTENCING SET 12-10-13 IS STRICKEN BY AGREEMENT AND RESET TO 12-16-13 1-3PM. | |
| 12/11 /2013 | ISSUING SUBPOENA - ANIKA CALVERT | |
| 12/12 /2013 | SUBPOENA RETURN - SERVED ANIKA CALVERT IN PERSON ON 12-11-13 BY GARY BUCHANAN - NO FEE | |
| 12/16 /2013 | NOTICE OF RIGHT TO APPEAL | |
| 12/17 /2013 | CM: COURT SENTENCES DEFENDANT. | |
| 12/20 /2013 | JE JUDGMENT AND SENTENCE | |
| | FINE - COUNT TWO | $1,000.00 |
| | VICTIMS COMPENSATION ASSESSMENT | $1,000.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF VCA1 FEE | $100.00 |
| | COURT APPOINTED ATTORNEY FEE | $250.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF OIDS FEE | $25.00 |
| 12/26 /2013 | NOTICE OF INTENT TO APPEAL; ORDER DETERMINING INDIGENCY, APPELLATE COUNSEL, PREPARATION OF APPEAL RECORD, AND GRANTING TRIAL COUNSEL'S MOTION TO WITHDRAW; COURT REPORTER'S ACKNOWLEDGEMENT; AND NOTIFICATION OF APPROPRIATE APPELLATE COUNSEL, IF | |

| Date | Description | Amount |
|---|---|---|
| | APPOINTED | |
| 01/02 /2014 | TAX INTERCEPT ADD LIST MAILED TO OTC | $10.00 |
| 01/08 /2014 | CERTIFICATE OF APPEAL | |
| 01/10 /2014 | INMATE RELEASE | |
| 01/10 /2014 | RECORD COSTS OF INCARCERATION - 79 DAYS @ $27.50 A DAY | $197.50 |
| | $2243.00 TOTAL | $197.50 |
| | (Entry with fee only) | $1,777.50 |
| | MEDICATION EXPENSES | $20.50 |
| | MEDICAL EXPENSES | $50.00 |
| 01/10 /2014 | SUPPLEMENTAL DESIGNATION OF RECORD | |
| 01/14 /2014 | JUDGEMENT AND SENTENCE / SHERIFF'S RETURN - TRANSPORTED TO LEXINGTON ON 1-10-14 BY DCSO SMITH. 486 MILES, | |
| | $272.16 DIVIDED BY THREE TRANSPORTED - $90.72 EACH | $90.72 |
| 01/17 /2014 | AMENDMENT TO SUPPLEMENTAL DESIGNATION OF RECORD WITH | |
| | PROOF OF SERVICE ON COURT REPORTER | |
| 02/10 /2014 | NOTICE OF FILING - ONE ORIGINAL, TWO COPIES EACH ON PROCEEDINGS HELD ON 5-22-13, 6-28-13, 9-30-13, 10-1-13, | |
| | AND 12-16-13 | |
| 02/10 /2014 | TRANSCRIPT OF PROCEEDINGS HELD ON 5-22-13 BEFORE JUDGE | |
| | DENNEY. 6 PAGES. ONE ORIGINAL, TWO COPIES | |
| 02/10 | TRANSCRIPT OF PROCEEDINGS HELD ON 6-28-13 BEFORE JUDGE | |

| Date | Description | Amount |
|------|-------------|--------|
| /2014 | | |
| | DENNEY. 7 PAGES. ONE ORIGINAL, TWO COPIES | |
| 02/10 /2014 | TRANSCRIPT OF PROCEEDINGS HELD ON 9-30-13 BEFORE JUDGE DENNEY. 117 PAGES, PLUS STATE'S EXHIBITS 1 - 9. ONE | |
| | ORIGINAL, TWO COPIES | |
| 02/10 /2014 | TRANSCRIPT OF PROCEEDINGS HELD ON 10-1-13 BEFORE JUDGE | |
| | DENNEY. 375 PAGES, PLUS DEFENDANT'S EXHIBIT 1. ONE | |
| | ORIGINAL, TWO COPIES | |
| 02/10 /2014 | TRANSCRIPT OF PROCEEDINGS HELD ON 12-16-14 BEFORE JUDGE | |
| | DENNEY. 95 PAGES. ONE ORIGINAL, TWO COPIES | |
| 03/12 /2014 | NOTICE OF COMPLETION W/CERTIFICATE OF MAILING | |
| 03/12 /2014 | CERTIFICATION OF RECORD ON APPEAL, PAGES 1-242 | |
| 03/13 /2014 | KATHY BAKER RETURNED ONE COPY OF PRELIM/MTA TRANSCRIPT. HELD 10-09-12.VS | |
| 03/19 /2014 | MAILING 2 CERTIFIED COPIES OF RECORD AND 1 ORIGINAL SET AND 1 COPY SET OF TRANSCRIPTS TO CLERK OF THE APPELLATE COURTS. $17.23 POSTAGE | |
| 03/19 /2014 | MAILING 1 CERTIFIED COPY OF RECORD AND 1 COPY SET OF TRANSCRIPTS TO OIDS. POSTAGE $11.36 | |
| 03/19 /2014 | REQUEST TO TRANSMIT APPEAL RECORDS | |
| 03/24 /2014 | OKLAHOMA INDIGENT DEFENSE SYSTEM RECEIVED CASE FILE | |
| 05/12 /2014 | ORDER - PRE-SENTENCE INVESTIGATION SEALED | |

| Date | Description | Amount |
|------|-------------|--------|
| 02/13/2015 | DEFENDANT'S REQUEST FOR CONSENT OF DISTRICT ATTORNEY'S OFFICE FOR 2-YEAR JUDICIAL REVIEW. COPY TO DA/JUDGE | |
| 02/23/2015 | RESPONSE TO MOTION FOR JUDICIAL REVIEW | |
| 03/09/2015 | JE ORDER - JUDICIAL REVIEW DENIED | |
| 03/26/2015 | MANDATE - REVERSED AND REMANDED FOR NEW TRIAL / SUMMARY | $-1,000.00 |
| | OPINION | $-1,000.00 |
| | (Entry with fee only) | $-250.00 |
| | (Entry with fee only) | $-125.00 |
| 03/26/2015 | RECEIPT FOR MANDATE / RETURN OF THE COURT CLERK | |
| 03/31/2015 | MOTION FOR WRIT OF HABEAS CORPUS | |
| 03/31/2015 | ISSUING/FILING WRIT OF HABEAS CORPUS | |
| 04/01/2015 | CM: BOND SET AT $5000.00 ON COUNT 2; HAVE NO CONTACT WITH ALLEGED VICTIM; RETURN 7/27/15 10AM FELONY DISPOSITION DOCKET | |
| 04/06/2015 | APPEARANCE BOND - COUNT 2 | $10.00 |
| | JAIL FUND FEE | $25.00 |
| | 10% ASSESSMENT AND COLLECTION FOR DISBURSAL OF BOJ FEE BONDSMAN'S NAME: MIKE DAVENPORT POWER NUMBER: 18009 BOND AMOUNT: $5000.00 | $2.50 |
| 04/06/2015 | INMATE RELEASE | |

| Date | Description | Amount |
|------|-------------|--------|
| 04/06/2015 | RECORD COSTS OF INCARCERATION - 3 DAYS @ $36.30 A DAY | $9.90 |
| | (Entry with fee only) | $9.90 |
| | (Entry with fee only) | $89.10 |
| 04/01/2015 | WRIT OF HABEAS CORPUS / SHERIFF'S RETURN - TRANSPORTED | |
| | TO DCSO ON 3-31-15 BY DCSO DUSTY SMITH. 106 MILES | $60.95 |
| 04/08/2015 | AMENDED INFORMATION - AMENDED TO REMOVE COUNTS ONE AND | |
| | THREE | |
| | FILE, ENTER, SCAN (MICROFILM, OR RECORD) INFORMATION | $-206.00 |
| | SHERIFF'S ARREST FEE | $-10.00 |
| | LAW LIBRARY FEE | $-12.00 |
| | CLEET ASSESSMENT | $-18.00 |
| | AUTOMATED FINGERPRINT INFORMATION SYSTEM | $-10.00 |
| | STATE TREASURERS FORENSIC FEE | $-10.00 |
| | MEDICAL EXPENSE LIABILITY REVOLVING FUND | $-20.00 |
| | DISTRICT ATTORNEY REVOLVING FUND ASSESSMENT | $-50.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF CLT9 FEE | $-1.80 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF AFS5 FEE | $-1.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF FORE FEE | $-1.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF MELF FEE | $-2.00 |
| | 10% ASSESSMENT FOR COLLECTION AND DISBURSAL OF DACF FEE | $-5.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 7/1/04 | $-50.00 |

| Date | Description | Amount |
|------|-------------|--------|
| | SHERIFF SERVICE FEE-COURTHOUSE SECURITY SUB ACCOUNT | $-20.00 |
| | 10% OF COURTHOUSE SECURITY FEE | $-2.00 |
| | ATTORNEY GENERAL VICTIM SERVICES UNIT | $-6.00 |
| | 10% OF AG VICTIM SERVICES FEE | $-0.60 |
| | CHILD ABUSE MULTIDISCIPLINARY ACCOUNT | $-6.00 |
| | 10% OF CAMA FEE | $-0.60 |
| 05/27/2015 | OKLAHOMA INDIGENT DEFENSE SYSTEM RETURN OF RECORDS | |
| 05/27/2015 | COPY OF OIDS RECORDS RECEIPT | |
| 06/05/2015 | ENTRY OF APPEARANCE - DONN BAKER | |
| 07/27/2015 | CM: MATTER COMES BEFORE THE COURT ON THE REGULAR SCHEDULED FELONY DISPOSITION DOCKET; N. LELECAS PRESENT FOR THE STATE; DEFENDANT PRESENT IN PERSON; ATTORNEY DONN BAKER NOT PRESENT IN PERSON; DEFENDANT TO RETURN<br><br>8/5/15 9AM FOR ANNOC | |
| 08/05/2015 | CM: RETURN 8/11/15 9AM FOR ANNOC PER JUDGE DENNEY | |
| 08/06/2015 | DEFENDANT'S MOTION FOR DISCOVERY | |
| 08/12/2015 | CM: RETURN 1/11/16 10AM FELONY DISPOSITION DOCKET | |
| 01/11/2016 | CM: MATTER COMES BEFORE THE COURT ON THE REGULAR SCHEDULED FELONY DISPOSITION DOCKET; N. LELECAS PRESENT FOR THE STATE; DEFENDANT PRESENT IN PERSON AND BY ATTORNEY DONN BAKER; DEFENDANT REQUESTS A JURY TRIAL; DEFENDANT TO RETURN 2/16/16 9:30 FOR JURY TRIAL BEFORE<br><br>JUDGE DENNEY | |

| Date | Description | Amount |
|------|-------------|--------|
| 01/11/2016 | JURY REQUESTED | $30.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 7/01/04 | $25.00 |
| 01/12/2016 | AGREED ORDER FOR DISCOVERY | |
| 02/04/2016 | DEFENDANT'S NOTICE OF WITNESSES AND EXHIBITS | |
| 02/05/2016 | CM: CASE DISMISSED - COST TO STATE; JURY TRIAL | |
| | STRICKEN | |
| 02/05/2016 | JE MOTION AND ORDER TO DISMISS - COST TO STATE | |
| | DISMISSING COSTS | $-2,834.45 |
| | (Entry with fee only) | $-450.00 |
| | (Entry with fee only) | $-417.92 |
| | (Entry with fee only) | $-254.40 |
| | (Entry with fee only) | $-207.40 |
| | (Entry with fee only) | $-78.11 |
| | (Entry with fee only) | $-25.00 |
| | (Entry with fee only) | $-10.00 |
| | (Entry with fee only) | $-10.00 |
| | (Entry with fee only) | $-9.00 |
| | (Entry with fee only) | $-6.00 |
| | (Entry with fee only) | $-5.00 |
| | (Entry with fee only) | $-5.00 |
| | (Entry with fee only) | $-3.00 |

| Date | Description | Amount |
|------|-------------|--------|
| | (Entry with fee only) | $-3.00 |
| 02/03/2016 | SUPREME COURT OF OKLAHOMA RETURN OF RECORD- F-2013-1199 | |

# Calendar events

| Date | Time | Description |
|------|------|-------------|
| 08/17/2012 | 9:30am | RETURN DATE Completed : 08/17/2012 Code: X |
| 08/27/2012 | 9:30am | ANNOUNCEMENT Completed : 08/27/2012 Code: X |
| 08/31/2012 | 9:30am | ANNOUNCEMENT Completed : 08/27/2012 Code: X |
| 09/28/2012 | 1:00pm | PRELIMINARY HEARING Completed : 10/09/2012 Code: X |
| 10/09/2012 | 1:30pm | HEARING DATE Completed : 10/09/2012 Code: X |
| 10/09/2012 | 1:30pm | HEARING DATE Completed : 10/09/2012 Code: X |
| 10/26/2012 | 1:00pm | DCA Completed : 10/26/2012 Code: X |
| 10/30/2012 | 11:30am | DCA Completed : 10/30/2012 Code: X |
| 01/14/2013 | 2:00pm | FELONY DISPOSITION DOCKET Completed : 01/14/2013 Code: X |
| 04/15/2013 | 9:30am | JURY TRIAL Completed : 04/15/2013 Code: X |
| 04/18/2013 | 9:30am | JURY TRIAL Completed : 04/18/2013 Code: X |
| 04/19/2013 | 9:00am | JURY TRIAL Completed : 04/19/2014 Code: X |
| 04/20/2013 | 9:00am | JURY TRIAL |
| 05/03/2013 | 1:00pm | HEARING DATE Completed : 05/03/2013 Code: X |
| 05/22/2013 | 1:00pm | HEARING DATE Completed : 05/22/2013 Code: X |
| 05/30/2013 | 1:00pm | ANNOUNCEMENT Completed : 05/30/2013 Code: X |

| Date | Time | Description |
|------|------|-------------|
| 06/28/2013 | 11:30am | ANNOUNCEMENT Completed : 06/28/2013 Code: X |
| 07/29/2013 | 2:00pm | FELONY DISPOSITION DOCKET Completed : 07/29/2013 Code: X |
| 09/30/2013 | 9:30am | JURY TRIAL Completed : 10/01/2013 Code: X |
| 10/01/2013 | | ST JURY TRIAL |
| 12/10/2013 | 1:00pm | SENTENCING Completed : 12/09/2013 Code: X |
| 12/16/2013 | 1:00pm | SENTENCING Completed : 12/16/2013 Code: X |
| 12/20/2013 | | ST GUILTY PLEA |
| 12/20/2013 | | CST;BEG$ |
| 01/02/2014 | | TAX INT ADD |
| 02/23/2015 | | TAX INT IGNORE Completed : 02/23/2023 Code: X |
| 04/01/2015 | 1:00pm | HEARING DATE Completed : 04/01/2015 Code: X |
| 07/27/2015 | 10:00am | FELONY DISPOSITION DOCKET Completed : 07/27/2015 Code: X |
| 08/05/2015 | 9:00am | ANNOUNCEMENT Completed : 08/05/2015 Code: X |
| 08/11/2015 | 9:00am | ANNOUNCEMENT Completed : 08/11/2015 Code: X |
| 01/11/2016 | 10:00am | FELONY DISPOSITION DOCKET Completed : 01/11/2016 Code: X |
| 02/05/2016 | | ST DISMISSED/SETTLED |
| 02/16/2016 | 9:30am | JURY TRIAL Completed : 02/05/2016 Code: X |

# Receipts

| Date | Description | Amount |
|------|-------------|--------|
| | **Grand Total** | **$40.58** |
| 09/05/2012 | R7-208252 DELAWARE COUNTY INMATE TRUST | $40.00 |
| 06/30/2014 | R7-242551AC CORRECTIONS CORP. OF AMERICA | $0.58 |



© 2012 - KellPro, Inc.

Delaware County criminal cases involving KATHY BAKER AND DA KEN WRIGHT

Just a sample of cases handled by these Grove prosecutors.  There is a strong indication that attorney Kathy Baker freely enters and exits cases which interest her at will: sexual crimes and drug manufacture and distribution that are of special interest to DA Ken Wright. When she withdraws she is always replaced by attorney Lee Griffin. The direction of the cases seems to be towards a guilty plea. Frequently noted is also waiver by the accused of "judicial irregularities". It is doubtful that the accused are aware of Baker relationship with Judge Denney as she is assigned to defend them.  There are many letters by the accused to the judges that may provide information on how they felt about Baker's performance.
When Baker and Wright are both present the rate of conviction proves high even in Judge Alicia Littlefield's court.

**State of Oklahoma v Jonathan Glenn Caudill**

Case Number: CF-2014-00176

Judge: Alicia Littlefield

Plaintiff's Attorney: Rogers Hughes

Defendant's Attorney: Kathy Baker

LEWD OR INDECENT ACTS TO CHILD UNDER 12, A FELONY, in violation of 21 OS 1123

---------------------------------------------------------

STATE OF OKLAHOMA vs. HOLLOWAY, KELLY D.

**Case Identifier**  Delaware OK — CF-2013-00338

**Type of Case**  Criminal Felony Proceedings

**Date Filed**  10/02/2013

**Amount Owed**  $0.00 (as of 04/21/2016 06:46pm)

# Offense or Cause

- CHILD SEXUAL ABUSE, A FELONY
- CHILD SEXUAL ABUSE, A FELONY
- THREATEN TO PERFORM ACT OF VIOLENCE, A FELONY
- Offense Dismissed

- STATE OF OKLAHOMA vs. MILLER, KIMBERLY RAE

- **Case Identifi**
- Delaware OK — CF-2013-00218B

Delaware County criminal cases                                      Page 1 of 7

Delaware County criminal cases involving KATHY BAKER AND DA KEN WRIGHT

er

- **Type of Case**      - Criminal Felony Proceedings
- **Date Filed**        - 06/14/2013
- **Amount Owed**       - $3,401.80 (as of 04/21/2016 06:46pm)

---

ARMSTRONG, JUSTIN DOUGLAS

**Case Identifier** Delaware OK — CM-2013-00504

**Type of Case**   Criminal Misdemeanor Proceedings

**Date Filed**   06/10/2013

**Amount Owed** $1,990.50 (as of 02/09/2016 06:46pm)

---

STATE OF OKLAHOMA vs. BAKER, JARROD

**Case Identifier** Delaware OK — CF-2013-00045

**Type of Case**   Criminal Felony Proceedings

**Date Filed**   02/01/2013

**Amount Owed** $6,821.20 (as of 02/09/2016 06:46pm)

   BURGLARY - FIRST DEGREE, A FELONY
- BURGLARY - SECOND DEGREE, A FELONY

---

STATE OF OKLAHOMA vs. BLEVINS, AUSTIN DAVID

**Case Identifier** Delaware OK — CF-2013-00295

**Type of Case**   Criminal Felony Proceedings

**Date Filed**   08/12/2013

Delaware County criminal cases                                         Page 2 of 7

Delaware County criminal cases involving KATHY BAKER AND DA KEN WRIGHT

 **Amount Owed** $810.50 (as of 07/27/2015 06:46pm)

# Offense or Cause

- GRAND LARCENY, A FELONY

---

STATE OF OKLAHOMA vs. DECKER, KENNETH

 **Case Identifier** Delaware OK — CF-2013-00456

  **Type of Case** Criminal Felony Proceedings

  **Date Filed** 12/27/2013

  **Amount Owed** $1,414.50 (as of 02/09/2016 06:46pm)

# Offense or Cause

---

STATE OF OKLAHOMA vs. DONOHUE, WILLIAM C.

 **Case Identifier** Delaware OK — CF-2012-00444A

  **Type of Case** Criminal Felony Proceedings

  **Date Filed** 12/04/2012

  **Amount Owed** $4,696.62 (as of 02/09/2016 06:46pm)

# Offense or Cause

- MANUFACTURE OF CDS-METHAMPHETAMINE AFCF

---

STATE OF OKLAHOMA vs. HAMPTON, JUSTIN MERLE

 **Case Identifier** Delaware OK  CF-2013-00111

 **Type of Case** Criminal Felony Proceedings

 **Date Filed** 03/26/2013

Delaware County criminal cases                                        Page 3 of 7

Delaware County criminal cases involving KATHY BAKER AND DA KEN WRIGHT

**Amount
Owed**   $1,838.50 (as of 02/08/2016 06:16pm)

CHILD ENDANGERMENT BY DUI - FELONY
- POSSESSION OF CDS - SYNTHETIC MARIJUANA - A FELONY
- UNLAWFUL POSSESSION OF DRUG PARAPHERNALIA, A MISDEMEANOR
- DRIVING UNDER THE INFLUENCE OF DRUGS (MUNICIPAL)- MISDEMEANOR

**Attorney**  BAKER, KATHY *of Grove OK*

**Judge**   LITTLEFIELD, ALICIA

**DA**   WRIGHT III, KENNETH E.

---

STATE OF OKLAHOMA vs. MAPLES, STEPHEN EDGAR

**Case Identifier**  Delaware OK — CF-2012-00008

**Type of Case**   Criminal Felony Proceedings

**Date Filed**   01/12/2012

**Amount Owed**  $3,803.81 (as of 04/21/2016 06:46pm)

---

STATE OF OKLAHOMA vs. MCKINNEY, STACY LEA

Case Identifier Delaware  CF-2013-00404

Criminal Felony Proceedings

Date Filed 11/12/2013

Amount Owed

$4,861.68 (as of 02/08/2016 06:16pm)

LEAVING THE SCENE OF COLLISION RESULTING IN DEATH, AFCF, FELONY

Attorney

BAKER, KATHY of Grove OK

Judge

LITTLEFIELD, ALICIA

Delaware County criminal cases                                    Page 4 of 7

Delaware County criminal cases involving KATHY BAKER AND DA KEN WRIGHT

MCKINNEY, STACY of Grove OK

DA WRIGHT III, KENNETH E.

 -------------------------------------------------

STATE V. FLOYD THOMAS DUNN

Delaware OK   CF-2013-00218A

**1.**  POSSESSION OF METHAMPHETAMINE WITH INTENT TO DISTRIBUTE AFCF X 3, in violation of 63 OS 2-401-2-420

 **2.**  UNLAWFUL POSSESSION OF DRUG PARAPHERNALIA, A MISDEMEANOR, in violation of 63 OS 2-405

 **3.**  DRIVING WHILE SUSPENDED/CANCELLED/REVOKED, A MISDEMEANOR, in violation of 47 OS 6-303(B)

| **Attorney** | **Represented Parties** |
| --- | --- |

STARR, REX EARL
PO BOX 918
STILWELL , OK 74960

BAKER, KATHY
P.O. BOX 450664
GROVE , OK 74345-0664

WRIGHT III, KENNETH E.

---

STATE OF OKLAHOMA vs. MILLER, KIMBERLY RAE

Delaware OK   CF-2013-00218B

Type of Case Criminal Felony Proceedings

**1.** POSSESSION OF METHAMPHETAMINE WITH INTENT TO DISTRIBUTE AFCF X 3, in violation of 63 OS 2-401-2-420

 **2.**  UNLAWFUL POSSESSION OF DRUG PARAPHERNALIA, A MISDEMEANOR, in violation of 63 OS 2-405

Delaware County criminal cases involving KATHY BAKER AND DA KEN WRIGHT

Date Filed 06/14/2013

| **Attorney** | **Represented Parties** |
| --- | --- |

GRIFFIN, LEE   17022
P.O. BOX 367
JAY , OK 74346

WRIGHT III, KENNETH E.


Amount Owed

$3,401.80 (as of 02/08/2016 10:31am)


STATE OF OKLAHOMA vs. SANCHEZ, NATHANIEL JAMES

Case Identifier

Delaware OK — CF-2013-00309

Type of Case

Criminal Felony Proceedings **1.**  BURGLARY - FIRST DEGREE, A FELONY, in violation of 21 OS 1431

Date Filed

08/28/2013

Amount Owed

$0.00 (as of 02/09/2016 06:46pm)

STATE OF OKLAHOMA vs. DECKER, KENNETH


Case Identifier Delaware OK - CF-2013-00456

Type of Case    Criminal Felony Proceedings

**1.**  EMBEZZLEMENT, A FELONY, in violation of 21 OS 1451-1463

**2.**  EMBEZZLEMENT, A FELONY, in violation of 21 OS 1451-1463


Date Filed    12/27/2013


Delaware County criminal cases

Delaware County criminal cases involving KATHY BAKER AND DA KEN WRIGHT

Amount Owed    $1,417.00 (as of 07/08/2015 06:46pm)

**Attorney**                                    **Represented Parties**

GRIFFIN, LEE   17022
P.O. BOX 367
JAY , OK 74346

KATHY BAKER